## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NIGEL AUSTIN**<br>    **12916 Windingbrook Drive**<br>    **Clinton, Maryland 20735**<br><br>              **Plaintiff,**<br><br>        **v.**<br><br>**THE DISTRICT OF COLUMBIA**<br>    <u>**Serve**</u>**: Mayor Anthony Williams**<br>    **District of Columbia**<br>    **Executive Office of the Mayor**<br>    **1350 Pennsylvania Avenue, N.W.**<br>    **Sixth Floor**<br>    **Washington, D.C. 20004**<br><br>        **and**<br><br>**OFFICER DON THOMAS**<br>    **Metropolitan Police Department**<br>    **Central Cell Block**<br>    **300 Indiana Avenue, N.W.**<br>    **Washington, D.C. 20001**<br><br>        **and**<br><br>**JOHN DOES 1-25**<br>**Officers/Employees/Agents of the District of**<br>**Columbia, Metropolitan Police Department**<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)        Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### *COMPLAINT AND JURY DEMAND*
#### <u>*(Battery/Infliction of Emotional Distress/Civil Rights/Negligence)*</u>

Plaintiff Nigel Austin ("Mr. Austin"), states as follows as and for his Complaint against

the District of Columbia, Officer Don Thomas and John Does 1-25.  This is an action for

damages arising out of the brutal battery of then nineteen year old Plaintiff, while in the custody

of the Metropolitan Police Department ("MPD"), by MPD Officer Don Thomas ("Officer

Thomas").

### *JURISDICTION AND VENUE*

1.    Plaintiff's claims under 42 U.S.C. § 1983 and the U.S. Constitution give

rise to "federal question" subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331.

In addition, this Court has subject matter jurisdiction over the § 1983 claim pursuant to 28 U.S.C.

§ 1343 ("Civil rights and elective franchise" jurisdiction).   Pursuant to 28 U.S.C. § 1367, this

Court has supplemental, and/or pendant subject matter jurisdiction over the remaining claims.

2.    The Court's personal jurisdiction over Defendant the District of Columbia

is manifest.  The Court has personal jurisdiction over Defendant Officer Thomas and John Does

1-25 insofar as they are employed by and within the District of Columbia, and committed the

tortious actions and omissions at issue within the District of Columbia.

3.    Venue in this action properly lies in the United States District Court for

the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as (a) the District of Columbia

itself is a Defendant in this litigation; (b) the events giving rise to this action took place

exclusively in the District of Columbia; and (c) the District of Columbia is located in this federal

judicial district.

4.      The District of Columbia was properly given notice of this claim pursuant to D.C. Code Ann. § 12-309 (2005), insofar as Plaintiff served a notice on the Mayor of the District of Columbia, and/or his designees, on or about September 23, 2005.

### *THE PARTIES*

5.      Plaintiff Nigel Austin is an adult resident of the State of Maryland, residing at 12916 Windbrook Drive, Clinton, Maryland 20735.

6.      Defendant the District of Columbia is a municipality and is the employer of Defendants Officer Thomas and John Does 1-25. Under the doctrine of *respondeat superior* and/or the governmental actors doctrines, the District of Columbia is legally responsible, *inter alia,* for the misconduct of Officer Thomas and John Does 1-25's acts and omissions committed within the scope of their employment and/or agency with the District of Columbia.

7.      Defendant Don Thomas is and was, at all times relevant hereto, a District of Columbia Metropolitan Police Department Officer.  Defendant Officer Thomas is sued in his individual capacity, and was at all relevant times acting within the scope of his employment and/or agency with the District of Columbia.

8.      Upon information and belief, at all relevant times herein Defendants John Does 1-25 were MPD employees and/or agents, and/or District of Columbia employees and/or agents, acting at all relevant times within the scope of their employment and/or agency with the District of Columbia.

### *FACTUAL BACKGROUND*

9.      On the morning of Thursday, August 25, 2005, then nineteen year old Mr. Austin was arrested on a warrant arising out of an alleged altercation with one of his neighbors that had occurred several days earlier.

3

10.    Mr. Austin was processed at the Metropolitan Police Department's Seventh District Station, and then transported to the "Central Cell" facility, located, upon information and belief, at 300 Indiana Avenue, N.W., Washington, D.C. 20001.

11.    Upon his arrival at the "Central Cell" facility, Mr. Austin was informed that if he was in his cell around 12:30 p.m., he would likely be brought before the Court, arraigned, and released the same day.

