UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Nigel Austin,                                :
                                             :
    Plaintiff,                        :
                                             :
v.                                           :
                                             :  Civil Action No. 05-2219 (JDB)
District of Columbia, *et al.*,              :
                                             :
    Defendants.                       :
_____:

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO STAY ALL PROCEEDINGS AS TO ALL PARTIES

    Defendant District of Columbia, by and through counsel, hereby moves the court to stay all proceedings in this case pending the outcome of a criminal investigation by the United States Attorney's Office and the D.C. Metropolitan Police Department. Upon information and belief, there is a pending grand jury investigation into this incident that is the subject of this litigation.

    In support of this motion, the District relies upon the attached memorandum of points and authorities.

                                           Respectfully submitted,

                                           ROBERT J. SPAGNOLETTI
                                           Attorney General for the District of Columbia

                                           GEORGE C. VALENTINE
                                           Deputy Attorney General, Civil Litigation Division

                                           _____s/_____
                                           PATRICIA A. JONES [428132]
                                           Chief, General Litigation, Sec. IV

        __s/_____
        LAUREN J. BIRNBAUM [483515]
        MICHAEL P. BRUCKHEIM [455192]
        Assistant Attorney General
        441 4th Street, N.W., 6th Floor North
        Washington, DC 20001
        (202) 442-9754; (202) 724-6649; (202) 727-6295
        (202) 727-3625 (fax)
        E-mail:  Lauren.birnbaum@dc.gov;
        Michael. Bruckheim@dc.gov

## **F.R.C.P. RULE 12-I CERTIFICATION**

  I hereby certify that on December 5, 2005, the undersigned counsel spoke with Peter C. Grenier, Esq., counsel for plaintiffs and he opposes the herein requested relief.

        _____s/_____
        LETICIA L. VALDES
        Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Nigel Austin, : | |
|     Plaintiff, : | |
| v. : | Civil Action No. 05-2219 JDB |
| District of Columbia, *et al.*, : | |
|     Defendants. : | |
| _____: | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT'S MOTION TO STAY ALL PROCEEDINGS**

**Preliminary Statement**

Plaintiff filed the instant lawsuit alleging that Officer Don Thomas violently struck him on August 25, 2005, causing injuries to the left side of his face and jaw. *See* Complaint, generally. Furthermore, plaintiff alleges that Officer Thomas and John Does 1-25, acting under color of the laws of the District of Columbia, deprived him of his constitutional rights. *See* Complaint, generally. The circumstances surrounding the subject incident continue to be investigated by the United States Attorney's Office, as well as the Metropolitan Police Department's Force Investigation Team (hereinafter "FIT"). The Metropolitan Police Department may not release any information regarding the subject complaint until FIT has completed its investigation and final report. Information about the pending investigations are protected from disclosure based on the deliberative process and/or law enforcement privileges.

The District of Columbia is unable at this time to determine whether any of its employees were acting within the scope of his employment on August 25, 2005, and/or

whether it will discipline any of its employees in connection with the subject incident. Therefore, the District is not in a position to make a determination as to whether it can represent the named officer in this lawsuit. Furthermore, the District has no information with which to adequately respond to plaintiff's Complaint until FIT is able to release documents relating to the subject incident. In reliance upon the equitable powers of this Court, and Fed. P. Civ. R. 16 and 26, which allow this Court to govern its own calendar, the District requests that all proceedings be stayed as to all parties until the criminal investigation is completed by both the United States Attorney's Office and MPD.

### Argument

A court has inherent power to stay proceedings in control of its docket. *See Landis v. North America Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also, Dellinger v. Mitchell*, 442 F.2d 782, 786 n. 7 (D.C. Cir. 1971) (quoting *Landis*). A stay is most appropriate, furthermore, "where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993); *see also, Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (error for District Court to dismiss rather than stay Sec. 1983 action pending resolution of related state criminal proceedings); *Securities & Exchange Com'n v. Dresser Indus.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980) ("the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action

4

involving the same matter"); *Dellinger*, 442 F.2d at 785 (noting justification for staying civil case until completion of related criminal case).[1]

In the case at bar, the United States Attorney's Office is conducting a criminal investigation into the events that took place on August 25, 2005, as alleged in the above-captioned lawsuit. The underlying incident is also the subject of investigation by the Metropolitan Police Department. It is unknown at this time whether any interdepartmental disciplinary proceedings will arise at the conclusion of the investigation. While the Constitution does not require that civil proceedings be stayed pending the outcome of a criminal investigation, a civil proceeding may be stayed "when the interests of justice…seem to require such action, sometimes at the request of the prosecution,…sometimes at the request of the defense[.]" *See United States v. Kordel,* 397 U.S. 1, 12, n. 27 (1970) (citations omitted). *See also Securities and Exchange Commission v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375 (1980) (*en banc*), *cert. denied*, 449 U.S. 993 (1980); *Kashia v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir. 1986).

