UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Nigel Austin,                                   :
                                                :
    Plaintiff,                              :
                                                :
v.                                              :
                                                :   Civil Action No. 05-2219 (JDB)
District of Columbia, *et al.*,                 :
                                                :
    Defendants.                             :
_____:

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO STAY ALL PROCEEDINGS**

Defendant District of Columbia, by and through counsel, herein replies to plaintiff's opposition to its Motion to Stay All Proceedings, and states as follows:

**I. PLAINTIFF FAILS TO ARTICULATE A SOUND LEGAL BASIS FOR DENYING THE STAY**

The incident which forms the basis of plaintiff's complaint is under investigation by not one, but two separate agencies: the Metropolitan Police Department Force Investigation Team (FIT) and the United States Attorney's Office. In his opposition, plaintiff criticizes the length of time being undertaken by these respective agencies to complete their investigations. However, plaintiff lacks any standing to challenge these processes. The District has no control over how the United States Attorney's Office conducts an investigation. Similarly, the District also cannot dictate its investigatory preferences to the FIT team for obvious reasons.

What remains indisputably clear is that the District has satisfied its burden in demonstrating the necessity of a stay. A stay is most appropriate "where a party under criminal indictment is required to defend a civil proceeding involving the same matter."

*Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993); *see also, Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (error for District Court to dismiss rather than stay Sec. 1983 action pending resolution of related state criminal proceedings). Although the individually named defendants are not under criminal indictment, because the subject incident is under investigation, these defendants have a right to assert their Fifth Amendment rights. The appropriateness of a stay where a party is under criminal indictment is not limited "only to persons after they become a 'defendant.'" *Founding Church of Scientology, etc. v. Kelley*, 77 F.R.D. 378, 380 n. 4 (D.D.C. 1977) (citations omitted). This is because the basic reason for the policies that necessitate limiting civil discovery when it would interfere with a criminal investigation apply equally whether an individual is a defendant or "merely the subject of a grand jury investigation." *Id*.

In the case at bar, the United States Attorney's Office is conducting a criminal investigation into the events that took place on August 25, 2005, as alleged in the above-captioned lawsuit. The underlying incident is also the subject of investigation by the Metropolitan Police Department. It is unknown at this time whether any interdepartmental disciplinary proceedings will arise at the conclusion of the investigation.

Plaintiff argues that because there is no indictment *now,* the civil case should proceed. The cloud of the investigation and the possibility of an indictment negatively impacts the District's ability to defend itself in this litigation. Moreover, if an indictment occurs, it would dramatically change the District's defense in this matter, not to mention its ability to provide representation to the individually named defendant in this litigation. At this time, the District is not in a position to provide substantive discovery to plaintiff

2

because it does not have access to any pertinent information that is currently under investigation by both the FIT team and the United States Attorney's Office. While plaintiff concedes that a stay would certainly result in him being allowed greater access to discovery at the conclusions of the respective investigations, whereas disclosure would be severely limited while the investigations are still pending, he opposes the stay. Because plaintiff has failed to provide relevant District precedent that would conclusively preclude a stay under the facts of this case, this Court should exercise its discretion and grant the District's motion for a stay of all proceedings.[1] Accordingly, the District's motion to stay[2] should be granted.

                    Respectfully submitted,

                    ROBERT J. SPAGNOLETTI
                    Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General, Civil Litigation Division

                    _____s/_____
                    PATRICIA A. JONES [428132]
                    Chief, General Litigation, Sec. IV

---

[1] Plaintiff reliance on *S.E.C. v. Dresser Industries, Inc.,* 628 F.2d 1368, 1376 (D.C. Cir. 1980), to support a denial of the District's motion to stay all proceedings is misguided. The *Dresser* case is insufficient justification to deny a stay of these proceedings. Contrary to plaintiff's argument that the *Dresser* Court found that where no indictment had been issued, the case for staying a civil proceeding is "far weaker," the Court merely opined that "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b) expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it." The Court then said *the case at bar* is a far weaker one for staying the administrative investigation.

[2] Plaintiff also cites to a Memorandum of Agreement between the Metropolitan Police Department (MPD) and the Department of Justice (DOJ). Again, plaintiff has no standing to question how or if the MPD and DOJ conduct their respective business with respect to criminal or internal investigation. Plaintiff's opinion on this matter, not to mention plaintiff's restatement of his claims within his Opposition, are irrelevant to the issue at hand. As already noted, there are two ongoing investigations into this incident. A stay is appropriate now at the early stages.

                                                                                      _____/s/_____
MICHAEL P. BRUCKHEIM [455192]
LAUREN J. BIRNBAUM [483515]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6649; (202) 442-9754; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  Michael. Bruckheim@dc.gov;
Lauren.birnbaum@dc.gov

4