**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NIGEL AUSTIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | C.A. No. 05-2219 (JDB) |
| DISTRICT OF COLUMBIA, <u>et al.</u>,, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**<u>DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT</u>**

Defendant District of Columbia answers the Complaint with particularity and in

like-numbered paragraphs as follows:

**<u>First Defense</u>**

The Complaint fails to state a claim upon which relief can be granted.

**<u>Second Defense</u>**

1.      The allegations contained within paragraph number 1 are the legal conclusions of

the pleader to which no response is required by this defendant.

2.      The allegations contained within paragraph number 2 are the legal conclusions of

the pleader to which no response is required by this defendant.

3.      The allegations contained within paragraph number 3 are the legal conclusions of

the pleader to which no response is required by this defendant.

4.      The District admits that it received notice of plaintiff's claims on or about

September 23, 2005.  Further answering, the remaining allegations are the legal

conclusions of the pleader to which no response is required.

5.      Defendant District lacks sufficient knowledge or information to either admit or

denies the allegations contained in paragraph number 5 of the Complaint.  To the extent a

response is required, defendant District denies these allegations and demands strict proof at trial.

6.      Defendant District admits that it is a municipality, and that it employs Officer Thomas.  The District lacks sufficient knowledge or information to admit or denies that it employs John Does 1-25.  Further answering, the remaining allegations set forth in paragraph number 6 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

7.      Defendant District  admits that defendant Don Thomas was a District of Columbia Metropolitan Police Department Officer at all relevant times  The remaining allegations set forth in paragraph number 7 of the Complaint are the legal conclusions of the pleader to which no response is required..

8.      Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 8 of the Complaint.  To the extent a response is required, defendant District denies these allegations and demands strict proof at trial.

9.      Defendant District admits the allegations set forth in paragraph number 9 of the Complaint.

10.      Defendant District admits the allegations set forth in paragraph number 10 of the Complaint.

11.      Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 11 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

12.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 12 of the Complaint.

13.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 13 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

14.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 14 of the Complaint.

15.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 15 of the Complaint.  To the extent a response is required, this defendant denies the allegations.

16.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 16 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

17.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained within paragraph number 17 of the Complaint.

18.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 18 of the Complaint.  To the extent a response is required, this defendant denies the allegations.

19.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 19 of the Complaint.  To the extent a response is required, this defendant denies the allegations.

20.    Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 20 of the Complaint.  To the extent a response is required, this defendant denies the allegations.

21.    Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 21 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

22.    Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 22 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

23.    Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 23 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

24.    Defendant District admits that plaintiff was treated at Greater Southeast Community Hospital.  As to the remaining allegations, defendant District lacks sufficient knowledge or information to either admit or denies the remaining allegations contained in paragraph number 24 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

25.    Defendant District admits that plaintiff was admitted to Greater Southeast Community Hospital.  As to the remaining allegations, defendant District lacks sufficient knowledge or information to either admit or denies the remaining allegations contained in

paragraph number 25 of the Complaint.  To the extent a response is required, defendant

District denies the allegations and demands strict proof at trial.

26.     Defendant District lacks sufficient knowledge or information to either admit or

denies the allegations contained in paragraph number 26 of the Complaint.  To the extent a

response is required, defendant District denies the allegations and demands strict proof at

trial.

27.     Defendant District lacks sufficient knowledge or information to either admit or

denies the allegations contained in paragraph number 27 of the Complaint.  To the extent a

response is required, defendant District denies the allegations and demands strict proof at

trial.

28.     Defendant District lacks sufficient knowledge or information to either admit or

denies the allegations contained in paragraph number 28 of the Complaint.  To the extent a

response is required, defendant District denies the allegations and demands strict proof at

trial.

29.     Defendant District lacks sufficient knowledge or information to either admit or

denies the allegations contained in paragraph number 29 of the Complaint.  To the extent a

response is required, defendant District denies the allegations and demands strict proof at

trial.

30.     Defendant District lacks sufficient knowledge or information to either admit or

denies the allegations contained in paragraph number 30 of the Complaint.  To the extent a

response is required, defendant District denies the allegations and demands strict proof at

trial.

31.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 31 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

32.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 32 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

33.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 33 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

34.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 34 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

35.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 35 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

36.     Defendant District admits the allegations contained within paragraph number 36 of the Complaint.

37.    The allegations in paragraph 37 of the Complaint are the legal conclusions of the pleader to which no response is required.

38.    The allegations in paragraph 38 of the Complaint are the legal conclusions of the pleader to which no response is required.

39.    The allegations in paragraph 39 of the Complaint are the legal conclusions of the pleader to which no response is required.

## COUNT I: Battery
### (Officer Thomas and the District of Columbia)

40.    The responses set forth in paragraphs 1–39 are incorporated herein by reference.

41.    No response is necessary to the averment set forth in paragraph number 41 of the Complaint.

42.    Defendant District lacks sufficient information to either admit or denies the allegations in paragraph 42 of the Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

43.    Defendant District lacks sufficient information to either admit or denies the allegations in paragraph 43 of the Complaint.   To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

44.    Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 44 of the Complaint.

45.    The allegations in paragraph 45 of the Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

46.    The allegations in paragraph 46 of the Complaint are the legal conclusions of the pleader to which no response is required.

47.    The allegations in paragraph 47 of the Complaint are the legal conclusions of the

pleader to which no response is required.

