## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NIGEL AUSTIN,                                  :
                                               :
    Plaintiff,                              :
                                               :
v.                                             :
                                               :    CA no. 05-02219 (JDB)
DISTRICT OF COLUMBIA, et al.,                  :
                                               :
    Defendants.                             :
_____:

### DEFENDANT DON THOMAS' ANSWER TO THE COMPLAINT

Defendant Don Thomas answers the Complaint with particularity and in like-numbered paragraphs as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

1.    The allegations contained within paragraph number 1 are the legal conclusions of the pleader to which no response is required by this defendant.

2.    The allegations contained within paragraph number 2 are the legal conclusions of the pleader to which no response is required by this defendant.

3.    The allegations contained within paragraph number 3 are the legal conclusions of the pleader to which no response is required by this defendant.

4.    Defendant Thomas lacks sufficient information to either admit or deny the allegations contained in paragraph number 4 of the Complaint.

5.    Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 5 of the Complaint. To the extent a response is required, defendant Thomas denies these allegations and demands strict proof at trial.

6. Defendant Thomas admits that the District is a municipality, and that he is employed by the District of Columbia. Defendant Thomas lacks sufficient knowledge or information to admit or deny that the District employs John Does 1-25. Further answering, the remaining allegations set forth in paragraph number 6 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

7. Defendant Thomas admits that he was a District of Columbia Metropolitan Police Department Officer at all relevant times  The remaining allegations set forth in paragraph number 7 of the Complaint are the legal conclusions of the pleader to which no response is required..

8. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 8 of the Complaint.

9. Defendant Thomas admits the allegations set forth in paragraph number 9 of the Complaint.

10. Defendant Thomas admits the allegations set forth in paragraph number 10 of the Complaint.

11. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 11 of the Complaint.

12. Defendant Thomas admits that he escorted plaintiff to the processing room at the Central Cell facility and that he asked plaintiff to wait in the prisoner interview room. Defendant Thomas lacks sufficient knowledge or information at this time to either admit or deny the remaining allegations contained in paragraph number 12 of the Complaint.

13. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 13 of the Complaint. To the extent a response is required, defendant Thomas denies the allegations and demands strict proof at trial.

14. Defendant Thomas denies the allegations contained in paragraph number 14 of the Complaint.

15. Defendant Thomas denies the allegations contained in paragraph number 15 of the Complaint.

16. Defendant Thomas admits that he attempted to handcuff plaintiff. Defendant Thomas denies the remaining allegations contained in paragraph number 16 of the Complaint.

17. Defendant Thomas denies the allegations contained in paragraph number 17 of the Complaint.

18. Defendant Thomas denies the allegations contained in paragraph number 18 of the Complaint.

19. Defendant Thomas denies the allegations contained in paragraph number 19 of the Complaint.

20. Defendant Thomas denies the allegations contained in paragraph number 20 of the Complaint.

21. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 21 of the Complaint. To the extent a response is required, defendant Thomas denies the allegations and demands strict proof at trial.

22. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 22 of the Complaint. To the extent a response is required, defendant Thomas denies the allegations and demands strict proof at trial.

23. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 23 of the Complaint. To the extent a response is required, defendant Thomas denies the allegations and demands strict proof at trial.

24. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 24 of the Complaint.

25. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 25 of the Complaint.

26. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 26 of the Complaint. To the extent a response is required, defendant Thomas denies the allegations and demands strict proof at trial.

27. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 27 of the Complaint.

28. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 28 of the Complaint.

29. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 29 of the Complaint.

30. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 30 of the Complaint.

31. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 31 of the Complaint. To the extent a response is required, defendant Thomas denies the allegations and demands strict proof at trial.

32. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 32 of the Complaint. To the extent a response is required, defendant Thomas denies the allegations and demands strict proof at trial.

33. Defendant Thomas denies the allegations contained in paragraph number 33 of the Complaint.

34. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 34 of the Complaint. To the extent a response is required, defendant Thomas denies the allegations and demands strict proof at trial.

35. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 35 of the Complaint.

