### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**NIGEL AUSTIN,**                       )
                                        )
      **Plaintiff,**                 )
                                        )     **Case No.  05-2219 (JDB)**
     **v.**                             )
                                        )
**DISTRICT OF COLUMBIA,** *et al.*,     )
                                        )
     **Defendants.**                )
_____)


### REPORT PURSUANT TO LOCAL RULE 16.3(d) AND PROPOSED SCHEDULING ORDER

Pursuant to LCvR 16.3, the parties, by undersigned counsel, hereby submit the following Report and proposed Scheduling Order in the captioned matter.

1.     CASE TRACKING:  The parties request that this matter be assigned the schedule set forth in the attached proposed Scheduling Order.  This is an action against the District of Columbia and Officer Don Thomas.  Plaintiff alleges that he sustained, *inter alia*, psychological and physical injuries as a result of Officer Don Thomas' acts and omissions while Plaintiff was a pre-trial detainee at the Central Cell facility, located at 300 Indiana Avenue, N.W., Washington, D.C. 20001.  Defendants have filed their respective Answers in this case. Plaintiff does not expect that this case is capable of resolution by summary judgment.  Defendants reserve their right to file dispositive motions in this case.

2.     DATE TO AMEND PLEADINGS/JOIN PARTIES:  Defendants do not presently anticipate any amendments to the pleadings or the joining of any new parties.  Plaintiffs contemplate identifying one or more of the "John Does/Jane Does" as discovery progresses.

3.      MAGISTRATE/JUDGE:  The parties believe that a magistrate should not be assigned to hear and resolve any discovery-related matters.  The parties do jointly request that all matters be assigned to a judge, specifically including trial.

4.      SETTLEMENT:  At this stage, the parties submit that it is premature at this time to determine whether there is a realistic possibility of settlement. Discovery must be substantially underway and/or completed prior to any substantive settlement evaluation.

5.      ALTERNATIVE DISPUTE RESOLUTION:  Alternative Dispute Resolution, including mediation, may be appropriate following discovery in this matter.  The parties have requested ADR, if appropriate, by November 13, 2006, which is approximately 30 days after the close of all discovery.

6.      SUMMARY JUDGMENT:  The parties have requested that summary judgment motions be filed by November 13, 2006, which is approximately 30 days after the date of the close of all discovery.

7.      INITIAL DISCLOSURES:  The parties agree that Fed.R.Civ.P. 26(a)(1) initial disclosures shall be made on or before July 11, 2006.

8 and 9.      DISCOVERY and EXPERTS:  The parties agree that all Post-Rule 26(a)(1) Discovery Requests shall be served by August 15, 2006; that all discovery shall be completed by October 11, 2006; that Plaintiff shall file his Rule 26(a)(2) Statements and expert reports by August 28, 2006; that Defendants shall file their Rule 26(a)(2) Statements and expert reports by September 28, 2006; and that all expert depositions, and all discovery, be completed by October 11, 2006.  The parties agree that each party shall be permitted to take 10 depositions.  Plaintiff requests that each party be permitted to propound forty (40) Interrogatories.  Defendants request that each party be permitted to propound twenty-five (25) Interrogatories.

10.    CLASS ACTIONS:  Not applicable.

11.    BIFURCATION:  Plaintiff does not believe this case is appropriate for

bifurcation.  Defendants reserve their right to request bifurcation should the need arise.

12.    PRETRIAL CONFERENCE:  The parties request a Pretrial Conference be

scheduled approximately 45 days after the resolution of any filed dispositive motion, or if no

motion is filed, after the expiration date for filing dispositive motions.

13.    TRIAL:  Trial may be scheduled at the Court's convenience at the Pretrial

Conference; however, the parties request that trial be scheduled within sixty (60) days from the

date of the Pretrial Conference.

14.    SCHEDULING ORDER:  A Proposed Scheduling Order is attached hereto.

Respectfully submitted,


_____*/s/ Peter C. Grenier*_____          ROBERT J. SPAGNOLETTI
Peter C. Grenier (D.C. Bar No. 418570)          Attorney General for the District of Columbia
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.                        GEORGE C. VALENTINE
Ninth Floor                                                        Deputy Attorney General
Washington, D.C.  20036                                 Civil Litigation Division
(202) 828-4100
(202) 828-4130 (fax)
*Counsel for Plaintiff*                                          _____*/s/ Patricia A. Jones*_____
                                                                        Patricia A. Jones (D.C. Bar No. 428132)
                                                                        Chief, General Litigation Sec. IV

                                                                        _____*/s/ Michael P. Bruckheim*_____
                                                                        Michael P. Bruckheim (D.C. Bar No. 455192)
                                                                        Assistant Attorney General
                                                                        441 4th Street, N.W., 6th Floor North
                                                                        Washington D.C. 2001
                                                                        (202) 724-6649; (202) 727-6295
                                                                        (202) 727-3625 (fax)
                                                                        *Attorneys for Defendants*