**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Nigel Austin, :<br>       :<br>   Plaintiff, :<br>       :<br>v.       :<br>       :<br>District of Columbia, *et al.*, :<br>       :<br>   Defendants. :<br>_____: | Civil Action No. 05-2219 (JDB) |

**DEFENDANTS DON THOMAS AND DISTRICT OF COLUMBIA'S MOTION
TO STAY ALL PROCEEDINGS AS TO ALL PARTIES, OR ALTERNATIVELY,
FOR A PROTECTIVE ORDER**

Defendants Don Thomas and District of Columbia, by and through counsel, hereby move the court to stay all proceedings in this case pending the outcome of a criminal investigation by the United States Attorney's Office. The District had previously moved for, and received a four-month stay from this Court. The District subsequently requested an extension of the stay, but was denied without prejudice pending further developments in the litigation.

Defendant District renews its request, and defendant Thomas joins in the request at this juncture because plaintiff has noted the deposition of defendant Thomas, who remains the subject of an open criminal investigation by the U.S. Attorney's Office. This investigation concerns the incident that is the subject of this litigation.

These defendants have set forth more details for their motion in the attached memorandum of points and authorities.

                                           Respectfully submitted,

                                           ROBERT J. SPAGNOLETTI
                                           Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____/s/_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Sec. IV


        _____/s/_____
        MICHAEL P. BRUCKHEIM [455192]
        Assistant Attorney General
        441 4th Street, N.W., 6th Floor North
        Washington, DC 20001
        (202) 724-6649; (202) 727-6295
        (202) 727-3625 (fax)
        E-mail:  Michael.Bruckheim@dc.gov


## **F.R.C.P. 7(m) CERTIFICATION**

   I hereby certify that on September 13, 2006, and over the course of several previous e-mails, undersigned counsel requested that the noted depositions of defendant Thomas and Sergeants Wittington and Harrison be postponed in light of the open criminal investigation of Thomas and the ongoing internal investigation of defendant Thomas by the aforementioned sergeants. Undersigned counsel informed counsel for plaintiff of defendant Thomas' intent to take the 5th Amendment with respect to questions related to the subject of the litigation presented to him at deposition.  Counsel for plaintiff did not consent to the postponement of these depositions, which necessitates the filing of this motion.


        _____/s/_____
        MICHAEL P. BRUCKHEIM
        Assistant Attorney General

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Nigel Austin, | : |
|     Plaintiff, | : |
| v. | : |
| | :   Civil Action No. 05-2219 JDB |
| District of Columbia, *et al.*, | : |
|     Defendants. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS
AND/OR FOR PROTECTIVE ORDER**

**Preliminary Statement**

Plaintiff filed the instant lawsuit alleging that Officer Don Thomas struck him on August 25, 2005, causing injuries to the left side of his face and jaw. *See* Complaint, generally. Furthermore, plaintiff alleges that Officer Thomas and John Does 1-25, acting under color of the laws of the District of Columbia, deprived him of his constitutional rights. *See* Complaint, generally. The District had previously moved for, and received a four-month stay from this Court. *See* Court Docket, #6. The District subsequently requested an extension of the stay, but was denied without prejudice pending further developments in the litigation. *See* Court Docket, #9.

Plaintiff has noted the deposition of defendant Thomas, who remains the subject of an open criminal investigation by the U.S. Attorney's Office, for September 13, 2006, and Metropolitan Police Department (MPD) Sergeants Wittington and Harrison, who conducted the internal affairs investigation into Thomas' alleged actions. Additionally,

3

plaintiff noted the depositions of Officers Crowder, Hawkins, Bowman and Richardson.[1] While the preliminary investigation is complete, there has been no final resolution regarding Thomas' status and the matter remains open. Defendants therefore seek a stay of this litigation pending the resolution of the criminal investigation of defendant Thomas.

