# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIGEL AUSTIN | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-2216(JDB) |
| DISTRICT OF COLUMBIA, et al., | ) |
| Defendants. | ) |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiff will take the deposition duces tecum, to be recorded by sound-and-visual and stenographic means, of Sergeant Lance D. Harrison, Sr. on September 28, 2006. The deposition will begin at 10:00 a.m., and continue until completed at: Bode & Grenier, LLP, 1150 Connecticut Ave., NW, Ninth Floor, Washington, DC 20036.

Sergeant Harrison's address is:

801 Shepherd St., NW
Washington, DC 20011-5822

The designation of materials to be produced by Sergeant Harrison is attached hereto.

-1-

Respectfully submitted,
NIGEL AUSTIN

By: *[signature]*

Peter C. Grenier (D.C. Bar No. 418570)
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036
(202) 828-4100
(202) 828-4130 (fax)
*Counsel for Plaintiff*

Dated: September 5, 2006

-2-

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September 2006, I sent the above NOTICE OF DEPOSITION by U.S. Mail, postage prepaid, and facsimile to:

Patricia A. Jones, Esquire
Chief, General Litigation Sec. IV
Michael P. Bruckheim, Esquire
Assistant General Counsel
441 4th Street, N.W.
6th Floor North
Washington, DC 20001
*Attorney for Defendants*

Peter C. Grenier

-3-

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# United States District Court
### DISTRICT OF COLUMBIA

### SUBPOENA IN A CIVIL CASE

Nigel Austin  V.  The District of Columbia, et al.

CASE NUMBER:1 Civil Action No. 05-2219 (JDB)

To: Sgt. Lance O. Harrison, Sr.
801 Shepard Street, N.W.
Washington, DC 20011-5822

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Bode & Grenier, LLP<br>1150 Connecticut Avenue, N.W., Ninth Floor<br>Washington, D.C. 20036 | DATE AND TIME<br>September 28, 2006 at 10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment A

| PLACE Bode & Grenier, LLP<br>1150 Connecticut Avenue, N.W., Ninth Floor<br>Washington, D.C. 20036 | DATE AND TIME<br>September 28, 2006 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiff | DATE 9/5/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Peter C. Grenier, Bode & Grenier, LLP, 1150 Connecticut Ave., N.W., 9th Floor, Washington, D.C. 20036, 202-828-4100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                Date                      Signature of Server

                                          _____
                                          Address of Server

RULE 45, Federal Rules of Civil Procedure, Part C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

1. All documents* and things referencing, discussing, mentioning, or alluding to or relating in any way, directly or indirectly, to: (a) Nigel Austin ("Mr. Austin"); (b) the incident on August 25, 2005 whereby physical contact resulted between Mr. Austin and Officer Don Thomas while Mr. Austin was a pre trial detainee at the Central Cell Block Facility (the "Incident"); (c) any actions taken by the Metropolitan Police Department ("MPD") following the Incident; (d) the medical treatment of Mr. Austin; and (e) the investigation of the Incident by the MPD, including but not limited to any FIT investigation.

2. All documents* and things referencing, discussing, mentioning, or alluding to or relating in any way, directly or indirectly, to any MPD and/or District of Columbia laws, rules, requirements, standards, guidelines, manuals, canons, mandates, regulations, criteria, instructions, procedures, special orders, and/or general orders -- whether recommended, binding, suggested, proposed, adopted, under study, and/or in effect -- that existed during the period of August 25, 2005 to date, with respect to: (a) the treatment of prisoners and/or pre-trial detainees; (b) the duties, responsibilities, and conduct of the MPD; (c) the use of force by the MPD; (d) the MPD's "Spectrum of Force;" (e) any and all required procedures after an officer has engaged in a use of force; (f) the medical treatment for injured prisoners/pre-trial detainees; (g) internal and external investigations of uses of force by officers by any MPD or non-MPD agency; (h) the monitoring of prisoners/pre-trial detainees in jail cells; (i) the reporting and/or documentation of injuries to prisoners/pre-trial detainees which are sustained while in MPD custody; (j) MPD's duty to protect prisoner/pre-trial detainees in the custody of the MPD; (k) any required

procedures after prisoner/pre-trial detainee has been brought to hospital; (l) self defense by a MPD officer; (m) the duties of MPD supervisors once an officer has engaged in a use of excessive force; and/or (n) anything that would apply to Plaintiff, Officer Thomas, the Incident, and/or any of the events that preceded and followed the Incident.

*The term "documents" is defined in the attached "Definitions," and such definition is hereby incorporated by reference.

## DEFINITIONS

The term "document" as used herein means all materials so defined in the broadest sense of Fed. R. Civ. P. 34(a), and includes any written, printed, typed, recorded, or graphic matter, however produced or reproduced, of any kind or description; any other tangible thing by which information or data is stored, including any writing, drawing, film, graph, chart, photograph, phonograph record, mechanical or electrical sound recording or transcript thereof, computer printout or display; as well as any retrievable data or information (whether in computer storage or on computer hard-drive or disk), and all information carded, taped, coded or stored (electrostatically, electromagnetically or otherwise), and any other data compilation from which this information can be obtained. Without limiting the generality of the foregoing, "document" shall include all computer disks, computer e-mails, computer printouts, correspondence, letters, telegrams, telephone messages, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, work sheets, abstracts, resumes, summaries, notes, jottings, market data, books, journals, ledgers, audits, charts, diagrams, statutes, regulations, policies, procedures, rules, guidelines, manuals, handbooks, brochures, audio and/or video tapes, training materials, teaching materials, research documents, newspapers, appointment books, desk calendars, and expense reports. It also shall include drafts and non-identical copies of any such documents.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIGEL AUSTIN                )
                            )
        Plaintiff,          )
                            )
                            ) Civil Action No. 05-2216(JDB)
    v.                      )
                            )
DISTRICT OF COLUMBIA, et al., )
                            )
                            )
        Defendants.         )
_____)

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiff will take the deposition duces tecum, to be recorded by sound and visual and stenographic means, of Sergeant Charles Whittington on September 28, 2006. The deposition will begin at 2:00 p.m., and continue until completed at: Bode & Grenier, LLP, 1150 Connecticut Ave., NW, Ninth Floor, Washington, DC 20036.

