## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Nigel Austin, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## **DEFENDANTS' AMENDED MOTION TO STAY PROCEEDINGS**

Defendants Don Thomas and the District of Columbia, by and through counsel, hereby amend their motion to stay all proceedings in this case pursuant to Fed. R. Civ. P. 15(a). Due to the recent developments in this case, undersigned counsel has determined that he is unable to continue to provide representation to Officer Thomas. Therefore, the defendants seek a sixty (60) day stay of the proceedings. More detailed grounds for this motion are included in the attached memorandum of points and authorities in support thereto.

                                                          Respectfully submitted,

                                                          ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Sec. IV

_____/s/_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
E-mail: Michael.Bruckheim@dc.gov

<u>RULE 7(m) CERTIFICATION</u>

     I hereby certify that on September 26, 2006, undersigned counsel requested the relief asked of in this motion. Counsel for plaintiff did not consent, which necessitates the filing of this motion.

_____/s/_____
MICHAEL P. BRUCKHEIM
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Nigel Austin,	: | |
| 	: | |
| 	Plaintiff,	: | |
| 	: | |
| v.	: | |
| 	: | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*,	: | |
| 	: | |
| 	Defendants.	: | |
| _____: | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS

In support of the defendants' Motion to Stay Proceedings, they state as follows:

### Preliminary Statement

Plaintiff filed the instant lawsuit alleging that Officer Don Thomas struck him on August 25, 2005, causing injuries to the left side of his face and jaw. *See* Complaint, generally. Furthermore, plaintiff alleges that Officer Thomas and John Does 1-25, acting under color of the laws of the District of Columbia, deprived him of his constitutional rights. *See* Complaint, generally. On December 6, 2005, the District moved for, and received a four-month stay of the proceedings. *See* Court Docket, #6. The District subsequently requested an extension of the stay, but the request was denied without prejudice pending further developments in the litigation. *See* Court Docket, #9.

Plaintiff noted the depositions of defendant Thomas and Metropolitan Police Department (MPD) Sergeants Wittington and Harrison, who conducted the internal

3

affairs investigation into Thomas' alleged actions. Additionally, plaintiff seeks to depose Officers Crowder, Hawkins, Bowman and Richardson.[1]

On or about September 19, 2006, the defendants moved to stay discovery and/or moved for a protective order regarding the noted depositions. See Docket Entry #18. As grounds for their motion, the defendants averred that there had been no final resolution as to whether the United States Attorney's Office (USAO) intended to prosecute defendant Thomas. At the time of their filing, the USAO had not yet completed its investigation of the subject incident and the matter remained open.

By letter dated September 21, 2006, to MPD, the USAO informed MPD of its decision not to prosecute Officer Thomas at this time because of plaintiff's refusal to cooperate in its investigation. *See* Exhibit 1. A letter was also issued to plaintiff stating the same reasons for USAO's decision. See Exhibit 2. MPD expects to make a decision by the end of October 2006, regarding how the Department will proceed internally regarding its own investigation.

The USAO's decision regarding whether it will prosecute Officer Thomas is not final. See Exhibits 1 and 2. Therefore, Officer Thomas would have a right to continue to assert any available Fifth Amendment privileges. Defendants therefore seek a stay of this litigation for approximately 60 days to allow MPD to take any necessary steps internally and to allow Officer Thomas time to find new counsel.

### Argument

**A.    A Brief Stay of Proceedings Is Warranted.**

A court has inherent power to stay proceedings in control of its docket. *See Landis v. North America Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay

---

[1] Plaintiff did not serve notices of deposition but prospective dates had been agreed upon by counsel.

proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also, Dellinger v. Mitchell*, 442 F.2d 782, 786 n. 7 (D.C. Cir. 1971) (quoting *Landis*).

In this instance, a brief stay is warranted. The USAO has declined to prosecute this matter **at this time**, but presumably could choose to pursue criminal charges against defendant Thomas once plaintiff decides to cooperate with its investigation. See Exhibits 1 and 2. Defendant Thomas' situation is essentially the same as it was prior to the issuance of the USAO's letter. The possibility of criminal prosecution affects his ability to defend himself in this case, and he still has a right to assert Fifth Amendment privileges. See *United States v. Chase,* 281 F.2d 225, 229-30 (7th Cir. 1960), holding that the government's present intent in relation to prosecution of the crime does not affect the Fifth Amendment claim. In fact, reliance upon statements by the government that they will not prosecute or are not intending to prosecute will not extinguish the witness' privilege against self-incrimination. *See also United States v. Doe*, 465 U.S. 605 (1984)*; Estate of Fisher v. C.I.R.,* 905 F.2d 645, 649 (2d Cir. 1990); *United States v. Johnson,* 488 F.2d 1206, 1209 n.2 (1st Cir. 1973). Nor will the practical assessment of the reality of prosecution defeat the privilege against self-incrimination. *See In re Master Key Litig.,* 507 F.2d 292, 293 (9th Cir. 1974); *Commonwealth v. Francis,* 375 Mass. 211, 375 N.E.2d 1221, 1225 (Mass.), *cert. denied*, 439 U.S. 872, 58 L. Ed. 2d 185, 99 S. Ct. 205 (1978); *Commonwealth v. Colantonio,* 31 Mass. App. Ct. 299, 577 N.E.2d 314, 318 (Mass. App. Ct. 1991), review denied, 414 Mass. 1105, 617 N.E.2d 639 (Mass. 1993); *In re Knapp,* 536 So. 2d 1330 (Miss. 1988); *Grant v. State,* 83 Wis. 2d 77, 264 N.W.2d 587,

590-91 (Wis. 1978). "Surely a witness need not be forced to testify on the assumption of prosecutorial sympathy or laxity." *Francis, supra,* 375 N.E.2d at 1225..

Defendant Thomas needs the opportunity to consult an attorney well versed in criminal law about any continued assertion of the privilege.

**B.    Undersigned Counsel's Inability to Continue Representation of Officer Thomas Warrants a Brief Stay.**

The possibility of defendant Thomas' prosecution also affects the District's ability to defend itself.  This situation creates a conflict with undersigned counsel's continued representation of both defendant Thomas and the District.  Undersigned counsel has notified defendant Thomas of his need to obtain new counsel.  However, undersigned counsel is unable to withdraw from representation until new counsel has entered his appearance on behalf of defendant Thomas.  A brief stay of this litigation will allow defendant Thomas an opportunity to find new counsel and will  allow MPD time to resolve its internal matters relating to the subject incident.

WHEREFORE, defendants ask that this motion be granted.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    _____/s/_____
    PATRICIA A. JONES [428132]
    Chief, General Litigation, Sec. IV

                                            /s/
                            MICHAEL P. BRUCKHEIM [455192]
                            Assistant Attorney General
                            441 4th Street, N.W., 6th Floor North
                            Washington, DC 20001
                            (202) 724-6649; (202) 727-6295
                            (202) 727-3625 (fax)
                            E-mail:  Michael.Bruckheim@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin,                                      : | |
|     Plaintiff,            : | |
| v.                                                 : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*,            : | |
|     Defendants.      : | |
| _____: | |

### **ORDER**

Upon consideration of defendants Donald Thomas and the District of Columbia's Motion to Stay All Proceedings, plaintiff's opposition, if any, and the record herein, it is this \_\_\_\_\_ day of _____, 2006,

ORDERED: That defendants Motion to Stay All Proceedings is hereby GRANTED, and it is,

FURTHER ORDERED: that this matter is stayed for a period of 60 days from the date of this Order.

_____
U.S. District Court Judge