UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, : | |
| : | |
| Defendants. : | |
| _____: | |

### DEFENDANT DISTRICT OF COLUMBIA'S EMERGENCY MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA

Defendant District of Columbia, by and through counsel, hereby moves the court to quash the subpoena issued against Sgt. Lance Harrison[1] and for a protective order. Plaintiff noted the depositions of D.C. Metropolitan Police Department (MPD) Sergeants Charles Wittington and Lance Harrison, who conducted the internal affairs investigation into Thomas' alleged actions, for September 28, 2006. See Exhibit #3. As set forth in its motion to stay filed on September 19, 2006, and its amended motion to stay, discovery should be stayed in this litigation. Additionally, the noted depositions should be precluded pursuant to the law enforcement privilege. Accordingly, this defendant seeks a protective order to preclude the depositions, and to quash any served subpoenas.

More detailed grounds for its motion is set forth in the attached memorandum of points and authorities in support thereto.

                                                                  Respectfully submitted,

                                                                   ROBERT J. SPAGNOLETTI
                                                                   Attorney General for the District of Columbia

---

[1] It is unknown whether plaintiff has effected service against Sgt. Wittington. In the event service has been effected, this defendant moves to quash the subpoena.

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Sec. IV

_____/s/_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  Michael.Bruckheim@dc.gov

## F.R.C.P. 7(m) CERTIFICATION

I hereby certify that on September 26, 2006, counsel for plaintiff did not consent to the postponement of these depositions, which necessitates the filing of this motion.

_____/s/_____
MICHAEL P. BRUCKHEIM
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : Civil Action No. 05-2219 JDB <br> District of Columbia, *et al.*, : <br> : <br> Defendants. : <br> _____: | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DEFENDANT DISTRICT OF COLUMBIA'S EMERGENCY MOTION FOR A PROTECTIVE ORDER AND TO QUASH SUBPOENA**

**Preliminary Statement**

Plaintiff filed the instant lawsuit alleging that Officer Don Thomas struck him on August 25, 2005, causing injuries to the left side of his face and jaw. *See* Complaint, generally. Furthermore, plaintiff alleges that Officer Thomas and John Does 1-25, acting under color of the laws of the District of Columbia, deprived him of his constitutional rights. *See* Complaint, generally.

Plaintiff noted the depositions of D.C. Metropolitan Police Department's (MPD) Sergeants Wittington and Harrison, who conducted the internal affairs investigation into Thomas' alleged actions. These depositions were noted for September 28, 2006. See Exhibit #3. Plaintiff has been placed on notice since September 13, 2006, of this defendant's objection to the deposition. In fact, since the witnesses were not parties to the action, this defendant indicated that they would not be produced for deposition. See Exhibit #1. Counsel for plaintiff suggested rescheduling the deposition dates of Sgts. Harrison and Wittington. See Exhibit #2.

3

On or about September 19, 2006, the defendants moved to stay discovery and/or moved for a protective order regarding the noted depositions. See Docket Entry #18. On September 25, 2006, Sgt. Harrison was served for the September 28, 2006, deposition. Defendants filed an amended motion to stay all proceedings on September 27, 2006. See Docket Entry #20. By Order, dated September 26, 2006, this Court set this matter down for a status hearing on October 6, 2006. See Minute Order, dated September 26, 2006.

At approximately 4:07 p.m. on September 27, plaintiff informed undersigned counsel that he intends to go forward with the depositions scheduled for September 28, 2006. Despite good faith efforts to resolve the parties' discovery dispute, the dispute remains. Accordingly, the District moves for an emergency protective order on the bases that a stay of discovery is appropriate and the proposed deponents' testimony is protected by the law enforcement privilege.

<u>**Argument**</u>

**I.  A PROTECTIVE ORDER IS WARRANTED IN THIS CASE.**

This Court has broad discretion to control the conduct of discovery, and has authority to limit the use of discovery methods "if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Courts are similarly empowered to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). To protect such persons, this Court may order that discovery not be had or that "discovery may be had only by a method of discovery other than that selected by the party seeking discovery." Fed. R. Civ. P. 26(c).

