UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| NIGEL AUSTIN, | ) |
|  | ) |
| Plaintiff, | ) Case No. 05-2219(JDB) |
|  | ) |
| v. | ) |
|  | ) |
| THE DISTRICT OF COLUMBIA, et al. | ) |
|  | ) |
| Defendants. | ) |

_____)

**PLAINTIFF'S (1) MEMORANDUM REGARDING THE DISTRICT OF COLUMBIA'S WAIVER OF LAW ENFORCEMENT OR DELIBERATIVE PROCESS PRIVILEGE AND (2) REQUEST FOR ABREVIATED DISCOVERY**

Plaintiff Nigel Austin ("Plaintiff"), through undersigned counsel, submits this memorandum pursuant to the Court's Order, dated November 6, 2006.

1. Because counsel for Defendant the District of Columbia (the "District") has indicated that all Defendants are withdrawing any request for a stay of these proceedings and will consent to discovery going forward in this matter, Plaintiff addresses the only remaining issue; namely, the District's waiver of law enforcement or deliberative process privilege.

2. The District has waived any claim of law enforcement or deliberative process privilege in this matter by voluntarily disclosing the entire FIT investigatory file to Plaintiff in the District's Initial Disclosures,[1] a copy of which is attached hereto as Exhibit "A." The law enforcement privilege, like any other privilege, can be waived by the actions of the party seeking to assert such privilege, and once the privilege is waived,

---

[1] Notably, the District did not file its Initial Disclosures under seal, mark them confidential, or otherwise attempt to protect access to them, nor have they made any subsequent actions to do so to date.

it is lost.  *See In Re: Polypropene Carpet*, 181 F.R.D. 680, 689 (N.D. Ga. 1998); *Dellwood v. Cargill*, 128 F.3d 1122, 1126 (7th Dist., 1997); *Kshel Realty, et al. v. City of New York*, 2004 U.S. Dist. LEXIS 25791, *6 (2d Cir. Dec. 20, 2004); *Schiller v. City of New York*, 2006 U.S. Dist. LEXIS 70479, *18 (2d Cir. Sept. 27, 2006).  One obvious way of waiving this privilege is to <u>voluntarily produce documents containing the very information claimed to be protected</u>, which is exactly what happened here.  *See In Re: Polypropene Carpet*, 181 F.R.D. at 689; *Dellwood*, 128 F.3d at 1126.  As this Court has already noted in open Court, the law enforcement privilege is designed to prevent the disclosure of information that would be contrary to the public interest in effective functioning of law enforcement by preventing the disclosure of law enforcement techniques, protecting the identities of witnesses who come forward with information relating to a case, and preventing premature disclosure of information that could harm a person's reputation unfairly and unnecessarily.  *See Tuite v. Henry*, 181 F.R.D. 175, 176 (1998).  In *Kshel Realty*, the court noted that that information that could be otherwise withheld may be subject to disclosure if the law enforcement privilege is forfeited, and noted, by way of example, that a witness statement that is subject to the privilege in order to shield the witness' identity, may become discoverable if the witness' identity becomes known.  *See Kshel Realty*, 2004 U.S. Dist. LEXIS at *9.

3.	In this matter, the FIT investigatory file disclosed to Plaintiff contains, <u>inter alia</u>, witness identities and statements, <u>actual transcripts of interviews</u>, photographs, and, perhaps most importantly, <u>the entire preliminary FIT investigative report</u>.  By providing Plaintiff with the entire FIT investigative file, the District has clearly forfeited and waived this privilege by disclosing the <u>very information</u> which it argues is protected

under the law enforcement/deliberative process privilege.  Furthermore, the District has never asserted inadvertent disclosure.

4. Plaintiff, who has patiently waited more than a year to move his case forward, requests an abbreviated Scheduling Order.  All parties have exchanged and responded to written discovery, depositions had already been noted, and Plaintiff has already issued all of his expert reports in accordance with the original Scheduling Order.   Because the most recent stay was issued on the same date Defendants' own expert designations were due, Defendants presumably had already identified any proposed experts, reports (if any) were completed, and Defendants can forward such reports to Plaintiff in the very near future.[2]

                                  Respectfully submitted,

                                  *Peter C. Grenier /s/*
                                  Peter C. Grenier (D.C. Bar No. 418570)
                                  Bode & Grenier, L.L.P.
                                  1150 Connecticut Avenue, N.W.
                                  Ninth Floor
                                  Washington, D.C.  20036
                                  (202) 828-4100
                                  (202) 828-4130 (fax)
                                  *Counsel for Plaintiff*

Dated: November 8, 2006

---

[2] For this Court's information, the parties have begun settlement discussions, and Plaintiff believes that an abbreviated discovery schedule would help move the parties towards settlement.