**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NIGEL AUSTIN,

Plaintiff,

v.

DISTRICT OF COLUMBIA, *et al.*,

Defendants.

Civil Action No. 05-2219 (JDB)

**DEFENDANTS' INITIAL DISCLOSURES**

Defendants the District of Columbia and Don Thomas, ("defendants") pursuant to Fed. R. Civ. P. 26, make the following initial disclosures:

**A. Persons Likely to Have Discoverable Information Regarding Defenses:**

Officer Don Thomas
Officer George Hawkins II
Officer Rhonda Crowder
Mr. Lynn Lewis
Officer Heath Bowman
Officer Andrew Richardson

Metropolitan Police Department
300 Indiana Avenue, NW
Washington, DC 20001

Officers Thomas, Hawkins, Crowder, and Civilian Employee Lewis may have witnessed or have information about the incident, and may be able to testify regarding the events that led up to and followed the incident that is the subject of this complaint. Officers Bowman and Richardson transported plaintiff to the hospital, and may be able to testify about plaintiff's physical appearance and health following the incident. The District will supplement this through discovery if any additional persons with discoverable information are discovered.

**B. Documents Which May be Relevant to Defenses:**

1) Hospital Interview of Nigel Austin
2) Internal Affairs Complaint Summary Sheet
3) On Scene Assessment Forms – FIT Case
4) Arrestee Injury/Illness Report

**Exhibit A**

5) Crime Scene Examination Section Evidence Report
6) Daily Vehicle Inspection and Activity Report
7) Statement of Officer Bowman
8) Statement of Officer Richardson
9) Statement of Don Thomas
10) Report by Rhonda Crowder
11) Report by Don Thomas
12) Report by George Hawkins II
13) Tour of Duty Sheet for 8-25-05
14) Preliminary Report by Sgt. Harrison, FIT
15) Arrestee Lockup Sheet 8-25-05
16) Hospital Photos of Nigel Austin

The District reserves its right to assert the attorney-client, attorney work product, deliberative process, law enforcement and/or any other type of privilege which may preclude the production of any of the above-listed documents.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

________\s________________________
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By: __________\s_______________________
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov

| METROPOLITAN POLICE DEPARTMENT<br>Washington, D.C.<br>**COMPLAINANT/WITNESS STATEMENT** | | 1. P.D. 119 REV. 10/89<br>COMPLAINT NO.<br>113-184 | |
|---|---|---|---|
| 2. NATURE OF INVESTIGATION<br>Use of Force | | 3. UNIT FILE NO.<br>X-O-05-180 | |
| 4. STATEMENT OF: (Last, First, Middle)<br>Thomas, Don | | 5. DOB<br>Adult | 6. SEX<br>Male |
| 7. HOME ADDRESS | | 8. HOME PHONE<br>On File | |
| 9. EMPLOYMENT (Occupation and Location)<br>300 Indiana Ave N.W.. | | 10. BUSINESS PHONE<br>727-4222 | |
| 11. LOCATION STATEMENT TAKEN<br>801 Shepherd Street N.W. | | | |
| 12. NAME OF OFFICER TAKING STATEMENT (If other than block 18 include signature) | | 13. DATE/TIME STARTED<br>8-30-05 1:55 PM | |

STATEMENT

Officer Thomas, this office is currently conducting an investigation into the Use of Force/ injury to Mr. Nigel Austin, on August 25, 2005, During the 1:30 PM to 10:00 PM tour of duty, in the processing area of the Central Cell Block, 300 Indiana Ave. N.W. As part of this investigation, I would like to take a written statement from you. This statement is optional. Whether or not you decide to provide a statement at this time will in no way affect your employment with the Metropolitan Police Department, that is to say, you will not be disciplined in any way should you decide not to provide a statement.

Q: Do you understand that this is NOT a compelled statement in that you are not required to provide a statement at this time?

A Yes

Q: Do you understand that, if you decide not to provide a statement at this time, this decision will not affect your employment with the Metropolitan Police Department and you will not be disciplined in any way for not providing a statement?

