IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIGEL AUSTIN                                  :
                                              :
        Plaintiff,                            :
                                              :
   v.                                         :    CASE No. 1:05-CV-02219 (JDB)
                                              :
THE DISTRICT OF COLUMBIA, et al.              :
                                              :
        Defendants.                           :

**DEFENDANT THOMAS'S MORANDUM
PURSUANT TO THE COURT'S ORDER OF NOVEMBER 6, 2006**

Defendant Officer Don Thomas, through counsel, and pursuant to the Court's Order of November 6, 2006, hereby submits his memorandum addressing (1) the regulatory and policy framework that governs the timing of the Metropolitan Police Department's current open investigation of Officer Thomas; (2) the basis for asserting that the ninety-day period discussed in open court consists of ninety work days, as opposed to ninety calendar days; and (3) whether the initial disclosures of investigative information and the contents of interviews made by the District of Columbia constitute a waiver of any claims of law-enforcement or deliberative-process privilege with respect to the subject matter of those disclosures, stating:

1.      *The Regulatory and Policy Framework Governing the Timing of MPD's
        Investigation of Officer Thomas*

As discussed in open court on November 6, 2006, there exists a "Memorandum of Agreement" between the United States Department of Justice and the District of Columbia that deals with the Metropolitan Police Department's use of force, which was promulgated in June 13, 2001.  *See*, *Memorandum of Agreement,* http://usdoj.gov/crt/split/documents/dcmoa.htm .  As counsel for the Plaintiff pointed out, the agreement provides that the Metropolitan Police

Department "shall complete all misconduct investigations within 90 days after receiving the allegations unless the complexity of the case dictates otherwise, or within 90 days from a criminal declination, where applicable." *See, Memorandum of Agreement* at ¶ 103.

More importantly, however, the District of Columbia adopted this policy of the 90-day investigation period, enacting it into law in 2004. *See,* DC Code § 5-1031. Pursuant to the statute, the Metropolitan Police Department has 90 business days with which to bring disciplinary or adverse action against a police officer. If, however, the police officer is under criminal investigation for the actions giving rise to the departmental investigation, the 90-day period is tolled until the conclusion of the criminal investigation.

2.     *The Basis for Asserting The Ninety-Work Day Period*

The 90-business day rule is contained in DC Code § 5-1031(a), and provides that "no corrective or adverse action against any sworn member or civilian employee of the Fire and Emergency Medical Services Department or the Metropolitan Police Department shall be commenced more than 90 days, not including Saturdays, Sundays, or legal holidays, after the date that the Fire and Emergency Medical Services Department or the Metropolitan Police Department knew or should have known of the act or occurrence allegedly constituting cause."

3.     *Whether the District of Columbia's Initial Disclosures of Investigative Information and Interviews Constitute a Waiver of any Claims of Law-Enforcement or Deliberative-Process Privilege*

As the court is no doubt aware, common law recognizes a qualified law enforcement privilege, "designed to protect ongoing investigations from premature disclosure, disruption, and compromise." *Kay v. Pick*, 711 A.2d 1251, 1256 (D.C. 1998) (*citing, Black v. Sheraton Corp. of America,* 184 U.S. App. D.C. 46, 564 F.2d 531 (D.C. 1977)). The purpose of the privilege is to

protect the confidentiality of sources as well as law enforcement strategies and accumulated evidence. *Id*. This privilege, however, must formally be asserted by someone authorized by the agency to assert such privileges. *Id. (citing In re Sealed Case,* 272 U.S. App. D.C. 314, 856 F.2d 268 (D.C.Cir. 1988). While the District of Columbia waived its law-enforcement privilege with respect to the documents it produced in its initial disclosures, there is appears to be no reason it cannot assert this privilege with respect to any additional information it deems subject to this protection.

Courts have also recognized a limited deliberative process privilege where the disclosure of information would subject the agency's deliberative process to undue public scrutiny. *See, Soucie v. David*, 448 F.2d 1067, 1077-8 (D.C.App. 1971). While the District of Columbia may have waived this privilege with respect to the documents it produced in initial discovery, there is no basis to hold it has waived this privilege with respect to its entire investigation of Officer Thomas, should it wish to assert this privilege.

Recognizing the Court's just determination to avoid any undue delay in this litigation while endeavoring to balance the various interests of the parties, granting a limited stay of ninety business days would not unduly delay this litigation, and would cause no party prejudice. Furthermore, it is important to remind the court that the Plaintiff has contributed, at least in part, to the delay in this litigation by refusing to cooperate in the U.S. Attorney's Office investigation of the Officer Thomas. *See*, 9/21/06 Letter of Catherine K. Connelly, Assistant United States Attorney.

Respectfully submitted,

                                      */s/ James C. Mehigan*
                                James W. Pressler, Jr. #221051
                                James C. Mehigan #480691

                                PRESSLER & SENFTLE, P.C.
                                Three McPherson Square
                                927 15th Street, N.W.
                                12th Floor
                                Washington, D.C. 20005
                                (202) 822-8384

                                *Attorneys for Defendant Thomas*