UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
_____

|   |   |
|---|---|
| NIGEL AUSTIN, | ) |
| | ) |
| Plaintiff, | ) Case No. 05-2219(JDB) |
| | ) |
| v. | ) |
| | ) |
| THE DISTRICT OF COLUMBIA, et al. | ) |
| | ) |
| Defendants. | ) |

_____)

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM

Plaintiff Nigel Austin ("Plaintiff"), through undersigned counsel, submits this supplemental memorandum pursuant to the Court's Order, dated November 6, 2006.

1.  Plaintiff submits this supplemental memorandum in response to Defendant Officer Thomas' ("Thomas'") "Memorandum Pursuant to the Court's Order of November 6, 2006." Defendant Thomas requests that the Court grant a limited stay of ninety business days. This is completely contrary to the representations made by Defendant the District of Columbia (the "District"), who indicated that both he and Defendant Thomas' counsel had agreed to withdraw the request to stay this case. On November 7, 2006, at approximately 12:20 p.m., undersigned counsel received the following telephone message from Steven J. Anderson, Esquire, counsel for the District, which is transcribed *in toto*:[1]

November 7, 2006
12:20 p.m.

Hi, Mr. Grenier, it's Steve Anderson. I am calling you on . . . um . . . let's see, Tuesday morning. The reason I am calling is that we talked about, um, the Austin case and

---
[1] Should the Court have *any* doubt about the veracity of Plaintiff's representation, the voicemail has been saved and could easily be recorded onto an audio device for the Court.

decided to withdraw our request to stay. So that's what I will do is . . . um . . . , before tomorrow, I will file, um, before tomorrow noon is what the Judge wanted, I will file a notice indicating that we want to withdraw our request to stay. *And I talked to . . . um . . . co-defendant's lawyer, that would be the lawyer for the policeman, and he, um, didn't indicate to me that he was going to do anything other than. . . um . . ., I guess, go along with that*. So I wanted to let you know in case you are working on getting your, um, your submission ready that, um, we . . . we are no longer objecting to going ahead with discovery.  Um, you can give me a call back if you want, my telephone number is 724-6607, but it's not necessary. Talk to you later.

*Id* (emphasis added).

2.   Mr. Grenier then actually spoke with Mr. Anderson, who indicated that Defendant Thomas' counsel said that he would "go along with" and "follow" whatever the District's position was with respect to the stay.  Thereafter, undersigned counsel sent an email to Mr. Anderson confirming that he was withdrawing the District's request for a stay, and that counsel for Defendant Thomas likewise consented to such a withdrawal, a copy of which is annexed hereto as Exhibit "A."  Mr. Anderson never contradicted or disagreed with the e-mail.  In reliance on such representations, Plaintiff only addressed the issue of waiver in his original Memorandum, and only became aware upon receipt of Defendant Thomas' Memorandum, that contrary to the District's representations, Defendant Thomas has apparently *not* consented to a withdrawal of the request to stay.

3.   As a result, while there have been no representations that Defendant Thomas currently has a motion to stay in pending in the Court, or that he even has standing at this juncture to request a stay, should the Court choose to consider Defendant Thomas' request for a ninety-day stay, Plaintiff respectfully requests leave to file a response.

                    Respectfully submitted,

                    _____*Peter C. Grenier /s/*_____
                    Peter C. Grenier (D.C. Bar No. 418570)
                    Bode & Grenier, L.L.P.
                    1150 Connecticut Avenue, N.W.
                    Ninth Floor
                    Washington, D.C.  20036
                    (202) 828-4100
                    (202) 828-4130 (fax)
                    *Counsel for Plaintiff*

Dated: November 8, 2006