UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIGEL AUSTIN, | : |
| Plaintiff, | : |
| v. | : C.A. No. 05-1355(JR) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |

**DISCOVERY ORDER CONCERNING CONFIDENTIAL INFORMATION**

1. This Order will govern Confidential Information in this action.

2. Any party or other person (including non-parties) producing or furnishing documents or information of a non-public nature to another party may designate any document, material or information as "Confidential", if such party in good faith believes that such designation is necessary to protect confidential or sensitive non-public information protected under Rule 26 of the Federal Rules of Civil Procedure, including but not limited to official personnel records of the District of Columbia. The designation by any person of any record, document, material or information as "Confidential" shall constitute a representation that such record, document, material or information has been reviewed by an attorney and that, in such counsel's opinion, there is a good faith basis for such designation. Any records, documents, information and transcripts so designated are hereinafter referred to as "Confidential Information."

This Order shall apply to all documents that have already been produced and those that may be produced in the future – either voluntarily or under court order. As to documents that have already been produced, even in the event that any party wishes to

use the material except as provided hereinafter, that party should consult to determine if the party producing the records believes them to be "confidential" within the meaning of this order. If confidentiality is claimed then the terms of this order shall apply.

ORDERED: That the attorneys and other persons subject to this Order shall take reasonable steps to protect the confidentiality of confidential discovery responses described above and otherwise produced in this litigation and are prohibited from using confidential discovery responses for any purpose other than conducting this litigation, and from disclosing confidential discovery responses to any person other than those to whom disclosure is expressly permitted herein or under any subsequent order of this Court, to wit:

1. The defendants may designate and mark any of the foregoing documents or exhibits or discovery responses identifying such documents or exhibits as "Confidential".

2. Discovery produced in accordance with this order shall be use solely for the purpose of this litigation and disclosure shall be limited to the: (a) the attorneys working on the litigation, and their employees and paralegals; and (b) any expert, not an employee of the party, who is employed or consulted by counsel for a party and for the purpose of this litigation. All such experts or consultants shall be advised of the Stipulation and Order and shall agree to be bound thereby prior to any disclosure, by executing the consent form attached hereto as Exhibit 1. A copy of such consent form shall be provided to opposing counsel at the time of the expert or consultant's disclosure, or as otherwise ordered by the Court.

3. The producing party is not restricted by this Order in the use of its own documents and information that is produced in this litigation.

4. Pleadings containing all or part of confidential discovery responses filed with or submitted to the Court shall be submitted under seal and shall not be available to persons other than the Court and persons authorized by the Court. In the event that all or any part of confidential discovery responses are used as exhibits or otherwise in any Court proceeding herein, they shall not lose their confidential status through such use, and the parties hereto shall take all steps reasonably required to protect their confidentiality during such use.

5. Documents subject to this Order shall not be introduced at the trial in this matter unless counsel for the plaintiff makes application to the Court for leave to introduce them and leave is granted.

6. The entire personnel file, and anything contained therein and anything marked "Confidential," shall be under the protection of this Order.

7. Within thirty (30) days of the conclusion of this litigation (including all appeals), all copies of the confidential discovery responses shall be returned to counsel for the producing party. All extracts or summaries of confidential discovery responses shall likewise be returned to counsel for the producing party or shall be destroyed by the party creating such extracts or summaries.

8. If a party improperly discloses Confidential Information to a person who is not entitled to see or receive Confidential Information pursuant to this Order, the party must take reasonable steps to notify the producing party of the disclosure and to prevent further improper disclosure.

_____
UNITED STATES DISTRICT JUDGE/MAGISTRATE

Case 1:05-cv-02219-JDB   Document 31-2   Filed 01/12/2007   Page 4 of 5

**Exhibit 1**

**CONSENT FORM**

The undersigned, _____, hereby acknowledges that he or she has received a copy of the "Stipulation for a Protective Order" and "Protective Order" entered into in connection with the matter of Nigel Austin v. District of Columbia, et al., 05-1355 (JR), has read the same, and agrees to be bound thereby.

Dated: _____                    _____
                                          [Name]