UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Nigel Austin, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## MOTION FOR PARTIAL SUMMARY JUDGMENT BY DEFENDANT DISTRICT OF COLUMBIA

Defendant District of Columbia, by and through counsel, moves, this Court, pursuant to Fed.R.Civ.P. 56, for partial summary judgment on plaintiff's negligence claim (Count VI). In his complaint, plaintiff claims his common law and constitutional rights were violated when he was struck in the struck in the jaw by a D.C. police officer and not given "immediate" medical care. The undisputed facts show that Officer Thomas reasonably used the necessary amount of force to defend himself against the conduct of Plaintiff by intentionally striking Plaintiff in the face. Accordingly, the District cannot be held liable for negligently assaulting Plaintiff. "There is no such thing as a negligent assault." *Sabir v. District of Columbia,* 755 A.2d 449, 452 (D.C. 2000). More detailed grounds for this motion are set forth in the attached memorandum of points and authorities in support thereto.

LCvR 7(m) and Fed. R. Civ. P. 7(m) Certifications

Plaintiff's consent to this motion was not sought because this is a dispositive motion.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III
Chief, General Litigation Section III

_____/s/_____
STEVEN J. ANDERSON (334480)
JAMES H. VRICOS (474026)
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail: Steve.anderson@dc.gov

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 05-2219 JDB |
| : | |
| District of Columbia, *et al.*, : | |
| : | |
| Defendants. : | |
| _____: | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT BY DEFENDANT DISTRICT OF COLUMBIA

#### Preliminary Statement

Plaintiff alleges that on August 25, 2005, defendant, Donald Thomas, a Metropolitan Police Department (MPD) police officer, struck him in the mouth without justification on August 25, 2005, at MPD Central Cell Block. Complaint ¶ 15. According to plaintiff's complaint, the blow was "violent," without justification or provocation, and resulted in plaintiff suffering a broken jaw. *Id.* After plaintiff was struck, he was placed in a cell where he waited to be transported to a hospital. Id. ¶ 20. After the supervisor in charge of the Central Cell Block called for a transport, Plaintiff was transported to Greater Southeast Community Hospital where he was examined and treated.

Based on these facts, plaintiff seeks compensation from Officer Thomas and the District based on an alleged battery (Count I), intentional infliction of emotional distress (Count II), for violation of his constitutional rights (Counts III, IV and V) and for negligence (Count VI).

In Count VI, plaintiff claims that defendants "were negligent and breached their duty of care to Mr. Austin while he was in their custody… by failing to comply with all applicable laws, statutes, regulations, training, police standards, polices, special orders and general orders with regard to the treatment and actions toward Mr. Austin while he was in their custody." *Id*. ¶ 84.  Plaintiff's claim that the applicable standard of care is found in MPD General Order 901.06 which provides "[T]he policy of the Department is that an officer shall use only that force which is reasonably necessary to bring an incident under control, while protecting the lives of the officers and others." *Id*. ¶ 85.  Plaintiff claims that the blow delivered by Officer. Thomas breached a duty created by the General Orders.  *Id.* ¶ 86.  Plaintiff also claims that Officer Thomas blow violated the officer's ethical duty to act in a moral, decent and professional manner.  *Id.* ¶ 88  Plaintiff also alleges that Officer Thomas was negligent because under the MPD's General Order 201.26(D)(7), he had to only use physical force to prevent escape, self defense, or to prevent violence to another.  Plaintiff claims that Officer Thomas' blow negligently caused him pain, mental anguish, hospital care, surgery, rehabilitation and expenses for future medical care.  Plaintiff seeks damages from the District because Officer Thomas was acting within the scope of his employment as a police officer at the time of the incident.  *Id.* ¶ 7.

## ARGUMENT

### Plaintiff's Count VI fails to state a proper negligence claim

Judgment must be entered for the District as to the part of Count VI alleging a negligent assault because Plaintiff cannot recover damages under a theory of negligence for the blow that Officer Thomas delivered to Plaintiff's left jaw.

In this case, Plaintiff alleges that on August 25, 2005, Officer Thomas used more force than was reasonably necessary when he struck Plaintiff in the face after plaintiff demanded to be taken back to his cell.  According to Plaintiff, Officer Thomas' conduct violated MPD General Orders that limit the amount of reasonable force that a police may use.   Even though Plaintiff has stated a claim for battery (Count I), an intentional tort, he attempts to reassert the same facts from Count I and convert that battery cause of action into a negligence claim (Count VI).  However, Count VI must fail because Officer Thomas testified that he intentionally struck plaintiff after plaintiff took a swing at him. Plaintiff's broken jaw was not due to an accident or negligence.  Rather, Officer Thomas intended to deliver the blow to Plaintiff's face as he tried to protect himself.  In this jurisdiction, Plaintiff should not be allowed to use the same set of facts that comprises his claim of battery and convert that cause of action into a negligence tort by artful pleading, particularly when the District of Columbia Court of Appeals has ruled that there is no such thing as a negligent assault. *See Sabir,* 755 A.2d at 452.  Even though Plaintiff has characterized Count VI as alleging negligence and/or assault and battery, this Court is not bound by this characterization.  *District of Columbia v. Tinker*, 691 A.2d 57, 63 (D.C. 1997). The logic of plaintiff's allegations is that if the District officer used excessive force, he breached a duty to only use reasonable force.  Thus, according to plaintiff's logic, the defendants are liable for negligence due to Officer Thomas' failure to limit his intentional use of force to a "reasonable amount."

