1

UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - X

NIGEL AUSTIN,                    :

       Plaintiff,        :    Case Number:

                                :    1:05CV02219

v.                               :

DISTRICT OF COLUMBIA,            :

et. al.,                         :

       Defendants.       :

- - - - - - - - - - - - - - - - X

January 30, 2007

Washington, D.C.

    Deposition of JAMES E. BRADLEY, JR., a witness, called for examination by counsel for the Defendants, in the above-entitled matter, pursuant to notice, taken at the offices of the District of Columbia Attorney General, located at 441 4th Street, N.W., Sixth Floor, Washington, D.C., 20001, beginning at 10:28 a.m., before Leanne M. Krivonak, CVR, CCR, a court reporter and notary public in and for the District of Columbia.

EXHIBIT 14

JAMES E. BRADLEY, Jr.
Austin v. District of Columbia, et al.                                    1/30/2007

84

1   Q   So is there a violation at all of
2   Thomas, vis-a-vis 313?
3   A   He should have made sure that prisoner
4   went immediately to the hospital. General order
5   502-7, prisoners complaining of injury shall --
6   and he admitted that he complained of injury --
7   shall immediately be transported to the hospital
8   for examination and treatment.
9       MR. GRENIER:  502.7?
10      THE WITNESS:  Yes, sir.
11      BY MR. ANDERSON:
12  Q   Is there a national standard of care
13  about transporting prisoners to the hospital?
14  A   Yes, sir.
15  Q   What does it require?
16  A   It requires -- the District of Columbia
17  is pretty much in line with -- there is no
18  published national standard, there's not a book
19  that opens up and says, this is the national
20  standard of police procedures. Police
21  procedures are protocols, regulations, rules,
22  General Orders, manuals from police departments,

85

1   federal agencies, all over the United States,

2   that seem to run in the same vein as it pertains

3   to rules and regulations and decorum and

4   procedures that police follow nationally.  And

5   so there is no book.

6           Somebody asked me one time can you show

7   me that in the book.  It has to do with --

8   that's why I read all these manuals and all

9   these General Orders from all these police

10  departments.  And it runs consistent -- any time

11  you have an injured prisoner, the first thing

12  you do is the care of the prisoner.  Make sure

13  that he receives proper medical attention; not

14  when you feel like it, not when it's convenient

15  -- immediately.

16      Q    **So the national standard of care,**

17  **although not written, is what, that you get**

18  **proper medical care for prisoners?**

19      A    Immediately.

20      Q    Immediately -- that's what the national

21  standard of care requires?

22      A    That's correct.

JAMES E. BRADLEY, Jr.
Austin v. District of Columbia, et al.                              1/30/2007

86

1      Q      And is there a national standard of
2  care that that has to be within ten minutes, or
3  two hours, or five hours?
4      A      Immediately, sir.
5      Q      Is there a national standard of care
6  that sets the specific amount of time?
7      A      What does immediate mean?
8      Q      I'm asking you?
9      A      It means right away.
10     Q      And does right away mean five minutes?
11 Ten minutes?
12     A      As quickly as possible.
13     Q      Okay, the national standard of care
14 does not include a specific amount of time, that
15 would be correct?
16     A      If somebody was bleeding to death from
17 a gunshot wound and someone had cut his hand on
18 the cell block door, then I guess the person
19 that was bleeding to death from a gunshot wound
20 would get preferential treatment to get to the
21 hospital before the man who had cut his hand on
22 the cell block door.