

| GENERAL ORDER | SERIES | NUMBER | EFFECTIVE DATE |
|---|---|---|---|
| | 502 | 7 | January 17, 1975 |

| SUBJECT: Medical Treatment and Hospitalization for Prisoners | DISTRIBUTION A |
|---|---|
| | ORIGINATING UNIT PDD |

The purpose of this order is to establish the policy and procedures to be used in the medical treatment and/or hospitalization of prisoners. This order consists of the following parts:

PART I    Responsibilities and Procedures for Members of the Department

PART II   Responsibilities and Procedures for Special Assignment Personnel

PART III  Responsibilities and Procedures for Supervisory and Command Personnel

PART I

A. <u>Medical Treatment.</u>

1. Persons held in departmental confinement facilities who claim a need for medical treatment due to <u>any</u> injury or disease shall be immediately transported to D.C. General Hospital for examination and treatment.

2. When a prisoner is brought to a police station suffering from a recent injury, such prisoner shall be immediately taken to D.C. General Hospital for examination and treatment. A report on PD Form 313 (Arrestee's Injury or Illness Report and Request for Examination and Treatment) shall be prepared noting all the facts in the case, including a notation of all cuts, bruises, or other injuries visible to the officer at the time the person was arrested, as well as the results of the examination by the doctor. The same complaint number obtained from the arrest report shall be utilized when preparing PD Form 313.

3. A prisoner who has been taken to D.C. General Hospital for medical treatment and returned to the station and confined in a cell and who again complains of being ill shall be returned to the hospital

EXHIBIT 15

- 2 -

for further examination and treatment. A separate and complete PD Form 313, utilizing the original complaint number, for each such report, shall be made of each medical examination and treatment given a prisoner. If the prisoner is taken to a hospital for treatment and for some reason does not receive treatment, this fact shall be noted in the "Hospital Report" section on PD Form 313.

    4. Prisoners requiring medical or surgical attention or examination shall be transported only to D.C. General Hospital. Prior to the transportation of the prisoner to the hospital, the element having custody of the prisoner shall execute a PD Form 313, entering sufficient information to indicate clearly to the hospital authorities the need for treatment or examination.

    5. A prisoner transported to D.C. General Hospital with a PD Form 313 shall first be taken to the main admitting office for processing, examination, and/or treatment. If violent or agitated, he shall not be removed from the transporting vehicle, but the physician on duty at the admitting office shall be notified and he shall respond and examine the prisoner in the vehicle.

    6. Connected with the admitting office at D.C. General Hospital is a detention room where a member of the D.C. Department of Corrections is stationed on a 24-hour basis. Male prisoners transported to that hospital for examination or treatment shall be remanded to the custody of the detention room officer. The transporting officer shall give to the detention room officer such information as will enable him to complete his records and those of the hospital. The transporting officer shall then return to his regular duty assignment unless a physician is available to give the prisoner immediate treatment and certifies his immediate return to the element responsible for his custody. In the latter instance, the transporting officer shall not remand the prisoner to the custody of the detention room officer, but shall furnish that officer with all information necessary for his records and those of the hospital, and then return to his element with the prisoner and the PD Form 313 containing the hospital's report.

- 3 -

B. <u>Security of Female Prisoners.</u>

    1. Female prisoners shall be accompanied by a female officer at all times while undergoing examination at a hospital. As necessary, a female officer shall be dispatched to the hospital for this purpose when the transporting vehicle is manned by male members.

    2. Upon arrival at the hospital, female prisoners shall be taken to the Emergency Room for examination and treatment. The transporting member shall furnish the Department of Corrections Officer on duty a properly prepared PD Form 313. However, the Department of Corrections Officer <u>will not</u> take custody of the female prisoner until she is admitted to the hospital. Until such time as the female prisoner is remanded to the custody of the Department of Corrections Officer, or is returned to the organizational element, two police officers (at least one of whom shall be female) shall remain at the hospital with the prisoner. These officers shall be mutually responsible for the security of the prisoner until such time as she is relieved from their custody.

