# Jerry V. Wilson
**Crime Analysis & Security Consulting**

924 Riverview Terrace
P.O. Drawer V
St. Michaels, MD 21663
Phone 410 745 6200
Facsimile 410 745 6199

December 10, 2006

Steven John Anderson, Esquire
Assistant Attorney General
441 4th Street, N.W., Suite 600 South
Washington, DC 20001

VIA FAX 202 727 3625

Re: Nigel Austin v. District of Columbia et al.
    CA 1:05cv02219

Dear Mr. Anderson:

You have asked me to render an opinion regarding whether the actions of Officer Don Thomas, during the incident in the above listed matter, relating to Plaintiff Nigel Austin, conformed to the standard of care or involved excessive force, and whether the actions of other officers and employees of the Metropolitan Police Department involved in this matter conformed to the standard of care. My opinions herein are based on the very limited discovery available to me to this date, and may be amended or expanded based on any additional information coming to my attention.

OPINIONS:

1. **Use of force by Officer Thomas:** The standard of care in the District of Columbia is that "each member of the department shall in all cases use only the minimum amount of force which is consistent with the accomplishment of his or her mission[1]."

There are basically two versions, one by each participant, of what occurred during the encounter between Plaintiff and Officer Thomas. (In addition, Officer Crowder

---

[1] DCMR 6-A §201.1

**EXHIBIT 21**

stated that she saw Plaintiff swing at Officer Thomas, but did not observe Thomas strike Plaintiff,)

It is for the finder of fact to determine which the true version is and whether the force used by Officer Thomas was excessive.

2. Provision of medical treatment for Plaintiff: The standard of care is that prisoners are promptly to receive medical care when they claim to need it or when they clearly need it because of illness or injury.

The policy of the Metropolitan Police Department is to obtain such medical care by transporting the sick or injured prisoner to a hospital.

In his August 28, 2005, report, Sergeant Whittington of the Force Investigation Team states that Plaintiff stated to him that Plaintiff was profusely bleeding from the mouth and complaining of pain, but that he was not taken to the hospital until 2000 hours. That may have been several hours after the altercation with Officer Thomas. Plaintiff produced a T-Shirt stained with blood.

The length of time from the altercation (or from the time Plaintiff requested medical attention) to the transport to hospital is not clear from the evidence now available. The PD Form 313 *Arrestee's Injury/Illness Report* indicates that Plaintiff was transported to the hospital at 2010 hours. Inexplicably, the statements of Officers Bowman and Richardson, assigned to the transport vehicle, scout 7061, and the PD Form 775, *Activity Report,* for that vehicle imply arrival at the hospital at 1840.

Not only the correct time of the transport to hospital, but the actual time of the altercation is absent from the evidence. Officer Thomas, in his August 30 statement, said that, regarding the altercation, he was "Not sure of the time, between 2 and 4 or 5 PM."

Presumably, further discovery will clarify the time line between the altercation and Plaintiff's request for medical attention and the transport to the hospital, and the reasons for any delays.

3. Not charging Plaintiff with Assault on a Police Officer: I am unaware of any written standard on this

issue, but it has been my observation that police officers, after being engaged in a struggle with a prisoner that is already in custody, do not routinely "pile on" a charge of assault on an officer unless the prisoner used a firearm, a knife, or other weapon, or the officer was significantly injured.

Officer Thomas, in his statement to Sergeant Harrison, noted that central cell block personnel "have to restrain combative people almost daily." Although District of Columbia law [2] makes even minimal unjustified resistance to an officer a felony offense, absent special circumstances there is little prosecution appeal when the officer suffers no visible injury and especially when no blow even strikes the officer.

VERSION OF EVENTS RELIED ON:

On August 25, 2005, at about 1000 hours, Plaintiff was arrested on a warrant by Seventh District Police, and was transported to the central cell clock at about noon for detention and processing.

Subsequently, during the 1300 to 2130 tour of duty, personnel on duty in the central cell block consisted of Acting Sergeant George Hawkins, Officer Don Thomas, Officer Rhonda Crowder, and Mr. Lynn Lewis (a civilian employee).

Sometime during the early part of the shift, Officer Thomas and Officer Crowder were processing Plaintiff in the central cell block processing room. Officer Thomas stated to Sergeant Harrison that Plaintiff started to leave the processing room without permission, that Officer Thomas asked Plaintiff to come back into the room and then grabbed Plaintiff by the arm to prevent his leaving; that Plaintiff turned quickly and swung at Thomas with a closed fist; that Thomas moved back to avoid the strike, and swung back at Plaintiff, hitting him with a closed fist. Both fell to the floor. Acting Sergeant Hawkins, Officer Crowder, and Mr. Lynn responded to assist in controlling Plaintiff. Plaintiff, still struggling, was then placed in a cell by the four of them.

Plaintiff, in a statement to Sergeant Whittington on August 28, 2006, stated that after being told that he would

---

[2] D.C. Code §22-405

not be going to court on August 25th he became loud, and that a black male police officer (presumably Officer Thomas) then struck him in the face with a fist, causing Plaintiff to fall to the floor. Three or four other officers then jumped on him, handcuffed him, and put him in a cell. Plaintiff stated that, although he complained of pain and bleeding from the mouth, he was not taken to the hospital until 2000 hours.

**QUALIFICATIONS TO RENDER OPINION:**

My attached resume reflects my education and my some twenty-five years of police experience, ending with five years as chief of police in the District of Columbia. I have taught a variety of courses related to police policies and procedures at the American University and at the University of Maryland, and have lectured on police practices and procedures at Pennsylvania State College and Southern Police Institute, among others. I have been permitted to testify as an expert in police practices and procedures in the United States District Courts for the District of Columbia, for the Eastern District of Virginia, and for Minneapolis, MN, in the Superior Court for the District of Columbia and in the Circuit Courts for Hennepin County, MN, for Baltimore City, MD, for Anne Arundel County, MD, and for Hancock County, WV.

Jerry V. Wilson

Attached:

List of Materials Reviewed
Resume of Experience and Education
List of Expert Witness Testimony past 5 years
   and Billing Rates for time spent on expert
      witness work

**11 pages total**