
```
 1              UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF COLUMBIA

 3    - - - - - - - - - - - - - - - - - x

 4    NIGEL AUSTIN,

 5              Plaintiff

 6         v.                    CA No. 05-2219 (JDB)

 7    THE DISTRICT OF COLUMBIA, et al.,

 8              Defendants

 9    - - - - - - - - - - - - - - - - - x

10            Deposition of JERRY WILSON

11              Washington, D. C.

12           Tuesday, January 30, 2007

13                 2:38 p.m.

14

15    Job No. 1-95967

16    Pages 1 - 140

17    Reported By:  Cindy L. Wilmoth, RPR
```

**EXHIBIT**



L.A.D. REPORTING & DIGITAL VIDEOGRAPHY

1100 Connecticut Avenue, NW • Suite 850, Washington, D.C. 20036
Tel: 202.861.3410 • 800.292.4789 • Fax: 202.861.3425
Web: ladreporting.com • E-mail: lisa@ladreporting.com
Additional Offices: Rockville, MD • Baltimore, MD • Greenbelt, MD • McLean, VA

80

1  immediately, by notifying his superior whose
2  responsibility it now is to obtain medical assistance.
3       Q.   What if an hour goes by and Officer Thomas
4  observes that Acting Sergeant Hawkins has not summoned
5  medical assistance immediately?
6       A.   You mean he sat there for the hour and hasn't
7  seen him summon medical attention?
8       Q.   Yes.
9       A.   Then he should remind him.
10      Q.   What if two hours go by?
11      A.   He should remind him.
12      Q.   Is there a particular number of hours that go
13 by after which Officer Thomas personally is permitted
14 to obtain or summon medical assistance?
15      A.   Well, Officer Thomas has discharged his
16 responsibility when he notifies his superior that
17 medical assistance is needed for the plaintiff.
18           Now, if Officer Thomas comes to the
19 conclusion that his superior is neglecting his duty and
20 that the plaintiff is in serious medical -- needs
21 medical attention on an absolute emergency basis, then
22 he's got a responsibility to overcome his

81

1  superior -- not to overcome him. To circumvent his
2  superior.
3      Q.  Did Mr. Austin require medical treatment?
4      A.  I said on an emergency basis.
5      Q.  No. Did Mr. Austin require medical
6  treatment?
7      A.  Yes.
8      Q.  Based upon your review of the evidence, what
9  evidence is there to suggest that Mr. Austin required
10 medical treatment after the incident?
11     A.  My understanding is, and now I'm going on
12 vague recollection, was that he asked to go to
13 the -- asked for medical attention, complained of pain
14 in his jaw.
15     Q.  So is that the sole basis for your conclusion
16 that Mr. Austin required medical treatment?
17     A.  That's what I believe was in the evidence
18 that I've reviewed. There may be more, but that's what
19 comes to mind.
20     Q.  So no visible sign of injury?
21     A.  Well, there was, of course, the blood on the
22 floor, which would not be in my opinion, assuming it is