UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR LEAVE TO SERVE RESPONSES TO PLAINTIFF'S AMENDED REQUESTS FOR ADMISSIONS, *NUNC PRO TUNC***

Defendant District of Columbia ("District"), by and through undersigned counsel, hereby moves this Court, *nunc pro tunc,* to grant it one additional day to serve the plaintiff with its responses to the plaintiff's Amended Requests for Admissions.

Pursuant to applicable rule, legal and factual support for this motion is contained in the attached Memorandum of Points and Authorities. A proposed order is attached for the Court's convenience.

LCvR 7(m) Certifications

On April 3, 2007, counsel for the District of Columbia contacted counsel for Plaintiff Jeremy Tishler to request plaintiff's consent to the relief sought herein. Plaintiff' counsel did not consent.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


_____/s/_____
PHILLIP A. LATTIMORE, III
Chief, General Litigation Section III


_____/s/_____
STEVEN J. ANDERSON (334480)
JAMES H. VRICOS (474026)
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail:  Steve.anderson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 05-2219 JDB |
| District of Columbia, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR LEAVE TO SERVE
RESPONSES TO PLAINTIFF'S AMENDED REQUESTS FOR ADMISSIONS,
*NUNC PRO TUNC***

*Background*

On January 17, 2007, this Court ordered the District to serve its responses to the plaintiff's Amended Requests for Admissions ("RFAs") within twenty-one days of service. On January 22, 2007, plaintiff served his Amended Requests for Admissions ("RFAs") on District by hand delivering them to the Office of the Attorney General. The RFAs were addressed to Assistant Attorney General Steven J. Anderson. Mr. Anderson did not personally receive the RFAs on January 22, 2007; rather the RFAs were delivered to the receptionist. When Mr. Anderson ultimately received the RFAs and calculated the due date, he mistakenly concluded that the admissions due date was February 13th. Consequently, the District filed its responses one-day late.

*Argument*

In his Motion for Partial Summary Judgment against the Defendant District of Columbia, plaintiff argues that pursuant to Fed. R. Civ. P. 36 the District's responses

3

were served one day late and are, therefore, automatically deemed admitted.  To support this argument, plaintiff relies on *Rainbolt v. Johnson*, 699 F.2d 767 (D.C. Cir. 1981). However, the facts of that case are distinguishable to those of the case at bar.  Namely, in *Rainbot,* the defendant did not only fail to respond to plaintiff's request for admissions within the 30 day period that is required by Fed. R. Civ. Pro. 36, but they failed to respond at any time prior to trial.  *Id* at 768.

In this case, the District served its responses just one day late.    Plaintiff's contention that the fact that the District served their responses one day late necessarily results in the RFAs being automatically deemed admitted overstates the rigidity of the law developed under Fed. R. Civ. Pro. 36.  In *Banks v. Office of the Senate Sergeant-at-Arms and Doorkeeper,* 226 F.R.D 113 (D.D.C., 2005), Magistrate Judge Facciola discussed the District Court's discretion in such cases and how the deadlines described in Rule 36 have been interpreted by other Courts:

> [T]he federal courts have permitted a party to answer the requests after the 30-day deadline has passed. *See, e.g., Smith v. First Nat'l Bank of Atlanta,* 837 F.2d 1575, 1577 (11th Cir.1988); *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1312 (8th Cir.1983); *Moosman v. Joseph P. Blitz, Inc.,* 358 F.2d 686, 688 (2nd Cir.1966). See also 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2257 & n. 9 (1994) ("The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus, the court can, in its discretion, permit what would otherwise be an untimely answer."). There is therefore nothing that automatically requires that the requests for admission be deemed admitted merely because 30 days have transpired since the defendant was ordered to respond.

*Id.* at 118.

Further, in *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1393 (5th Cir. 1969), the court held that "Rule 36 is not a discovery device, and its proper use is as

4

a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." Consequently, courts have broad discretion to permit parties to file a response out of time when "such filing will facilitate a proper presentation of the merits and when the untimely response will not prejudice the requesting party in maintaining the action." *United States v. $ 30,354*, 863 F. Supp. 442, 444-45 (W.D. Ky. 1994).

In *Marshall v. District of Columbia*, 391 A.2d 1374 (D.C. 1978), the court held that Rule 36(b) "focuses on the lack of prejudice to the opposing party [*i.e.*, the party opposing relief from an untimely response] and on the policy for furthering just and complete resolution of the merits." *Id.* at 1379. n4

In this case, the Court should allow the District one additional day to serve the plaintiff with the District responses to their RFAs, because such filing will facilitate a proper presentation of the merits and allowing such responses will not prejudice the plaintiff.

Wherefore, the District respectfully requests that this Court grant the Districts one additional day, *nunc pro tunc,* to serve the plaintiff with its responses to the plaintiff's Amended Requests for Admissions.

        Respectfully submitted,

        LINDA SINGER
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division


        _____/s/_____
        PHILLIP A. LATTIMORE, III
        Chief, General Litigation Section III

           /s/
_____
STEVEN J. ANDERSON (334480)
JAMES H. VRICOS (474026)
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail:  Steve.anderson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin,                          : <br> : <br> Plaintiff,            : <br> : <br> v.                                    : <br> : <br> District of Columbia, *et al.*,  : <br> : <br> Defendants.         : <br>_____: | Civil Action No. 05-2219 (JDB) |

## **ORDER**

Upon consideration of defendant District of Columbia's Motion for Leave to Serve Responses to Plaintiff's Amended Requests for Admissions, *nunc pro tunc,* any opposition filed thereto, the record herein, and for the reasons in defendant's motion, it is this _____ day of _____, 2007,

ORDERED: That defendant District of Columbia's motion is hereby GRANTED, and that the District of Columbia is hereby granted one additional day to serve plaintiff with it responses to plaintiff's Amended Requests for Admissions.

_____
The Honorable John Bates
U.S. District Court Judge

Copies to:

Steven J. Anderson, AAG
441-4th Street, NW, 6th floor south
Washington, DC 20001

PRESSLER & SENFTLE,
James Pressler, Esq.
927 15th Street, NW
Twelfth Floor
Washington, D.C. 20005

Peter C. Grenier
1150 Connecticut Ave. NW, 9th Floor
Washington DC, 20036