**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Nigel Austin, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, : | |
| : | |
| Defendants. : | |
| _____: | |

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff has moved for summary judgment on the part of plaintiff's claim in Count VI, negligence, alleging that he was not provided medical care on a timely basis. Plaintiff claims he is entitled to judgment because the standard of care required medical care be provided more rapidly that it was. According to plaintiff's motion, medical care was provide somewhere between "three to eight hours" after he sustained an injury. As set forth below, the defendants submit that there are disputed material facts from which a jury could find that plaintiff has not met his burden of proof on this claim. Accordingly, defendant District of Columbia, by counsel, files the following opposition to plaintiff's motion:

FACTUAL BACKGROUND

The plaintiff was arrested on August 25, 2005, for assault with a deadly weapon – a cinder block. Ultimately, he arrived at the MPD's Central Cell Block in the basement of the MPD's headquarters at 300 Indiana Ave., NW. After plaintiff found out that he would have to spend the night in jail, he demanded that he taken back to his cell and directed profanity at Ofc. Thomas and demanded that he be taken back to his cell. As

plaintiff was leaving the area, Ofc. Thomas grabbed plaintiff's arm. In response, Plaintiff tired to strike Ofc. Thomas in the face. Instinctively, Ofc. Thomas swung back at plaintiff ---- striking him on his jaw and knocking him to the ground.  Ofc. Thomas called for assistance, and plaintiff was handcuffed and taken to a cell.  There was a small amount of blood in the area where plaintiff fell and plaintiff also had a blood lip.  Hawkins Depo. Tr. 27, l. 19.  Shortly thereafter plaintiff was placed in a cell, Sgt. Hawkins heard plaintiff say he was injured.  In response, Sgt. Hawkins he prepared an "injured prisoner report" (PD 313) and contacted the MPD dispatcher to request that plaintiff be transported to the hospital for medical care. Hawkins Depo. Tr. 32, l. 9-10. Mr. Austin told Ofc. Hawkins his jaw was broken.  However, Ofc. Hawkins testified that from his observation of Mr. Austin he did not believe him.  Hawkins Depo. Tr. 37, l. 16-7.

Ofc. Hawkins was not certain about the amount of time it took him to contact the dispatcher but estimated it to be less than 10 minutes.  Hawkins Depo. Tr. 33, l. 1.  When transport did not arrive in response to his first call,  Ofc. Hawkins called for transport a second time.  Ofc. Hawkins' second call for transport is documented at  7:30 p.m. on the PD 313 form.  Hawkins Depo. Tr. 74, l. 9-13.  Ofc. Hawkins testified that officers arrived to take plaintiff to the hospital at 8:10 p.m..

As a detainee Mr. Austin could not be sent to the hospital without a police escort. The Central Cell Block was short staffed on August 25, 2005.

ARGUMENT

Under District law, a plaintiff alleging negligence "'has the burden of proving . . . the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between the deviation and the . . . injury.'" *Varner v. District of*

2

*Columbia*, 891 A.2d 260, 265 (D.C. 2006) (quoting *District of Columbia v. Wilson*, 721 A.2d 591, 597 (D.C. 1998)).  Here, plaintiff claims he was not given medical care quickly enough due to the District's negligence, and seeks compensation on this basis.

In Section II of his Motion, plaintiff notes that the MPD's General Orders require that he be given medical care "immediately."  The plaintiff claims this requirement was violated and that this establishes his right to recovery based on negligence as a matter of law.  However, there are three flaws to this argument: 1) MPD General Orders are *not* legally binding and do not establish the applicable standard of care.  *Abney v. District of Columbia*, 580 A.2d 1036, 1041 (D.C. 1990); and 2) even assuming that the MPD's General Orders were binding, translation of "immediate" into an amount of time presents a jury question.[1]

---

[1] Plaintiff claims that the District responded to plaintiff's requests for admission one day late and that therefore the admissions are taken as true, including plaintiff's assertion that the failure to obtain medical care for plaintiff more rapidly was a violation of the MPD's General Orders.  Pl. Mt SJ  Section II.  However, the District has moved for leave to file its responses to plaintiff's requests for one day late. As explained above, even assuming the delay in treatment for plaintiff violated the MPD's General Order this alone does not provide a basis for granting plaintiff's motion.

