UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NIGEL AUSTIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-02219(JDB) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT
DISTRICT OF COLUMBIA'S OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Nigel Austin, by counsel Bode and Grenier, LLP, hereby submits his Reply to Defendant District of Columbia's ("District's") Opposition to Plaintiff Nigel Austin's Motion for Partial Summary Judgment ("Opposition").[1]

**Introduction**

In his Motion for Partial Summary Judgment ("Motion"), Plaintiff demonstrated that:

(1)     Plaintiff was injured while in the custody of the Metropolitan Police Department ("MPD") when Defendant Officer Thomas ("Thomas") struck him in the face;

(2)     Plaintiff immediately complained of injuries after being struck in the face, and requested medical attention;

(3)     Numerous MPD officers were aware that Plaintiff was complaining of a broken jaw;

---

[1] Plaintiff will respond separately, within the time period set forth by LCvR 7(b), to Defendant District's Motion for Leave to Serve Responses to Plaintiff Amended Requests for Admissions Nunc Pro Tunc which was served separately on Plaintiff, and which has apparently been cut and pasted into its Opposition.

1

(4)   After the incident between Defendant Thomas and Plaintiff, Plaintiff was placed in a jail cell from anywhere between three to eight hours before he was finally transported to Greater Southeast Community Hospital;

(5)   The national standard of care, as well as MPD General Orders, requires that any injured prisoner receive immediate medical treatment; and

(6)   None of the witnesses or experts in this matter concluded that Plaintiff received immediate medical treatment.

As demonstrated below, nothing in Defendant District's Opposition disputes any of the above statements. Instead, Defendant District specifically acknowledges that Plaintiff did not receive prompt medical attention in violation of the duty of care. *See* Defendant District's Opposition at 5. Defendant District has completely failed to show the existence of any material facts, and, accordingly, Plaintiff's Motion should be granted.

**The Facts Contained in Plaintiff's Statement of Material Facts not in Genuine Dispute are All Deemed Admitted**

In its Opposition to Plaintiff's Motion for Partial Summary Judgment, Defendant District attaches "Defendant's District of Columbia's Statement of Disputed Material Facts" ("Disputed Material Facts") which it contends creates disputed issues which require resolution by a jury. However, Defendant District does not indicate what disputed issues are raised by these purported Disputed Material Facts. In fact, Defendant District's Disputed Material Facts echo many of the statements contained in Plaintiff's Statement of Material Facts, thereby confirming the absence of any issues of material fact. Additionally, the remaining Disputed Material Facts fail to controvert the statements of undisputed facts alleged by Plaintiff.

As a result of the foregoing, the statements contained in Plaintiff's Statement of Material Facts Not in Dispute should be deemed admitted. Local Rule 7(h) provides that "the Court may

2

assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *See* LCvR 7(h).  Defendant District has utterly failed to controvert *any* of Plaintiff's statements, effectively conceding that none are in dispute.  For example, Defendant District does not dispute the following statements:

- Plaintiff was not given medical care for anywhere between three and eight hours after he had been struck by Officer Thomas.  In fact, Defendant District admits this fact.  *See* Disputed Material Facts at ¶ 2.

- Defendant Thomas struck Plaintiff in the left side of his face with a closed fist. *See* Plaintiff's Statement of Material Facts Not in Genuine Dispute at ¶ 5.

- After Plaintiff was struck by Defendant Thomas, Plaintiff repeatedly stated that his jaw was broken, and that he wanted to see a doctor.  *See* Plaintiff's Statement of Material Facts Not in Genuine Dispute at ¶ 6.  In fact, Defendant District also admits that after Plaintiff was placed in a cell, he complained of a broken jaw. *See* Disputed Material Facts at ¶ 4.

- The national standard of care with regard to injured prisoners is that an injured prisoner should receive immediate medical treatment.  *See* Plaintiff's Statement of Material Facts Not in Genuine Dispute at ¶ 10.

- MPD General Orders 502.7, 901.07(V)(A), and 901.08(V)(A) all require that an injured prisoner receive immediate medical assistance.  *See* Plaintiff's Statement of Material Facts Not in Genuine Dispute at ¶¶ 11, 12, 13.

- Plaintiff did not arrive at Greater Southeast Community Hospital until 8:30 p.m. *See* Plaintiff's Statement of Material Facts Not in Genuine Dispute at ¶ 16.

3

As a result, the above statements should all be deemed admitted. Further, as the above statements form the very basis of Plaintiff's argument that he was not provided immediate medical treatment after he was struck by Defendant Thomas, Plaintiff's Motion should be granted.

### **Defendant District Does Not Dispute that Plaintiff did not Receive Immediate Medical Treatment**

Defendant District attempts to obfuscate the clear and simple fact that Plaintiff did not receive immediate medical treatment. However, noticeably lacking in Defendant District's Opposition is any fact, or record citation, which disputes Plaintiff's claim that he was not provided immediate medical treatment in violation of the national standard of care. Instead, Defendant District completely mischaracterizes, and in some instances re-invents, Plaintiff's arguments in a futile attempt to create completely unsubstantiated issues of fact.

