UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, : | |
| : | |
| Defendants. : | |
| _____: | |

**REPLY OF DEFENDANT DISTRICT OF COLUMBIA TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Despite the plaintiff's lengthy opposition, plaintiff has not rebutted defendant's showing that summary judgment must be entered against plaintiff on his claim that he was "negligently" struck in the face. This principal is set forth in *District of Columbia v. Chinn*, 839 A.2d at 710-11, which requires that plaintiff must "allege and prove a distinct negligence ground." In this case, plaintiff claims the District's police officer was negligent because he used excessive force, or force which was unreasonable. This simply does not set forth a distinct and separate set of facts from the battery claim.

Plaintiff argues "Defendants breached MPD General Order 901.07 by failing to use only that force which was reasonably necessary," and "failed to use minimum amount of force necessary." Op. at 6(internal quotations omitted.). Hence, plaintiff argues that if Ofc. Thomas unreasonably struck plaintiff, plaintiff should recover for negligence.

Plaintiff's arguments are nearly identical to the allegations dismissed by the Court in *Hudson v. District of Columbia,* 2005 U.S. Dist. LEXIS 11505 (D.D.C. 2005). There the Court noted that,

> Count I, labeled Excessive Force/Police Brutality, asserts that the MPD officers "used excessive and unreasonable force" despite a "duty to employ only reasonable measures in their interaction and treatment of both plaintiffs.

*Hudson,* 2005 U.S. Dist. LEXIS 11505 (D.D.C. 2005). The *Hudson* Court dismissed Count I in plaintiff's complaint noting that

> These allegations mirror those in Mr. Chinn's complaint, where he alleged "that the defendants committed negligence by violating D.C. Code § 4-176 in using unnecessary and wanton severity' . . . and they breached their duty as they were negligent in their excessive use of force' and knowingly and maliciously acted in manner that would cause injury to Plaintiff's person.'" *Chinn*. The D.C. Court of Appeals has clearly held that such allegations "neither establish a claim separate and distinct from the alleged battery, nor demonstrate the essential elements of a negligence claim. The allegations do not reflect negligence, but rather an intentional tort with a conclusory allegation of negligence." *Id*. Under these circumstances, the logic of Chinn ineluctably applies here. Count I of the complaint constitutes only an allegation of an intentional tort of battery with a conclusory allegation of negligence. As in *Chinn*, this claim fails.

*Hudson*, 2005 U.S. Dist. LEXIS 11505, 16-17 (D.D.C. 2005) [some internal citations omitted.] Also see *Maddox v. Bano,* 422 A.2d 763 (D.C. 1980*)* (holding that the Court will look beyond plaintiff's characterization of the tort to the facts alleged and dismiss claims where there is no negligence theory proffered).

In the instant case, assuming that Ofc. Thomas intentionally struck plaintiff for no reason, as plaintiff's claims, he clearly committed an assault. Moreover, if Ofc. Thomas struck plaintiff in self-defense, but used excessive or unreasonable force (plaintiff's negligence theory), those facts would still reflect a battery and not a claim of negligence. In the case of the second theory, the officer looses his privilege to use force, but this is not proof of negligence.[1] In any event, there is no dispute that Ofc. Thomas intentionally

---

[1] 'Police officers have a qualified privilege to use reasonable force to effect an arrest, provided that the means employed are not in excess of those which the actor reasonably believes to be necessary.' *Fernandors v. District of Columbia*, 2006 U.S. Dist. LEXIS 9236 (D.D.C. 2006) (internal quotations omitted.).

struck plaintiff, and therefore the negligence claim must fail.  The reason that Ofc. Thomas intentionally struck plaintiff, a fact which is disputed, is irrelevant to the analysis of whether plaintiff has proven a negligence claim.

The cases plaintiff relies upon are easily distinguished.  For example, plaintiff's opposition cites *District of Columbia v. Downs,* 357 A.2d 857 (D.C. 1976) in support of his argument. Opp. at 9-10.  However, in *Downs* the plaintiff introduced evidence adequate to find either negligent conduct or an assault.  There plaintiff introduced evidence showing that police officers killed plaintiff's decedent when they fired into a closet where plaintiff was hiding.  There is no similar seperate negligence theory in the instant case.

Plaintiff also cites several shooting cases where the evidence could show that the plaintiff was shot accidentally, *e.g. Etheredge v. District of Columbi*a, 635 A.2d 908 (D.C. 1993) and, *Holder v. District of Columbia,* 700 A.2d 738 (D.C. 1997).  In this case, under either theory proffered by plaintiff, Ofc. Thomas intentionally struck plaintiff.

Because plaintiff has failed to plead or articulate a proper negligence theory, judgment must be entered for the defendant on the negligence claim in plaintiff's complaint.

    Respectfully submitted,

    LINDA SINGER
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division


    _____/s/_____
    PHILLIP A. LATTIMORE, III
    Chief, General Litigation Section III

          /s/
_____
STEVEN J. ANDERSON (334480)
JAMES H. VRICOS (474026)
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail: Steve.anderson@dc.gov