UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____
                                       )
**NIGEL AUSTIN,**                      )
                                       )
                                       )
       **Plaintiff,**                  ) Case No. 05-2219(JDB)
                                       )
       v.                              )
                                       )
**THE DISTRICT OF COLUMBIA, et al.**   )
                                       )
       **Defendants.**                 )
_____)

**MEMORANDUM IN OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR LEAVE TO SERVE RESPONSES TO PLAINTIFF'S AMENDED REQUESTS FOR ADMISSIONS *NUNC PRO TUNC***

Plaintiff Nigel Austin, by and through his counsel, Bode & Grenier, LLP, hereby opposes Defendant District of Columbia's ("District") Motion for Leave to Serve Responses to Plaintiff's Amended Requests *Nunc Pro Tunc* (the "Motion").

**FACTUAL BACKGROUND**

As this Court is aware the above action arises from the brutal battery of Plaintiff Nigel Austin ("Plaintiff") by Defendant Officer Don Thomas ("Defendant Thomas") while Plaintiff was a pretrial detainee at the Central Cell Block.

On or about January 22, 2007, Plaintiff served his Amended Request for Admissions ("RFAs") on Defendant District via hand delivery. A copy of Plaintiff's RFAs are annexed hereto as "Exhibit 1." Pursuant to this Court's January 17, 2007 Order, Defendant District's Responses to Plaintiff's RFAs were due within twenty-one (21) days of service. Because the RFAs were served by hand delivery, Defendant District did not have the additional three days pursuant to Fed. R. Civ. P. 6(e) in which to serve

its responses, and, as a result, Defendant District's responses were due within twenty-one days of January 22, 2007, or by February 12, 2007. It is uncontested that Defendant District failed to timely serve its Responses in violation of this Court's January 17, 2007 Order.

In partial reliance upon these deemed admissions, Plaintiff moved for partial summary judgment against Defendant District on March 9, 2007.

## ARGUMENT

**I.   PLAINTIFF'S AMENDED REQUEST FOR ADMISSIONS ARE DEEMED ADMITTED UNDER RULE 36**

Plaintiff incorporates by reference all of the fact and arguments contained in his Motion for Partial Summary Judgment, dated March 9, 2007.

**II.   DEFENDANT DISTRICT FAILS TO SATISFY THE NECESSARY CRITERA TO WARRANT LATE SERVICE OF ITS RESPONSES**

Defendant District argues that it should be allowed to serve its responses late, despite failing to abide by this Court's January 17, 2007 Order that such responses be served by February 12, 2007. However, Defendant District fails to offer any justification apart from its conclusory statements that allowing such late responses will facilitate a proper presentation of the merits and will not prejudice Plaintiff.

Contrary to Defendant District's assertions, Plaintiff does not overstate the rigidity of Fed. R. Civ. P. 36 ("Federal Rule 36"). Federal Rule 36 is clear that the matters set forth in a party's request for admissions are conclusively established if not denied or objected to in a timely fashion. *See* Fed. R. Civ. P. 36; *Baker v. Potter*, 212 F.R.D. 8, 12 (D.D.C. 2002); *Rainbolt v. Johnson*, 669 F.2d 767, 768 (D.C. Cir. 1981). Defendant District did not respond to Plaintiff's RFAs in a timely fashion, and, as a

2

result, pursuant to all applicable case law and the Federal Rules of Civil Procedure, the admissions are deemed admitted.

In any event, Defendant District does not indicate whether it is seeking leave to file its Responses one day late pursuant to the Fed. R. Civ. P. 6(b)(1) excusable neglect standard, or pursuant to Federal Rule 36(b) (withdrawal of a deemed admission). However, a review of the cases cited in support of its Motion reveals that Defendant District is seeking leave under Federal Rule 36(b). *See Smith v. First Nat'l Bank of Atlanta*, 837 F.2 1575 (11th Cir. 1977) (using two part test contained in Federal Rule 36(b) to determine whether Defendant could file its responses to Plaintiff's requests for admissions late); *accord, Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309 (8th Cir. 1983); *U.S. v. $30,354*, 863 F. Supp 442 (W.D. Ky. 1994); *Marshall v. Dist. of Columbia*, 391 A.2d 1374 (D.C. 1978). As will be demonstrated below, Defendant District is unable to satisfy the two-prong test set forth in Federal Rule 36(b), and its Motion should accordingly be denied.

Most circuits have observed that permission to withdraw or amend deemed admissions under Federal Rule 36(b) lies solely within the discretion of the court. *See Baker v. Potter*, 212 F.R.D. 8, 12 (D.D.C. 2002) (citations omitted). However, courts have found that this discretion should not be exercised when, as in here, the party seeking withdrawal of deemed admissions, has failed to timely serve *any* response to a request for admissions. *See Id.*; *see also Weinberger v. Provident Life and Cas. Ins. Co.*, 1999 U.S. Dist. LEXIS 5445 at *2 (S.D.N.Y. April 16, 1999)(stating that "it is not at all clear that relief under Rule 36(b) is even available to a party . . . who has inexcusably failed to comply with Rule 36(a)'s time requirements"); *In re Fisherman's Wharf Fillet*, 83

F.Supp.2d 651, 661 (E.D.Va. 1999) (concluding that "clearly no absolute right to withdraw admissions" exists under Federal Rule 36(b)). Defendant District fails to offer any excuse for failing to timely serve its responses, and its Motion should be denied.

