IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NIGEL AUSTIN | : | |
| Plaintiff, | : | |
| v. | : | CASE No. 1:05-CV-02219 (JDB) |
| THE DISTRICT OF COLUMBIA, et al. | : | |
| Defendants. | : | |

## DEFENDANT THOMAS' MOTION FOR LEAVE TO SUPPLEMENT EXPERT DISCLOSURE

Defendant Don Thomas, through counsel, and pursuant to the Fed. Rule Civ. Pro 26, moves the Court for leave to supplement his expert disclosure to include a brief addendum to the report of the Defendant's liability expert, Paul Mazzei, to address the issue that the Defendant Thomas did not breach any applicable standard of care pertaining to the providing of medical care or aid to the Plaintiff. As grounds therefor, the Defendant Thomas states:

1. In this excessive force case, Plaintiff has brought constitutional tort, intentional tort, and negligence claims arising out of the alleged failure of Officer Thomas to provide prompt medical care and aid to the Plaintiff. (Plaintiff's Complaint, Count II-VI).

2. In his expert witness disclosure, the Defendant Thomas has identified Paul M. Mazzei as a liability expert who will testify, *inter alia,* that the Defendant Thomas acted "reasonably in his handling of the alleged incident . . . ."

3. In deposition, Mr. Mazzei opined that Officer Thomas did not breach the standard of care because Officer Thomas advised his supervisor that the Plaintiff requested

medical care. Mr. Mazzei stated that the Defendant Thomas fulfill his duty of care at that point in so far as the supervisor took full control and responsibility for the medical management of the detainee. (Exhibit 1, Mazzei Deposition, pp. 80-81).

    4.    At this juncture, the Defendant Thomas only seeks to clarify the full extent of Mr. Mazzei's opinion as to the reasonable care provided by the Defendant Thomas. Mr. Mazzei will provide a brief addendum stating that Defendant Thomas acted within the standard of care upon notifying his supervisor. The addendum will further state the basis for this opinion as already set forth in Mr. Mazzei's deposition.

    5.    This limited supplementation presents no surprise to the Plaintiff as it involves an issue litigated and well known between the parties. The Plaintiff will also not be prejudiced as he has already depose Mr. Mazzei on the issue. Lastly, the supplementation is proper because the supplementation is requested in good faith, will allow a complete presentation of the issues before the jury, and will not delay the trial in this matter. *Young v. Interstate Hotels and Resorts*, 906 A.2d 857 (D.C. 2006).

    6.    Pursuant to LCvR7(m), the Plaintiff does not consent to this motion. The Defendant District of Columbia does consent to this motion.

Wherefore, for the foregoing reasons, the Defendant Don Thomas requests the Court to grant his Motion for Leave to Supplement Expert Disclosure.

Respectfully submitted,

/s/ Patrick G. Senftle
Patrick G. Senftle #412191
James W. Pressler, Jr. #221051

PRESSLER & SENFTLE, P.C.
Three McPherson Square
927 15th Street, N.W.
12th Floor
Washington, D.C. 20005
(202) 822-8384
(202) 331-7587 (fax)

Attorney for Defendant Thomas

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Defendant Thomas' Motion for Leave to Supplement Expert Disclosure and proposed Order was electronically served this 2nd day of May, 2007, to Peter C. Grenier, Esq., 1150 Connecticut Avenue, N.W., Ninth Floor, Washington, D.C. 20036 and Steven J. Anderson, Esq., 441 Fourth Street, N.W., Suite 600S, Washington, D.C. 20001.

/s/ Patrick G. Senftle
Patrick G. Senftle