IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIGEL AUSTIN                              :
                                          :
        Plaintiff,                        :
                                          :
v.                                        :    CASE No. 1:05-CV-02219 (JDB)
                                          :
THE DISTRICT OF COLUMBIA, et al.          :
                                          :
        Defendants.                       :

### DEFENDANT THOMAS' MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE

Defendant Officer Don Thomas, through counsel, moves this Court for an Order precluding Plaintiff from presenting (1) evidence related to the investigations by the Metropolitan Police Department's Use of Force Review Board and the United States Attorney's Office pertaining to the alleged use of excessive force by Defendant Thomas, (2) evidence related to the 1991 adverse personnel action arising out of the Defendant Thomas' alleged sexual misconduct and (3) evidence pertaining to Defendant Thomas' initial invocation of the Fifth Amendment privilege in discovery responses while under criminal investigation by the United States Attorney's Office.

This motion is supported by the attached Memorandum of Points and Authorities. A proposed order is also attached.[1]

_____

[1] Pursuant to LcvR 7, by telephone call of May 15, 2007, Plaintiff's counsel indicated that Plaintiff does not consent to this motion. Counsel for Defendant District of Columbia consents to the motion.

Respectfully submitted,


/s/ Patrick G. Senftle
Patrick G. Senftle #412191
James W. Pressler, Jr. #221051

PRESSLER & SENFTLE, P.C.
Three McPherson Square
927 15th Street, N.W.
12th Floor
Washington, D.C. 20005
(202) 822-8384

*Attorneys for Defendant Thomas*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the Defendant Thomas' Motion in Limine, Memorandum of Points and Authorities, and proposed Order was electronically served this 15th day of May, 2007 on Peter C. Grenier, Esq., 1150 Connecticut Avenue, N.W., Ninth Floor, Washington, D.C. 20036 and Steven J. Anderson, Esq., 441 Fourth Street, N.W., Suite 600S, Washington, D.C. 20001.


/s/ Patrick G. Senftle
Patrick G. Senftle

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIGEL AUSTIN                              :
                                          :
        Plaintiff,                        :
                                          :
v.                                        :   CASE No. 1:05-CV-02219 (JDB)
                                          :
THE DISTRICT OF COLUMBIA, et al.          :
                                          :
        Defendants.                       :

**DEFENDANT THOMAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE**

I.

**Plaintiff Should Be Precluded from Introducing Evidence Related to the Investigations of the UFRB and USAO**

The Metropolitan Police Department Use of Force Review Board (UFRB) conducted a use of force investigation following the alleged occurrence of August 25, 2005. The Force Investigation Team rendered a Preliminary Report in late August 2005. (Exhibit 1). By Memorandum of January 9, 2007, the UFRB determined that the Defendant Thomas' use of force was justified. The UFRB also recommended that the Defendant Thomas receive corrective action for not timely completing a Use of Force Incident Report and for not reporting the incident to a higher official at the Central Cell Block (CCB).[1] (Exhibit 2). After the alleged occurrence, the

---

[1] Because the Defendant Thomas completed an UFIR by August 30, 2005, the UFRB's complaint of untimeliness apparently focused on the fact that the Defendant Thomas did not complete the form prior to leaving work. The UFRB also believed that Defendant Thomas should have notified a higher CCB official even though his direct line supervisor was on notice of the occurrence and surrounding circumstances.

United States Attorney's Office (USAO) also conducted a criminal investigation. Ultimately, the USAO declined prosecution. (Exhibit 3 ).

The Defendant Thomas seeks preclusion of any evidence pertaining to UFRB's investigation (including the fact that an investigation was conducted) as well as any findings, opinions, or conclusions of the investigation. The Defendant Thomas also seeks preclusion of any evidence related to the USAO criminal investigation.

