**EXHIBIT 5**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIGEL AUSTIN )
)
    Plaintiff, ) CA. No. 05-2219
)
v. )
)
DISTRICT OF COLUMBIA, et al. )
)
    Defendants. )

### OFFICER DON THOMAS' OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Officer Don Thomas, by and through the Office of the Attorney General for the District of Columbia, One Judiciary Square, 441 4th Street, NW., Washington, D.C. 20001, pursuant to Fed. R. Civ. P. 33, and having been first duly sworn under oath, upon information and belief, gives the following answers to interrogatories propounded to him by plaintiff:

(a) The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

(c) Officer Thomas reserves the right to amend, revise or supplement his answers to these interrogatories if and when new or different information becomes available.

(d) For any additional responsive information made available through deposition testimony, Officer Thomas incorporates such information for the purposes of giving the plaintiff notice that such information exists, but does not adopt such testimony as accurate and complete.

## **GENERAL OBJECTIONS**

Officer Thomas objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. In addition, Officer Thomas objects to any part of plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in his control or not currently known to him after reasonable inquiry.

1. Identify each person with knowledge of the Incident, including those persons who assisted in any way in the preparation of the answers to these Interrogatories; describe fully each person's knowledge and the basis of that person's knowledge; and identify all documents that refer or relate thereto.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

2. State your full understanding of the facts and circumstances surrounding the Incident, and include in your answer the exact time the Incident occurred.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

3. Describe your actions with regard to the Plaintiff immediately after physical contact occurred between Plaintiff and you, include in your answer the exact time that Plaintiff was brought to the hospital, and identify any and all documents that refer or relate thereto.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

4. Identify and provide the name, address and telephone numbers of all people, MPD and non-MPD, who were physically present (i.e., within visual or auditory range) at the time and place of the Incident.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

5. Describe in detail your purpose for removing Plaintiff from his cell prior to the Incident; and identify all documents that refer or relate thereto.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

6. Identify whether at any time prior to and/or subsequent to the Incident, Plaintiff was never placed handcuffs, and/or any other kind of restraints, and, if applicable, describe in detail the reason and/or justification for placing Plaintiff in such restraints.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

7. Identify all individuals held in the same jail cell /holding cell, or an immediately adjacent cell, as Plaintiff in the Central Cell either prior to or subsequent to you bringing Plaintiff to the processing room and/or attorney prisoner interview room; and identify all documents that refer or relate thereto.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

8. Describe in detail your job-related duties, responsibilities and activities from the period immediately prior to the Incident and up to the present, including your current position.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

9. For the period of time including August 25, 2005, describe your understanding of when you were permitted to use of force against a prisoner/pre-trial detainee, and what type of force you would be permitted to use in any given circumstance; and identify all documents that refer or relate thereto.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

10. Describe in detail all training you have undergone with regard to use of force, including "Continuum of Force," and provide the date of the last such training session, seminar, and/or class which you have attended regarding the foregoing; and identify all documents that refer or relate thereto.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

11. Provide the full factual basis for any contention that your use of force on Plaintiff was an appropriate and/or justified use of force; and identify all documents, including any general orders, special orders, rules, regulations.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

12. Describe in detail why you did not charge Plaintiff with "assault of a police officer," "failure to obey a police officer," or any other charge as a result of the Incident.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

13. Identify all persons with whom you spoke to with regard to the Incident within six hours after the Incident occurred; and identify all documents that refer or relate thereto.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

14. Identify all persons with whom you have ever discussed the Incident, including any investigative entity, disciplinary board, or other; and identify all documents that refer or relate thereto.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office. Further objection as the non-disclosure of the requested information is protected by statute and/or the law enforcement privilege.

15. Describe in detail any disciplinary actions that have been brought against you as a result of the Incident, and identify all documents that refer or relate thereto.

