**EXHIBIT 6**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIGEL AUSTIN ) | |
| ) | |
| Plaintiff, ) | Case No.  05CV02219 |
| ) | |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that on February 7, 2007, I served on all counsel and *pro se* parties hereto via email and regular mail Defendant Officer Don Thomas's Supplemental Answers to Plaintiff's First Set of Interrogatories and Supplemental Responses to Plaintiff's Request for Production of Documents, and that I will retain the original of these documents in my possession, without alteration, until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been expired.

James W. Pressler, Jr. #221051
James C. Mehigan #480691

PRESSLER & SENFTLE, P.C.
Three McPherson Square
927 15th Street, N.W.
12th Floor
Washington, D.C. 20005
(202) 822-8384

*Attorneys for Defendant Thomas*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2007, I sent the foregoing Certificate Regarding Discovery by email and first-class mail, postage pre-paid to:

> Peter C. Grenier, Esquire
> Bode & Grenier, LLP
> 1150 Connecticut Avenue, N.W.
> Ninth Floor
> Washington, DC 20036
>
> Steve Anderson, Esquire
> Assistant Attorney General for the District of Columbia
> 441 4th Street, N.W.
> 6th Floor
> Washington, DC 20001

_____
James C. Mehigan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIGEL AUSTIN                          )
                                      )
            Plaintiff,                )
                                      )  Civil Action No. 05-02219(JDB)
      v.                              )
                                      )
DISTRICT OF COLUMBIA, et al.,         )
                                      )
            Defendants.               )

**DEFENDANT OFFICER DON THOMAS'S SUPPLEMENTAL ANSWERS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**Interrogatory #1:** Identify each person with knowledge of the Incident, including those persons who assisted in any way in the preparation of the answers to these Interrogatories; describe fully each person's knowledge and the basis of that person's knowledge; and identify all documents that refer or relate thereto.

**Answer:** Plaintiff; Officer Thomas; Dwayne Dunn; Officer Crowder; Officer Hawkins; Lynn Lewis; and an unidentified detainee per present at or around the time of the incident. These answers were prepared by Officer Thomas with the assistance of counsel.

**Interrogatory #2:** State your full understanding of the facts and circumstances surrounding the Incident, and include in your answer the exact time the Incident occurred.

**Answer:** On August 25, 2005 I escorted Plaintiff from his cell to the processing area of the central cell block to complete his processing and place an arm band on him. I led him to an attorney conference room inside the processing area and

instructed him to wait there. Plaintiff attempted to leave the attorney conference room on at least two occasions and was instructed by Officer Crowder and myself to return to the attorney conference room. Plaintiff again exited the attorney conference room and began to exit the processing area, when I walked over to him and grabbed his arm with my right hand to prevent him from escaping. Plaintiff then turned and swung to strike me with his free arm. I moved back and avoided the blow. In self-defense I let go of his arm, swung back at Plaintiff and simultaneously grabbed him to prevent his further attempt to injure me and escape. Plaintiff and I fell to the floor. Officer Crowder, Officer Hawkins, and Lynn Lewis rushed over to assist me place handcuffs on Plaintiff, who continued to resist me. Plaintiff was handcuffed and placed back in his cell. I reported the incident to the acting sergeant Officer Hawkins, who then called for transport to take Plaintiff to the hospital. The incident happened between 2:00 p.m. and 5:00 p.m.

**Interrogatory #3:** Describe your actions with regard to the Plaintiff immediately after physical contact occurred between Plaintiff and you, include in your answer the exact time that Plaintiff was brought to the hospital, and identify any and all documents that refer or relate thereto.

**Answer:** I reported the incident to my supervisor, acting sergeant Hawkins, and returned to my work. I do not know when Plaintiff was brought to the hospital.

**Interrogatory #4:** Identify and provide the name, address and telephone numbers of all people, MPD and non-MPD, who were physically present (i.e., within visual or auditory range) at the time and place of the Incident.

**Answer:** See answer to interrogatory number 1.

**Interrogatory #5:**  Describe in detail your purpose for removing Plaintiff from his cell prior to the Incident; and identify all documents that refer or relate thereto.

**Answer:**  To complete his processing and place an armband on him.

**Interrogatory #6:**  Identify whether at any time prior to and/or subsequent to the Incident, Plaintiff was never placed handcuffs, and/or any other kind of restraints, and, if applicable, describe in detail the reason and/or justification for placing Plaintiff in such restraints.

