UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin, | : |
| Plaintiff, | : |
| v. | : |
| | : Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, | : |
| Defendants. | : |

**DISTRICT OF COLUMBIA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF POST REMEDIAL MEASURES**

Defendant District of Columbia ("District"), by and through undersigned counsel and pursuant to Fed.R.Evid. § 407 and Fed.R.Evid. § 403, hereby moves this Court to exclude the admission of any evidence at trial of the Metropolitan Police Department ("MPD") Force Investigation Team Report concerning MPD's subsequent remedial investigation of the facts which gave rise to the above styled matter. Pursuant to the same legal authority, the District requests that this Court exclude at trial any evidence concerning the MPD Use of Force Review Board's findings and recommendations concerning the above noted FIT investigation regarding MPD Officer Don Thomas and MPD Officer George Hawkins.

Pursuant to applicable rule, legal and factual support for this motion is contained in the attached Memorandum of Points and Authorities. A proposed order is attached for the Court's convenience.

LCvR 7(m) and Fed. R. Civ. P. 7(m) Certifications

On May 13, 2007, counsel for the District of Columbia contacted counsel for Plaintiff Jeremy Tishler to request plaintiff's consent to the relief sought herein. Plaintiff' counsel did not consent.

1

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III
Chief, General Litigation Section III

_____/s/_____
STEVEN J. ANDERSON (334480)
JAMES H. VRICOS (474026)
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail: Steve.anderson@dc.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Nigel Austin,                                                             :
                                                                          :
     Plaintiff,                                                        :
                                                                          :

| | |
|---|---|
| v. : | |
| : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, : | |
| : | |
| Defendants. : | |
| _____: | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF POST REMEDIAL MEASURES**

Defendant District of Columbia ("District"), by and through undersigned counsel, and pursuant to Fed.R.Evid. § 407 and Fed.R.Evid. § 403, hereby moves this Court to exclude the admission of any evidence at trial of the Metropolitan Police Department ("MPD") Force Investigation Team Report ("FIT Report") concerning MPD's subsequent remedial investigation of the facts which gave rise to the above styled matter. (FIT Report Attached as Exhibit A.). Pursuant to the same legal authority, the District requests that this Court exclude at trial any evidence concerning the MPD Use of Force Review Board's findings and recommendations concerning the above noted FIT investigation regarding MPD Officer Don Thomas and MPD Officer George Hawkins. (See attached "Notice[s] of Force Case Review" pertaining to Officer Thomas- Exhibit B – and Officer Hawkins – Exhibit C).

**Brief Factual Background**

Plaintiff's complaint alleges that he is entitled to compensation because the District's police officer, co-defendant Donald Thomas, struck him in the mouth without justification on August 25, 2005, at the Metropolitan Police Department's Central Cell Block. Complaint ¶ 15. According to plaintiff's complaint, the blow was "violent" and without justification or provocation and resulted in plaintiff suffering a broken jaw. *Id.* After plaintiff was struck, he was placed in a cell where he waited to be transported to a hospital. Id. ¶ 20. After the supervisor in charge of the Central Cell Block called for a

transport two times, it arrived. However, it was several hours before Mr. Austin was transported to Greater Southeast Community Hospital where he was examined and treated.

Subsequent to this incident, FIT conducted an investigation. See Exhibit A. As a result of the FIT investigation, Officers Hawkins and Tomas received recommendations for corrective action by the Use of Force Review Board for failure to comply with MPD General Orders. See Exhibits B and C.

**Argument**

Defendants seek to exclude any mention, during the trial, of the MPD's investigation and discipline of Officers Hawkins and Thomas. This evidence should be excluded because it is not relevant or material to the issues in this case, and because its introduction would be more prejudicial that probative. The MPD investigation occurred after the incident and reflects the opinion of MPD officials. Indeed, there are compelling policy reasons for excluding such evidence.

Plaintiff seeks to introduce evidence of the disciplinary measures taken by MPD against Officers Hawkins and Thomas as proof that their conduct was improper. Clearly, admission of such evidence is improper as MPD's actions were necessarily a post injury remedial measure.

Under the common law, as adopted by the courts of the District of Columbia, subsequent remedial measures may not be introduced to establish liability. This rule was clearly established as early as 1932, in the case of *Altemus v. Tamadge*, 58 F.2d 874 (D.C. Cir 1932). In that case, a pedestrian sued after falling on a sidewalk. On appeal, the trial court's decision to allow evidence of subsequent repairs was reversed. The court stated:

> [T]he rule that subsequent repairs or alterations by a defendant of a place or instrumentality is not competent evidence to show former defective condition is now universal. The reasons for the rule are variously stated, but the fundamental reason is that for reasons of public policy the making of the repairs or alterations after the injury ought not

4

> be construed as an admission of previous neglect or duty, and hence proof of such acts should not be admitted because the effect must be to distract the jury from the real issue and to create a prejudice against defendant.

*Id.* 58 F.2d at 875. *Also see Avery v. S. Kann Sons. Co.*, 91 F.2d 248 (D.C. Cir1937) (holding that customer who tripped over linoleum covering steps could not introduce the fact that linoleum was replaced after accident to show a dangerous condition).

The common law rule is so well established that it has been codified in Fed.R.Evid. 407. Rule 407 provides:

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of a subsequent remedial measure is not admissible to prove negligence or culpable conduct in connection with the event….

