UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIGEL AUSTIN                                  :
                                              :
        Plaintiff,                            :
                                              :
v.                                            :   CASE No. 1:05-CV-02219 (JDB)
                                              :
THE DISTRICT OF COLUMBIA, et al.              :
                                              :
        Defendants.                           :

### DEFENDANT'S EXPERT WITNESS DISCLOSURE

Defendant Officer Don Thomas, through counsel, hereby designates the following experts pursuant to Fed. R. Civ. P. 26(a)(2) and this Court's Scheduling Order:

1. **Paul M. Mazzei, Sr.**
   **President**
   **Survival Management Systems, Inc.**
   **12408 Kayak Drive**
   **Suite 103**
   **Upper Marlboro, Maryland 20772**

Mr. Mazzei is President of Survival Management Systems, Inc. It is expected that Mr. Mazzei will testify based upon over thirty (30) years of experience in law enforcement, and upon his training, education, and knowledge of the appropriate use of force by law enforcement officers. Mr. Mazzei will also base his testimony upon the standard practices of the District of Columbia Police Department and his review of the materials in this matter.

It is expected that Mr. Mazzei will testify that Defendant acted reasonably in his handling of the alleged incident and that the alleged use of force was appropriate under the circumstances. Copy of Mr. Mazzei's Preliminary Report is attached hereto. As discovery is ongoing, Mr. Mazzei may be required to supplement his report to the extent

192108.1

discovery reveals relevant information. Mr. Mazzei's Curriculum Vitae is also attached hereto.

2.   Defendant reserves the right to call any of Plaintiff's treating physicians, nurses, or other health care providers. It is expected that the physicians, nurses, or other health care providers will testify and explain their involvement and opinions in the diagnosis, care and treatment of the patient.

3.   Defendant reserves the right to call any expert identified by the Plaintiff or any other party.

4.   Defendant reserves the right to amend or supplement this Rule 26(a)(2) Disclosure as may be warranted through the course of discovery, and more importantly upon the completion of the deposition of Plaintiff's experts.

5.   Defendant reserves the right to designate rebuttal experts in the event Plaintiff is permitted to call any additional experts.

6.   Defendant reserves the right to amend or supplement this Rule 26(a)(2) Disclosure pursuant to the Court's December 11, 2006 Order.

        Respectfully submitted,

        PRESSLER & SENFTLE, PC

        */s/ James C. Mehigan*
        James W. Pressler, Jr. #221051
        James C. Mehigan, #480691
        Three McPherson Square
        927 15th Street, N.W.
        Twelfth Floor
        Washington, D.C. 20005
        (202) 822-8384
        (202) 331-7587 (facsimile)

        *Counsel for Defendant Officer Thomas*

192108.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2006, I sent the foregoing Defendant's Expert Witness Disclosure by first-class mail, postage pre-paid to:

> Peter C. Grenier, Esquire
> Bode & Grenier, LLP
> 1150 Connecticut Avenue, N.W.
> Ninth Floor
> Washington, DC 20036
>
> Steve Anderson, Esquire
> Assistant Attorney General for the District of Columbia
> 441 4th Street, N.W.
> 6th Floor
> Washington, DC 20001

/s/ James C. Mehigan

192108.1

# PRELIMINARY REPORT

# OPINION OF PAUL M. MAZZEI, SR.

# IN THE CASE OF

# NIGEL AUSTIN v. OFFICER DON THOMAS, DISTRICT OF COLUMBIA CASE# 1:05CV02219

# DECEMBER 10, 2006

This Preliminary Report of Opinion in the case of *Nigel Austin v. Officer Don Thomas, District of Columbia* is submitted in compliance with rule 26(a)(2) of the Federal Rules of Procedures and is based on my review of the following documents that I received from your law firm on December 5, 2006.

1. Complaint for Money Damages and Jury Demand in the case of Austin v. Thomas, District of Columbia. United States District Court for The District of Columbia Civil Action No. 1:05CV02219

2. Defendant's Responses to Document request

3. Defendant's Responses to Interrogatories

4. Defendant's Transcripts of Deposition

5. Metropolitan Police Department, Washington, DC General Orders

6. Preliminary Expert Witness Opinion Report filed by Plaintiff

7. Plaintiff's Transcripts of Deposition

8. Plaintiff's Responses to Interrogatories

9. MPD "Probable Cause/Arrest Procedures"

10. Title 42 Chapter 21 of The United States Code Section 1983

11. Plaintiff's Subpoena for Documents

12. The United States D.O.J. Principals for Promoting Police Integrity

13. MPD 113 CCN# 113-184

14. MPD 119 CCN# 113-184 (Thomas)

15. United States District Court "Defendant's Initial Disclosures"

16. MPD 854 Case 05-1553

17. MPD IAD Complaint Summary Sheet 05-1553 (Lt. Taylor)

18. MPD IAD Complaint Summary Sheet 05-1553 (Sgt. Mack)

19. MPD 668 Evidence Report

20. MPD 775 "706"

12/11/2006  13:34   3016278198   SURVIVAL MGT SYSTEMS   PAGE 04
Received Fax : Dec 11 2006 12:30PM Fax Station : PRESSLER & SENFTLE P.C.

