UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

```
_____
                                    )
NIGEL AUSTIN,                       )
                                    )
                                    )
        Plaintiff,                  )  Case No. 05-2219(JDB)
                                    )
    v.                              )
                                    )
THE DISTRICT OF COLUMBIA, et al.    )
                                    )
        Defendants.                 )
_____)
```

**Plaintiff's (1) Opposition to Defendant Don Thomas' Motion to
Supplement his Expert Disclosures and (2) Motion *In Limine***

Plaintiff, through undersigned counsel, hereby opposes Defendant Don Thomas's Motion to Supplement his Expert Disclosures, and moves that this Court limit or exclude certain testimony, evidence and argument at the trial of this matter, as follows:

1.   For the reasons set forth in the attached Memorandum of Points and Authorities, Defendant Thomas's Motion to Supplement his Expert Disclosures should be denied, and as a result, Defendant Thomas should be precluded from offering any evidence, either directly or indirectly, regarding any applicable standard of care pertaining to the provision of medical care or aid to Plaintiff.

2.   Defendants District of Columbia ("District") and Officer Don Thomas ("Thomas") should be precluded from offering any evidence, either directly or indirectly, regarding Plaintiff's criminal history.

Pursuant to LCvR 7(m), Plaintiff hereby certifies that he conferred with the Defendants in good-faith seeking to obtain the requested relief which consent was denied.

In support hereof, the Court's attention is respectfully directed to the attached Memorandum of Points and Authorities.

                Respectfully submitted,

                ___*Peter C. Grenier /s/*_____
                Peter C. Grenier (D.C. Bar No. 418570)
                Bode & Grenier, L.L.P.
                1150 Connecticut Avenue, N.W.
                Ninth Floor
                Washington, D.C. 20036
                (202) 828-4100
                (202) 828-4130 (fax)
                *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___ day of May, 2007, a true and accurate copy of the foregoing Plaintiff's Motion *In Limine* and Opposition to Defendant Thomas' Motion to Supplement Expert Disclosures, Memorandum and proposed Order was served by mail and via Electronic Case Filing to:

        Steven J. Anderson, Esquire
        Assistant General Counsel
        441 4th Street, N.W.
        6th Floor North
        Washington, DC 20001
        *Attorney for Defendant*
        *District of Columbia*

        Patrick Senftle, Esquire
        PRESSLER & SENFTLE, P.C.
        927 15th Street, N.W.
        Twelfth Floor
        Washington, D.C. 20005
        *Counsel for Defendant*
        *Officer Don Thomas*

                _____*Peter C. Grenier /s/*_____
                          Peter C. Grenier

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIGEL AUSTIN, | ) |
| | ) |
| Plaintiff, | ) Case No. 05-2219(JDB) |
| | ) |
| v. | ) |
| | ) |
| THE DISTRICT OF COLUMBIA, et al. | ) |
| | ) |
| Defendants. | ) |

**Plaintiff's Memorandum of Points and Authorities in Support of His Motion *In Limine* and Opposition to Defendant Thomas' Motion to Supplement his Expert Disclosures**

Plaintiff respectfully requests that this Court grant his Motion *In Limine*, excluding certain evidence from the trial of this matter, and deny Defendant Thomas' Motion to Supplement his Expert Disclosures.

As set forth more fully below, the Court grant Plaintiff's Motion *In Limine* and deny Defendant Thomas' Motion to Supplement his Expert Disclosures because:

(1)   Evidence pertaining to Plaintiff's criminal conviction and the underlying event for which Plaintiff was arrested on the date of the incident which is the subject of this lawsuit is irrelevant and overly prejudicial to Plaintiff.

(2)   Defendant Thomas has failed to offer any reason why he is now seeking to supplement his expert report, despite discovery closing over three months ago. Because Defendant Steele is not seeking to supplement his expert disclosures as a result of new information discovered after his initial expert report, or because of incorrect or incomplete information, his motion to supplement his expert disclosure should be denied, and he should be

3

precluded from offering any evidence, directly or indirectly, relating to the duty to provide medical attention to Plaintiff.

      I.      <u>Evidence of Plaintiff's Criminal History Should be Excluded</u>

On the date of the incident, Plaintiff was arrested, and subsequently transferred to the Central Cell Block, on an Assault with a Deadly Weapon charge ("ADW"). This ADW arose out of an altercation between Plaintiff and one of his neighbors which had occurred four days earlier. Solely to avoid any risks, Plaintiff ultimately pled guilty to Aggravated Attempted Assault, a felony.

