1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - X

NIGEL AUSTIN,                     :    **ORIGINAL**

            Plaintiff,     :    Case No.

                            :    1:05-CV-02219(JDB)

v.

THE DISTRICT OF COLUMBIA,         :

et al.,                           :

            Defendants.    :

- - - - - - - - - - - - - - - - - X


       Deposition of PAUL M. MAZZEI

          Washington, D.C.

      Tuesday, February 6, 2007

           10:10 a.m.


Job No.: 1-96506

Pages 1 through 140

Reported by: Cynthia R. Simmons, RMR, CRR



L.A.D. REPORTING & DIGITAL VIDEOGRAPHY

1100 Connecticut Avenue, NW • Suite 850, Washington, D.C. 20036
Tel: 202.861.3410 • 800.292.4789 • Fax: 202.861.3425
Web: ladreporting.com • E-mail: lisa@ladreporting.com
Additional Offices: Rockville, MD • Baltimore, MD • Greenbelt, MD • McLean, VA

Case 1:05-cv-02219-JDB   Document 56-5   Filed 05/15/2007   Page 2 of 3
DEPOSITION OF PAUL M MAZZEI
CONDUCTED ON TUESDAY, FEBRUARY 6, 2007

20 (Pages 77 to 80)

**77**

strikes is always center mass of the personal weapon delivery system. A personal weapon is a subject's hand, arm, elbow, upper body, torso, knees, legs or feet."

Q  And the last bullet?

A  The head and neck and groin are areas --

Q  You might want to start over.

A  Okay. "The head, neck and groin areas are not primary target areas and should be avoided."

Q  Do you have an opinion as to whether Officer Thomas should have struck Mr. Austin on a different part of his body than his head?

A  I believe that Officer Thomas reacted with an A strike simply to keep Mr. Austin off of him and to counter the strike that missed him.

Q  Well, wait. You said, the first part of what you just said was that Mr. Austin was continuing to attack Officer Thomas after the missed swing?

A  What I'm saying is Officer Thomas's punch was a reaction to the swing that missed. All happening very dynamically, very fluidly, very quickly, in the same context of there not being time

**78**

for words, okay. And in relationship to the head being struck, that, in that situation I believe that he was striking in the direction of Mr. Austin to avoid any further attempt by him possibly, whether it occurred to him or not, he wouldn't have known that at the time. And that if the strike came in contact with the head, that that would have been reasonable under those circumstances. Done.

Q  Okay.

MR. MEHIGAN: Peter, I need one minute.

MR. GRENIER: Okay.

(Off the record.)

BY MR GRENIER:

Q  Mr. Mazzei, I don't really want to get into the areas of issues relating to medical attention because I'm going to strenuously object to you giving any opinions in this case on those issues. However, since it appears that you're being asked to do so, and reserving my right to seek to strike that, I feel that I need to ask you some questions about that. Can you tell me, when were you asked to formulate an opinion as far as whether or not Officer

**79**

Thomas complied with the standard of care regarding medical attention?

A  It wasn't quite put that way. I'm trying to remember exactly, I think it was more in line with simply being prepared for the deposition in a broad focus. I may have misspoke earlier. I was never specifically asked by Mr. Mehigan to render an opinion on the medical. I'm not qualified to render an opinion on medical treatment per se.

But as it was part of, the way I perceived it is it was part of the material given and, as policy and procedure would go, that, you know, if I was comfortable in that, or whatever the case may be, simply to, you know, to, you know, just to look at all those aspects.

Q  And again subject to my strenuous objection to you providing such opinions, can you tell me what is the totality of your opinions regarding medical attention insofar as Officer Thomas was concerned?

A  I don't have any specific to, from the medical perspective other than the fact that he

**80**

qualified his responsibility when he, in fact, notified and actually when, in fact, officer or Acting Sergeant Hawkins was on the scene of the incident with Mr. Austin.

Q  Was Officer Thomas required to render first aid to Mr. Austin?

A  Can you define first aid for me more specifically?

MR. MEHIGAN: Where's your definition?

BY MR GRENIER:

Q  I'm glad you asked. It's the provision of medical services to someone before formal medical attention arrives.

A  I believe the way I read the general order that talks, I believe it's 901.07, that if a supervisor, and if I remember supervisor is bolded, but once a supervisor is on the scene of a combatant or violent or resisting individual or prisoner or detainee, whatever the case may be, that they take full control of that scene. So, you know, once Acting Sergeant Hawkins got on the scene of that particular situation, especially being in the

**81**

contained environment, that it would have been his responsibility to either direct, delegate or initiate whatever first aid would have been necessary.

Q Okay. So yes or no, should Officer Thomas have rendered first aid himself to Mr. Austin?

A Not necessarily.

Q Well, when you say not necessarily, I don't understand that.

A In this particular situation, no, sir.

Q Should Officer Thomas have preserved the scene of the injury as a crime scene?

A I don't believe so. I think that, you know, crime scene, if we were to call every incident that occurs on a regular basis a crime scene to the degree that we would see on CSI or calling out a crime scene technician and stopping all fundamental free flow of a particular area, then I would, I would say, no, no, not in that situation.

It's my understanding these types of things, you know, occur, maybe not to this degree, but to one degree or another, you know, quite often in a situation like this. And basically nobody would

**82**

be able to do their job.

Q So your answer is no, Officer Thomas was not required to preserve the scene of the injury as a crime scene?

A I do not believe so.

Q Have you ever reviewed any of the FIT -- do you know what I mean by FIT, force investigation team?

A Yes.

Q Have you ever reviewed any of the MPD FIT manuals?

A I would have to look here specifically. I have reviewed some --

Q Okay.

A Do you know if it has a specific general order number attached to it?

Q No, it does not.

MR. MEHIGAN: Are you referring to a specific document? Maybe you can ask him about that.

BY MR GRENIER:

Q Any FIT manuals.

MR. ANDERSON: In preparation for this

**83**

case or ever?

BY MR. GRENIER:

Q Ever.

A Everything that I relied on would be listed here. If you specifically know that it's listed here you could help me.

Q I don't see it listed here. I'm not trying to be coy or tricky or anything, I just don't see it.

A Nor am I trying to be anything other than cooperative. I do not see it here. So I would have to go on the fact that to the best of my recollection, no, sir.

Q Are you rendering any opinions in this case as to whether Officer Thomas violated any general orders or standards of care with respect to the preservation of the incident scene?

A I do not plan to, no, sir.

Q Are you rendering any opinions as to the propriety of placing Mr. Austin, after he was injured, back in a cell with handcuffs, handcuffing him behind his back?

**84**

A You know, unless requested between now and trial, it's not necessarily my understanding, unless asked about that specifically. It was not something that I was specifically looking at when I developed this preliminary report and it is my understanding that my scope of review is still within the perception that I had developing this with the exception of any other information that would be coming in but still looked at through the same filter, so to speak, the area or the parameter of the existing opinion.

Q Turning to where you start with my professional opinion on fax number page 6.

A Yes, sir.

Q You see where it says my professional opinion?

A Yes, sir.

Q Am I correct that the enumerated paragraphs immediately below that, namely 1, 2, 3, 4, 5 and 6, are the factual bases for your opinions in this case?

A No, these are, these are basically my