UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Nigel Austin,                                :
                                             :
    Plaintiff,                               :
                                             :
v.                                           :
                                             :  Civil Action No. 05-2219 (JDB)
District of Columbia, *et al.*,              :
                                             :
    Defendants.                              :
_____: 

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE***

Plaintiff has moved to exclude any reference to his arrest for assault with a deadly weapon and his recent convictions for two felonies: "Attempted Aggravated Assault," and "Possession of a Prohibited Weapon." See Exh. 1, Plaintiff's Superior Court Criminal Docket and Grand Jury charges, attached. Defendant District of Columbia files the following opposition to plaintiff's motion *in Limine*. Below, defendant shows that plaintiff's felony convictions are admissible if plaintiff testifies because it is relevant to show that plaintiff lacks credibility or is a truthful person. The fact that plaintiff was arrested for assault with a deadly weapon on August 25, 2005, is admissible because it goes to the state of mind of the District's officers that dealt with plaintiff at the Central Cell Block and their treatment of him. See Exh. 2, attached, plaintiff's Arrest and Prosecution Report, PD 163 and Affidavit in support of Arrest Warrant. Indeed, plaintiff's other arrests are relevant to show plaintiff's antipathy toward police officers.

**FACTUAL BACKGROUND**

The plaintiff was arrested on August 25, 2005, and charged with assault with a deadly weapon – cinder block, which is a felony. Exh. 2. Plaintiff was photographed and

finger printed at the precinct and he was transported to the Metropolitan Police Department (MPD) Central Cell Block in the basement of the MPD's headquarters at 300 Indiana Ave., N.W. for additional processing before being taken to Superior Court of the District of Columbia.

Apparently, plaintiff had been told that he would not have to spend the night in jail; however, when he found out that he would be spending the night in jail, plaintiff demanded that he taken back to his cell and uttered profanity at Ofc. Donald Thomas. Specifically, plaintiff ordered Ofc. Thomas to take him "back to his mother-fucking cell". Without authorization, plaintiff, a detainee, started walking away from the area. Ofc. Thomas grabbed plaintiff's arm to stop him from leaving. In response, plaintiff attempted to strike Ofc. Thomas's face by swinging at him. Ofc. Thomas reacted to plaintiff's attack by swinging back at plaintiff --- striking him once on his jaw. Ofc. Thomas then bear-hugged plaintiff to prevent further attacks and to prevent plaintiff from fleeing the area. While in this embrace, they both fell to the ground. Ofc. Thomas called for assistance, and plaintiff was handcuffed and taken to a cell.

Sgt. Hawkins called for a transport to take plaintiff to be examined by a doctor at a hospital. As a detainee for a violent felony, plaintiff could not be sent to the hospital without a police escort. The Central Cell Block was short staffed on August 25, 2005, and could not spare an officer to accompany plaintiff. Hence, Plaintiff remained handcuffed in a cell for several hours until a transport and escort arrived.

Plaintiff's arrest and conviction stemmed from an incident where he threw a cinder block at a deaf neighbor striking him over his eye. See Exh. 2, Affidavit in Support of an Arrest Warrant. This caused a laceration which required eight switches.

*Id.* Plaintiff also struck his handicapped neighbor with a golf club causing a large bruise. *Id.*

Prior to this incident, plaintiff had had many run-ins with the law which go to explain his antipathy toward police officers on August 21, 2005, and when he testifies on his own behalf.

**ARGUMENT**

Plaintiff's conviction for two felonies is relevant to the jury's assessment of his credibility. Plaintiff's arrest for assault with a deadly weapon is relevant to the state of mind of the officers at the Central Cell Block and their handling of plaintiff.

