IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIGEL AUSTIN | : |
| Plaintiff, | : |
| v. | : CASE No. 1:05-CV-02219 (JDB) |
| THE DISTRICT OF COLUMBIA, et al. | : |
| Defendants. | : |

**DEFENDANT THOMAS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT DISCLOSURE AND OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**

Defendant Don Thomas, through counsel, opposes Plaintiff's attempt to limit the Defendant from supplementing his expert disclosure with a brief addendum clarifying the Defendant's standard of care for providing medical care or aid to the Plaintiff during the alleged occurrence. As set forth below, the addendum will only further amplify and be consistent with the expert's general theory that the Defendant Thomas reasonably conducted himself within his legal authority and within the standards of his agency's policies and procedures. The limited supplementation also pertains to issues already litigated between the parties and involves no surprise or prejudice to the Plaintiff. Defendant further opposes Plaintiff's motion in limine on the bases that Plaintiff's felony convictions are admissible for purposes of impeachment and Plaintiff's arrest record, including the arrest related to the alleged occurrence, has probative value and is admissible as substantive evidence.

I.

## THE DEFENDANT THOMAS SHOULD BE GRANTED LEAVE TO SUPPLEMENT HIS EXPERT DISCLOSURE TO ADD A BRIEF ADDENDUM

A.

### The Additional Testimony of Defendant's Liability Expert will not Be Distinct from the Expert's General Theory that the Defendant Thomas Acted Reasonably During the Handling of the Alleged Incident.

Where a party claims surprise and challenges the scope of an expert's testimony, the threshold question is whether the contested testimony was distinct from the general theory disclosed. *Weiner v. Kneller*, 557 A.2d 1306 (D.C. 1989)(construing sufficiently of disclosure under Rule 26(b)(4) statement). Courts "have generally allowed experts to state the natural concomitants of their arguments . . . ." *Id.*

Plaintiff's contention that Defendant Thomas' expert disclosure only revealed that his liability expert would "solely testify about the reasonableness of Defendant Thomas' use of force against Plaintiff" is wrong. In this case, the essence of Plaintiff's claim against the Defendant Thomas is that he used excessive force in punching the Plaintiff and did not provide subsequent medical care. As set forth in the Defendant Thomas' initial expert disclosure, the expected testimony of the liability expert, Paul M. Mazzei, in response to these allegations, was the general theory that the "Defendant acted reasonably in his handling of the alleged incident and that the alleged use of force was appropriate under the circumstances." (Exhibit 1, Defendant's Expert Witness Disclosure).[1] Because the issue of whether Defendant Thomas

---

[1] In his report, Mazzei opines that "Officer Thomas . . . .conducted himself within his legal authority" and "the standards of his agency's policy and procedures" (See Exhibit 1, Defendant's Expert Disclosure)

2

provided subsequent medical care is a "natural concomitant" of the general theory that the Defendant Thomas "acted reasonably in his <u>handling</u> of the alleged incident", the Defendant Thomas should be allowed to amend his expert disclosure to clarify the basis for why Defendant Thomas acted reasonably during the incident, including the issue of providing subsequent medical care.

### B.

### Plaintiff has Suffered no Prejudice or Surprise

In determining whether to allow a party to broaden an expert's expected testimony, the "two most important factors to be considered are the prejudice and surprise suffered by the opposing party, and that party's ability to cure the prejudice." *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 7 (1st Cir. 1985); *see also Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977). Exclusion of evidence is a severe sanction. *See DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193 (3d Cir. 1978); *Weiner v. Kneller*, 557 A.2d 1306 (D.C. 1989).

Here, there is no surprise and the Defendant Thomas is not "now seeking leave to set forth an entirely new opinion!" (See Plaintiff's Opposition, p. 8). As Plaintiff's counsel conceded at Mr. Mazzei's deposition, he was aware that Mr. Mazzei would be addressing the issue of medical assistance and questioned Mr. Mazzei on the issue. (Exhibit 2, Mazzei Deposition, pp. 78-81). At an earlier deposition of Plaintiff's liability expert, James E. Bradley, there was also extensive questioning of Plaintiff's expert pertaining to whether the Defendant Thomas fulfilled his duty to provide medical care upon notifying his direct line supervisor.[2]

---

[2] In fact, taking the Defendant Thomas' version that he notified his supervisor as true, Mr. Bradley conceded that the Defendant Thomas had no further duty to request medical transport. (Exhibit 3, Bradley Deposition, pp. 154-155).

3

Thus, the issue was before the parties and the fact that the Defendant Thomas' expert would be addressing the plaintiff's allegations pertaining to medical care was not a surprise.

There is also no prejudice. As a threshold matter, Mr. Mazzei's opinion on medical care is distinct and straight forward. His opinion is simply that the Defendant Thomas had no further duty to provide medical care upon notifying his supervisor. Thus, Plaintiff is not confronted with rebutting a complex liability theory. Indeed, Plaintiff already has a liability expert who will rebut Mr. Mazzei's uncomplicated opinion.

