```
                                                                      1

 1            UNITED STATES DISTRICT COURT FOR

                  THE DISTRICT OF COLUMBIA

 2    - - - - - - - - - - - - - - - - - X

 3    NIGEL AUSTIN,                      :

 4              Plaintiff,               :    Case Number:

 5                                       :    1:05CV02219

 6    v.                                 :

 7    DISTRICT OF COLUMBIA,              :

 8    et. al.,                           :

 9              Defendants.              :

10    - - - - - - - - - - - - - - - - - X

11                      January 30, 2007

12                      Washington, D.C.

13          Deposition of JAMES E. BRADLEY, JR., a

14    witness, called for examination by counsel

15    for the Defendants, in the above-entitled

16    matter, pursuant to notice, taken at the offices

17    of the District of Columbia Attorney General,

18    located at 441 4th Street, N.W., Sixth Floor,

19    Washington, D.C., 20001, beginning at 10:28

20    a.m., before Leanne M. Krivonak, CVR, CCR, a

21    court reporter and notary public in and for the

22    District of Columbia.
```

COPY

154

1   A   Call for assistance. Call for a
2   transport.
3   Q   The obligation to call for a transport
4   is upon Thomas, and not his supervisor, is that
5   correct?
6   A   The obligation falls within all police
7   officers of the Metropolitan Police Department,
8   for the protection of and the preservation of
9   life in the District of Columbia. They're
10  responsible for the well being of all citizens
11  of the District of Columbia, should have called
12  9-1-1 and got an ambulance or a scout car.
13  Q   Well, assume for the purposes of this
14  question that after the injury occurred, Hawkins
15  called for a transport and notified -- and was
16  notified by Thomas that Austin wanted medical
17  care. Under those circumstances, was Thomas
18  required to call again --
19  A   No.
20  Q   -- for a transport?
21  A   No, but that's not what happened in
22  this case.

JAMES E. BRADLEY, Jr.
Austin v. District of Columbia, et al.                                      1/30/2007

155

1   Q    Oh, okay.  But if Hawkins had called
2   for medical care, and was notified by Thomas
3   that Austin was wanting medical care, then
4   Thomas had fulfilled his responsibility to get
5   medical care for Austin, correct?
6   A    Hypothetically, except for the failure
7   to render first aid.
8   Q    That is correct?
9   A    Yes, sir.
10       MR. GRENIER:  Mr. Anderson, just so
11  we're clear, you do represent the District of
12  Columbia, correct?
13       MR. MEHIGAN:  He's doing a fine job.
14       MR. GRENIER:  No, I just want to make
15  sure I understand, and we can all stipulate that
16  Hawkins was acting in the scope of his
17  employment with the District at the time.
18       MR. ANDERSON:  We're not making --
19       MR. MEHIGAN:  -- that question off my
20  outline, it's okay.
21       MR. ANDERSON:  We're not making
22  stipulations, here, we're doing this deposition.