12.    At some point in the early afternoon (between noon and 2:00 p.m. E.S.T.), Mr. Austin was taken from his cell by Officer Thomas to another room in the same facility, along with another detainee.  Officer Thomas instructed Mr. Austin and the other detainee to sit down.

13.    Mr. Austin, concerned that he would miss his opportunity to appear in Court and therefore not be released that day, requested that Officer Thomas return him to his cell.

14.    At no time did Mr. Austin raise his hands, or make any gesture whatsoever towards or at Officer Thomas.

15.    In response to Mr. Austin's request, Officer Thomas walked up to Mr. Austin and said, "What did you say?"  When Mr. Austin repeated what he had said, Officer Thomas struck Mr. Austin violently on the left side of his face with his closed fist, without any justification or provocation.

16.    The blow was so severe that it shattered both of Mr. Austin's jaws, and caused Mr. Austin to bleed profusely.  Mr. Austin immediately fell to the ground, and Officer Thomas jumped on top of him, put his knee into Mr. Austin's back, and handcuffed his hands behind his back.

4

17.    Other officers, hearing the exchange, thereafter responded. None of the responding officers did anything to assist or to intervene on Mr. Austin's behalf.

18.    Despite the fact that Mr. Austin was bleeding profusely, and the fact that his entire lower jaw (including his gums and teeth) were hanging crooked in his mouth, Officer Thomas refused to seek or provide any medical assistance for Mr. Austin.

19.    When Mr. Austin told Officer Thomas that he believed his jaw was broken, Officer Thomas laughed and responded, "If you can talk, it's not broken."

20.    Officer Thomas then proceeded to throw Mr. Austin into a cell alone, still with his hands handcuffed behind his back, and left him there. Mr. Austin then passed out for some extended period of time due to blood loss and pain.

21.    After several hours alone in the cell, Mr. Austin was awakened by another Metropolitan Police Department employee, upon information and belief Defendant John Doe 1, who transferred him to another cell so that the employee could mop up the massive amount of blood that had accumulated on the floor of the cell as a result of Mr. Austin's injury. John Doe 1 never provided or sought medical assistance for Mr. Austin, despite his obvious need and life-threatening condition.

22.    Mr. Austin was still bleeding when he was being transferred to another cell by the MPD employee. When Mr. Austin again complained that his jaw was broken, the MPD employee examined Mr. Austin's face and told him that "somebody will be with you soon."

23.    Mr. Austin remained unattended in that second cell for approximately several more hours.

24.    At some point that evening, the Metropolitan Police Department finally

5

sought medical assistance for Mr. Austin, transporting him to Greater Southeast Community Hospital.

25.     Mr. Austin was admitted to the hospital, where X-rays confirmed that Officer Thomas had severely fractured both of Mr. Austin's left and right jaws.

26.     Mr. Austin remained at Greater Southeast Community Hospital for five days. On Saturday, August 27, 2005 (Mr. Austin's twentieth birthday), doctors performed surgery on Mr. Austin, and his mouth was wired shut.

27.     On August 27, 2005, Mr. Austin underwent closed reduction and intermaxillary fixation surgery utilizing intermaxillary fixation bone screws for his broken jaws. This procedure involved placing Mr. Austin under general anesthesia and consisted of the insertion of approximately eight bone screws into the left and right mandible. Three nine millimeter IMF Lorenz bone screws were placed in the mandibular, one was placed superior and between the apices of teeth #5 and #6, one nine millimeter screw was placed superior and between the apices of teeth #1 and #2, and one nine millimeter was placed superior and between the apices of teeth #10 and #11. One eight millimeter IMF Synthes bone screw was used superior and between apices of teeth #14 and #15. Four twelve millimeter IMF Synthes bone screws were placed in the mandible, one screw was placed inferior to and between apices of teeth #30 and #31, one screw was placed inferior to and between apices teeth #26 and #27, and one between the apices of teeth #23 and #22 and inferior to those teeth. One twelve millimeter screw was placed inferior and between the apices of teeth #18 and #19.

28.     After the screws were inserted, Mr. Austin's jaws were aligned and four 24-gauge stainless steel wires were used to place Mr. Austin's jaw into intermaxillary fixation, i.e., wired shut.

6

29.    Mr. Austin was released from the hospital on the following Tuesday, August 30, 2005.

30.    Mr. Austin's mouth remained wired shut for approximately one and one-half months, rendering him unable to eat solid food.