In determining whether to stay this action, this Court "must balance the competing interests of the parties." *Ellsberg v. Mitchell*, 353 F. Supp. 515, 517 (D.D.C. 1973) (citing *Landis*, 299 U.S. at 254-55, and *Dellinger*, 442 F.2d at 786, 787). The initial burden is on the party applying for the stay "to demonstrate a need, *however slight*, which justifies a delay in the proceedings." *Ellsberg*, 353 F. Supp. at 517 (emphasis added).

---

[1] The appropriateness of a stay where a party is under criminal indictment is not limited "only to persons after they become a 'defendant.'" *Founding Church of Scientology, etc. v. Kelley*, 77 F.R.D. 378, 380 n. 4 (D.D.C. 1977) (citations omitted). This is because the basic reason for the policies that necessitate limiting civil discovery when it would interfere with a criminal investigation apply equally whether an individual is a defendant or "merely the subject of a grand jury investigation." *Id*.

5

The court in *Dellinger*, in discussing the justifications for granting the initial stay in that case, pointed to one of the grounds cited by the moving party—the "possib[ility] that upon completion of the criminal trial, many of the related issues in the civil case can be stipulated between the parties." 442 F.2d at 785.

Additionally, the named officer in this litigation possesses a Fifth Amendment privilege against self-incrimination. *See Volmar*, 152 F.R.D. at 39; *see also Dresser*, 628 F.2d at 1376 ("noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination"). As such, discovery in this litigation would not be fruitful to the extent the officer exercises his Fifth Amendment privileges.

The District having initially demonstrated a need to justify a delay in this action, it is for this Court to balance the competing interests of the parties. *Ellsberg*, 353 F. Supp. at 517 (quoting *Dellinger*, 442 F.2d at 787, for the proposition that the issuance of a stay requires "not only a showing of 'need' in terms of protecting the other litigation involved but...also...a balanced finding that such need overrides the injury to the parties being stayed"). The District will concede that plaintiff has the right, generally, to prosecute his action without unnecessary delay. *See Ellsberg*, 353 F. Supp. at 517. However, any claim he may make of prejudice occasioned by a stay must fail. This case is only in its initial stages. This stay will at the appropriate time be lifted by this Court and discovery deadlines will be set.

The District submits that a balancing of all the interests involved—those of this Court, the parties, and the public—dictate that plaintiff's action be stayed until all pending criminal investigations into the subject incident are completed.

6

The factors a court should consider in determining whether to grant a stay in civil proceedings pending outcome of a criminal proceeding include:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal investigation.

Until FIT's report is complete, the District would be hampered in its preparation of a defense. Specifically, the District does not have any information regarding the subject incident with which to adequately respond to plaintiffs' Complaint, is unclear as to whether any discipline needs to be meted against any of its employees, and OAG is unable to determine whether it can provide representation to the individually named defendant in this litigation. Additionally, the instant civil case is a purely private action for monetary damages and while the District acknowledge that plaintiff in the case at bar has an interest in the expeditious resolution of the lawsuit, a delay would not unduly prejudice plaintiff.

## **Conclusion**

On the basis of the foregoing, the defendant respectfully requests that this Court stay all proceedings herein until such time as the criminal investigations into the incident that is the subject of this litigation are completed.

>Respectfully submitted,
>
>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division

                                              _____s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Sec. IV

                                              _____s/_____
LAUREN J. BIRNBAUM [483515]
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 442-9754; (202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
E-mail: Lauren.birnbaum@dc.gov;
Michael. Bruckheim@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin,                      : | |
|                                    : | |
|           Plaintiff,               : | |
|                                    : | |
| v.                                 : | |
|                                    : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*,    : | |
|                                    : | |
|           Defendants.              : | |
| _____: | |

**ORDER**

Upon consideration of defendant District of Columbia's Motion to Stay All Proceedings, plaintiff's opposition, and the record herein, it is this \_\_\_\_\_ day of _____, 2005,

ORDERED: That defendant District of Columbia's Motion to Stay All Proceedings is hereby GRANTED pending further order of this Court, and it is,

FURTHER ORDERED: that the District of Columbia shall notify this Court within ten (10) of its notification that the U.S. Attorneys' Office has completed its investigation and/or that the FIT report has been completed.

_____
U.S. District Court Judge