## COUNT II: Intentional Infliction of Emotional Distress
### (All Defendant District)

48.    The responses set forth in paragraphs 1–47 are incorporated herein by reference.

49.    No response is required to the averments contained within paragraph number 41 of

the Complaint.

50.    The allegations in paragraph 50 of the Complaint are the legal conclusions of the

pleader to which no response is required.

51.    The allegations in paragraph 51 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies the allegations and demands strict proof at trial.

52.    The allegations in paragraph 52 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

53.    The allegations in paragraph 53 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

## COUNT III:   42 U.S.C. § 1983
### (Safety, Bodily Integrity and Personal Security)
### (Individual Defendant District)

54.    The responses set forth in paragraphs 1–53 are incorporated herein by reference.

55.    Defendant District admits to the existence of the count that is contained within

paragraph number 55 of the Complaint, but denies that it confers any liability therein.

56.     The allegations in paragraph 56 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

57.     The allegations in paragraph 57 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

58.     The allegations in paragraph 58 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

59.     The allegations in paragraph 59 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

60.     The allegations in paragraph 60 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

61.     The allegations in paragraph 61 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

62.     The allegations in paragraph 62 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

63.     The allegations in paragraph 63 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

### COUNT IV: Violation of Nigel Austin's Civil Rights Under 42 U.S.C. § 1983
### (Right to Necessary Medical Care)
### (Individual Defendant District)

64.     The responses set forth in paragraphs 1–63 are incorporated herein by reference.

65.     Defendant District admits to the existence of the count that is contained within

paragraph number 65 of the Complaint, but denies that it confers any liability therein.

66.     The allegations in paragraph 66 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

67.     The allegations in paragraph 67 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

68.     The allegations in paragraph 68 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

69.     The allegations in paragraph 69 of the Complaint are the legal/factual conclusions of

the pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

70.     The allegations in paragraph 70 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

71.     The allegations in paragraph 71 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

72.     The allegations in paragraph 72 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

73.     The allegations in paragraph 73 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

74.     The allegations in paragraph 74 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

75.     The allegations in paragraph 75 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

**COUNT V: Violation of Civil Rights**
**(Conspiracy to Delay or Denies Right to Medical Care)**
**(Individual Defendant District)**

76.     The responses set forth in paragraphs 1–75 are incorporated herein by reference.

77.     Defendant District admits to the existence of the count that is contained within

paragraph number 77 of the Complaint, but denies that it confers any liability therein.

78.     The allegations in paragraph 78 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

79.     The allegations in paragraph 79 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

80.     The allegations in paragraph 80 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

81.     The allegations in paragraph 81 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

82.     The allegations in paragraph 82 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

### COUNT VI Negligence
### (All Defendant District)

83.     The responses set forth in paragraphs 1–82 are incorporated herein by reference.

84.     The allegations in paragraph 84 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

85.     The allegations in paragraph 85 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

86.     The allegations in paragraph 86 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

87.    The allegations in paragraph 87 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

88.    The allegations in paragraph 88 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

89.    The allegations in paragraph 89 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

90.    The allegations in paragraph 90 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

91.    The allegations in paragraph 91 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

92.    The allegations in paragraph 92 of the Complaint are the legal conclusions of the

pleader to which no response is required.  To the extent a response is required, defendant

District denies these allegations and demands strict proof at trial.

Further answering, defendant District denies all allegations of wrongdoing, intentional or

otherwise, not specifically admitted to or otherwise answered.

### THIRD DEFENSE

Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action

against defendant District pursuant to 42 U.S.C. § 1983, *et seq.*

## FOURTH DEFENSE

The actions of defendant District were reasonably necessary to effect, maintain

and enforce the laws of the United States of America and/or the District of Columbia.

## FIFTH DEFENSE

The actions of defendant District's employees, engaged in the scope of

employment, were taken in good faith and with a reasonable belief in their lawfulness,

and/or the actions taken by the defendant District's employees, engaged in the scope of

employment, may have been the result of privilege.

## SIXTH DEFENSE

The actions of defendant District complied with all applicable laws and met or

exceeded all applicable standards of care.

## SEVENTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of his

own intentional, illegal or otherwise wrongful conduct.

## EIGHTH DEFENSE

If plaintiff was injured and damaged as alleged in the Complaint, such injuries

and damages were the result of his own sole or contributory negligence and/or his

assumption of the risk.

## NINTH DEFENSE

This action may be barred by the doctrine of laches and/or the applicable statutes

of limitations.

## TENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

## ELEVENTH DEFENSE

The action may be barred by issue or claim preclusion, or not yet have accrued.

## TWELFTH DEFENSE

The District of Columbia is not liable for the actions of employees, not engaged in the scope of employment.

## SET-OFF

Defendant District of Columbia claims a set-off for any and all funds paid to Plaintiff by Medicaid or other forms of public assistance.

## Jury Trial Demand

The District demands a trial by a jury of twelve (12).

The defendant District reserves the right to amend its answer pursuant to Federal Rule of Civil Procedure 15.

WHEREFORE, having fully answered, defendant District of Columbia urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to defendant District.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

__\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

15

___\s_____
MICHAEL P. BRUCKHEIM [455192]
LAUREN J. BIRNBAUM [483515]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6649; (202) 442-9754; (202) 727-6295
(202) 727-3625 (fax)
email:Michael.Bruckheim@dc.gov;
Lauren.birnbaum@dc.gov

16