36. Defendant Thomas admits the allegations contained within paragraph number 36 of the Complaint.

37. The allegations in paragraph 37 of the Complaint are the legal conclusions of the pleader to which no response is required.

38. The allegations in paragraph 38 of the Complaint are the legal conclusions of the pleader to which no response is required. This defendant denies that he battered plaintiff.

39. The allegations in paragraph 39 of the Complaint are the legal conclusions of the pleader to which no response is required.

## COUNT I: Battery
### (Officer Thomas and the District of Columbia)

40. The responses set forth in paragraphs 1–39 are incorporated herein by reference.

41. No response is necessary to the averment set forth in paragraph number 41 of the Complaint.

42. Defendant Thomas admits striking plaintiff with a closed fist. Defendant Thomas lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 42 of the Complaint.

43. Defendant Thomas denies the allegations in paragraph 43 of the Complaint.

44. The allegations contained in paragraph number 44 of the Complaint are the legal conclusions of the pleader to which no response is required.

45. The allegations in paragraph 45 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, defendant Thomas admits that any and all acts he performed at all times relevant to this complaint were performed in the scope of his employment.

46. The allegations in paragraph 46 of the Complaint are the legal conclusions of the pleader to which no response is required.

47. Defendant Thomas denies the allegations in paragraph 47 of the Complaint.

## COUNT II: Intentional Infliction of Emotional Distress
### (All Defendants)

48. The responses set forth in paragraphs 1–47 are incorporated herein by reference.

49. No response is required to the averments contained within paragraph number 41 of the Complaint.

50. The allegations in paragraph 50 of the Complaint are the legal conclusions of the pleader to which no response is required.

51. Defendant Thomas denies the allegations in paragraph 51 of the Complaint.

52. Defendant Thomas denies the allegations in paragraph 52 of the Complaint.

53. The allegations in paragraph 53 of the Complaint are the legal conclusions of the pleader to which no response is required.

## COUNT III:   42 U.S.C. § 1983
### (Safety, Bodily Integrity and Personal Security)
### (Individual Defendants)

54. The responses set forth in paragraphs 1–53 are incorporated herein by reference.

55. No response is required to the averments contained within paragraph number 55 of the Complaint as they are the legal conclusions of the pleader.

56. The allegations in paragraph 56 of the Complaint are the legal conclusions of the pleader to which no response is required.

57. The allegations in paragraph 57 of the Complaint are the legal conclusions of the pleader to which no response is required.

58. The allegations in paragraph 58 of the Complaint are the legal conclusions of the pleader to which no response is required.

59. Defendant Thomas denies the allegations in paragraph 59 of the Complaint.

60. The allegations in paragraph 60 of the Complaint are the legal conclusions of the pleader to which no response is required.

61. Defendant Thomas denies the allegations in paragraph 61 of the Complaint.

62. The allegations in paragraph 62 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, defendant Thomas denies that he used excessive force as alleged herein.

63. The allegations in paragraph 63 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, defendant Thomas denies the allegations and demands strict proof at trial.

### COUNT IV: Violation of Nigel Austin's Civil Rights Under 42 U.S.C. § 1983
### (Right to Necessary Medical Care)
### (Individual Defendants)

64. The responses set forth in paragraphs 1–63 are incorporated herein by reference.

65. No response is required to the allegations contained within paragraph number 65 of the Complaint as they contain the legal conclusions of the pleader.

66. The allegations in paragraph 66 of the Complaint are the legal conclusions of the pleader to which no response is required.

67. The allegations in paragraph 67 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, defendant Thomas denies the allegations and demands strict proof at trial.

68. The allegations in paragraph 68 of the Complaint are the legal conclusions of the pleader to which no response is required.