## Argument

**I.     AT THIS JUNCTURE IN THE CASE, DEFENDANT THOMAS IS ENTITLED TO A STAY IN THE PROCEEDINGS, OR ALTERNATIVELY, AN ORDER OF PROTECTION.**

A court has inherent power to stay proceedings in control of its docket. *See Landis v. North America Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also, Dellinger v. Mitchell*, 442 F.2d 782, 786 n. 7 (D.C. Cir. 1971) (quoting *Landis*). A stay is most appropriate, furthermore, "where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993); *see also, Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (error for District Court to dismiss rather than stay Sec. 1983 action pending resolution of related state criminal proceedings); *Securities & Exchange Com'n v. Dresser Indus.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980) ("the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter");

---

[1] Plaintiff did not serve notices of deposition but prospective dates had been agreed upon by counsel.

*Dellinger*, 442 F.2d at 785 (noting justification for staying civil case until completion of related criminal case).[2]

The United States Attorney's Office (USAO) has not completed its criminal investigation into the events that took place on August 25, 2005, as alleged in the above-captioned lawsuit. As of this filing, the USAO has not issued a letter of declination. Defendant Thomas therefore could still be subject to criminal proceedings because the investigation remains open. While the Constitution does not require that civil proceedings be stayed pending the outcome of a criminal investigation, a civil proceeding may be stayed "when the interests of justice…seem to require such action, sometimes at the request of the prosecution…sometimes at the request of the defense[.]" *See United States v. Kordel,* 397 U.S. 1, 12, n. 27 (1970) (citations omitted). *See also Securities and Exchange Commission v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375 (1980) (*en banc*), *cert. denied*, 449 U.S. 993 (1980); *Kashia v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir. 1986).

Officer Thomas possesses a Fifth Amendment privilege against self-incrimination; a right he intends to exercise. See Exhibit 1, Defendant Thomas' Objections and Responses to Plaintiff's Interrogatories. *See Volmar*, 152 F.R.D. at 39; *see also Dresser*, 628 F.2d at 1376 ("noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination"). Plaintiff insists on proceeding with discovery in this litigation despite the open USAO

---

[2] The appropriateness of a stay where a party is under criminal indictment is not limited "only to persons after they become a 'defendant.'" *Founding Church of Scientology, etc. v. Kelley*, 77 F.R.D. 378, 380 n. 4 (D.D.C. 1977) (citations omitted). This is because the basic reason for the policies that necessitate limiting civil discovery when it would interfere with a criminal investigation apply equally whether an individual is a defendant or "merely the subject of a grand jury investigation." *Id*.

5

investigation, and the repeated declarations that defendant Thomas will exercise his 5th Amendment right if called upon to testify. See plaintiff's notice of deposition for defendant Thomas, Exhibit #2. As long as the USAO investigation remains open, defendant Thomas should not be forced to actively participate in this matter. A continuation of discovery severely hampers the defendants' ability to defend the allegations. This Court should stay the proceedings until the USAO investigation is resolved. At the very least, defendant Thomas is entitled to an order of protection.

II.   **ALL METROPOLITAN POLICE DEPARTMENT WITNESSES SHOULD NOT HAVE TO TESTIFY AT DEPOSITION UNTIL THE INTERNAL INVESTIGATION IS FULLY COMPLETED.**

The law enforcement privilege is a qualified, common law privilege that is designed to protect the integrity of law enforcement investigations. *Black v. Sheraton Corp. of America*, 564 F.2d 531, 541-42 (D.C. Cir. 1977). "The purpose of the privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Department of Investigation*, 856 F.2d 481, 484 (2d. Cir. 1988). The privilege applies not only "to the disclosure of documents from law enforcement investigatory files" but also "to testimony about information contained in the files." *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988).