Sergeant Whittington's address is:

801 Shepherd St., NW
Washington, DC 20011-5822

The designation of materials to be produced by Sergeant Whittington is attached hereto.

-1-

Respectfully submitted,
NIGEL AUSTIN

By: *[signature: Peter C. Grenier]*

Peter C. Grenier (D.C. Bar No. 418570)
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036
(202) 828-4100
(202) 828-4130 (fax)
*Counsel for Plaintiff*

Dated: September 5, 2006

-2-

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September 2006, I sent the above NOTICE OF DEPOSITION by U.S. Mail, postage prepaid, and facsimile to:

Patricia A. Jones, Esquire
Chief, General Litigation Sec. IV
Michael P. Bruckheim, Esquire
Assistant General Counsel
441 4th Street, N.W.
6th Floor North
Washington, DC 20001
*Attorney for Defendants*

Peter C. Grenier

-3-

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
### DISTRICT OF COLUMBIA

SUBPOENA IN A CIVIL CASE

Nigel Austin     V.   The District of Columbia, et al.     CASE NUMBER:1   Civil Action No. 05-2219 (JDB)

To: Sgt. Charles Whitington
631 Shepard Street, NW
Washington, DC 20011-2822

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Bode & Grenier, L.L.P.<br>1150 Connecticut Avenue, N.W., Ninth Floor<br>Washington, D.C. 20036 | DATE AND TIME<br>September 28, 2006 at 2:00 p.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment A

| PLACE Bode & Grenier, L.L.P.<br>1150 Connecticut Avenue, N.W., Ninth Floor<br>Washington, D.C. 20036 | DATE AND TIME<br>September 28, 2006 at 2:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>/s/ Peter C. Grenier    Attorney for Plaintiff | DATE<br>9/05/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Peter C. Grenier, Bode & Grenier, L.L.P. 1150 Connecticut Ave., N.W., 9th Floor, Washington, D.C. 20036; 202 828 4100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
1 If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             Date

_____
Signature of Server

_____
Address of Server

RULE 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

1.  All documents* and things referencing, discussing, mentioning, or alluding to or relating in any way, directly or indirectly, to: (a) Nigel Austin ("Mr. Austin"); (b) the incident on August 25, 2005 whereby physical contact resulted between Mr. Austin and Officer Don Thomas while Mr. Austin was a pre-trial detainee at the Central Cell Block Facility (the "Incident"); (c) any actions taken by the Metropolitan Police Department ("MPD") following the Incident; (d) the medical treatment of Mr. Austin; and (e) the investigation of the Incident by the MPD, including but not limited to any FIT investigation.

2.  All documents* and things referencing, discussing, mentioning, or alluding to or relating in any way, directly or indirectly, to any MPD and/or District of Columbia laws, rules, requirements, standards, guidelines, manuals, canons, mandates, regulations, criteria, instructions, procedures, special orders, and/or general orders -- whether recommended, binding, suggested, proposed, adopted, under study, and/or in effect -- that existed during the period of August 25, 2005 to date, with respect to: (a) the treatment of prisoners and/or pre-trial detainees; (b) the duties, responsibilities, and conduct of the MPD; (c) the use of force by the MPD; (d) the MPD's "Spectrum of Force;" (e) any and all required procedures after an officer has engaged in a use of force; (f) the medical treatment for injured prisoners/pre-trial detainees; (g) internal and external investigations of uses of force by officers by any MPD or non-MPD agency; (h) the monitoring of prisoners/pre-trial detainees in jail cells; (i) the reporting and/or documentation of injuries to prisoners/pre-trial detainees which are sustained while in MPD custody; (j) MPD's duty to protect prisoner/pre-trial detainees in the custody of the MPD; (k) any required

procedures after prisoner/pre-trial detainee has been brought to hospital; (l) self defense by a MPD officer; (m) the duties of MPD supervisors once an officer has engaged in a use of excessive force; and/or (n) anything that would apply to Plaintiff, Officer Thomas, the Incident, and/or any of the events that preceded and followed the Incident.

---

+The term "documents" is defined in the attached "Definitions," and such definition is hereby incorporated by reference.

## DEFINITIONS

The term "document" as used herein means all materials so defined in the broadest sense of Fed. R. Civ. P. 34(a), and includes any written, printed, typed, recorded, or graphic matter, however produced or reproduced, of any kind or description; any other tangible thing by which information or data is stored, including any writing, drawing, film, graph, chart, photograph, phonograph record, mechanical or electrical sound recording or transcript thereof, computer printout or display; as well as any retrievable data or information (whether in computer storage or on computer hard drive or disk), and all information carded, taped, coded or stored (electrostatically, electromagnetically or otherwise), and any other data compilation from which this information can be obtained. Without limiting the generality of the foregoing, "document" shall include all computer disks, computer e-mails, computer printouts, correspondence, letters, telegrams, telephone messages, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, work sheets, abstracts, resumes, summaries, notes, jottings, market data, books, journals, ledgers, audits, charts, diagrams, statutes, regulations, policies, procedures, rules, guidelines, manuals, handbooks, brochures, audio and/or video tapes, training materials, teaching materials, research documents, newspapers, appointment books, desk calendars, and expense reports. It also shall include drafts and non-identical copies of any such documents.