On September 19, 2006, and again on September 26, 2006, this defendant moved to stay discovery in part because of recent developments in the litigation. Another reason for the requested relief was this defendant's assertion of the law enforcement privilege. See Docket Entries ## 18 and 20. Plaintiff has been aware of this defendant's objection to the depositions of these witnesses since September 13, 2006. See Exhibit #1. Moreover, plaintiff did not serve the witness with the subpoena for deposition until September 25, 2006; three days before the noted deposition.

Under Court rules, plaintiff's notice to the deponent is not reasonable. More importantly, by Minute Order dated September 26, 2006, this Court scheduled a hearing on the defendants' motion to stay. Plaintiff has no basis for which to proceed with the noted depositions prior to the October 6, 2006. Notwithstanding his knowledge of this defendant's objection to the noted deposition, his receipt of the motion to stay, and the newly issued Court Order, plaintiff insists upon proceeding with the September 28, 2006 deposition. Plaintiff's conduct creates an undue burden on this defendant in light of the conflict that undersigned has recognized in his continued representation of both defendants District and Don Thomas. Therefore, this defendant asks the Court to issue an order precluding plaintiff from proceeding with the September 28, 2006, deposition(s).

**II.     THE INVESTIGATORS' DEPOSITIONS SHOULD NOT PROCEED..**

Plaintiff seeks to depose Sergeants Wittington and Harrison who jointly conducted the internal investigation of the incident that is the subject of this litigation. While the preliminary investigation is complete, no final determination has been made, nor final report issued. The Sergeants should not have to testify at deposition. They were not witnesses to the underlying incident and cannot offer any relevant testimony beyond that which covers privileged areas such as their investigative techniques and decision-making processes. Plaintiff cannot show that the testimony of the Sergeants is essential to his case or that he cannot obtain the same information through other discovery methods.

The law enforcement privilege is a qualified, common law privilege that is designed to protect the integrity of law enforcement investigations. *Black v. Sheraton Corp. of America*, 564 F.2d 531, 541-42 (D.C. Cir. 1977). "The purpose of the privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Department of Investigation*, 856 F.2d 481, 484 (2d. Cir. 1988). The privilege applies not only "to the disclosure of documents from law enforcement investigatory files" but also "to testimony about information contained in the files." *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988).

Assertion of the law enforcement privilege requires: "(1) a formal claim of privilege by the 'head of the department' having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; and

6

(3) a detailed specification of the information for which the privilege is claimed, with an explanation why it properly falls within the scope of the privilege." *Landry v. FDIC*, 204 F.3d 1125, 1135 (D.C. Cir. 2000), citing *In re Sealed Case,* 856 F.2d at 271. Because the privilege is qualified, the Court must also weigh "the public interest in non-disclosure . . . against the need of a particular litigant for access to the privileged information." *In re Sealed Case*, 856 F.2d at 272 (stating various factors to be considered). This defendant has satisfied the *Landry* requirements by way of the enclosed declaration of Assistant Chief Ponton. Exhibit #4, Declaration.

This defendant believes it has met its burden under the law enforcement privilege and the depositions should be precluded. Accordingly, plaintiff should not be allowed to proceed with the depositions of Sergeants Wittington or Harrison.

## Conclusion

On the basis of the foregoing, the District respectfully requests that this Court enter a protective order with respect to the noted depositions of Sgts. Harrison and Wittington, and quash the subpoenas.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division
_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Sec. IV

                     _____/s/_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  Michael.Bruckheim@dc.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin, | : |
|     Plaintiff, | : |
| v. | : |
| | :    Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, | : |
|     Defendants. | : |
| _____: | |

## **ORDER**

Upon consideration of defendant District of Columbia's Emergency Motion for a Protective Order, plaintiff's opposition, and the record herein, it is this \_\_\_\_\_ day of _____, 2006,

ORDERED: That defendant District of Columbia's Emergency Motion for a Protective Order is hereby GRANTED, and that plaintiff is barred from deposing Sergeant Harrison and Sergeant Wittington pending further order of this Court, and it is,

FURTHER ORDERED: that the subpoenas served upon Sergeant Harrison and/or Sergeant Wittington are hereby quashed.

_____
U.S. District Court Judge