A Yes

Q: Do you understand that this statement will be utilized in a criminal investigation and in any subsequent administrative investigation?

15. I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. **"I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES (D.C. CODE SECTION 22-2514)".**

Don E. Thomas

Signature of Person Giving Statement

16. DATE/TIME ENDED 8-30-05 11:17PM

17. Page 1 of 1 Pages

18. OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:
Sergeant Lance D. Harrison, Sr.
(Name and Signature)

PERSON WITNESSING THE SIGNATURE IN BLOCK 15:
(Name and Signature)

| METROPOLITAN POLICE DEPARTMENT<br>WASHINGTON, D.C.<br>**COMPLAINANT/WITNESS STATEMENT CONTINUATION** | 1. P.D. 119a REV. 10/89<br>COMPLAINT NO.<br>163-774 |
|---|---|
| 2. NATURE OF INVESTIGATION<br>Use of Force | 3. UNIT FILE NO.<br>X-O-05-075 |
| 4. STATEMENT OF: (Last, First, Middle) ~~Benitez, Manuel~~ Thomas | |

A: Yes

Q: Do you want a Union Representative or an attorney present during your statement?

A: No

Q: Do you wish to provide a voluntary statement and to answer questions at this time?

A: Yes.

Can you explain in detail what you, saw, heard and did?

I was working the 1300 to 2130 tour of duty and assigned to the Central Cell Block. I was working the processing side of the Cell Block. I went to the cell to get prisoner Nigel Austin to put a armband on him and then escorted him back to the processing room. I asked him to step in the attorney prisoner interview room. I walk towards the table to retrieve the armband when I heard Officer Crowder ask him to step back into the room. At that time I turned and saw that Mr. Austin was standing on the outside of the room.

I asked Mr. Austin to step back inside the room, at which time he started to walk away from the room towards the steps, without permission. Upon seeing that, I quickly walked over to him as he was going down the steps I then grabbed him by the arm to prevent him from leaving. He turned quickly towards me and swung all in one motion. I moved back slightly to prevent him from hitting me. In trying to protect myself I swung back, striking him about the body and

| 15. I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. **"I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES (D.C. CODE SECTION 22-2514)".** | |
|---|---|
| Don E Thomas<br>Signature of Person Giving Statement | 16. DATE/TIME ENDED<br>8-30-05 11:17PM<br>17. Page 2 of 2 Pages |
| 18. OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:<br>Sergeant Lance D. Harrison, Sr.<br>(Name and Signature) | PERSON WITNESSING THE SIGNATURE IN BLOCK 15:<br>(Name and Signature) |

| METROPOLITAN POLICE DEPARTMENT<br>WASHINGTON, D.C.<br>**COMPLAINANT/WITNESS STATEMENT CONTINUATION** | P.D. 119a REV. 10/89<br>1. COMPLAINT NO.<br>163-774 |
|---|---|
| 2. NATURE OF INVESTIGATION<br>Use of Force | 3. UNIT FILE NO.<br>X-O-05-075 |
| 4. STATEMENT OF: (Last, First, Middle)<br>~~Benitez, Manuel~~ Thomas, Lon | |

grabbed him at the same time. We both went to the floor at the bottom of the landing. I was attempting to put handcuffs on him to prevent any further confrontation. At that Time Officers Crowder, Hawkins and Mr. Lewis assisted me, which took all four of us to do.

We subdued him, put handcuffs on him and put him in a cell. He complained of injuries, I notified Officer Hawkins who did a PD-313 and he was sent to the hospital. Officer Hawkins asked me what happen? I told him that Mr. Austin tried to leave the room without permission. Mr. Austin swung on me and I swung back at him.