In *District of Columbia v. Chinn*, 839 A.2d at 710-11, the D.C. Court of Appeals made it clear that allegations similar to those contained in Count VI in the instant complaint do not state a claim for negligence.  In *Chinn*, the Court does an extensive

analysis and sets forth the following rule:

> where the plaintiff does not *allege* or prove a distinct negligence ground …[s]uch claims will fail because the plaintiff does not articulate elements of a negligent action and may not bootstrap from the battery proof alone, as one may not commit a negligent assault. (Citations omitted, emphasis added.)

The Court of Appeals holding in *Chinn* is on all fours with the instant case and requires that the District's motion be granted. The District submit that Officer Thomas' use of force was intentional but was privileged. *Chinn* held that, if,

> in a case involving the intentional use of force by police officers, a negligence count is to be submitted to a jury, that negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself and violative of a distinct standard of care. It is tautological to speak of the applicable standard of care as being the duty not to use excessive force; that is the precise boundary line of the privilege itself, and it matters not whether it is exceeded because of the deliberate intention of the officer or through a mistake as to the limit of objectively reasonable allowable force.

C*hinn*, 839 A.2d at 711.

Plaintiff's allegations in Count VI are also nearly identical to the allegations dismissed by the Court in *Hudson v. District of Columbia,* 2005 U.S. Dist. LEXIS 11505 (D.D.C. 2005). There the Court noted that,

> Count I, labeled Excessive Force/Police Brutality, asserts that the MPD officers "used excessive and unreasonable force" despite a "duty to employ only reasonable measures in their interaction and treatment of both plaintiffs.

*Hudson,* 2005 U.S. Dist. LEXIS 11505 (D.D.C. 2005). The *Hudson* Court dismissed Count I in plaintiff's complaint noting that

> These allegations mirror those in Mr. Chinn's complaint, where he alleged "that the defendants committed negligence by violating D.C. Code § 4-176 in using unnecessary and wanton severity' . . . and they breached their duty as they were negligent in their excessive use of force' and knowingly and maliciously acted in manner that would cause injury to Plaintiff's person.'" *Chinn*. The D.C. Court of

> Appeals has clearly held that such allegations "neither establish a claim separate and distinct from the alleged battery, nor demonstrate the essential elements of a negligence claim. The allegations do not reflect negligence, but rather an intentional tort with a conclusory allegation of negligence." *Id*. Under these circumstances, the logic of Chinn ineluctably applies here. Count I of the complaint constitutes only an allegation of an intentional tort of battery with a conclusory allegation of negligence. As in *Chinn*, this claim fails.

*Hudson*, 2005 U.S. Dist. LEXIS 11505, 16-17 (D.D.C. 2005) [some internal citations omitted.]

## Conclusion

Because plaintiff's allegations in Count VI regarding the blow Officer Thomas inflicted on Plaintiff are nearly identical to those denied in *Hudson* and in *Chinn*, judgment must be entered for the defendants on Count VI.

    Respectfully submitted,

    LINDA SINGER
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    _____/s/_____
    PHILLIP A. LATTIMORE, III
    Chief, General Litigation Section III

    _____/s/_____
    STEVEN J. ANDERSON (334480)
    JAMES H. VRICOS (474026)
    Assistant Attorney General
    Suite 600S
    441 Fourth Street, N.W.
    Washington, D.C. 20001
    (202) 724-6607
    (202) 727-3625 (fax)
    E-mail: Steve.anderson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Nigel Austin,                                :
                                             :
    Plaintiff,                           :
                                             :
v.                                           :
                                             :   Civil Action No. 05-2219 (JDB)
District of Columbia, *et al.*,              :
                                             :
    Defendants.                          :
_____:

# **ORDER**

Upon consideration of defendant District of Columbia's motion to partially dismiss plaintiff's Count VI, any opposition filed thereto, the record herein, and for the reasons in defendant's motion, it is this \_\_\_\_\_ day of _____, 2006,

ORDERED: That defendant District of Columbia's motion is hereby GRANTED, and that Judgment is entered for the defendants on plaintiff's negligence claim regarding the blow that Officer Thomas delivered to plaintiff on August 25, 2005.

                                                   The Honorable John Bates
                                                 U.S. District for the District Judge

Copies to:

Steven J. Anderson, AAG
441-4[th] Street, NW, 6th floor south
Washington, DC 20001

PRESSLER & SENFTLE,
James Pressler, Esq.
927 15th Street, NW
Twelfth Floor
Washington, D.C. 20005

Peter C. Grenier
1150 Connecticut Ave. NW, 9th Floor
Washington DC, 20036

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Nigel Austin,                                   :
                                                :
    Plaintiff,                              :
                                                :
v.                                              :
                                                :   Civil Action No. 05-2219 (JDB)
District of Columbia, *et al.*,                 :
                                                :
    Defendants.                             :
_____:

DEFENDANT DISTRICT OF COLUMBIA'S
STATEMENT OF UNDISPUTED MATERIAL FACTS

The District of Columbia submits the following undisputed facts in support of its motion for summary judgment:

1. Officer Thomas intentionally struck Mr. Austin on August 25, 2005. [See Thomas Depo. Exh. A at p. 102, line 13-16; p. 103, line 12-15. where Thomas testified that after Austin attacked him, he swung back at him.

        Respectfully submitted,

        LINDA SINGER
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division


        _____/s/_____
        PHILLIP A. LATTIMORE, III
        Chief, General Litigation Section III

        /s/
_____
STEVEN J. ANDERSON (334480)
JAMES H. VRICOS (474026)
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail:  Steve.anderson@dc.gov