C. <u>Admissions to D.C. General Hospital.</u>

    1. Prisoners charged with misdemeanors who are admitted to the hospital for treatment will be placed in medical wards without a guard, unless directed otherwise by the Field Operations Officer or the night supervisor. The medical wards at D.C. General Hospital are equipped with detention rooms in which hospital personnel will place a misdemeanant if they are aware of the need for such measures. Therefore, in unusual cases where special security measures should be provided, this fact should be indicated on the back of the PD Form 313.

    2. Violent or agitated prisoners to be admitted to the psychiatric building at the direction of the physician on duty at the admitting office shall be delivered to the psychiatric building by the transporting officer.

    3. There is a "strongroom" at D.C. General Hospital used for detaining prisoners charged with felonies while undergoing medical or surgical treatment. While

                                    General Order No. 502.7
                                    (Revised 12/24/76)

- 4 -

this facility is in use, a D.C. Department of Corrections Officer is detailed to guard the prisoners confined therein.

    a. Officers responding to the scene of a <u>felony</u> and arresting a perpetrator who is in need of hospitalization shall make arrangements to transport the prisoner <u>under guard</u> to D.C. General Hospital for subsequent confinement in the strongroom. The prisoner shall be processed through the admitting office; and if after preliminary treatment, he is to be admitted to the hospital, he shall be transferred <u>under guard</u> to the strongroom. The guard on duty at the strongroom will assume custody of the prisoner.

    b. Prisoners charged with felonies, and admitted to D.C. General Hospital, who are placed other than in the strongroom will also be guarded by officers of the D.C. Department of Corrections.

D. <u>Admissions to Hospitals Other Than D.C. General.</u>

    1. If a prisoner's condition is so grave as to necessitate his removal to a hospital other than D.C. General Hospital, and the prisoner is admitted to that hospital, the arresting officer will immediately notify the official then in charge of his element and a guard detail shall be instituted by that official.

    2. At the beginning of each tour of duty, officers assigned to guard duty at hospitals shall complete PD Form 312 (Daily Report of Prisoners Guarded at Hospital). Proper entries shall be made as are required for each tour of duty. An officer reporting as a relief for this detail shall personally contact the officer he is relieving. Both officers shall make bed checks of all prisoners under guard. Each prisoner shall be identified by name and the charge(s) on which he is being held. Special infor-

mation concerning the prisoner shall be relayed to the relieving officer. When the relieving officer is satisfied that each prisoner is present and accounted for, he shall sign the daily report certifying the receipt of the prisoner(s). He shall then be responsible for the prisoner(s) until relieved in the same manner at the expiration of his tour of duty. Officers on guard detail at hospitals shall not leave their post at the expiration of his tour of duty until properly relieved. An officer on duty guarding a prisoner, upon receiving a telephone call from an official of the district in which the hospital is located advising him that he is relieved, shall not be considered officially relieved until he personally returns the telephone call to that district and verifies the order from the same official.

    3. Officers detailed to guard prisoners at hospitals shall exercise every precaution to prevent the escape of such prisoners; and, should it become necessary for an officer to leave the immediate vicinity of the room for any purpose, it shall be his duty, and he shall be held personally responsible, for seeing that all measures are taken to prevent the escape of any prisoner. If a guard over a prisoner must be relieved during his tour of duty for any reason and before the time when his relief is scheduled to report, the officer shall so advise a supervising official of the district in which the hospital is located, and that official shall make arrangements for his relief.

    4. Officers detailed to guard prisoners at any hospital shall retain and wear their service revolvers.

    5. It shall be the responsibility of the officer on guard duty at the hospital to follow up cases of prisoners under guard in order to determine when the prisoner can be taken to court. When the prisoner can be taken to court, this officer shall immediately notify an official of the district in which the hospital is located, who shall notify the Field Operations Bureau and the organizational element to which the arresting officer is assigned, as soon as possible.

    E.  <u>Juveniles.</u>

    A juvenile prisoner transported to D.C. General Hospital or elsewhere for examination and/or treatment shall be processed in the same manner as an adult, except

- 6 -

that such juvenile shall not be placed in the detention room at D.C. General Hospital or under police guard without the express approval of the Field Operations Officer, a deputy chief of this department, or an inspector (night supervisor). In all juvenile cases, a PD Form 379 shall be prepared and forwarded to the Youth Division.