 Plaintiff's contention that the fact that the District served their responses one day late necessarily  results in the RFAs being automatically deemed admitted overstates the rigidity of the law developed under Fed. R. Civ. Pro. 36.  In *Banks v. Office of the Senate Sergeant-at-Arms and Doorkeeper,* 226 F.R.D 113 (D.D.C., 2005), Magistrate Judge Facciola discussed the District Court's discretion in such cases and how the deadlines described in Rule 36 have been interpreted by other Courts:

> [T]he federal courts have permitted a party to answer the requests after the 30-day deadline has passed. *See, e.g., Smith v. First Nat'l Bank of Atlanta,* 837 F.2d 1575, 1577 (11th Cir.1988); *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1312 (8th Cir.1983); *Moosman v. Joseph P. Blitz, Inc.,* 358 F.2d 686, 688 (2nd Cir.1966). See also 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2257 & n. 9 (1994) ("The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus, the court can, in its discretion, permit what would otherwise be an untimely answer."). There is therefore nothing that automatically requires that the requests for admission be deemed admitted merely because 30 days have transpired since the defendant was ordered to respond.

*Id.* at 118.

Plaintiff also claims that a jury is required to accept the opinion of his expert, James Bradley.  Mr. Bradley testified that it was a breach of a national standard of care not to obtain medical care for Mr. Austin more quickly.  However, expert testimony should be judged just as any other evidence. A jury is free to reject it, or give it as much weight as it thinks it deserves considering the purported expert's education, experience, the reasons given for the opinion, and the expert's credibility an all other evidence in the case. *United States v. Jackson*, 425 F.2d 574 (D.C. 1970)(court properly instructed jury that it is not bound to accept the opinion of the government's expert witness.). S*ee also Standardized Civil Jury Instruction for the District of Columbia*, 1998 ed., Instruction 3-3.

Plaintiff also argues that judgment must be entered against defendants because defendants' police expert witness (Jerry Wilson), testified that in his opinion medical care was not rendered quickly enough.  However, the defendants will not be offering Mr. Wilson's opinions on this part of plaintiff's claim.  Moreover, the jury is not required to accept Mr. Wilson's opinions for the same reasons as explained above regarding Mr. Bradley.

---

Further, in *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1393 (5th Cir. 1969), the court held that "Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." Consequently, courts have broad discretion to permit parties to file a response out of time when "such filing will facilitate a proper presentation of the merits and when the untimely response will not prejudice the requesting party in maintaining the action." *United States v. $ 30,354*, 863 F. Supp. 442, 444-45 (W.D. Ky. 1994).

In *Marshall v. District of Columbia*, 391 A.2d 1374 (D.C. 1978), the court held that Rule 36(b) "focuses on the lack of prejudice to the opposing party [*i.e.*, the party opposing relief from an untimely response] and on the policy for furthering just and complete resolution of the merits." *Id.* at 1379. n4

In this case, the Court should allow the District one additional day to serve the plaintiff with the District responses to their RFAs, because such filing will facilitate a proper presentation of the merits and allowing such responses will not prejudice the plaintiff.