By way of example, Defendant District completely mischaracterizes Plaintiff's arguments by stating that Plaintiff claims that the violations of the MPD General Orders establishes his right of recovery as a matter of law. *See* Defendant District's Opposition at 3. This is completely wrong. As an initial matter, the argument that Defendant District is paraphrasing is located in Section III of his Motion, not Section II. Regardless, Plaintiff makes no such argument. In his Motion, Plaintiff asserts that Defendant District breached the national standard of care with regarding injured prisoners which requires that injured prisoner are to receive immediate medical attention. *See* Plaintiff's Motion at 8, *see also Toy v. District of Columbia*, 549 A.2d 1, 6 (D.C. 1988)(holding that a plaintiff in a negligence action bears the burden of proof on three issues: the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between that deviation and the plaintiff's injury) (quoting *Meek v. Shepard*, 484

4

A.2d 579, 581 (D.C. 1984)); *Messina v. District of Columbia*, 663 A.2d 535, 537-38 (D.C. 1995). To establish this standard of care, Plaintiff relied on the testimony of his expert witness, James Bradley, Jr., who referred to commonly used police procedures, and identified specific standards from numerous police departments and agencies, *including* MPD General Orders. *See* Exhibit 14 of Plaintiff's Underlying Motion at 84-86; *see also Butera v. District of Columbia*, 235 F.3d 637, 660 (D.C. Cir. 2001)(noting that MPD General Orders, in conjunction with other standards and/or commonly used police procedures, may be used to establish a national standard of care). Thus, while Plaintiff does set forth specific MPD General Orders which require immediate medical treatment for injured prisoners, it is Defendant District's violation of the <u>national standard of care</u>, which serves as a basis for Plaintiff's Motion, not Defendant District's violation of any MPD General Orders.[2]

Defendant District's second claim that "translation of the word 'immediate' into an amount of time presents a jury question," is disingenuous for the purposes of this summary judgment motion, and should be disregarded by the Court. The purpose of a summary judgment motion is to ascertain whether there exists a genuine issue for trial, and in order to show that such an issue exists, it is incumbent upon the opposing party to set forth alleged factual disputes. *See Fischl v. United States DOJ*, 2004 U.S. Dist. LEXIS 26814, *7 (D.D.C. 2004)(stating that the burden is upon the non-moving party to demonstrate that there are material facts in dispute, and that there is a genuine issue of material fact if the evidence is such that a reasonable jury could return a verdict for the non-moving party); *see also Abourezk v. New York Airlines*, 895 F.2d 1456,1457 (D.C. Cir. 1990) (noting an appellate court's inquiry on appeal is two-fold: first,

---

[2] Plaintiff's Expert, James Bradley, Jr., testified that the MPD General Orders regarding medical treatment for injured prisoners echo the national standard of care, so that any breach of an MPD General Order would likewise be a breach of the national standard of care. *See* Exhibit 14 of Plaintiff's Underlying Motion at 84-85.

the court must be sure that the district court has not overlooked or impermissibly resolved any disputed material facts; and second, it must ensure that the judge correctly applied the relevant law to these undisputed facts).  As a result, Defendant District's conclusory statement that it is for a jury to determine what "immediate" means is baseless because Defendant District has failed to provide one single fact, or citation to the record, which could serve as a basis for a jury to determine that Plaintiff <u>did</u> immediately receive medical treatment, or that "immediately" could be understood to mean three to eight hours.

In support of his Motion, Plaintiff provided evidence of the national and local standards of care regarding medical treatment for injured prisoners, submitted pertinent MPD General Orders, and included testimony from numerous MPD witnesses and investigators, who all testified that Plaintiff did not receive immediate medical attention.  For example, Officer Hawkins, the supervisory officer on the day of the incident, testified that Plaintiff did not receive immediate medical attention. *See* Exhibit 7 at 38 attached to Plaintiff's underlying Motion.  Further, Federal Rule 30(b)(6) witness Officer Creamer also testified that Plaintiff did not receive immediate medical treatment.  *See* Exhibit 19 at 22 attached to Plaintiff's underlying Motion.  Similarly, Detective Coles, Force Investigation Team ("FIT") investigator for this incident, did not find that Plaintiff had received immediate medical treatment, and even concluded in the final FIT report that "it was not reasonable for the officers to place an injured prisoner in a holding cell without making sure that he was transported to the hospital."  *See* Exhibits 5 at 16; 22 at 145 attached to Plaintiff's underlying Motion.  Finally, even Plaintiff and Defendants' respective expert witnesses concluded that Defendant District breached its duty to provide immediate medical treatment to Plaintiff.  *See* Exhibits 14 at 84; 20 at 28-9 attached to

6

Plaintiff's underlying Motion. Defendant District does not contest any of the above testimony, nor do they apparently contest that the national standard of care was breached.