In order for a deemed admission to be withdrawn the party seeking withdrawal must establish (1) that the presentation of the merits will be subserved thereby; and (2) that the party who obtained the admissions will not be prejudiced by the amendment or withdrawal of the admission. *See* Fed. R. Civ. P. 36(b); *see also Baker*, 212 F.R.D. at 11; *Armstrong v. Exec. Office of the Pres.*, 877 F.Supp 690, 697 (D.D.C. 1995). Defendant District is unable to conclusively establish both of these prongs, and, as a result, the admissions should be allowed to stand.

Defendant District's Motion must necessarily fail because it cannot demonstrate that allowing it to untimely file its response to Plaintiff's RFAs will facilitate a proper presentation of the merits of the case. *See Baker*, 212 F.R.D. at 11; *Davis v. Noufal*, 142 F.R.D. 258, 259 (D.D.C. 1992). Courts in this district have interpreted that the first prong of the two part test is satisfied if the admissions would effectively bar the party from presenting the case on its merits. *See Baker*, 212 F.R.D. at 11; *Green v. Blazer Diamond Prods. Inc.*, 1994 U.S. Dist. LEXIS 21346 at *23 (D.D.C. Dec. 8, 1994). *Davis*, 142 F.R.D. at 259; *Rabil v. Swifford*, 128 F.R.D. 1, 2 (D.D.C. 1989). A denial of Defendant District's Motion will not bar it from presenting its case on the merits. A cursory review of Plaintiff's RFAs reveals that many of the requests merely seek confirmation of factual issues that Plaintiff will be able to prove by other means - in fact, many of the requests were derived directly from examination of Defendant District's

discovery responses and deposition transcripts.[1] *See Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1393 (5th Cir. 1969)(holding that the proper use for requests for admissions is as a means of avoiding the necessity of proving issues which the requesting part will doubtless be able to prove at trial). Accordingly, Plaintiff's RFAs do not seek to elicit improper admissions with regard to disputed facts which are central to the case. For example, Plaintiff's RFAs do not seek to elicit admissions that Defendant Thomas assaulted Plaintiff, or that any member of the MPD was negligent in not (for example) immediately obtaining medical treatment for Plaintiff. Therefore, even with the deemed admissions, Defendant District admissions do not bar it from offering evidence as to the central issues in this matter, and it will still be able to defend this case on the merits.

As a result, this action is completely distinguishable from *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390 (5th Cir. 1969). In that case, the central issue to the action was whether the decedent had committed suicide. The defendant insurance company served a request for admissions, which the plaintiff responded to, specifically admitting and denying each request. *Id.* at 1393. However, while all other requests were admitted or denied, the plaintiff did not respond to the particular request which sought an admission that the decedent-insured had committed suicide. *Id.* The defendant insurance company argued that it was entitled to rely on the deemed admission that the decedent-insured had committed suicide, and was therefore entitled to a directed verdict. *Id.* The

---

[1] For example:
- Officer Thomas was assigned to the Central Cell Block on August 25, 2005. *See* Exhibit 1 at ¶ 22;

- On August 25, 2005, no surveillance camera in the processing room in the Central Cell Block was functioning. *Id.* at ¶ 31;

- Officer Crowder did not see Plaintiff physically strike Officer Thomas. *Id.* at 63.

5

court denied the defendant's subsequent appeal noting that the request regarding suicide was central to the action, disputed, and therefore an improper request. The instant action is easily distinguishable. Plaintiff's RFAs do not seek admissions pertaining to the disputed and central issues in this action, but rather seek admissions of facts which are essentially undisputed. Once again, many, if not all of Plaintiff's RFAs came directly from information obtained during discovery. As such, allowing Plaintiff's admissions to stand will not foreclose any consideration of the merits of this action. *Compare Davis*, 142 F.R.D. at 259 (noting that because the defendant's requested admissions negated all of the plaintiff's allegations, allowing the admissions to stand would block any consideration of the merits).

As a result, allowing Defendant District to serve its responses one day late, and in violation of this Court's January 17, 2007 Order, will surely prejudice Plaintiff as he will be forced to call numerous witnesses to establish the very facts which have now been conclusively admitted due to Defendant District's failure to file a timely response.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Nigel Austin requests that the Court deny the District of Columbia's Motion for Leave to Serve Responses to Plaintiff's Amended Requests for Admissions *Nunc Pro Tunc*. A proposed Order is attached hereto.

        Respectfully submitted,

        BODE & GRENIER, LLP


        _____/s/_____
        Peter C. Grenier, #418570
        1150 Connecticut Ave., N.W.
        Ninth Floor
        Washington, D.C. 20036
        (202) 862-4311
        *Counsel for Plaintiff*