As a threshold matter, the UFRB and USAO investigations have no probative value as to whether the Defendant Thomas used excessive force. The UFRB investigation resulted in a finding that the Defendant Thomas did not use excessive force and a recommendation that he should have filed out a form earlier and contacted a higher level CCB official. The USAO investigation was dropped. Accordingly, any evidence related to the investigations adds nothing to whether the force used by the Defendant Thomas was excessive under the circumstances.[2]

The admissibility of any evidence pertaining to the UFRB or USAO investigations will also have an undue prejudicial effect. Fed. R. Evid. §403. Notwithstanding that the UFRB investigation concluded that Defendant Thomas' use of force was justified, and that the USAO declined prosecution, a jury might give undue weight to this evidence and conclude that the Defendant Thomas acted wrongly by the mere fact that an investigation was conducted. A jury might further be confused by or give undue weight to the fact that the UFRB made corrective recommendations

---

[2] The investigations focused on the Defendant Thomas's use of force and have no probative value with respect to the Plaintiff alternative theories related to delays in obtaining medical care.

2

(unrelated to the actual use of force) to the Defendant Thomas.

The UFRB investigation is also inadmissible as a subsequent remedial measure. Fed. R. Evid §407. Subsequent police department investigation and disciplinary proceedings are inadmissible to establish liability. *See Maddox v. City of Los Angeles*, 792 F. 2d 1408 (9th Cir 1986)(in Section 1983 action internal affairs investigation of police department excluded as subsequent remedial measure).

Accordingly, any evidence pertaining to both investigations should be excluded.

II

**Plaintiff Should be Precluded from Introducing Evidence Pertaining to Defendant Thomas 10 Day Suspension in May 1991 Arising Out of Alleged Sexual Misconduct**

In May 1991, the MPD suspended the Defendant Thomas for 10 workdays arising out of alleged sexual misconduct. (Exhibit 4). Under Fed. R. Evid. §404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Because this matter involves allegations of excessive force, the alleged incident of 16 years ago, pertaining to sexual misconduct, particularly has no probative value and can only lead to unfair prejudice and juror confusion.

III.

**Plaintiff Should be Precluded from Introducing Evidence Pertaining to the Defendant Thomas' Initial Invocation of his Fifth Amendment Rights in Responding to Discovery While Under Investigation by the United States Attorney's Office.**

At the time the Defendant Thomas responded to Plaintiff's initial written discovery, the USAO was conducting a criminal investigation of the Plaintiff's allegations. At that juncture, the

3

Defendant Thomas preserved his Fifth Amendment privilege in his discovery responses. (Exhibit 5). After the USAO declined criminal prosecution, the Plaintiff supplemented his discovery responses waiving any Fifth Amendment objections. (Exhibit 3 & 6).

While the Fifth Amendment generally does not forbid adverse inferences against parties in civil actions, *Baxter v. Palmigiano,* 425 U.S. 308 (1976*),* any such inference in this case would have no probative value and would be unduly prejudicial. At the time the Defendant Thomas properly invoked his Fifth Amendment privilege, he was under criminal investigation. After the USAO declined prosecution, the Defendant Thomas withdrew his Fifth Amendment objections and provided substantive answers to the discovery, thereby evaporating any meaningful inference that he was shielding adverse knowledge which could lead to criminal (or civil) liability. Moreover, any probative value would be substantially outweighed by the danger of unfair prejudice and confusion because a jury could improperly conclude that Defendant Thomas was guilty of wrongdoing simply from the fact he initially exercised his constitutional rights.

Wherefore, for the foregoing reasons, the Defendant Don Thomas requests the Court to grant his Motion in Limine.

                                        Respectfully submitted,

                                        /s/ Patrick G. Senftle
                                        Patrick G. Senftle #412191
                                        James W. Pressler, Jr. #221051

                                        PRESSLER & SENFTLE, P.C.
                                        Three McPherson Square
                                        927 15th Street, N.W.
                                        12th Floor
                                        Washington, D.C. 20005
                                        (202) 822-8384

                                        *Attorneys for Defendant Thomas*