ANSWER: Objection as this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

16. Describe in detail any and all charges, complaints and/or grievances ever made against you by any MPD employee, prisoner, pre-trial detainee, or others, for any reason, including any charges, complaints and/or grievances involving use, and identify the ultimate resolution of any of the above; and identify any documents that refer or relate thereto.

ANSWER: Objection as overly broad and as to relevance. Further objection to the extent this request violates Officer Thomas's 5th Amendment privilege due to an ongoing investigation conducted by the United States Attorney's Office.

Objections as noted:

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

PATRICIA A. JONES
Chief, General Litigation Sec. IV

*/s/ Michael P. Bruckheim*
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
Sixth Floor South
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on this 15th day of September, 2006 that a copy of the foregoing Objections of Officer Thomas to Plaintiff's First Set of Interrogatories was mailed postage prepaid to:

Peter C. Grenier, Esq.
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036

*/s/ Michael P. Bruckheim*
MICHAEL P. BRUCKHEIM
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIGEL AUSTIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. ) | CA. No. 05-2219 |

**OFFICER DON THOMAS' RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. P. Civ. R. 34, Defendant Don Thomas responds to Plaintiff's Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

Don Thomas objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. In addition, Don Thomas objects to any part of plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the District's control or not currently known to it after reasonable inquiry.

1. All documents referenced or identified by you in any of your answers to Plaintiff Nigel Austin's First Set of Interrogatories to Defendant Officer Thomas, including all documents used or relied on in preparing any of those answers.

RESPONSE: Objection as this request might seek information and/or documentation protected by the attorney/client, attorney-work-product and deliberative process privileges. Further objection to the extent the request violates Officer Thomas's right to assert the Fifth Amendment. Without waiving the objections, Officer Thomas has no documents in his possession or control.

2. All documents relating, reflecting or referring to the Incident mentioned or complained of in the pleadings.

RESPONSE: See Response No. 1.

3. All documents that reflect, refer or relate to any examination, inquiry and/or investigation of, or into, the events which occurred leading up to, during, and/or following the Incident.

RESPONSE: See Response No. 1.

4. All documents which you intend to use, or which you have ever used, as evidence, in rebuttal, or otherwise in the course of action of any motion, hearing, proceeding, or trial in any proceeding arising out of or related to Plaintiff, Officer Thomas, and/or the Incident.

RESPONSE: Objection as this request is premature, and violates the attorney work product and/or deliberative process privilege. Further answering, see Response No. 1.

5. All documents which relate to, reflect or refer to the grounds for, and substance of, each affirmative defense asserted in your Answer to Plaintiff's Complaint.

RESPONSE: See Response No. 1. Further answering, Officer Thomas has no documents in his possession or control.

6. All notes, memorandum, or other written documents that you have produced and/or created which refer, reflect or relate to Plaintiff and/or the Incident.

RESPONSE: See Response No. 1.

7. All documents which refer, reflect or relate to any communications (verbal or non-verbal) you have had with any person, entity or organization with regard to Plaintiff and/or the Incident.

RESPONSE: See Response No. 1 Further objection because the request violates the attorney-client privilege.

8. All documents which refer, reflect, or relate to training you have undergone with regard to use of force and/or "spectrum of force."

RESPONSE: Officer Thomas has no documents in his possession or control that is responsive to this request

9. All documents which refer, reflect, or relate to any prior charges, allegations and/or complaints made against you by any person for any reason, including your use of excessive force.

RESPONSE: Objection as to relevance. Further answering, Officer Thomas has no documents in his possession or control.

10. All documents which refer, reflect, or relate to any appraisal/review of your job performance as a MPD Officer.

RESPONSE: Objection as to relevance, and as overly broad and not limited to any specific time period. Notwithstanding the objections, Officer Thomas has no documents in his possession or control that is responsive to this request.

11. All documents which refer, reflect, or relate to any promotions/demotions with regard to your employment with the MPD that you have received within the past ten (10) years.

RESPONSE: Objection as overly broad, and as to relevance. Further responding, objection to the extents this request seeks confidential information and is protected from