**Answer:**  Objection. This interrogatory is vague with respect to the word "never." Without waiving any objection, Plaintiff was placed in handcuffs after the incident to protect myself and the other MPD employees of the central cell block; to protect Plaintiff; and to prevent him from escaping.

**Interrogatory #7:**  Identify all individuals held in the same jail cell /holding cell, or an immediately adjacent cell, as Plaintiff in the Central Cell either prior to or subsequent to you bringing Plaintiff to the processing room and/or attorney prisoner interview room; and identify all documents that refer or relate thereto.

**Answer:**  Plaintiff was alone when in a cell. I do not know who if anyone was in the cells immediately adjacent to any cell Plaintiff was in.

**Interrogatory #8:**  Describe in detail your job-related duties, responsibilities and activities from the period immediately prior to the Incident and up to the present, including your current position.

**Answer:**  My duties included processing arrestees in the central cell block.

**Interrogatory #9:**  For the period of time including August 25, 2005, describe your understanding of when you were permitted to use of force against a prisoner/pre-trial

detainee, and what type of force you would be permitted to use in any given circumstance; and identify all documents that refer or relate thereto.

**Answer:** To use the minimum amount of force that an objectively reasonable police officer would find necessary to obtain control of the incident or detainee and protect the safety of myself; other MPD employees around, and the detainee.

**Interrogatory #10:** Describe in detail all training you have undergone with regard to use of force, including "Continuum of Force," and provide the date of the last such training session, seminar, and/or class which you have attended regarding the foregoing; and identify all documents that refer or relate thereto.

**Answer:** I attended a course given by the department on the use of force. I do not recall the date.

**Interrogatory #11:** Provide the full factual basis for any contention that your use of force on Plaintiff was an appropriate and/or justified use of force; and identify all documents, including any general orders, special orders, rules, and regulations.

**Answer:** See answer to interrogatory number 2. My actions were reasonable in light of the threat posed by Plaintiff and consistent with the general orders and regulations governing the use of force by police officers, including, but not limited to, General Order 901.07, 901.8, and DCMR 6A-207.1

**Interrogatory #12:** Describe in detail why you did not charge Plaintiff with "assault of a police officer," "failure to obey a police officer," or any other charge as a result of the Incident.

**Answer:** It would have been the responsibility of my supervisor to bring such charges. Also, in view of the fact that the cell block was short-staffed that day; that there was a great deal of work to get done; and the fact that I was not injured; I elected not to follow up with my supervisor to determine whether to bring such charges.

**Interrogatory #13:** Identify all persons with whom you spoke to with regard to the Incident within six hours after the Incident occurred; and identify all documents that refer or relate thereto.

**Answer:** I reported the incident to Officer Hawkins. I don't recall who else, if anyone, I spoke to about the incident.

**Interrogatory #14:** Identify all persons with whom you have ever discussed the Incident, including any investigative entity, disciplinary board, or other; and identify all documents that refer or relate thereto.

**Answer:** I discussed the incident with FIT investigators and completed a FIT UFIR report. I also provided a statement to a FIT investigator, which was later memorialized in writing. I have also discussed this matter with my attorneys and my wife. I do not recall who else, if anyone, I discussed this matter.

**Interrogatory #15:** Describe in detail any disciplinary actions that have been brought against you as a result of the Incident, and identify all documents that refer or relate thereto.

**Answer:** The FIT Review Board determined my use of force was justified, within departmental policy. The Board, however, recommended that I receive corrective action for failing to immediately complete a UFIR and not reporting the incident to an

official of the central cell block. I have not yet been advised what, if any, corrective action the Department intends to take.

**Interrogatory #16:** Describe in detail any and all charges, complaints and/or grievances ever made against you by any MPD employee, prisoner, pre-trial detainee, or others, for any reason, including any charges, complaints and/or grievances involving use, and identify the ultimate resolution of any of the above; and identify any documents that refer or relate thereto.

    **Answer:** None to my knowledge, other than those contained in my personnel file, previously produced.

I hereby declare to the best of my knowledge and understanding that the foregoing answers are true and correct.