There is no reason to treat subsequent corrective personnel measures any differently than subsequent material repairs. In the instant case, the recommendations resulting from the FIT investigation were made for the purposes of "corrective action." Exhibits C and B. If such corrective personnel action resulted in a disadvantage during litigation, MPD would not have an incentive to take corrective actions in the future. This could result in future injury to others from a course of conduct that might otherwise be remedied.

A review of the relevant case law demonstrates that courts in various jurisdictions have excluded evidence derived from subsequent remedial police investigations pursuant to both Fed.R.Evid. § 407 and Fed.R.Evid. § 403. In *Maddox v. City of Los Angeles,* 792 F.2d 1408 (9th Cir. 1986), a case in which the Court applied both Rule 407 and 403, the Court examined a set of facts similar to the facts in this matter. In *Maddox,* a civil rights suit against police officers and the City which arose out of the death of an arrestee, the Court held there was no error in excluding evidence that a defendant officer admitted during a disciplinary proceeding that he violated City policy with respect to a choke hold. The

5

Court reasoned that the disciplinary proceeding was a subsequent remedial measure by the City, and that the evidence would have been unduly prejudicial if offered against the officer since the jury might have inferred that the officer was guilty of wrongdoing simply because there was a proceeding.

There are many other well reasoned cases that extend the rule of excluding subsequent remedial measures to personnel actions. For example, in an action against a transit authority to recover for injury sustained when one of the authority's buses ran over the plaintiff as it turned a street corner, the trial judge granted the defendant's motion in limine to exclude evidence of the authority's supervisor's conclusion, after interviewing the driver and inspecting the bus, that the accident could have been avoided had the driver looked into his right front mirror as he turned. The court in that case, *Martel v Massachusetts Bay Transp. Authority*, 525 N.E.2d 662 (Mass. 1988), stated in *dictum* that if the defendant had discharged the driver or required him to undergo additional training as a result of the supervisor's investigation, evidence of such steps would fall squarely within the general rule barring proof of subsequent remedial measures for the purpose of showing antecedent negligence.

Likewise, the court in *Sheller-Globe Corp., Leece-Neville Div. v City Express Delivery Co.* (Ohio App1989) 1989 Ohio App LEXIS 1869, recognized that proof of disciplinary action by an employer against its employee, following an injury allegedly caused or contributed to by the employee's negligence, constitutes evidence of a subsequent remedial measure, inadmissible under Ohio Rules of Evidence, Rule 407. Thus, the court held that in an action to recover workers' compensation payments which the plaintiff employer made to its employee after a forklift, the trial judge properly excluded evidence that the plaintiff took disciplinary action against the injured employee following the accident. *Also see Martin v Cleveland* (Ohio 1991) 585 NE2d 922, 580 NE2d 786, in which the court, citing the *Sheller-Globe c*ase, stated that evidence of post accident disciplinary steps taken against an allegedly negligent employee "may" constitute generally

excludable proof of a subsequent remedial measure.

*See also Exxon Cor*p. v *Shuttlesworth*, 800 S.W.2d 902 (Tex App1990), where the court, without substantive discussion of the point, held that the trial judge properly excluded evidence from a foreman's report of the injury that referred to "subsequent remedial personnel measures" taken by the independent contractor regarding the plaintiff's conduct.

The prejudice that would result to defendants by admitting evidence of subsequent remedial personnel measures was described by the Court of Appeals in *Roland Ray v. American Nationl Red Cross,* 696 A.2d 399 (D.C. 1996),

> [T]he question in every negligence action is whether the defendant was negligent under the circumstances existing at the time of the alleged act or omission, admitting evidence of what the defendant's conduct was after the alleged negligent act or omission will "distract the minds of the jury from the real issue and . . . create a prejudice against defendant."

*Id.* at 408. (citing *Altemus*).  Hence, the admission of the disputed evidence is contrary to public policy and would unfairly prejudice defendants.

## Conclusion

Any evidence of the FIT report and the corrective actions which resulted from the FIT investigation should be excluded.  Admitting such evidence would violate the District's common law rule precluding evidence of subsequent remedial measures, it would unfairly prejudice the defendant and such evidence is not relevant to the issues in this case.  Defendant's motion *in limine* should therefore be granted.

Respectfully submitted,

7

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

    /s/
_____
PHILLIP A. LATTIMORE, III
Chief, General Litigation Section III

    /s/
_____
STEVEN J. ANDERSON (334480)
JAMES H. VRICOS (474026)
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail: Steve.anderson@dc.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Nigel Austin,                             :
                                          :
    Plaintiff,                          :
                                          :
v.                                        :
                                          :    Civil Action No. 05-2219 (JDB)
District of Columbia, *et al.*,           :
                                          :
    Defendants.                         :
_____ :

### O R D E R

    Upon consideration of Defendant District of Columbia's motion *in limine* exclude evidence of post remedial measures, any opposition filed thereto, the entire record herein, and for good cause shown, it is this _____ day of _____ 2007,

    ORDERED, that defendants' motion is GRANTED, and it is further

    ORDERED, that plaintiff, himself or through his counsel or otherwise, may not make any

reference, direct or indirect, to the FIT investigation of Officers Thomas and Hawkins following the incident alleged in plaintiff's complaint or to the recommended corrective actions of the officer.

_____
The Honorable John Bates
U.S. District Court Judge

Copies to:

Steven J. Anderson, AAG
441-4th Street, NW, 6th floor south
Washington, DC 20001

PRESSLER & SENFTLE,
James Pressler, Esq.
927 15th Street, NW
Twelfth Floor
Washington, D.C. 20005

Peter C. Grenier
1150 Connecticut Ave. NW, 9th Floor
Washington DC, 20036