21. MPD 119 Ofc. Bowman
22. MPD 119 Ofc. Richardson
23. On Scene Force Assessment Form
24. Prisoner Log 8-25-05
25. MPD OPR Memorandum undated FIT X-0-05-180,CS 05-1553
26. Superior Court US v. Nigel Austin "Release Order"
27. Emergency Physician Record
28. DC Code Section 5-123.2
29. MPD General Orders; 901.7, 120.23, 901.11, 901.08, 901.09, 601.2, 502.7, 502.1, 304.15, 304.8, 201.26, 120.23
30. MPD Special Orders; 97-31, 99-11, 97-34, 93-28, 02-09
31. MPD Circulars; 02-13, 02-12

In addition to the above, I have reviewed accepted law enforcement standards and literature including the following:

1. Commission on Accreditation for Law Enforcement Agencies- *"Standards for Law Enforcement Agencies"* Fairfax, VA Third Edition

   a. 1.1 Law Enforcement Agency Role
   b. 1.2 Limits of Authority
   c. 1.3 Use of Force
   d. 11.2 Unity of Command
   e. 11.3 Span of Control
   f. 11.4 Authority and Responsibility
   g. 13.1 General Management
   h. 26.1 Disciplinary Procedure
   i. 33.1 Administrative Training
   j. 33.2 Academy Training
   k. 33.5 In-Service Training
   l. 33.6 Specialized In-Service Training
   m. 41.1 Law Enforcement Operations Administrative

2. John C. Hall, FBI Special Agent Legal Instructor
*"Constitutional Constraints on Police Use of Force"*
FBI Law Enforcement Bulletin February 1992

3. International Association of Chiefs of Police
*"Police Use of Force in America"* 2002

4. U.S. Supreme Court Cases

   a. Graham v Connor, 490 U.S. 386 at 394 (1989)
      *"Reasonableness Standard"*

   b. Johnson v. Glick, 481 F, 1023 (1973)
      *"Due Process, Shock the Conscience Test"*

5. I.A.C.P. Model Policy Police Use of Force

6. Thomas D. Petrowski, J.D., FBI Special Agent Legal Instructor
*"Use-of-Force Policies and Training"*
FBI Legal Digest October 2002

My Professional Opinion, based on over 32 years of law enforcement operational, supervisory, and training experience to include current professional law enforcement training/instructor certifications in the areas of police use of force, patrol procedures, conflict management, police use of deadly force, defensive tactics, officers survival skills, chemical agents, o.c. (pepper spray), firearms, arrest procedures, stop & approach, and high risk patrol tactics, being a recognized expert in police use of force since 1993 and the following:

1. Officer Thomas of the Metropolitan Police Department, Washington DC conducted himself within his legal authority, the standards of his agency's policy and procedures as well as within the current professional law enforcement practices in his use of force on August 25, 2005.

2. Officer Thomas was justified in using his personal weapons (Fist) to defend himself against an aggressive physical attack by Mr. Austin while in Cell Block C on August 25, 2005.

3. Officer Thomas demonstrated the use of reasonable force set forth by the "Reasonableness Standard" U.S. Supreme Court Case Graham v. Connor (1989), his agency's use of force policy and procedures, and accepted police practices throughout the entire incident with Mr. Austin on August 25, 2005.

12/11/2006 13:34    3016278198    SURVIVAL MGT SYSTEMS    PAGE 06

Received Fax    Dec.11 2006 12:30PM    Fax Station : PRESSLER & SENFTLE P.C.

4. Officer Thomas did not violate the standards set forth by the U.S. Supreme Court Case Johnson v. Glick (1973), Pre-Trial Detainees "Shock the Conscience Test".

5. The injury to Mr. Austin's jaw and face does not constitute an an excessive force claim and is within the injury probability of the necessary force used by Officer Thomas to defend against a violent physical attack and gain control of Mr. Austin on August 25, 2005.

6. Mr. Austin is solely responsible for the injury he sustained and any other condition he claims from this incident due to his verbal non compliance and physical attack of Officer Thomas on August 25, 2005.

In my opinion, within a reasonable degree of professional certainty, and based on the totality of the circumstances Officer Don Thomas of the Metropolitan Police Department, Washington DC was acting within his legal authority when he struck Mr. Nigel Austin with his fist in self defense of the aggressive physical attack by Mr. Austin on August 25, 2005.

Officer Thomas was within his legal authority to physically direct Mr. Austin back into the interview room after his verbal directions had been ignored; Officer Thomas had the legal authority to defend himself against Mr. Austin's attempt to strike him (Officer Thomas) by swinging with a closed fist at him (Officer Thomas). Further, I have seen no evidence to suggest that Officer Thomas struck Mr. Austin more than the one time in self defense.

Further, it is my opinion that Officer Thomas did not violate the national standard for determining excessive force claims of pre-trial detainees as set forth by the U.S. Supreme Court Case; Johnson v. Glick (1973) which mandates that three questions be asked to determine if a pre-trial detainee's rights have been violated. This process is known as the "Shock the Conscience Test". First, was there a need for the use of force by the officer. Second, was the relationship between the need and the amount of force that was used reasonable. Third, was the extent of the injury inflicted by the officer and whether the force applied was in good faith or maliciously and sadistically applied for the purpose of causing harm.

Therefore, based on the aforementioned evidence presented to me in this case, and review of related Professional Law Enforcement Standards, U.S. Supreme Court Cases, Related Articles, and my own experience, training, and certifications it is my professional opinion, and within a reasonable degree of professional certainty that Officer Don Thomas acted within the standards set forth by the U.S. Supreme Court Case of Johnson v. Glick (1973) and his agency's policy and procedures and in doing so did not violate the constitutional rights of Mr. Nigel Austin in the incident that occurred on August 25, 2005.

The compensation that I am receiving for the review of the documents and preparation of this preliminary report is $200.00 per hour for ten hours, or $2,000.00 to date.

Attached to this report are my current Curriculum Vitae, a list of publications written in the past ten years, and all previous cases I have either testified or been deposed in as an expert witness in the past four years.

Prepared by: *[signature]*
Paul M. Mazzei, Sr.
President
Survival Management Systems, Inc.