The facts regarding the incident for which Plaintiff was arrested, and his ultimate guilty plea and conviction, are not relevant to any issue in this case and, therefore, should be precluded from trial. *See* Fed. R. Evid. 402. As an initial matter, that incident (four days earlier) is completely independent from the incident which is the subject of this lawsuit and arose *several days before* the incident between Plaintiff and Defendant Thomas.[1] As a result, these facts can have no relevant bearing on Defendants' liability, nor are they relevant to damages.

The character of Plaintiff is not at issue in this case, and while evidence of a felony conviction may be admitted for impeachment pursuant to Federal Rules of Evidence 609(a)(1), the probative value of admitting this evidence for impeachment purposes would be severely outweighed by its prejudicial effect on Plaintiff. *See* Fed. R. Evid. 403 & 609(a)(1), *see also United States v. Estrada, et al.*, 430 F.3d 606, 617 (2d Cir. 2005)(noting that a district court, under Rule 609(a)(1) is to determine the relative probative worth of a witnesses' specific offense in light of the factors under Rule 403 when determining whether to admit the conviction for impeachment purposes). As an initial matter, it not certain that Plaintiff's conviction even <u>has</u>

---

[1] No criminal charges have ever been brought against Plaintiff as a result of the incident between him and Defendant Thomas.

any probative value.  In *Gordon v. United States*, 383 F.2d 936, 94 (D.C. Cir. 1967), the court noted that "convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not."  *Id*. at 940; *see also Estrada*, 430 F.3d at 617 (observing that crimes of violence generally have a low probative worth in determining credibility).  However, admission of Plaintiff's felony conviction could be extraordinarily prejudicial to Plaintiff.  Defendant Thomas maintains that he struck Plaintiff in self-defense, and, even if the evidence only comes in for impeachment purposes, there is a very real danger that a jury might (erroneously) assume that because Plaintiff had pled guilty and was convicted of Attempted Aggravated Assault in a separate incident, he must have swung at Defendant Thomas in the incident which is the subject of this lawsuit.  The Court will recall that in open court, Officer Thomas' counsel strenuously argued that Plaintiff should not be permitted to introduce evidence  of Officer Thomas' prior discipline for having sexual relations (alleged by the woman to have been forceful and violent).

 Again, Plaintiff's character is at central issue in this matter, and the only real reason Defendants would seek admission of evidence pertaining to Plaintiff's ADW, and subsequent guilty plea and conviction of Aggravated Attempted Assault, would be to suggest that on the date of the incident between him and Defendant Thomas, Plaintiff acted in conformity with this prior bad act.  This is patently improper.  *See* Fed. R. Evid. 404(b); *see also Weil v. Seltzer*, 873 F.2d 1453 (D.C. Cir. 1989).  As Defendant Thomas maintains that he only struck Plaintiff after Plaintiff swung at Defendant Thomas, it would be unfair and prejudicial for Defendants to insinuate to the jury, through the introduction of evidence regarding Plaintiff's criminal history, that because Plaintiff had ultimately pled guilty to Attempted Aggravated Assault, he has a propensity for violence, and acted in accordance with the propensity on the date of the incident.

*See* Fed. R. Evid. 404(b).  This is the only conceivable reason why Defendants would seek to introduce evidence relating to Plaintiff's prior Assault with a Deadly Weapon Charge and/or guilty plea.  Additionally, there is no possible way that evidence of this conviction could be argued to demonstrate a habit, routine or practice by Plaintiff to engage in violent behavior.  *See* Fed. R. Evid. 406.  Accordingly, the facts of Plaintiff's Assault with a Deadly Weapon charge, and subsequent guilty plea to Attempted Aggravated Assault, should be excluded.  *See* Fed. R. Evid. 403 and 404(b).

    II.    Defendant Thomas' Motion to Supplement his Expert Disclosures Should Be Denied and Defendant Thomas Should be Precluded From Offering Any Evidence Regarding the Duty to Provide Prompt Medical Attention

Plaintiff has alleged, *inter alia*, that Defendants District and Thomas violated Plaintiff's civil rights, were negligent, and breached their duty of care, by failing to provide prompt medical attention to Plaintiff immediately following the incident between him and Defendant Thomas.  In that regard, Plaintiff designated James Bradley, Jr. as his expert in police policies and procedures.  Mr. Bradley is expected to testify in accordance with his deposition that Defendants failed to provide prompt medical attention to Plaintiff after the incident.

Defendants were ordered to serve their expert witness disclosures by December 11, 2006.  *See* Exhibit 1.  On December 8, 2006, Defendant Thomas requested an extension to supplement his expert witness disclosures, to which Plaintiff consented.  As a result, on December 11, 2006, Defendant Thomas was ordered to serve his supplemental expert disclosures by January 10, 2007.  *See* Exhibit 2.