**1. Plaintiff's felony convictions**

>Fed.R.Evid. 609(a) (1) and (2) provides that:
>
>General rule. For the purpose of attacking the credibility of a witness,
>>(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitted this evidence outweighs its prejudicial effect of the accused; and
>>(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

In this case, on September 12, 2006, plaintiff pled guilty and was convicted under D.C. Code § 22-404.01 of "Attempted Aggravated Assault," maximum penalty of five years or $5,000.00 fine or both, and D.C. Code § 22-4514 "Possession Prohibited Weapon," maximum penalty of one year or $1,000.00 fine or both. Exh. 1. Plaintiff

3

claims that his "conviction [is] not relevant to any issue in this case and therefore, should be precluded." Pl. Mt. *in Limine* at 4.

However, it is clear that plaintiff's conviction meets the presumptive admissibility test set forth in Rule 609(a). Plaintiff was convicted of two crimes "punishable …in excess of one year under" the law of the District. It is also clear that his convictions fall within the 10 year window allowed by Rule 609(b) (not printed above). Accordingly, Plaintiff's relevance argument must be rejected under the plain meaning of Rule 609.

Plaintiff next contends that the defendants should not be allowed to introduce this evidence because "the probative value of admitting this evidence for impeachment purposes would be severely outweighed by its prejudicial effect on plaintiff." Pl. Mt. *in Limine* at 4. Plaintiff cites Rule 403 in support of this argument.

> Fed. R.Evid. 403 provides that:
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considers of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 609 includes a reference to Rule 403 and a specific requirement that the Court evaluate the probative value versus prejudicial effect of the evidence.

No doubt the evidence plaintiff seeks to exclude has a prejudicial impact on plaintiff's case. However, as the Court explained in *Dollar v. Long Mgf., N.C., Inc*. 561 F.2d 613, 618 (5th Cir. 1977), cert. denied, 435 U.S. 996 (1978), "of course, 'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice

4

must be 'unfair.'" In this case, defendants submit there is no unfair prejudice to plaintiff by informing the jury of his convictions of serious felonies.

"The idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully." *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992). Another Court has commented that the rationale for admitting felonies to impeach a witness is that "'the desperate person who would commit [a felony] would also lie under oath.'" *United States v. Lipscomb*, 702 F.2d 1049, 1053 (D.C. Cir. 1983) (*quoting* trial judge's explanation for permitting impeachment with robbery conviction). The resolution of the issues in this case will turn in large part of the jury's assessment of plaintiff's truthfulness versus the truthfulness of Ofc. Thomas. Because credibility is critical, the jury should be provided with as much evidence as possible on this issue.

Here, any possibility that a jury might make improper use of plaintiff's convictions can be mitigated by giving the jury an instruction as to the proper use of the evidence of a felony conviction. In addition, it should also be noted that the plaintiff is not required to testify in this civil case. Unlike criminal defendants who face the possibility of prison when deciding whether to testify or not, plaintiff voluntarily brought this lawsuit seeking compensation and has thereby voluntarily put his creditability at issue if he decides to testify. *Cf. Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 525-27 (U.S. 1989) (noting that there is a lower standard for admitting criminal convictions in civil cases as opposed to criminal cases).

Plaintiff also argues that the evidence of his conviction should be excluded because he was convicted of a felony assault which is similar to the assault he is accused of having committed in the instant matter. However, the similarity between the incident

5

at issue and plaintiff's prior conviction is only one factor for the Court to consider under Rule 609.   Included among the various factors are: (1) the nature of the prior crime; (2) the recentness or remoteness of the prior conviction; (3) the prior crime's similarity to the charged crime; (4) the extent and nature of the defendant's record before and after the prior conviction; (5) the importance of the defendant's testimony in the trial; and (6) the importance of credibility issues in the trial. See, e.g., *United States v. Lipscomb*, 702 F.2d 1049, 1062-71 (D.C. Cir. 1983).

Mr. Austin's felony convictions are very fresh, which mitigates in favor of allowing evidence of plaintiff's conviction to be admitted. "[T]hose convictions that were more recent should receive more favorable consideration than those that were over 10 years old." *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980).  The incident that plaintiff's convictions grew out of occurred on August 21, 2005.  The trial in this matter is set in the summer of 2007.