Plaintiff has also had an opportunity to question Mr. Mazzei on this basic opinion. There was the following deposition colloquy:

> Q. And again subject to my strenuous objection to you providing such opinions, can you tell me what is the totality of your opinions regarding medical attention insofar as Officer Thomas was concerned?
>
> A. I don't have any specific to, from the medical perspective other than the fact that he qualified his responsibility when he, in fact, notified and actually when, in fact, officer or Acting Sergeant Hawkins was on the scene of the incident with Mr. Austin
>
> Q. Was Officer Thomas required to render first aid to Mr. Austin?
>
> A. Can you define first aid for me more specifically?
>
> Mr. Mehigan: Where's your definition?
>
> Q. I'm glad you asked. It's the provision of medical services to someone before formal medical attention arrives.
>
> A. I believe the way I read the general order that talks, I believe it's 901.07, that if a supervisor, and if I remember supervisor is bolded, but once a supervisor is on the scene of a combatant or violent or resisting individual or prisoner or detainee, whatever the case may be, that they take full control of that scene. So, you know, once Acting Sergeant Hawkins got on the scene of that particular situation, especially being in the contained environment, that it would have been his responsibility to either direct, delegate, or initiate what ever first aid would have been necessary.

> Q. Okay. So yes or no, should Officer Thomas have rendered first aid himself to Mr. Austin?
>
> A. Not necessarily.
>
> Q. Well, when you say not necessarily, I don't understand that.
>
> A. In this particular situation, no, sir.

(Exhibit 2, Mazzei Deposition, pp. 79-81)

As set forth above, Plaintiff's counsel, therefore, had the opportunity to question Mr. Mazzei as to the "totality" of Mr. Mazzei's opinions "regarding medical attention insofar as Officer Thomas was concerned" and cannot claim prejudice. Plaintiff's contention that the foregoing deposition passage is only a "little snippet" particularly misses the mark. The point is that the substance of the testimony reveals that the issue of medical assistance was part of Mr. Mazzei's opinion which the Plaintiff was aware of and had an opportunity to explore with Mr. Mazzei.[3]

Plaintiff's cases of *Beller v. United States*, 221 F.R.D. 696 (D.N.M. 2003) and *Minebea Co. v. Papst*, 231 F.R.D. 3 (D.D.C. 20005) are markedly different cases. In *Beller* the Court would not allow a supplemental economic report, in a complex wrongful death case, which

---

[3]In this regard, Plaintiff's portrayal of Mr. Mazzei conceding that he was never asked to render an opinion on medical treatment or was qualified to render an opinion on medical treatment is a distortion of the record. In deposition, Mr. Mazzei testified that he would not be rendering an opinion on medical treatment "per se" (i.e., what type of treatment would be medically necessary), but made clear that he would be rendering an opinion as to the extent Defendant Thomas' duty to render medical assistance. (Exhibit 2, Mazzei Deposition, pp.78-80). Defendant Thomas, therefore, is not trying to supplement his expert disclosure "with the very information" Mr Mazzei could not testify about at deposition because Mr. Mazzei <u>did</u> testify, subject to Plaintiff counsel's questioning, as to the extent of Defendant Thomas' duty to provide medical assistance.

altered multiple conclusions of the economist's original report. The Court particularly noted that the allowance of the supplemental report would significantly reopen discovery and possibly spawn the identification of additional experts. In *Minebea*, the request for supplementation came too late as trial had already begun. Unlike the party in *Beller* and *Minebea*, the Defendant Thomas only seeks to supplement the record with an uncomplicated opinion, already known and explored between the parties, which the opposing party can counter with an already identified expert.

The case of *Coles v. Perry*, 217 F.R.D. 1 (D.D.C. 2003) supports the Defendant Thomas. *Coles* involved the late identification of a functional capacity evaluation. While the court disallowed the supplementation of the expert's opinion based on the evaluation, the Court did note that it would reconsider its decision if the opposing party was aware of the report at the time of the expert's deposition because the concerns of Rule 26 as to surprise and prejudice would be satisfied. On this point, the Court stated:

> I hasten to add that I am assuming plaintiff took Dr, Butler's deposition and plaintiff's counsel did not inquire about how his 1998 report would have been affected by the functional capacity evaluation. If I am wrong and plaintiff so inquired, then the purposes of Fed. R. Civ. P. 26(a)(2)(B) have been satisfied and I will reconsider this decision. *Coles*, 217 F.R.D. at 6.