31.    Upon information and belief, Mr. Austin's doctors have indicated a strong likelihood that he will need another surgery in the near future, wherein plates and screws will be surgically implanted.

32.    Upon information and belief, MPD officers, upon admitting Mr. Austin, affirmatively instructed the Greater Southeast Community hospital staff not to reveal that Mr. Austin was at the hospital.

33.    MPD officers, upon admitting Mr. Austin, falsely informed the Greater Southeast Community hospital staff that Mr. Austin had been injured in a city park and/or street while he was fighting an officer, whereas in reality he had been the victim of an unprovoked act of police brutality while in secure custody at the Central Cell Block.

34.    When Mr. Austin's mother, Barbara Boyd, inquired frantically as to the whereabouts of her son, she was told variously by the MPD that he was not in the hospital.

35.    A nurse at the hospital secretly asked Mr. Austin for his telephone number, and she called his mother to let her know that her son was indeed at Greater Southeast Community Hospital.

36.    No criminal charges have been brought against Mr. Austin as a result of this incident. However, upon information and belief, the Office of Internal Affairs and the MPD FIT (Force Investigation Team) are investigating this incident with regard to Officer Thomas' actions.

37.     The use of unreasonable and/or excessive force, by Officer Thomas is subject to specific regulation(s), and/or order(s) and/or standard(s), including, but not limited to, General Orders 901.07, 201.26, and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

38.     The battering of Mr. Austin by Officer Thomas was in direct violation of any and all applicable regulation(s), and/or order(s) and/or standard(s), including, but not limited to, General Orders 901.07, 201.26, and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

39.     At all relevant times herein, Defendants Thomas and John Does 1-25 were acting within the scope of their employment and/or agency with the District of Columbia, and Defendant District of Columbia is therefore vicariously and jointly and severally liable for all of their acts or omissions under, *inter alia*, the doctrine of *respondeat superior*.

## COUNT I
### Battery
### (Officer Thomas and the District of Columbia)

40.     Paragraphs 1-39 are incorporated by reference as though fully set forth herein.

41.     This claim for battery is brought against Defendants Officer Thomas and the District of Columbia.

42.     On August 25, 2005, Defendant Officer Thomas struck Plaintiff Mr. Austin with a closed fist on the left side of his face, shattering both of Mr. Austin's jaws.

43.     Officer Thomas' actions in intentionally and violently striking Mr. Austin in the left side of his face and breaking both of Mr. Austin's jaws, constituted an unlawful,

intentional and offensive touching and use of force by Officer Thomas.

44.    At no time did Mr. Austin consent to such a touching and use of force, do anything to provoke such a touching and use of force, or act in any such way where such a use of force would be considered reasonably necessary.

45.    All actions of Defendant Officer Thomas as alleged herein throughout the battering of Mr. Austin, and his actual and wrongful use of force to batter Mr. Austin, occurred within Officer Thomas' course of his duty and the scope of his employment and/or agency as an employee of the District of Columbia.

46.    At all times material hereto, Defendant Officer Thomas' use of unreasonable and excessive force was in violation of his duty to only use reasonable measures in his interaction and treatment of Plaintiff, in addition to any and all applicable regulation(s), order(s) and/or standard(s), including, but not limited to, General Orders 901.07, 201.26, and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

47.    As a proximate result of the Defendants' willful, wrongful and intentional battering, Mr. Austin suffered and will continue to suffer severe pain and suffering, was prevented him from pursuing his usual routine activities, and was caused economic damages including, but not limited to, expenses for hospital care, surgery, rehabilitation, and additional medical care, as well as expenses for future medical care, rehabilitation, and/or surgery.

WHEREFORE, Plaintiff demands judgment against Defendants Officer Thomas and the District of Columbia, jointly and severally, as follows:

(1).    Compensatory damages in an amount of not less than $2,000,000.00, which amount shall be proven at trial, and further,

(2).    Punitive damages as to individual Defendant Officer Thomas in the

amount of not less than $10,000,000.00;

    (3).    For costs and expenses associated with this suit, and

    (4).    For such other and further relief as this Court deems appropriate.