69. Defendant Thomas denies the allegations contained in paragraph 69 of the Complaint..

70. Defendant Thomas denies the allegations contained in paragraph 70 of the Complaint.

71.  Defendant Thomas denies the allegations contained in paragraph 71 of the Complaint.

72.  Defendant Thomas denies the allegations contained in paragraph 72 of the Complaint.

73.  Defendant Thomas denies the allegations contained in paragraph 73 of the Complaint.

74.  Defendant Thomas denies the allegations in contained paragraph 74 of the Complaint.

75.  Defendant Thomas denies the allegations contained in paragraph 75 of the Complaint.

### COUNT V: Violation of Civil Rights
**(Conspiracy to Delay or Deny Right to Medical Care)**
**(Individual Defendants)**

76.  The responses set forth in paragraphs 1–75 are incorporated herein by reference.

77.  No response is required as to the allegations contained within paragraph number 77 of the Complaint as they contained the legal conclusions of the pleader.

78.  The allegations in paragraph 78 of the Complaint are the legal conclusions of the pleader to which no response is required.

79.  Defendant Thomas denies the allegations contained in paragraph 79 of the Complaint.

80.  Defendant Thomas denies the allegations contained in paragraph 80 of the Complaint.

81.  Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. Defendant Thomas denies the allegations contained in paragraph 82 of the Complaint.

### COUNT VI Negligence
### (All Defendants)

83. The responses set forth in paragraphs 1–82 are incorporated herein by reference.

84. Defendant Thomas denies the allegations contained in paragraph 84 of the Complaint.

85. Defendant Thomas denies the allegations contained in paragraph 85 of the Complaint.

86. The allegations in paragraph 86 of the Complaint are the legal conclusions of the pleader to which no response is required.

87. The allegations in paragraph 87 of the Complaint are the legal conclusions of the pleader to which no response is required.

88. The allegations in paragraph 88 of the Complaint are the legal conclusions of the pleader to which no response is required.

89. The allegations in paragraph 89 of the Complaint are the legal conclusions of the pleader to which no response is required.

90. The allegations in paragraph 90 of the Complaint are the legal conclusions of the pleader to which no response is required.

91. The allegations in paragraph 91 of the Complaint are the legal conclusions of the pleader to which no response is required.

92. The allegations in paragraph 92 of the Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, defendant Thomas denies the allegations and demands strict proof at trial.

Further answering, the defendant Thomas denies all allegations of wrongdoing, intentional or otherwise, not specifically admitted to or otherwise answered.

### THIRD DEFENSE

Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action against defendant Thomas pursuant to 42 U.S.C. § 1983, *et seq.*

### FOURTH DEFENSE

Defendant Thomas's actions were within the scope of his employment, and were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

### FIFTH DEFENSE

Defendant Thomas's actions were within the scope of his employment, were taken in good faith and with a reasonable belief in their lawfulness, and/or the actions taken by defendant Thomas were the result of privilege.

### SIXTH DEFENSE

Defendant Thomas is entitled to qualified immunity.

### SEVENTH DEFENSE

Defendant Thomas's actions complied with all applicable laws and met or exceeded all applicable standards of care.

### EIGHTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

**NINTH DEFENSE**

If plaintiff was injured and damaged as alleged in the Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

**TENTH DEFENSE**

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

**ELEVENTH DEFENSE**

Plaintiff may have failed to mitigate his damages.

**TWELFTH DEFENSE**

The action may be barred by issue or claim preclusion, or not yet have accrued.

**Jury Trial Demand**

Defendant Thomas demands a trial by a jury of twelve (12).

Defendant Thomas reserves the right to amend his answer pursuant to Federal Rule of Civil Procedure 15.

WHEREFORE, having fully answered, defendant Thomas urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to defendant Thomas.

    Respectfully submitted,

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    __\s_____
    PATRICIA A. JONES [428132]
    Chief, General Litigation Sec. IV

        ___\s_____
        MICHAEL P. BRUCKHEIM [455192]
        LAUREN J. BIRNBAUM [483515]
        Assistant Attorney General
        441 4th Street, N.W., 6th Floor North
        Washington, DC 20001
        (202) 724-6649; (202) 442-9754; (202) 727-6295
        (202) 727-3625 (fax)
        email:Michael.Bruckheim@dc.gov;
        Lauren.birnbaum@dc.gov