Assertion of the law enforcement privilege requires: "(1) a formal claim of privilege by the 'head of the department' having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; and (3) a detailed specification of the information for which the privilege is claimed, with an

6

explanation why it properly falls within the scope of the privilege." *Landry v. FDIC*, 204 F.3d 1125, 1135 (D.C. Cir. 2000), citing *In re Sealed Case,* 856 F.2d at 271. Because the privilege is qualified, the Court must also weigh "the public interest in non-disclosure . . . against the need of a particular litigant for access to the privileged information." *In re Sealed Case*, 856 F.2d at 272 (stating various factors to be considered). Defendants have satisfied the *Landry* requirements by way of the enclosed declaration of Assistant Chief Ponton. Exhibit #4, Declaration.

      Plaintiff seeks to depose Sergeants Wittington and Harrison, and officers Crowder, Hawkins, Bowman and Richardson. Exhibit #3, Notices of Deposition. The Sergeants conducted the internal investigation of defendant Thomas, and all of the aforementioned officers were interviewed as witnesses. While the preliminary investigation is complete, no final determination has been made. The Sergeants should not have to testify at deposition. They were not witnesses to the underlying incident and cannot offer any relevant testimony beyond that which covers privileged areas such as their investigative techniques and decision-making processes. Plaintiff cannot show that the testimony of the Sergeants is essential to his case or that he cannot obtain the same information through other discovery methods. Accordingly, plaintiff should not be allowed to proceed with the depositions of Sergeants Wittington or Harrison. Furthermore, officers Crowder, Hawkins, Bowman and Richardson provided statements during the pending investigation, and should not be called to testify at deposition prior to the conclusion of the criminal matter as their testimony is protected from disclosure at this time based on the law enforcement privilege.

      This Court has broad discretion to control the conduct of discovery, and has

authority to limit the use of discovery methods "if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Courts are similarly empowered to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). To protect such persons, this Court may order that discovery not be had or that "discovery may be had only by a method of discovery other than that selected by the party seeking discovery." Fed. R. Civ. P. 26(c). It would create an undue burden and expense for defendant Thomas to appear at deposition only to assert his Fifth Amendment rights and then have to re-appear for deposition once the criminal investigations have been completed. Additionally, the District would have to bear great burden and expense to produce witnesses for deposition when there is an open investigation by the USAO. Furthermore, the law enforcement privilege should preclude the noted depositions.

## **Conclusion**

On the basis of the foregoing, the defendants respectfully request that this Court stay all proceedings herein until such time as the USAO investigation into the incident that is the subject of this litigation is completed. Alternatively, defendants request that this Court grant protective orders with respect to the depositions of defendants Thomas, Sergeants Wittington and Harrison, and officers Crowder, Hawkins, Bowman and Richardson.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE

9

Deputy Attorney General, Civil Litigation Division

                              /s/
_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Sec. IV

                              /s/
_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
E-mail: Michael.Bruckheim@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Nigel Austin, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, : | |
| : | |
| Defendants. : | |
| _____: | |

## **ORDER**

Upon consideration of defendants Donald Thomas and the District of Columbia's Motion to Stay All Proceedings, or Alternatively, for a Protective Order, plaintiff's opposition, and the record herein, it is this _____ day of _____, 2006,

ORDERED: That defendant District of Columbia's Motion to Stay All Proceedings is hereby GRANTED pending further order of this Court, and it is,

FURTHER ORDERED:  that the District of Columbia shall notify this Court within ten (10) of its notification that the U.S. Attorneys' Office has completed its investigation.

_____
U.S. District Court Judge

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, : | |
| : | |
| Defendants. : | |
| _____: | |

**ORDER**

Upon consideration of defendants Donald Thomas and the District of Columbia's Motion for a Protective Order, plaintiff's opposition, and the record herein, it is this \_\_\_\_\_ day of _____, 2006,

ORDERED: that the motion for protective order is hereby GRANTED, and it is,

FURTHER ORDERED: that plaintiff is barred from deposing Sergeants Wittington and Harrison, and it is,

FURTHER ORDERED: that plaintiff is barred from deposing Officers Crowder, Hawkins, Bowman and Richardson in this matter until such time as the USAO concludes its criminal investigation.

_____
U.S. District Court Judge