Q. How far away was Officer Crowder at the time Mr. Austin swung at you?

A. About 20 feet.

Q. Did Officer Crowder respond directly to assist you when Mr. Austin swung at you?

A. Yes, as far as I know.

Q. Was Officer Crowder watching you when you swung at Mr. Austin?

A. I don't know, my back was towards her.

Q. Did Mr. Austin swing at you with a closed fist?

A. Yes.

Q. Did you swing back at Mr. Austin with a closed fist?

A. Yes.

15. I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. **"I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES (D.C. CODE SECTION 22-2514)".**

Don E. Thomas

Signature of Person Giving Statement

16. DATE/TIME ENDED 8-30-05 11:17PM

17. Page 3 of 3 Pages

| 18. OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:<br>Sergeant Lance D. Harrison, Sr. | PERSON WITNESSING THE SIGNATURE IN BLOCK 15: |
|---|---|
| (Name and Signature) | (Name and Signature) |

| METROPOLITAN POLICE DEPARTMENT<br>WASHINGTON, D.C.<br>**COMPLAINANT/WITNESS STATEMENT CONTINUATION** | P.D. 119a REV. 10/89<br>1. COMPLAINT NO.<br>163-774 |
|---|---|
| 2. NATURE OF INVESTIGATION<br>Use of Force | 3. UNIT FILE NO.<br>X-O-05-075 |
| 4. STATEMENT OF: (Last, First, Middle)<br>~~Douglas, Manuel~~ Thomas LDH | |

Q. You said that you hit Mr. Austin about the body, can you explain where?

A. It was somewhere in the face.

Q. Was it in the nose, cheek, forehead, can you be more specific?

A. I don't really know, because I grabbed and swung all in one motion.

Q. Did this striking occur on the steps or at the bottom of the steps?

A. It was the last step at the bottom of the landing.

Q. How did you and him end up on the floor?

A. I grabbed him and we both fell on the floor.

Q. Did he fall on you?

A. I did not fall on him and he did not fall on me. I believe we fell to the side.

Q. You said you struck Mr. Austin in the face. Can you tell me with what hand did you strike Mr. Austin with and where else on the body was Mr. Austin hit.

A. With my right hand and only in the face once.

Q. Was Mr. Austin facing you when you struck him?

A. Slightly facing me.

Q. Was Mr. Austin bleeding?

15. I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. **"I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES (D.C. CODE SECTION 22-2514)".**

Don E. Thomas

Signature of Person Giving Statement

16. DATE/TIME ENDED
8-30-05 11:17PM

17. Page 4 of 4 Pages

| 18. OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:<br>Sergeant ~~Lance D.~~ Harrison, Sr. | PERSON WITNESSING THE SIGNATURE IN BLOCK 15: |
|---|---|
| (Name and Signature) | (Name and Signature) |

| METROPOLITAN POLICE DEPARTMENT<br>WASHINGTON, D.C.<br>**COMPLAINANT/WITNESS STATEMENT CONTINUATION** | P.D. 119a REV. 10/89<br>1. COMPLAINT NO.<br>163-774 |
|---|---|
| 2. NATURE OF INVESTIGATION<br>Use of Force | 3. UNIT FILE NO.<br>X-O-05-075 |
| 4. STATEMENT OF: (Last, First, Middle)<br>~~Bellities, Manuel~~ Thomas LOK | |

A. There was some blood, not a lot, about 3x5.

Q. What time did this incident occur?

A. Not sure of the time, between 2 and 4 or 5 PM

Q. Did you know the extent of Mr. Austin's injury?

A. No.

Q. After you realized Mr. Austin was injured did you or any other person working ascertain the extent of his injury.

A. I didn't, Officer Hawkins did the 313.

Q. Why didn't you complete a Use of Force Report, in reference to your use of force.

A. I thought it had to be done if you used an issued service weapon.

Q. Did you attend the 40 hour training in reference to the Use of Force Policy?

A. I recall going to the one of them.

Q. Are you required to notify the watch commander in reference to injured prisoners?

A Officer Hawkins was the acting watch commander and he already knew.