PART II

### Station Clerks.

In cases where a prisoner who shows indications of wounds or injuries of fairly recent origin is brought to a police station or confined therein, the station clerk shall immediately advise the official then in command. Prior to transporting a prisoner to D.C. General Hospital, the station clerk of the organizational element having custody of the prisoner shall be responsible for the execution of PD Form 313, utilizing the same complaint number as obtained for the arrest report. (When initiated at a district station, an original and one copy shall be prepared. The copy shall be held in the element's file upon completion of all sections. When initiated in the Central Cellblock, an original only of PD Form 313 need be prepared.) Upon completion of all sections of the form, PD Form 313 (original copy) shall be forwarded to the Identification and Records Division, to be filed with the original report of arrest. (NOTE: The execution of PD Form 251 is no longer necessary in cases involving medical treatment or hospitalization of prisoners.)

PART III

A.   ### Prisoners Showing Sign of Recent Injury.

Upon being notified by the station clerk of a prisoner who shows indications of a recent wound or injury, the official in command of the organizational element shall initiate an immediate investigation into how the injury was sustained. A summary of this preliminary investigation shall then be entered in the "Supervisory Official's Report" section on PD Form 313. Completion of this report shall in no way

- 7 -

delay transporting the prisoner to a hospital. (NOTE: Prisoners need not be transported to a hospital unless obviously in need of medical treatment or unless the prisoner requests to be taken to a hospital.)

B. **Hospitalization of Prisoners.**

    1. When the examining physician at D.C. General Hospital decides to order the prisoner hospitalized in another section of the hospital (other than the strongroom) for specialized treatment, it will be the responsibility of the official then in charge of the arresting officer's organizational element to temporarily provide the necessary guard detail until other arrangements can be made to comply with the provisions of this order.

    2. When a prisoner is admitted to a hospital other than D.C. General Hospital, the official in charge of the arresting officer's organizational element shall establish a guard detail at that hospital. If the hospital is located in a district other than his own, he shall notify the official then in charge of the appropriate district to provide the necessary supervision of the guard detail. The official from the arresting officer's element will see that the attending physician is consulted daily with a view toward effecting the removal of the prisoner to D.C. General Hospital. If the attending physician, after preliminary treatment, advises that the prisoner should be hospitalized and can be moved to D.C. General Hospital without adversely affecting his physical condition, the prisoner shall immediately be transported <u>under guard</u> to D.C. General Hospital.

    3. A sergeant assigned to the district where a prisoner is under guard at a hospital shall visit such location at least once during each tour of duty. All sergeants making such required visits will personally record the time of their visits on the reverse side of the PD Form 312 (Daily Report of Prisoners Guarded). A midnight sergeant on duty at the district shall then collect the PD Form 312 from the officer on the guard detail, check it for accuracy, and convey it to his district to be forwarded to headquarters with the district's morning papers.

- 8 -

REC'D SEP 20 2006

4. When a prisoner is to be transported from another hospital to D.C. General Hospital, the official in charge of the arresting officer's organizational element will consult personally with the attending physician to see if the prisoner's condition is such that he may be transported by a patrol wagon. If the attending physician concurs, this form of transportation will be utilized. If the attending physician believes the prisoner should instead be transported in an ambulance, the official in charge shall then have the attending physician call the admitting physician on duty at D.C. General Hospital and advise him of the facts in the case. If the admitting physician determines after the conversation that the prisoner should be transferred, he will call an ambulance to transport the prisoner. The official in charge will be responsible for providing a police escort to act as a guard during the transfer.

5. Upon establishing a guard over a prisoner at a hospital other than D.C. General Hospital or upon admission of a prisoner to the strongroom at D.C. General Hospital, the official then in charge of the arresting officer's organizational element will immediately notify the following:

    a. Field Operations Officer, if on duty. (If not on duty, he will subsequently be notified at the earliest opportunity).

    b. The Deputy Chief in command of the Patrol Division or acting commander at other times.

*Maurice J. Cullinane*
Maurice J. Cullinane
Chief of Police

MJC:RJB:tsj