In conclusion, the District submits that Sgt. Hawkins acted reasonably when he requested medical transport to the hospital for plaintiff rather than request an ambulance. Due to the fact that the Central Cell Block was short staffed, there was no one who could be spared to escort plaintiff in an ambulance to the hospital, and Sgt. Hawkins did not assess plaintiff's medical condition to be serious. Moreover, when the requested transport did not arrive promptly, Ofc. Hawkins made a second request.   Hence, a reasonable jury could conclude that the three to eight hours it took to deliver plaintiff to a hospital was reasonable.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for partial summary judgment must be denied.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____
PHILLIP A. LATTIMORE, III
Chief, General Litigation Section III

_____
STEVEN J. ANDERSON (334480)
JAMES H. VRICOS (474026)
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)

E-mail:  Steve.anderson@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Nigel Austin, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, : | |
| : | |
| Defendants. : | |
| _____: | |

## **ORDER**

Upon consideration of plaintiff's motion for partially summary judgment as to Count VI in plaintiff's complaint, the opposition filed thereto by the District, the record herein, and for the reasons in defendant's opposition, it is this _____ day of _____, 2007,

ORDERED: plaintiff's motion is DENIED.

_____
The Honorable John Bates
U.S. District Court Judge

Copies to:

Steven J. Anderson, AAG
441-4th Street, NW, 6th floor south
Washington, DC 20001

PRESSLER & SENFTLE,
James Pressler, Esq.
927 15th Street, NW
Twelfth Floor
Washington, D.C. 20005

Peter C. Grenier
1150 Connecticut Ave. NW, 9th Floor
Washington DC, 20036

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Nigel Austin,                              :
                                           :
    Plaintiff,                     :
                                           :
v.                                         :
                                           :   Civil Action No. 05-2219 (JDB)
District of Columbia, *et al.*,            :
                                           :
    Defendants.                    :
_____:

## DEFENDANT DISTRICT OF COLUMBIA'S
## STATEMENT OF DISPUTED MATERIAL FACTS

The District of Columbia submits the following facts in support of its opposition to plaintiff's motion for partial for summary judgment. These facts create disputed issues which require resolution by a jury:

1. Officer Thomas believes that plaintiff's injury occurred between 2 p.m. and 5 p.m. on August 25, 2005. Pl. Undisputed facts no. 17.

2. Plaintiff was given medical care three to eight hours after he suffered an injury on August 25, 2005. Pl. Mt. SJ at 1.

3. There was a small amount of blood at the scene in the area where plaintiff fell after he was struck, and plaintiff had a bloody lip. Hawkins Depo. Tr. 27, l. 19.

4. When plaintiff was placed in a cell, he complained of a broken jaw. Hawkins Depo. Tr. 31, l. 9.

5. In response, Sgt. Hawkins prepared an "injured prisoner report" (PD 313) and contacted the MPD dispatcher to request that Mr. Hawkins be transported to the hospital for medical care. Hawkins Depo. Tr. 32, l. 9-10.

8

6. Ofc. Hawkins was not certain about the amount of time it took him to contact the dispatcher but estimated it to be less than 10 minutes. Hawkins Depo. Tr. 33, l. 1.

7. When transport did not arrive in response to his first call, Ofc. Hawkins called a second time for a transport for plaintiff to the hospital. Ofc. Hawkins' second call for transport is document at 7:30 p.m. on the PD 313 form. Hawkins Depo. Tr. 74, l. 9-13.

8. MPD officers arrived to take plaintiff to the hospital at 8:10 p.m..

9. Although Mr. Austin told Ofc. Hawkins his jaw was broken, Ofc. Hawkins testified that from his observation of plaintiff he did not believe he had a serious injury. Hawkins Depo. Tr. 37, l. 16-7.

10. The Central Cell Block was short staffed on August 25, 2005. Hawkins Depo. Tr. 12, l. 10-11.

    Respectfully submitted,

    LINDA SINGER
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    _____
    PHILLIP A. LATTIMORE, III
    Chief, General Litigation Section III

    _____
    STEVEN J. ANDERSON (334480)
    JAMES H. VRICOS (474026)
    Assistant Attorney General
    Suite 600S
    441 Fourth Street, N.W.
    Washington, D.C. 20001

        (202) 724-6607
        (202) 727-3625 (fax)
        E-mail:  Steve.anderson@dc.gov

Case 1:05-cv-02219-JDB    Document 44    Filed 04/06/2007    Page 10 of 10