Further, contrary to Defendant District's mischaracterizations, Plaintiff does not argue that a jury is bound by his own expert's opinion (or Jerry Wilson's, Defendant District's expert witness, opinion for that matter) regarding Defendant District's breach of the national standard of care. Once again, Defendant District's arguments are essentially meaningless, because regardless of whether is jury is bound to accept the opinions of an expert (in this case, both Plaintiff and Defendant District's experts), Defendant District is unable to point to any facts indicating that it complied with the national standard of care and provided Plaintiff with immediate medical treatment. As such, Mr. Bradley,[3] Plaintiff's expert, and Mr. Wilson's, Defendant District's expert, testimony merely serves to further exemplify the simple fact that there is no dispute as to whether the Plaintiff received immediate medical treatment. As indicated above, even without Messrs. Bradley and Wilson's expert testimony, the record is rife with undisputed evidence that Plaintiff was not provided immediate medical treatment in violation of the national standard of care.

The fact that Defendant District is not going to be offering Mr. Wilson's opinions with regard to medical treatment is equally unavailing, and completely contradicts its previous representations. On December 11, 2006, Defendant District, indicated in its Federal Rule 26(b)(2) disclosures that Mr. Wilson was expected to testify that there was insufficient evidence to conclude that there was an unreasonable delay in obtaining medical care for Plaintiff. *See* Defendant District Expert Witness Disclosure, attached hereto as "Exhibit 1." As a result, Mr.

---

[3] It is worth noting that this very Court has qualified Mr. Bradley as an expert in police procedures in the past, noting that it was "convinced of Mr. Bradley's expertise." *See Butera v. District of Columbia*, 83 F. Supp. 2d 25, 30 (D.D.C. 1999).

7

Wilson's has already opined with regard to medical treatment in his expert report which was produced with Defendant District's Federal Rule 26(b)(2) expert disclosures. *See* Exhibit 21 of Plaintiff's underlying Motion. Additionally, regardless if Defendant District intends to offer Mr. Wilson's opinion at trial, he has clearly rendered such an opinion. At his deposition, Mr. Wilson testified that he had been requested by Defendant District to render an opinion as to any delay in providing medical care to Plaintiff, and after further investigation with regard to when Plaintiff was actually transported to the hospital, he concluded that Plaintiff was not provided with immediate medical treatment. *See* Exhibit 20 at 28-9 attached to Plaintiff's underlying Motion. Defendant District cannot un-ring the bell merely because it does not like its own expert's testimony, and Plaintiff is certainly entitled to use such testimony in his Motion.[4]

Defendant District has utterly failed to demonstrate that there are any genuine disputes of material fact with regard to whether Plaintiff received immediate medical treatment. Despite its bald assertion that Officer Hawkins acted reasonably when he requested medical transport for Plaintiff, Defendant District fails to set forth a single fact whereby a jury could reasonably determine that Defendant District complied with the national standard of care and provided Plaintiff with immediate medical care. Defendant District does not contest the applicable standard of care, nor does it dispute a single fact set forth in Plaintiff's Motion, and as a result, Plaintiff's Motion should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff Nigel Austin is entitled to partial summary judgment as to liability, holding as a matter of law

---

[4] Plaintiff, however, appreciates Defendant District's acknowledgment that a jury does not have to accept its expert's opinions.

8

(1) That on August 25, 2005, Defendant the District of Columbia breached its duty of care to immediately obtain medical treatment for Plaintiff Nigel Austin.

                                    Respectfully submitted,

                                    *Peter C. Grenier /s/*_____
                                    Peter C. Grenier (D.C. Bar No. 418570)
                                    Bode & Grenier, L.L.P.
                                    1150 Connecticut Avenue, N.W.
                                    Ninth Floor
                                    Washington, D.C.  20036
                                    (202) 828-4100
                                    (202) 828-4130 (fax)
                                    *Counsel for Plaintiff*

Dated: April 13, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April 2007, I served a true and accurate copy of Plaintiff's Reply to Defendant District of Columbia's Opposition to Plaintiff's Motion for Partial Summary Judgment by electronic case filing upon:

>Steven J. Anderson, Esquire
>Assistant General Counsel
>441 4th Street, N.W.
>6th Floor North
>Washington, DC 20001
>*Attorney for Defendant*
>*District of Columbia*

>Patrick Senftle, Esquire
>PRESSLER & SENFTLE, P.C.
>927 15th Street, N.W.
>Twelfth Floor
>Washington, D.C. 20005
>*Counsel for Defendant*
>*Officer Don Thomas*

                    *Peter C. Grenier /s/*
                         Peter C. Grenier