_____  02/07/2007
Officer Don Thomas               Date

_____
James W. Pressler, Jr. #221051
James C. Mehigan #480691

PRESSLER & SENFTLE, P.C.
Three McPherson Square
927 15th Street, N.W.
12th Floor
Washington, D.C. 20005
(202) 822-8384

*Attorneys for Defendant Thomas*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of February, 2007, sent by email and by first-class mail, postage prepaid a copy of the foregoing Defendant's Supplemental Answers to Plaintiff's Interrogatories to:

        Peter C. Grenier, Esquire
        Bode & Grenier, LLP
        1150 Connecticut Avenue, N.W.
        Ninth Floor
        Washington, DC 20036

        Steve Anderson, Esquire
        Assistant Attorney General for the District of Columbia
        441 4th Street, N.W.
        6th Floor
        Washington, DC 20001

        _____
        James C. Mehigan

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

NIGEL AUSTIN )
)
    Plaintiff, ) Case No. 05CV02219
)
v. )
)
THE DISTRICT OF COLUMBIA, et al. )
)
    Defendants. )
)

**DEFENDANT OFFICER THOMAS'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1. All documents referenced or identified by you in any of your answers to Plaintiff Nigel Austin's First Set of Interrogatories to Defendant Officer Thomas, including all documents used or relied on in preparing any of those answers.

   **Response:**  No responsive documents.

2. All documents relating, reflecting or referring to the Incident mentioned or complained of in the pleadings.

   **Response:**  Objection. This request is overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Officer Thomas has no responsive documents other than those previously produced by the parties in discovery.

3.   All documents that reflect, refer or relate to any examination, inquiry and/or investigation of, or into, the events which occurred leading up to, during, and/or following the Incident.

**Response:**   Objection. This request is overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Officer Thomas has no responsive documents other than those previously produced by the parties in discovery.

4.   All documents which you intend to use, or which you have ever used, as evidence, in rebuttal, or otherwise in the course of action of any motion, hearing, proceeding, or trial in any proceeding arising out of or related to Plaintiff, Officer Thomas, and/or the Incident.

**Response:**   All documents used previously as evidence, in rebuttal, or otherwise in the course of action of any motion, hearing, or proceeding related to this matter have been previously produced. No determination has been made what if any documents will be used as evidence in the future, in rebuttal, or otherwise in the course of action of any motion, hearing, or proceeding, or at trial in this case. Officer Thomas reserves the right to use any document produced in discovery by any party.

5.   All documents which relate to, reflect or refer to the grounds for, and substance of, each affirmative defense asserted in your Answer to Plaintiff's Complaint.

      **Response:** Objection. This request calls for legal conclusions. Without waiving any objection, Defendant reserves the right to utilize all documents produced by the parties in discovery.

6. All notes, memorandum, or other written documents that you have produced and/or created which refer, reflect or relate to Plaintiff and/or the Incident.

      **Response:** Objection. This request is overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Officer Thomas has no responsive documents other than those previously produced by the parties in discovery.

7. All documents which refer, reflect or relate to any communications (verbal or non-verbal) you have had with any person, entity or organization with regard to Plaintiff and/or the Incident.

      **Response:** Objection. This request is overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Officer Thomas has no responsive documents other than those previously produced by the parties in discovery.

8. All documents which refer, reflect, or relate to training you have undergone with regard to use of force and/or "spectrum of force."

      **Response:** See MPD General Orders 907.07 and 901.8, previously produced.

9. All documents which refer, reflect, or relate to any prior charges, allegations and/or complaints made against you by any person for any reason, including your use of excessive force.

**Response:** Objection. This request seeks documents that are not relevant to this litigation. Furthermore, this request is overly broad and burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Without waiving any objection, Officer Thomas has no responsive documents other than his personnel files, which were previously produced.

10. All documents which refer, reflect, or relate to any appraisal/review of your job performance as a MPD Officer.

**Response:** Objection. This request seeks documents that are not relevant to this litigation. Furthermore, this request is overly broad and burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Without waiving any objection, Officer Thomas has no responsive documents other than his personnel files, which were previously produced.

11. All documents which refer, reflect, or relate to any promotions/demotions with regard to your employment with the MPD that you have received within the past ten (10) years.

**Response:** Objection. This request seeks documents that are not relevant to this litigation. Furthermore, this request is overly broad and burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Without waiving

any objection, Officer Thomas has no responsive documents other than his personnel files, which were previously produced.

_____
James W. Pressler, Jr. #221051
James C. Mehigan #480691

PRESSLER & SENFTLE, P.C.
Three McPherson Square
927 15th Street, N.W.
12th Floor
Washington, D.C. 20005
(202) 822-8384

*Attorneys for Defendant Thomas*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2007, I sent the foregoing Defendant's Responses to Plaintiff's Request for Production of Documents by email and first-class mail, postage pre-paid to:

Peter C. Grenier, Esquire
Bode & Grenier, LLP
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, DC 20036

Steve Anderson, Esquire
Assistant Attorney General for the District of Columbia
441 4th Street, N.W.
6th Floor
Washington, DC 20001

_____
James C. Mehigan