On December 11, 2006, Defendant Thomas identified Paul Mazzei as his liability expert, who, according to his expert disclosures, was expected to testify solely about the reasonableness of Defendant Thomas' use of force against Plaintiff.  Defendant Thomas' expert disclosures did

6

not make any mention of Mr. Mazzei testifying about Defendant Thomas' duty of care to provide prompt medical care or aid to Plaintiff following the incident. *See* Exhibit 3. On January 10, 2007, Defendant Thomas served his supplemental expert disclosures designation, identifying Dr. Jeffery Posnick, who was expected to testify as to Plaintiff's physical disability as a result of the incident. No additional supplementation was provided for Mr. Mazzei with regard to his expected testimony.

On February 6, 2007, Plaintiff deposed Mr. Mazzei. Mr. Mazzei testified almost exclusively about the reasonableness of Defendant Thomas' use of force. In fact, when Plainitff briefly inquired whether Mr. Mazzei had any opinion about Defendant Thomas' duty to provide medical care to Plaintiff, Mr. Mazzei explicitly testified that he "had never been specifically asked . . . to render any opinion on the medical [treatment]," and that he was "not qualified to render an opinion on the medical treatment per se." *See* Exhibit 4. In fact, Mr. Mazzei's deposition testimony regarding Defendant Thomas' duty to provide medical care to Plaintiff, to which Plaintiff strenuously objected,[2] comprised less than one page out of the total 136 pages of testimony. At no point prior to or after Mr. Mazzei's deposition did Defendant Thomas serve a supplemental report setting forth Mr. Mazzei's opinion as to Defendant Thomas' duties to provide medical care for Plaintiff, or otherwise offer up Mr. Mazzei for another deposition on this new topic. Discovery in this matter closed the day after his deposition on February 7, 2007. Now, over three months after the close of discovery, Defendant Thomas inexplicably seeks leave

---

[2] Specifically, Plaintiff's counsel objected as follows:
> I don't really want to get into the area of issues relating to medical attention because I am going to strenuously object to you giving opinions on those issues. However, since it appears that you're being asked to do so, and reserving my right to seek to strike that, I feel that I need to ask you some questions about that.

*See* Exhibit 4.

7

to supplement his expert report to address the medical care issue.  Indeed, as of the date of this filing, Defendant Thomas has not even served a supplemental report under the Rules.  The Court should deny Defendant Thomas' Motion and exclude Defendant Thomas from presenting any evidence regarding the duty to provide prompt medical treatment to Plaintiff.

Defendant Thomas is not seeking to "supplement" his expert disclosures, he is seeking leave to address a wholly new area that was never addressed in his initial and supplemental expert disclosures.  Furthermore, nowhere in his request does Defendant Thomas set forth any reason why he is now seeking such supplementation over three months *after* discovery has closed.  This is the very "unfair surprise" that Fed. R. Civ. P. Rule 26 seeks to avoid, and Defendant Thomas' portrayal of this as a "clarification" does not serve to alleviate this problem. *See generally United States v. Proctor & Gamble Co.*, 356 U.S. 677 (1958).   Defendant Thomas is not clarifying anything, he is now seeking leave to set forth an entirely new opinion!

Defendant Thomas has now had two opportunities to provide his complete and full expert disclosures, and should not be accorded a third.  Once again, Defendant Thomas is seeking to offer an expert opinion on issues that he has never previously addressed, and is seeking to do so after the close of discovery, when Plaintiff is unable to depose Mr. Mazzei and ascertain the exact bases of his opinions pertaining to Defendant Thomas' duty to provide prompt medical attention to Plaintiff.  *See Beller v. United States*, 221 F.R.D. 696, 700 (D.N.M. 2003)(rejecting a supplemental expert report served more than three months after expert deposition, and six weeks after close of discovery, noting that the intent of Federal Rule of Civil Procedure Rule 26 is to ensure that deposition testimony can proceed with parties already armed with expert's opinions so as to be able to evaluate the opinions offered).  The little snippet of deposition testimony upon which Defendant Thomas hangs his hat does not even <u>remotely</u>  satisfy the stringent

8

requirements of Rule 26(a)(2)(B) – namely, Mr. Mazzei has failed to set forth the factual bases for his opinion, the reasons for his opinion, and the information he considered in forming his opinion.  *See* Fed. R. Civ. P. 26(a)(2)(B).