The "nature" of the plaintiff's convictions is that he committed very serious felonies, which also mitigates in favor of admitting the evidence.  The fact that there are two serious convictions also mitigates in favor of admitting them into evidence.

The similarities between the convictions and the issues in this instant matter are not so great as to tip the balance in plaintiff's favor.  There is no criminal conduct alleged in the instant civil matter.  In fact, Mr. Austin was not charged with a crime based what occurred in the Central Cell Block.  Moreover, in the instant matter, plaintiff contends that even if Ofc. Thomas was assaulted, he used excessive force when he struck plaintiff. This theory of plaintiff focuses on Ofc. Thomas' conduct, not Plaintiff's.  Hence, many of the issues presented in the instant matter differ from the assault for which plaintiff was

6

convicted.  Moreover, the similarity between the two incidents is not dispositive.  *See e.g*. *Guzman v. Kelly*, 1996 U.S. Dist. LEXIS 18666, No. 88-CV-1391(E), 1996 WL 722005, at *1 (W.D.N.Y. Dec. 11, 1996)  (allowing impeachment in a civil assault trial despite the fact that plaintiff's felony convictions included two murder counts).

There are other differences between the circumstances of plaintiff's prior conviction and facts in the instant matter that support allowing plaintiff's convictions to be disclosed to the jury.  For example, in the instant matter, no deadly weapon was involved while plaintiff's felony conviction involved a deadly weapon.  Both cases involve an attempted assault.

As to the "extent and nature of plaintiff's record before and after the conviction" at the time of the plaintiff's conviction, he was on probation for unauthorized use of a motor vehicle in Montgomery County, Maryland.  This factor mitigates in favor of admitting plaintiff's felony conviction.

In *Jones v. Board of Police Comm'rs*, 844 F.2d 500 (8th Cir. 1988) *cert denied*, 490 U.S. 1092 (1989) in an arrestees civil rights action against police officers, the Court, applying Rule 403, found no unfair prejudice in the admission of prior convictions for robbery, rape and forcible sodomy.   In that case, the Court explained that the "jury had to choose between conflicting versions of the same occurrence."   Plaintiff's convictions here are not nearly as serious.

Based on the foregoing, the District submits that plaintiff's motion seeking to preclude the defendants from attacking his credibility with his felony convictions must be denied.

**2. Plaintiff's Arrest**

Plaintiff also seeks to preclude the defendants from introducing the fact that plaintiff was under arrest for assault with a deadly weapon when the incident alleged occurred. The District submit that this motion should be denied because the fact that plaintiff was arrested for assault with a deadly weapon – cinder block, is relevant to several issues in this case. Indeed, the fact that plaintiff was under arrest when he was at the MPD's Central Cell Block will be obvious to the jury, and the nature of that arrest is inexorably intertwined with the facts in this case. To exclude evidence of plaintiff's charges would just invite jury speculation.

The alleged crimes that plaintiff was arrested for is also relevant to disputed issues in this case. For example, the fact that plaintiff was charged with assault with a deadly weapon is relevant to the state of mind of the District's officers and their treatment of plaintiff while he was waiting for medical transport. After the altercation between plaintiff and Ofc. Thomas, plaintiff was placed in a cell at the Central Cell Block in handcuffs. Plaintiff intends to argue that this was inappropriate and unnecessary.

However, Acting Supervisor Hawkins explained in his deposition that plaintiff was left handcuffed for the protection of the officers in the Cell Block and to minimize the possibility that plaintiff might be injured in a second altercation. The fact that plaintiff was charged with assault with a deadly weapon and that he had already attacked Ofc. Thomas led the officers in the Central Cell Block to believe plaintiff was a violent person who might attack again if he were not handcuffed. Since the plaintiff's charges were known to the District's officers, it is relevant to show why they treated plaintiff the way they did. *See e.g. Hegarty v. Somerset County*, 53 F.3d 1367, 1375 (1st Cir. 1995).

(Finding that officers sued in a civil case could reasonably believe that plaintiff was unpredictable and violent based on reports of earlier criminal conduct.)