Likewise, in this case, Plaintiff was aware of Mr. Mazzei's opinion on the providing of medical care, and even questioned Mr. Mazzei on the issue at deposition, and should be allowed to supplement his expert disclosure on this limited point.[4]

Plaintiff's reliance on the supplementation provisions of Rule 26(e) and related cases is

---

[4] The case of *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655 (N.D.Ga. 2001) is inapplicable because it involved a class action suit where an expert disclosure supplementation would offset the complex tracking of the case.

misplaced. While Rule 26(e) certainly does not provide authority to a party to supplement expert disclosures, *Coles,* 217 F.R.D. at 5, the rule pertains to the affirmative duty of a party to supplement it expert disclosures upon the discovery of new or incorrect information. In so far as the Defendant Thomas is not supplementing his expert disclosure, pursuant to the mandates of Rule 26(e), the applicable test is not whether there exists new or incorrect information, but rather whether the Plaintiff would suffer surprise or incurable prejudice by the Defendant Thomas' limited supplementation. *Johnson v. H.K. Webster, Inc.,* 775 F.2d 1, 7 (1st Cir. 1985); *see also Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894 (3d Cir. 1977).

Lastly, the Plaintiff's characterization that the Defendant Thomas should not be accorded a "third time" to provide an expert disclosure is a mis-portrayal of the record. The Defendant Thomas timely identified a liability expert at the time of the Court's initial expert disclosure deadline. At that time, the Defendant Thomas requested an additional 30 day extension to identify a damage expert. This request was due primarily to the fact that the Defendant Thomas had retained new counsel. Based on the Plaintiff's counsel's objection at the deposition of Mr. Mazzei in February 2007, on the medical care issue, the Defendant Thomas moved in early May 2007 to supplement his disclosure to address Plaintiff's concerns.[5] Accordingly, the Defendant Thomas has not haphazardly sought to supplement his expert disclosure, but only seeks to add a brief addendum, tracking Mr. Mazzei's deposition

---

[5] In late February 2007, the Defendant Thomas' counsel left his firm whereupon the undersigned counsel took over the case in March 2007. At that juncture, the undersigned counsel, who was confronted with learning the case and addressing summary judgment motions, acted expeditiously as possible to move to supplement the Defendant Thomas' expert disclosure.

7

testimony, causing no surprise or incurable prejudice to Plaintiff.[6]

C.

**Any Claim of Prejudice can be Cured by a Limited Deposition of Mr. Mazzei**

While the Plaintiff makes the sweeping assertion that the Defendant Thomas' request to supplement is "extraordinarily prejudicial", he offers no line of questioning he would have pursued related to Mr. Mazzei's uncomplicated opinion. If Plaintiff truly wishes to further question Mr. Mazzei, a brief deposition of Mr. Mazzei on the narrow issue of medical care would be the appropriate procedural remedy which would not disrupt the current scheduling of the case.

II.

**PLAINTIFF'S CRIMINAL HISTORY IS ADMISSIBLE AS IMPEACHMENT OR SUBSTANTIVE EVIDENCE**

For purposes of brevity, Defendant Thomas adopts and incorporates herein the Defendant District of Columbia's Opposition to Plaintiff's motion in limine.

As the District correctly points out, the Plaintiff has voluntarily brought this lawsuit placing his credibility at issue. There is also a lower standard for admitting criminal convictions in a civil case. Accordingly, the evidence is admissible, for impeachment purposes, to demonstrate that the Plaintiff has a felonious background and is not otherwise a blameless or innocent party. An instruction informing the jury that the evidence is offered for impeachment,

---

[6]The manufactured nature of Plaintiff's complaints of prejudice is particularly manifested by the fact that the Plaintiff claims he was harmed because he could not rely on Mr. Mazzei's opinion at the summary judgment stage of this litigation. Mr. Mazzei's opinion would have only supported the Defendant Thomas and offered no support to Plaintiff in responding to summary judgment motions.

and not for the purposes that the Defendant acted in conformity with prior conduct, would offset Plaintiff's concerns of prejudice.

Because the Plaintiff will have opened the door by challenging his handcuffing by the police officers, the Plaintiff's arrest record is relevant as to the officer's state of mind at the time of the handcuffing. The evidence is also probative of Plaintiff's antipathy toward police officers.

WHEREFORE, for the foregoing reasons, the Defendant Don Thomas requests the Court to grant his Motion for Leave to Supplement Expert Disclosure and to deny the Plaintiff's motion in limine.

Respectfully submitted,

/s/ Patrick G. Senftle
Patrick G. Senftle #412191
James W. Pressler, Jr. #221051

PRESSLER & SENFTLE, P.C.
Three McPherson Square
927 15th Street, N.W.
12th Floor
Washington, D.C. 20005
(202) 822-8384
(202) 331-7587 (fax)

ATTORNEY FOR DEFENDANT THOMAS

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Defendant Thomas' Motion for Leave to Supplement Expert Disclosure and proposed Order was electronically served this 4th day of June, 2007, to Peter C. Grenier, Esq., 1150 Connecticut Avenue, N.W., Ninth Floor, Washington, D.C. 20036 and Steven J. Anderson, Esq., 441 Fourth Street, N.W., Suite 600S, Washington, D.C. 20001.

/s/ Patrick G. Senftle
Patrick G. Senftle