**COUNT II**
**Intentional Infliction of Emotional Distress**
**(All Defendants)**

48.    Paragraphs 1-47 are incorporated by reference as though fully set forth herein.

49.    This Count is alleged against Defendants Officer Thomas, John Does 1-25, and the District of Columbia.

50.    Defendants Officer Thomas and John Does 1-25's above-described acts and omissions – including the battery of Mr. Austin by Officer Thomas, followed by their disregard of Mr. Austin's complaints that his jaw was broken, and standing by idly while Mr. Austin bled profusely in two separate locked jail cells for literally hours without seeking medical attention, despite numerous requests by Mr. Austin for such care– were so outrageous in character and extreme in degree so as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

51.    Defendants Officer Thomas and John Does 1-25 engaged in the aforementioned conduct intentionally and/or recklessly.

52.    As a proximate result of the aforementioned conduct, Defendants Officer Thomas and John Does 1-25 intentionally and/or recklessly caused plaintiff Mr. Austin to suffer severe emotional distress by allowing Mr. Austin to remain unattended for an unreasonable length of time in a locked jail cell despite his severe and serious injuries.

53.    All actions of Defendant Officer Thomas as alleged herein throughout the

10

assault and battering of Mr. Austin, his actual and wrongful use of force to batter Mr. Austin, and

Defendants Officer Thomas and John Does 1-25's intentional infliction of emotional distress

upon Mr. Austin occurred within Officer Thomas and John Does 1-25's course of their duty and

the scope of their employment and/or agency as an employee of the District of Columbia.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and

severally, as follows:

(1).    Compensatory damages in an amount of not less than $2,000,000.00,

which amount shall be proven at trial, and further,

(2).    Punitive damages, as to individual Defendants Officer Thomas and John

Does 1-25 in the amount of not less than $10,000,000.00;

(3).    For costs and expenses associated with this suit, and

(4).    For such other and further relief as this Court deems appropriate.


## COUNT III
### 42 U.S.C. § 1983 Deprivation of Fifth Amendment Rights
### (Safety, Bodily Integrity and Personal Security)
### (Individual Defendants)

54.    Paragraphs 1-53 are incorporated by reference as though fully set forth

herein.

55.    This Count arises under 42 U.S.C. § 1983 and the Fifth Amendment to the

United States Constitution, and is alleged against the individual Defendants Officer Thomas and

John Does 1-25 in their individual capacities.

56.    At all times relevant herein, the individual Defendants Officer Thomas

and John Does 1-25 acted under color of the laws of the District of Columbia.

57.     At all relevant times, Mr. Austin enjoyed the clearly established
protections of the Due Process Clause of the Fifth Amendment to the U.S. Constitution,
prohibiting *inter alia* egregious deprivation of the rights to safety, bodily integrity and personal
security.

58.     Throughout the subject incident, Defendants Officer Thomas and John
Does 1-25 were subject to the constitutional obligation to take all reasonable measures to
guarantee Mr. Austin's clearly established rights to safety, bodily integrity and personal security.

59.     By his outrageous and unconscionable conduct in unjustifiably battering
Mr. Austin under the aforesaid circumstances, Defendant Officer Thomas acted with conscience-
shocking, deliberate indifference to the deprivation of Mr. Austin's Fifth Amendment rights in
subjecting him to the known, egregious and substantial risk of serious bodily harm, which
resulted in actual harm to Mr. Austin.

60.     At the time of Defendant Officer Thomas' egregious battery of plaintiff
Mr. Austin, plaintiff was not violating any laws, was not attempting to interfere with the
execution of Defendants Officer Thomas and John Does 1-25's duties, was not engaging, or
attempting to engage, in any assaultive behavior towards Defendant Officer Thomas and/or John
Does 1-25, or otherwise acting in any other manner where the application of force by Defendant
Officer Thomas would be reasonably required or condoned under the applicable regulation(s).

61.     As a result of the egregious battery, plaintiff Mr. Austin sustained severe
and permanent personal injuries requiring hospitalization and surgery.

62.     Defendant Officer Thomas' use of excessive force was both malicious and
sadistic and used for the very purpose of causing harm to Plaintiff Mr. Austin.

63.     Defendant Officer Thomas' above-stated affirmative actions concerning

12

the actual use of excessive force resulting in the battering of Mr. Austin without cause constitutes

misconduct that was unreasonable, reckless and outrageous, and in blatant violation of Mr.

Austin's clearly established constitutional rights to be free from unwarranted deprivations of

safety, bodily integrity, and personal security without due process, under the Due Process Clause

of the Fifth Amendment to the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants Officer Thomas and

John Does 1-25 as follows:

(1).    Compensatory damages in an amount of not less than $2,000,000.00,

which amount shall be proven at trial, and further,

(2).    Punitive damages, as to Defendants Officer Thomas and John Does 1-25

in the amount of not less than $10,000,000.00;

(3).    For costs and attorneys' fees incurred in connection with this suit, which

are recoverable pursuant to 42 U.S.C. § 1988; and

(4).    For such other and further relief as this Court deems appropriate.