Q. Did Mr. Austin ever lose consciousness during this incident?

A. Not that I know of, because he get cursing me everytime I walked by the cell.

15. I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. **"I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES (D.C. CODE SECTION 22-2514)".**

Don E. Thomas

Signature of Person Giving Statement

16. DATE/TIME ENDED
8-30-05 11:17PM

17. Page 5 of 5 Pages

| 18. OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:<br>Sergeant Lance D. Harrison, Sr. | PERSON WITNESSING THE SIGNATURE IN BLOCK 15: |
|---|---|
| (Name and Signature) | (Name and Signature) |

| METROPOLITAN POLICE DEPARTMENT<br>WASHINGTON, D.C.<br>**COMPLAINANT/WITNESS STATEMENT CONTINUATION** | P.D. 119a REV. 10/89<br>1. COMPLAINT NO.<br>163-774 |
|---|---|
| 2. NATURE OF INVESTIGATION<br>Use of Force | 3. UNIT FILE NO.<br>X-O-05-075 |
| 4. STATEMENT OF: (Last, First, Middle)<br>~~Benites, Manuel~~ Thomas, | |

Q. Specifically how did the others assist you in subduing Mr. Austin, each one's action in detail?

A. Officer Crowder assisted first, I was trying to get one of his hands behind his back to get him handcuffed. Officer Crowder assisted by grabbing the same arm I had. Officer Hawkins and Mr. Lewis came at the same time. They both grabbed the other free arm. He continued to resist. I heard Officer Hawkins asked him to give him his arm. After Hawkins and Lewis was able to get his arm behind him. The four of us placed him in the cell.

Q. How long did Mr. Austin have to wait before he was taken to the hospital?

A. I don't know, we were very busy I get processing the other prisoners.

Q. Do you know if anyone kept track of Mr. Austin's well being and the time he was waiting?

A. I don't know.

Q. Why wasn't Mr. Austin charged with APO?

A. I don't know, at the Cell Block we have to restrain combative people almost daily.

Q. Do you know how Mr. Austin sustained his injury?

A. I guess being subdued.

Q. Could you say that one of the other people working with you caused his injury?

15. I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. **"I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES (D.C. CODE SECTION 22-2514)".**

Don E. Thomas

Signature of Person Giving Statement

16. DATE/TIME ENDED 8-30-05 11:17PM

17. Page 6 of 6 Pages

| 18. OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:<br>Sergeant Lance D. Harrison, Sr | PERSON WITNESSING THE SIGNATURE IN BLOCK 15: |
|---|---|
| (Name and Signature) | (Name and Signature) |

| METROPOLITAN POLICE DEPARTMENT<br>WASHINGTON, D.C.<br>**COMPLAINANT/WITNESS STATEMENT CONTINUATION** | P.D. 119a REV. 10/89<br>1. COMPLAINT NO.<br>163-774 |
|---|---|
| 2. NATURE OF INVESTIGATION<br>Use of Force | 3. UNIT FILE NO.<br>X-O-05-075 |
| 4. STATEMENT OF: (Last, First, Middle) ~~Benites, Manuel~~ Thomas | |

A. I don't know.

Q. Do you know if your closed fist strike caused his injury?

A. I don't know.

Q. Were there any other prisoners in the processing area at the time of the incident?

A. Not that I know of.

Q. Are there any cameras in the cell block?

A. The only one that work is the entrance door.

Q. Is there anything else you can tell me about this incident that you believe I may not know or can aid in this investigation?

15. I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. **"I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES (D.C. CODE SECTION 22-2514)".**

Don E. Thomas

Signature of Person Giving Statement

16. DATE/TIME ENDED 8-30-05 3:15PM

17. Page 7 of 7 Pages

| 18. OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:<br>Sergeant Lance D. Harrison, Sr. | PERSON WITNESSING THE SIGNATURE IN BLOCK 15: |
|---|---|
| (Name and Signature) | (Name and Signature) |



GOVERNMENT OF THE DISTRICT OF COLUMBIA
METROPOLITAN POLICE DEPARTMENT

**INVESTIGATIVE FILE REPORT**

P.D. 854 Rev. 2/95

| REPORT OF INVESTIGATION | DIVISION: O.P.R. | BRANCH: Force Investigation Team |
|---|---|---|
| FILE TITLE: Austin, Nigel | I.D. NO.: | ARREST NO.: |
| | COMPLAINT NO.: | CASE NO.: 05-1553 |

☐ ACTIVE ACTION REQUESTED ☐ REQUESTED ACTION COMPLETED
☐ CLOSED ☐ OTHER ☐ FROM: ____

OTHER OFFICERS:

CROSS FILE / RELATED FILES: ☐ - ☐ - ☐ - ☐ - ☐ -

BY: Sgt. Charles Whittington

UNIT: Force Investigation Team

DATE: 08-28-05

REPORT: Hospital Interview of Mr. Nigel Austin

On Sunday, Augus 28, 2005. at approximately 1725 hours, I assisted Sgt. Lance Harrison, of the Force Investigation Team ( F.I.T.) with a Use of Force investigation. This use of force occurred on August 25, 2005, inside the M.P.D, Central Cell Block, located at 300 Indiana Ave. N.W. I assisted Sgt. Harrison by responding to the Greater Southeast Community Hospital(G.S.E.C.H) and interviewing the subject of the alleged use of force.

Upon arrival at G.S.E.C.H., I responded to room 532B and interviewed Mr. Nigel Austin, of 1341 Howard Road, S.E., Mr. Austin, who was barely able to talk due to his injury, was able to relate the following:

Mr. Austin stated that on Thursday, August 25, 2005, he was arrested in the Seventh District on an arrest warrant. Mr. Austin stated that he was transported to the Central Cell Block (CCB) where after being taken from a cell, he was told by an officer that he would not be going to court that day. Mr. Austin stated that he becaome loud and demanded to be taken back to a cell. Mr. Austin stated that a black male police officer then struck him in the face with his fist, causing Mr. Austin to fall to the ground where approximately three of four officers jumpped on him and handcuffed him.

Mr. Austin stated that after being handcuffed, the officer that struck him in the face dragged him into a cell and told him "You in here for tonight." Mr. Austin stated that he remained in that cell bleeding for approximately one hour before he was transferred to another cell, while a police officer cleaned up the cell he was originally in.

Mr. Austin stated that although he complained of pain and was bleeding from the mouth, he was not taken to the hospital until 2000 hours.

Mr. Austin stated that the police officer that sruck him was a black male, 6 feet, three inches to six feet, four inches tall, with a dark complexion, weighing approximately two hundred and thirty pounds to two hundred and forty pounds and was -

| DISTRIBUTION: | SIGNATURE (Officer) | |
|---|---|---|
| | APPROVED (Name and Title) | DATE |

OFFICIAL USE ONLY

Automated by Egrey, 3D,10/99 (3/2001) (202) 673-6835 Glory Forms ©

This report is the property of the Metropolitan Police Department
Neither it nor its contents may be disseminate outside the agency to which loaned.



GOVERNMENT OF THE DISTRICT OF COLUMBIA
METROPOLITAN POLICE DEPARTMENT

**INVESTIGATIVE FILE REPORT**

P.D. 854 Rev. 2/95

| REPORT OF INVESTIGATION | DIVISION: O.P.R. | BRANCH: Force Investigation Team |
|---|---|---|
| FILE TITLE: Austin, Nigel | I.D. NO. | ARREST NO. |
| | COMPLAINT NO. | CASE NO.: 05-1553 |

☐ ACTIVE ACTION REQUESTED ☐ REQUESTED ACTION COMPLETED
☐ CLOSED ☐ OTHER ☐ FROM: ______

BY: Sgt. Charles Whittington
UNIT: Force Investigation Team
DATE: 08-28-05

OTHER OFFICERS

CROSS FILE — RELATED FILES
☐ -
☐ -
☐ -
☐ -
☐ -

REPORT

Wearing a dark blue uniform. Mr. Austin stated that he also had a bald head.

Mr. Austin stated that a black female police officer was standing nearby when he was struck, Mr. Austin described her as being short, heavy set with a medium complexion and wearing a dark blue uniform.

Mr. Austin stated that a person that was also locked up witnessed this incident and was standing nearby. Mr. Austin did not know his name, but stated that this person was locked up for some type of a credit card chargeand lives on Atlantic Street, S.E.