Further, Defendant Thomas' proposed supplementation does not arise out of information discovered subsequent to Mr. Mazzei's report.  *See Minebea Co. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005)(noting that Rule 26(e) does not permit parties to file supplemental reports whenever they believe such reports would be "desirable" or "necessary" to their case. Rather, the Rule permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report); *see also Beller*, 221 F.R.D. at 701.  The issue of Defendants' duty to provide prompt medical treatment to Plaintiff is not new, and both Plaintiff and Defendant District's experts set forth opinion on Defendants' respective duties to provide immediate medical treatment to Plaintiff.  In fact, almost half of Plaintiff's claims in his original complaint arise out of Defendants' alleged failure to provide prompt medical treatment.  In addition, prior to Mr. Mazzei deposition, numerous deponents testified regarding the duty to provide Plaintiff with prompt medical assistance.  Defendant Thomas has failed provide this Court with a single reason why Mr. Mazzei's opinion regarding the provision of medical care to Plaintiff was never provided in his original report.  In this regard, courts have noted that:

> [a]lthough Fed. R. Civ. P. 26(e) requires a party to "supplement or correct" disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report.

*See Beller*, 221 F.R.D. at 701 (quoting *RTC v. Gregory*, No. CIV. 94-0052 (D.N.M. Dec. 13, 1995)); *see also Minebea*, 231 F.R.D. at 6; *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)*; Coles v. Perry*, 217 F.R.D. 1, 3 (D.D.C. 2003) (holding that that Fed. R. Civ. P.

9

26(e) does not grant a license to supplement a previously filed expert report merely because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect); *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D.Ga. 2001) (holding that although Rule 26(e) of the Federal Rules of Civil Procedure imposes a duty to supplement incorrect or incomplete information, it does not, however, bestow upon litigants unfettered freedom to rely on supplements produced after a court-imposed deadline, even if the Rule's pretrial time limit is satisfied). Similarly, Defendant Thomas is not seeking to supplement his report based on any inaccuracies, or mistakes, or with new information discovered only subsequent to his report. Rather, he is seeking to include opinions, well past the court ordered discovery deadline, that could have been, and should have been, included in his original report. Simply put, discovery has been closed for over three months, and Defendant Thomas fails to offer a single reason why the supplemental information was never offered sooner.

     Defendant Thomas' request to supplement is extraordinarily prejudicial to Plaintiff because Plaintiff has never able to properly depose Mr. Mazzei about the bases for his opinion regarding Defendant Thomas' duty to provide medical treatment for Plaintiff. Now that discovery has closed, Plaintiff will never have this opportunity. Further, without this ability to fully question Mr. Mazzei, Plaintiff will be severely hampered in his ability to properly cross-examine Mazzei at trial. Mr. Mazzei testified at his deposition that he was never asked, and was not even qualified, to render an opinion on medical treatment "per se." *See* Exhibit 4. Since Defendant Thomas' expert disclosures were required to set forth a "complete statement of all opinions to be expressed" by Mr. Mazzei (*see* Fed. R. Civ. P. 26(a)(2)(B); *Sharpe v. United States*, 230 F.R.D. 452, 458 (E.D.Va. 2005)), Plaintiff reasonably relied on these representations

by Defendant Thomas and did not seek to fully question Mr. Mazzei on Defendant Thomas' duty to provide medical attention.  In fact, Plaintiff had no reason to believe that Mr. Mazzei would be offering such testimony, as nothing in his disclosures indicated such.  Now however, Defendant Thomas seeks to supplement his expert disclosures with the very information about which he was unable to testify at his deposition.  This is completely untenable, as now, three months after the close of discovery, Plaintiff is unable to question Mr. Mazzei about his supplemental opinion.  As stated above, one of the chief intents of Federal Rule 26's expert disclosures requirement is to ensure that deposition testimony can proceed with parties already armed with expert's opinions so as to be able to evaluate the opinions offered.  *See Beller*, 221 F.R.D. at 700.  Defendant Thomas' request to supplement his expert report completely, and unjustifiably, contravenes this very intent, to the extreme prejudice of Plaintiff.[3]

As a result of the foregoing, the Court should deny Defendant Thomas' Motion to Supplement his Expert Disclosure.  Further, because police procedures are an area which is beyond the ken of the average layperson (*see Butera v. District of Columbia*, 344 U.S. App. D.C. 265 (D.C. Cir. 2001)), Defendant Thomas should be precluded from, directly or indirectly, offering any evidence on the duty to provide prompt medical attention, as he has not provided any expert to offer any such testimony.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that his Motion in Limine be granted, and Defendant Thomas' Motion to Supplement his Expert Disclosures be denied.

---

[3] Another consequence of Defendant Thomas' severe and prejudicial delay in seeking to supplement his expert witness disclosures is that Plaintiff is precluded from relying on any such testimony or opinions in support of any summary judgment motions.  As the Court is well aware, the parties have already filed and received rulings on their respective summary judgment motions.

Respectfully submitted,

___*Peter C. Grenier/s/*_____
Peter C. Grenier (D.C. Bar No. 418570)
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C.  20036
(202) 828-4100
(202) 828-4130 (fax)
*Counsel for Plaintiff*

12