In addition, plaintiff will argue to the jury that he was denied timely medical care. Plaintiff will likely argue that he could have been sent to the hospital by ambulance which could have been summoned by calling 911.  However, the officers at the Central Cell Block felt that plaintiff needed a police escort to the hospital because of the serious nature of the charges he faced not to mention his bad behavior in the Central Cell Block. The nature of plaintiff's charges goes to show that it would not be responsible for Sgt. Hawkins to send an arrestee for a violent felony charge pending, such as plaintiff, to the hospital without a police escort -- 1) there was reason to believe plaintiff might try to escape to avoid prosecution; and 2) because there was reason to believe plaintiff might assault fire department or hospital personnel.  Plaintiff's charges played a part in this calculation and are therefore relevant and admissible.  Any unfair prejudicial affect following the admission of this evidence can be avoided by giving the jury an limiting instruction.

In addition, as discussed below in a related context, the circumstances of plaintiff's arrest and his unhappiness with spending the night at the Central Cell Block go to show his antipathy toward police officers.

When  plaintiff was arrested for assault with a deadly weapon, apparently he was informed he would *not* have to spend the night in jail.   The circumstances of plaintiff's arrest is relevant to plaintiff's own state of mind. When plaintiff found out he would remain in jail overnight, he ordered Ofc. Thomas to take him "back to his mother-fucking cell," and began to walk away.  When Ofc. Thomas grabbed plaintiff by his arm to

9

prevent him from leaving, plaintiff took a swing at Ofc. Thomas out of "antipathy" toward the police.

Plaintiff's numerous other arrests are likewise relevant to show plaintiff's hostility toward police officers in general and Ofc. Thomas in particular.  This was not the first time that plaintiff had been in locked up.  *See e.g. United States v. Spencer*, 25 F.3d 1105, 1109 (D.C. Cir. 1994) (allowing prosecutor to impeach defense witness with pending armed robbery charge against her was not abuse of discretion, where other evidence showed witness' antipathy toward law enforcement and trial court determined that jury could hear about possible source of her hostility.) [1]Plaintiff's prior arrests before his August 25, 2005, arrest is relevant to show that plaintiff was aware that if he was not presented to a judge by the cut-off time, he would have to spend the night in jail. Moreover, plaintiff's prior adult arrests help to explain plaintiff's hostility toward the police and his short temper on August 25, 2005.

## CONCLUSION

For the reasons set forth above, plaintiff's motion *in Limine* should be denied.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____
        PHILLIP A. LATTIMORE, III
        Chief, General Litigation Section III

---

[1] On  June 30, 2005, plaintiff was arrested for "unlawful taking of motor vehicle," "theft over $500," "UUV," "rogue and vagabond,," "malicious destruction of property," and on March 10, 2006, "possession of open container of alcohol."

                    _____
                    STEVEN J. ANDERSON (334480)
                    JAMES H. VRICOS (474026)
                    Assistant Attorney General
                    Suite 600S
                    441 Fourth Street, N.W.
                    Washington, D.C. 20001
                    (202) 724-6607
                    (202) 727-3625 (fax)
                    E-mail:  Steve.anderson@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nigel Austin, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :   Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*, | : |
| | : |
|     Defendants. | : |
| _____ | : |

### **ORDER**

Upon consideration of plaintiff's motion *in Limine*, the defendants' opposition of filed thereto, the record herein, and for the reasons in the District's opposition, it is this

\_\_\_\_\_ day of _____, 2007,

ORDERED: plaintiff's motion is DENIED.

_____
The Honorable John Bates
U.S. District Court Judge

Copies to:

Steven J. Anderson, AAG
441-4th Street, NW, 6th floor south
Washington, DC 20001

PRESSLER & SENFTLE,
James Pressler, Esq.
927 15th Street, NW
Twelfth Floor
Washington, D.C. 20005

Peter C. Grenier
1150 Connecticut Ave. NW, 9th Floor
Washington DC, 20036