## COUNT IV
### Violation of Nigel Austin's Civil Rights
### Under 42 U.S.C. § 1983
### (Right to Necessary Medical Care)
### (Individual Defendants)

64.    Paragraphs 1-63 are incorporated by reference as though fully set forth

herein.

65.    This Count arises under 42 U.S.C. § 1983, and the Fifth Amendment, and

is alleged against Defendants Officer Thomas and John Does 1-25 in their individual capacities.

66.    At all times relevant herein, the Defendants acted under color of the laws

13

of the District of Columbia.

67.     Defendants Officer Thomas and John Does 1-25 knew or should have known that Mr. Austin was in serious need of immediate medical attention and treatment for the injuries sustained as a result of Defendant Officer Thomas' violent and egregious battery as described herein on August 25, 2005.

68.     As a result of the foregoing, Defendants Officer Thomas and John Does 1-25 were obligated to take all reasonable measures under the circumstances to obtain prompt emergency medical treatment for Mr. Austin's injuries.

69.     Immediately after Defendant Officer Thomas' battery, plaintiff Mr. Austin was placed in a locked jail cell alone for an unreasonable length of time and was therefore unable to seek medical attention on his own.

70.     Defendants Officer Thomas and John Does 1-25 acted with deliberate and conscience-shocking indifference to Mr. Austin's serious medical needs, rights and safety by intentionally delaying emergency medical care, despite repeated requests for such care by Mr. Austin.

71.     Defendants Officer Thomas and John Does 1-25 knew that their actions and/or failures to act placed Mr. Austin in substantial risk of serious harm, permanent disfigurement/disability, and even death.

72.     Defendants Officer Thomas and John Does 1-25 knew that their actions and/or failures to act would cause Plaintiff Mr. Austin to suffer extreme and horrific pain and mental anguish for an unreasonable length of time.

73.     In so acting and/or failing to act, the Defendants Officer Thomas and John Does 1-25 thereby deprived Mr. Austin of his clearly-established constitutional right to

14

necessary medical care and treatment under the Due Process Clause of the Fifth Amendment.

74.    The Defendants' actions constituted intentional, willful, and callous disregard of Mr. Austin's civil rights.

75.    Mr. Austin was subjected to terrible pain and suffering and, to the extent Defendant Officer Thomas' battery did not cause his injuries outright, they were a direct and proximate result of the Defendant Officer Thomas and John Does 1-25's intentional, willful and callous disregard of his serious need for medical treatment.

WHEREFORE, Plaintiff demands judgment against the individual Defendants Officer Thomas and John Does 1-25 as follows:

(1).    Compensatory damages in an amount of not less than $2,000,000.00, which amount shall be proven at trial, and further,

(2).    Punitive damages, as to Defendants Officer Thomas and John Does 1-25 in the amount of not less than $10,000,000.00;

(3).    For costs and attorneys' fees incurred in connection with this suit, which are recoverable pursuant to 42 U.S.C. § 1988; and

(4).    For such other and further relief as this Court deems appropriate.

## COUNT V
### Violation of Civil Rights
### (Conspiracy to Delay or Deny Right to Medical Care)
### (Individual Defendants)

76.    Paragraphs 1- 75 are incorporated by reference as though fully set forth herein.

77.    This Count arises under 42 U.S.C. § 1983, and the Fifth Amendment, and is alleged against Defendants Officer Thomas and John Does 1-25 in their individual capacities.

15

78.    At all times relevant herein, the Defendants acted under color of the laws of the District of Columbia.

79.    Notwithstanding Defendants Officer Thomas and John Does 1-25's knowledge that Mr. Austin was in serious need of medical attention and treatment as a result of the violent and egregious battery upon him as described herein, Defendants Officer Thomas and John Does 1-25, with deliberate indifference shocking to the conscience, conspired to delay and deny medical care to Mr. Austin.

80.    In so acting or failing to act, the Defendants Officer Thomas and John Does 1-25 deprived Mr. Austin of his clearly-established constitutional right to necessary medical care and treatment under the Due Process clause of the Fifth Amendment.

81.    The Defendants' actions constituted intentional, willful, and callous disregard of Mr. Austin's civil rights, as referenced herein.