SUBJECT OF FORCE PERSON INFORMATION:

Name: Austin, Nigel
Race: Black
Sex: Male
Address: 1341 Howard Rd. S.E. #302
SSN: 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
PDID# 551-741
Phone# (202) 610-0036 (301) 292-7407

| DISTRIBUTION: | SIGNATURE (Officer) Charles Whittington | |
|---|---|---|
| | APPROVED (Name and Title) | DATE |

**OFFICIAL USE ONLY**

Automated by Egray,3D,10/99 (2/2001) (202) 673-6835 Glory Forms ©

This report is the property of the Metropolitan Police Department
Neither it nor its contents may be disseminate outside the agency to which loaned.

UN-938 Rev. 4/05

# METROPOLITAN POLICE DEPARTMENT

Internal Affairs Division

**Complaint Summary Sheet**



☒ FIT
☐ CHAIN OF COMMAND (Unit)
☐ MISCONDUCT INTAKE – Agent
☐ EEO
*—Shaded Areas for Operations Staff Use Only—*

☐ OPC #

CS #: **05-1553**

IAD CASE #:

INTEL #:

Name: **Thomas, Don** Rank: Ofc Element: BS Badge#:1644 SSN: 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 Race:B Sex:M Revoked?N

Name: Rank: Element: Badge#: SSN: Race: Sex: Revoked?

*Use additional CS Sheet(s) to add names, completing only relevant portions with additional information. Be sure to enter relevant CS number on all supplemental CS sheets used.*

Location of Incident: **Central Cell Block**

Date of Incident: **8/25/2005** Time of Incident: **1500**

**MPD Member First Receiving Complaint: Lt. Damion Taylor** **Date Notified: 8/28/2005**

Type of Complaint: *(Check all that apply)* ☐ Citizen Complaint (PD-99) ☐ Civil Action ☐ DOMVI ☐ Use of Force ☒ Excessive Force ☐ EEO ☐ Other

Name of Complainant(s)/Source(s): **Austin, Nigel**

Complainant/Source Address: **1341 Howard Rd SE**

Complainant/Source Arrested? Y Charge(s) ADW If Arrested, Complainant/Source: Race: Sex: M

Complainant Phone Numbers: Work: Home: Other: **301 529 2226**

OPR Member Receiving Complaint: **Gregory, Arthur** Date Rec'd: **8/28/2005** Time Rec'd: **1330**

Unit Official Notifying OPR: **Lt. Damion Taylor** Element: 7D Phone Number: 202 698 1436

**Allegation(s): Excessive Force** **Member(s) Arrested?** N **Charge(s):**

**SYNOPSIS:** Mr. Austin was placed under arrest for ADW in the 7th District. While at CCB an altercation between Mr. Austin and Officer Thomas resulted in Mr. Austin being sent to Greater Southeast Hospital where he was treated for a broken jaw.

**UFIR Completed?** N | **Date UFIR Completed:** | **UFIR Declination Date:** | **Reverse-Garrity Issued?**

***INSTRUCTIONS:*** On **ALL** Use of Force Incidents, ascertain whether a Use of Force Incident Report (UFIR) was completed. If so, indicate "Y" and enter the date completed, and direct the notifying official to **FAX** a copy to FIT **202-576-7514** prior to being relieved from duty. If not, direct the notifying official to immediately contact a FIT official, who will approve or deny the issuance of Reverse-Garrity. Whether approved or denied, the notifying official shall then call back and notify the OIA agent accordingly, and obtain the CS numbers. If FIT denies issuance of Reverse-Garrity, instruct the official to prepare and forward a preliminary report to OPR, recommending USAO review.

Forwarded to: ☐ PMU1 ☐ PMU2 ☐ PMU3 ☐ PIL ☐ EEO Date: | CS Entry By: Date: SEP 1 2 2005

Referral Approved By: Date Assigned: SEP 1 2 2005

Intel Approved By: Date Assigned:

Case Approved By: Date Assigned:

Disposition: Signature: Date:

ESCAPE RISK

DATE 8-25-05

COMPLAINT NUMBER 113-184

ORG. ELEMENT 7D

50105 6735 1930

METROPOLITAN POLICE DEPARTMENT

WASHINGTON, D.C.