82.    As a result of the foregoing, Mr. Austin was subjected to terrible pain and suffering and, to the extent Defendant Officer Thomas' battery did not cause his injuries outright, they were a direct and proximate result of the Defendant Officer Thomas and John Does 1-25's intentional, willful and callous disregard of his serious need for medical treatment.


WHEREFORE, Plaintiff demands judgment against the individual Defendants Officer Thomas and John Does 1-25 as follows:

(1).    Compensatory damages in an amount of not less than $2,000,000.00, which amount shall be proven at trial, and further,

(2).    Punitive damages, as to Defendants Officer Thomas and John Does 1-25 in the amount of not less than $10,000,000.00;

(3).    For costs and attorneys' fees incurred in connection with this suit, which are recoverable pursuant to 42 U.S.C. § 1988; and

(4).    For such other and further relief as this Court deems appropriate.

## COUNT VI
## (Negligence)
## All Defendants

83.    Paragraphs 1-82 are incorporated by reference as though fully set forth herein.

84.    Defendants Officer Thomas, John Does 1-25, and the District of Columbia, directly and/or by or through their respective agents and/or employees, were negligent and breached their duty of care to Mr. Austin while he was in their custody. The Defendants were negligent and breached their duties of care by, *inter alia*, failing to comply with all of applicable laws, statutes, regulations, training, police standards, policies, special orders and general orders with regard to the treatment and actions towards Mr. Austin while he was in their custody at "Central Cell" facility.

85.    Defendants Officer Thomas, John Does 1-25, and the District of Columbia failed to comply with General Order 901.07, which states in relevant part: "[T]he policy of the Department is that an officer shall use only that force which is reasonably necessary to bring an incident under control, while protecting the lives of the officers and others."

86.    Additionally, Defendants had a duty, pursuant to General Order 901.07, to use non-deadly force only when such force is necessary to protect themselves or another from physical harm, to restrain or subdue a resistant individual, or to bring an unlawful situation safely and effectively under control.

87.    Pursuant to General Order 501.7, Defendants had a duty to <u>immediately</u> obtain medical treatment for any persons held in departmental confinement who claim a need of medical treatment for <u>any</u> injury or disease.

88.    Pursuant to Special Order 97-31, Code of Ethics, Defendants had a duty to not conduct themselves in anyway which may be construed as immoral, indecent and/or unprofessional.

89.    Pursuant to the MPD's "Spectrum of Force" and "Use of Force Continuum," Defendants had a duty to comply with the policy of the Metropolitan Police Department that each member in all cases use only the minimum amount of force which is consistent with the accomplishment of their mission, and to only use force to protect life and property, to make a lawful arrest, to prevent escape of a law violator, to control an unlawful situation, and/or to restrain a resisting suspect or prisoner.

90.    Pursuant to General Order 201.26, Defendants had a duty to report any violations of the rules of the MPD by any other member of the MPD to their immediate supervisor.

91.    Additionally, under General Order 201.26(D)(7), Defendants had a duty to not strike or use any form of physical force on a prisoner or any other person with whom they are dealing, except when necessary to prevent an escape, when acting in self defense, or to prevent violence to another person.  None such justifiable circumstances ever existed here.

92.    As a direct and proximate result of the Defendants' negligence, Mr. Austin suffered serious physical injury, suffered and will continue to suffer from severe pain, mental anguish and distress, and was caused economic damages, including but not limited to, expenses for hospital care, surgery, rehabilitation, as well as expenses for future medical care,

rehabilitation and/or surgery.

WHEREFORE, Plaintiff demands judgment against Defendants Officer Thomas, John Does 1-25, and District of Columbia as follows:

(1).    Compensatory damages in an amount of not less than $2,000,000.00, which amount shall be proven at trial, and further,

(2).    For costs and expenses associated with this suit, and

(3).    For such other and further relief as this Court deems appropriate.

Respectfully submitted,

BODE & GRENIER, LLP

Peter C. Grenier, #418570
1150 Connecticut Ave., N.W.
Ninth Floor
Washington, D.C.
(202) 862-4311
Counsel for Plaintiff

*Of Counsel*
Jeremy S. Tishler, Esquire
Bode and Grenier, LLP
1150 Connecticut Ave., N.W.
Ninth Floor
Washington, D.C. 20036
(202) 828-4100
Counsel for Plaintiff

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury with respect to each of the claims alleged herein.

Peter C. Grenier