# ARRESTEE'S INJURY/ILLNESS REPORT

## REQUEST FOR EXAMINATION AND TREATMENT

The admission of AUSTIN Nigel (Name) of 1341 Howard Rd SE (Address) 8-27-85 to D. C. General Hospital is requested for examination and treatment. There is a charge of ADW other pending against him/her that was made by OFFICER TWhittington 2032-7D. You are requested to notify 7th Dist (Name and Organizational Element of Officer) 698-1500 Prior to his/her release.

Date and Time Transported to Hospital 8-25-05 2010 HRS.

Transported By 7061 (2010 HRS.)

## HOSPITAL/ATTENDING PHYSICAN REPORT

☐ Treated and Returned to Police Custody

☐ Treated and Admitted

☐ Treatment Refused by Patient Against Advice of Attending Physician

☐ Admission Refused by Patient Against Advice of Attending Physician

Physician's Remarks:

Signature of Attending Physician

Date and Time Returned

Transported By

## REPORT OF INJURY OR ILLNESS OF ARRESTEE

Nature of or cause of arrestee's injury or illness: Subject Attemted To Leave The processing Room when stopped he Swung At The officer And was quickly Subdued

I certify that the above ☒ injury/ ☐ illness was received in the manner described above.

Signature of Reporting Officer [signature] CCB

Signature of Arrestee N/A ☐ Signature Refused

## ARRESTEE'S ACCOUNT OF INCIDENT*

Subject STATes his JAW hurts he WANT To See A doctor.

THUMBPRINT

Arrestee's Signature N/A

Date 8.25.05

# SUPERVISORY OFFICIAL'S REPORT

**PRELIMINARY INVESTIGATION:**

Interviewed the Arrestee ☑ Yes ☐ No

Interviewed the Officer ☐ Yes ☑ No

No Further Investigation ☐ Yes ☑ No

**PRELIMINARY DETERMINATION:**

Further Investigation is Required ☐ Yes ☑ No

Referral to CCRB . . . . . . . . . . ☐ Yes ☑ No

Use of Force Report Required . . . ☐ Yes ☑ No

(Use additional space provided below for explanation of the responses above, or for a brief statement of facts surrounding any injury to persons while in police custody).

NO FURTHER INV Required

I have reviewed the documentation related to this incident in order to ensure the completeness and accuracy of this report. I certify that the information provided here, in the Preliminary Investigation/Determination and narrative portions, is a true and accurate reflection of events, to the best of my knowledge:

DID YOU WITNESS THIS INCIDENT? . . ☐ Yes ☒ No

Subjects injury is due mainly to failure to cooperate and listen

Signature of Supervisory Official: George R Hawkins II 3607 CCB — Date: 8.25.05

Signature of Watch Commander: George R Hawkins II 3607 CCB — Date: 8.25.05

2-2

UN-938 Rev. 4/05

# METROPOLITAN POLICE DEPARTMENT

Internal Affairs Division

**Complaint Summary Sheet**



☐ FIT
☐ CHAIN OF COMMAND (Unit) ____________
☐ MISCONDUCT INTAKE – Agent ____________
☐ EEO —Shaded Areas for Operations Staff Use Only—

☐ OPC - #
CS #: **05-1553**
IAD CASE #:
INTEL #:

Name: **Thomas, Don** Rank: Ofc Element: Badge#:1644 SSN: 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 Race:B Sex:M Revoked?N

Name: Rank: Element: Badge#: SSN: Race: Sex: Revoked?

*Use additional CS Sheet(s) to add names, completing only relevant portions with additional information. Be sure to enter relevant CS number on all supplemental CS sheets used.*

Location of Incident: **300 Indiana Ave. NW Central Cell Block**

Date of Incident: **Aug. 23, 2005** Time of Incident: **Unknown**

**MPD Member First Receiving Complaint:** **Mr. Hamilton (in charge of CCB)** **Date Notified:** **August 28, 2005**

Type of Complaint: (*Check all that apply*)
☐ Citizen Complaint (PD-99) ☐ Civil Action ☐ DOMVI
☒ Use of Force ☐ Excessive Force ☐ EEO ☐ Other ____________

Name of Complainant(s)/Source(s): **Austin, Nigel**

Complainant/Source Address: **1341 Howard Rd. SE. #302**

Complainant/Source Arrested? Y Charge(s) Bench Warrant If Arrested, Complainant/Source: Race: B Sex: M

Complainant Phone Numbers: Work: Home: Other:

OPR Member Receiving Complaint: **Sergeant Gregory** Date Rec'd: **Aug 28, 2005** Time Rec'd: **2000hrs**

Unit Official Notifying OPR: **Sergeant Mack** Element: OPR Phone Number: 202-576-6100

**Allegation(s):** **Member(s) Arrested?** **Charge(s):**

**SYNOPSIS:** Complainant was being fingerprinted at Central Cell Block when he became involved in a physical altercation with Officer Thomas. Complainant was transported to Greater Southeast Hospital where he has fractured mandible (possible broken left jaw).

**UFIR Completed?** N | **Date UFIR Completed:** | **UFIR Declination Date:** | **Reverse-Garrity Issued?**

*INSTRUCTIONS:* On ALL Use of Force Incidents, ascertain whether a Use of Force Incident Report (UFIR) was completed. If so, indicate "Y" and enter the date completed, and direct the notifying official to FAX a copy to FIT 202-576-7514 prior to being relieved from duty. If not, direct the notifying official to immediately contact a FIT official, who will approve or deny the issuance of Reverse-Garrity. Whether approved or denied, the notifying official shall then call back and notify the OIA agent accordingly, and obtain the CS numbers. If FIT denies issuance of Reverse-Garrity, instruct the official to prepare and forward a preliminary report to OPR, recommending USAO review.

*Forwarded to:* ☐ PMU1 ☐ PMU2 ☐ PMU3 ☐ PIU ☐ EEO *Date:* | *CS Entry By:* *Date:*

Referral Approved By: Date Assigned:

Intel Approved By: Date Assigned:

Case Approved By: Date Assigned:

Disposition: Signature: Date:

METROPOLITAN POLICE DEPARTMENT
**CRIME SCENE EXAMINATION SECTION**
**EVIDENCE REPORT**

05-09211

PD 668 05/97

| CSES NUMBER | COMPLAINT NUMBER | TECHNICIAN | UNIT | DATE |
|---|---|---|---|---|
| 05-09211 | NONE | Ramonz Height | FSD | 8-28-05 |

| COMPLAINANT OR DECEDENT | OFFENSE | TIME |
|---|---|---|
| Nigel Auston | Use of Force | 2230 |

| LOCATION OF OFFENSE |
|---|
| 300 Indiana Avenue, NW (PSA 104) |

| | |
|---|---|
| TO: Commanding Officer-O.S.D. | FROM: Commander, FSD |
| ATTENTION: First District Detective | SECTION: Crime Scene Search Unit |
| THRU: Special Services Command | UNIT/DIVISION Forensic Science Division |

On Sunday, August 28, 2005 the undersigned technician was asked to respond to Greater Southeast Community Hospital, which is located at 1300 Southern Avenue, SE to assist in the investigation of a Use of Force. The Use of Force occurred at 300 Indiana Avenue, NW in the Metropolitan Police Departments Central Cell Block. After arriving on the scene the following services were rendered.

Color photographs were taken of the complainant. The filmstrip number was L09-068.

Technician notes.
The complainant had a knot on his left cheek. Photographs were also taken of the complainant's tee shirt and under shirt.

| NAME OF MEMBER PREPARING REPORT | BADGE NO. | REVIEWING OFFICIAL | UNIT |
|---|---|---|---|
| Ramonz Height [signature] | 1268 | [signature] Sgt Frank Grosso | |

**FOR ID USE ONLY**

| Latents are of no value | Following Latent Prints are of Value: | |
|---|---|---|
| | __ FINGERS __ PALMS __ TIPS | Forwarded__________ By__________ SEP 6 2005 |
| Per__________ | Per__________ | Entered__________ By__________ |
| Date__________ | Date__________ | Property Book No.__________ Page No. __________ |