**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Nigel Austin,                              : | |
|                                            : | |
|     Plaintiff,         : | |
|                                            : | |
| v.                                         : | |
|                                            : | Civil Action No. 05-2219 (JDB) |
| District of Columbia, *et al.*,            : | |
|                                            : | |
|     Defendants.        : | |
| _____: | |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO THIS DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF POST REMEDIAL MEASURES**

Plaintiff brought this civil case against the District and one its police officers, Donald Thomas, after he suffered a broken jaw while incarcerated at the Metropolitan Police Department ("MPD") Central Cell Block. In his complaint, plaintiff claims that the Ofc. Thomas struck him without justification and that the District's agents failed to obtain medical care for plaintiff within an appropriate amount of time.

After the incident, there was an investigation conducted by the Force Investigation Team (FIT). The FIT collected documents, took statements from witnesses and took photographs. Contrary to the suggestion in plaintiff's opposition to the District Motion to Exclude Evidence of Post Remedial Measures, the District does not seek to exclude the evidence FIT collected. Rather, it is the opinions and recommendations included in the text of the FIT reports which are the focus of the District's motion *in Limine*.

Based on the evidence it collected, the FIT drafted reports that summarized the evidence. The text of the FIT report also includes the investigators' opinion that certain MPD policies were violated by MPD officers, or that question the actions of the officers involved. Hence, in the text of the reports, the FIT investigators question why plaintiff was not charged with "assault on a police officer," the time it took to transport Plaintiff to the hospital, and the officer's failure to report the incident to FIT the day it happened. These observations are nothing more than the opinions of the investigators. They are not an official determination by the District.

Based on the recommendations in the FIT report, the Use of Force Board determined that the MPD's officers' use of force was justified. The Board recommended that one officer be retrained on the Department's policy regarding medical care. These are the only official decisions the police department made.

In its motion, the District demonstrated that the text of the FIT report and Board's recommendation regarding additional training should be excluded because the evidence is part of the MPD's post remedial measures. The District also demonstrated that this evidence is more prejudicial than probative.

Clearly, the additional training recommended is corrective or remedial in nature. For public policy reasons, Fed. R.Evid. 407 provides that "subsequent remedial measures" may not be used to prove laiblity. This is exactly what plaintiff wants to do.

If allowed, plaintiff will argue to the jury that the retraining recommended by the Use of Force Review Board is proof that the District's officers violated MPD General Orders. Rule 407 excludes this type of evidence to encourage defendants to take

remedial measures by not allowing those measures to be used against them as evidence of prior wrong-doing.

Likewise, the opinions and recommendations of the FIT investigators included in the text of their report are part of the MPD's remedial process. Plaintiff's opposition argues that the investigators' opinions and recommendations in the text of the FIT reports should be admissions because they are not *pre se* remedial measures – they are however protected as an essential part of the remedial process.

After the Washington Post published a series of articles critical of the MPD's use of force and its investigations that followed, the District invited the U.S. Department of Justice (DOJ) to do an audit of the MPD's procedures. As a result of that audit, the District entered into a Memorandum of Understanding with DOJ which established the Force Investigation Team whose report is at issue here. *See* MOU attached as Exh. 1. As Judge Huvelle explained in her May 26, 2005, memorandum opinion, *Emanuel v. District of Columbia, et al.*, No. 05-7091, *aff'd at* 2007 WL 754772. **"**[T]he MOA [is the MPD's] effort to improve its practices and procedures relating to investigation and discipline of police misconduct." citing *Byrd v. Dist. of Columbia*, 297 F. Supp. 2d 136, 140-41 (D.D.C. 2003), *summarily aff'd*, No. 03-7196, 2004 U.S. App. LEXIS 8313, at *2 (D.C. Cir. April 26, 2004). The text of the FIT investigators' reports are an intractable part of the MPD's remedial procedures as much as the final measures taken.

Excluding opinions and recommendations by FIT investigators will not result in unfair prejudice to plaintiff. Plaintiff is free to argue to the jury that the hard evidence the FIT collected shows there was a violation of MPD policies. The plaintiff's lawyers and the expert can argue the evidence to the jury. If the District's motion is granted, plaintiff

will not, however, be able to argue that the District's FIT investigators have determined that District officers acted improperly.

The District submits that using the deliberations that took place as part of FIT investigation is more prejudicial than probative. The opinions of FIT investigators have little probative value. The official finding of the FIT Board was that the force used was justified. However, if allowed, plaintiff will imply that the FIT investigators determined that officers violated MPD General Orders. FIT investigators have no authority to make such a determination. They do not speak for the District.

Allowing plaintiff to use the opinions of FIT investigators as admissions by the District will stifle the candor of FIT investigators in the future and make remedial measures less likely. Plaintiff's Opposition does not rebut these arguments.

Plaintiff's first argument makes no sense. Plaintiff argues that the text of FIT reports is admissible because they are "internal investigatory reports." Plaintiff also argues that there is "no indication that [FIT reports tend to] made the harm less likely to occur." Opp. at 5.

Plaintiff's Opposition does not explain why post remedial measures and internal reports are mutually exclusive. In addition, clearly the FIT procedure is designed to identify, discipline and ultimately remove officers who have used excessive force, thereby making such harm less likely to occur. The basis idea is that investigations of all use of force and corrective action where appropriate will help MPD minimize the misuse of force. Plaintiff's opposition asks the Court to ignore the obvious.

Many of the cases the plaintiff relies upon in his opposition stand for the proposition that hard evidence collected after an accident is not protected by Rule 407.

The District does not argue otherwise. However, the analysis of the evidence and resulting recommended action are remedial. For example, in his Opposition on page 7, plaintiff cites *Misner v. GM*, 924 F. Supp. 130, 132 (D.Utah 1996). That case found that post event tests should not be excluded by Rule 407. In this case, the text the FIT reports defendant seeks to exclude contains the opinions and recommendations of the FIT team, not test results. Test results are analogous to the statements and other hard evidence that the District is not seeking to exclude from evidence. If the District's motion is granted, plaintiff would still be free to rely upon the witness statements, photographs and General Orders the FIT team collected.

Plaintiff also cites *Prentis & Carlisle v. Koehering-Waterou*s, 972 F.2d 6 (1st Cir. 1992) as authority, but admits in footnote 2 that "the Court redacted any mention of the *suggested* remedial measure contained in the documents." [Emphasis added.] Applying that rule to this case, the FIT recommendation of additional training should be excluded from evidence. Contrary to the argument in plaintiff's opposition, it does not make sense to exclude evidence of remedial measures, but allow analysis that leads to the remedial action.

In *Wilson v. Beebe*, 770 F.2d 578 (6th Cir. 1985), the Court rejected defendant's Rule 407 argument seeking to exclude a police report that documented a police officer's admission that he had cocked his pistol before he accidentally shot a suspect in violation of that department's policy. Again, the report at issue in that case documented the officer's admission of misconduct. This was hard evidence of misconduct, different from the opinions and analysis the District seeks to exclude here.

Plaintiff's opposition fails to admit the obvious, *viz.*, that *Maddox v. City of Los Angles*, 792 F.2d 1408 (9th Cir. 1986) is directly on point. Plaintiff tries to distinguish that case by arguing that the Court relied upon both Rules 403 and 407. However, the District advanced both Rules in support of its original motion. Opp. at 13. In his discussion of *Maddox*, plaintiff argues that he should be allowed to use the statements and other hard evidence FIT collected. As stated above, the District concedes this point. *Id.*

Likewise, *Specht v. Jenson*, 863 F.2d 700 (10th Cir. 1988), is very similar to the instant case. In that civil rights case, the Court excluded a press release issued by a city official who stated that officers exercised poor judgment and that disciplinary action would be taken. See also *Alimenta, Inc. v. Stauffer*, 598 F. Supp. 934, 940 (N.D. Georgia 1984) (post-event accounting report in civil fraud suit is a subsequent remedial measure under Rule 407).

Plaintiff incorrectly cites *In re: Aircrash in Bali, Indonesia*, 871 F.2d 812, 816 n2 (9th Cir. 1989), for the position that "subsequent remedial measures include only the actual remedial measure themselves, and not the initial steps toward ascertaining whether any remedial measures are called for." However, in that case, the Court, by its own accounting, did not reach this issue. Rather, one of the two reports admitted was authored before the accident occurred, and was therefore, not subsequent within the meaning of Rule 407. The other report was not written by defendant. Rather, the second report was authored by the government. Therefore, allowing its admission into evidence would not punish the defendant for considering remedial measures.

Conclusion

Plaintiff's opposition fails to rebut the District's showing that admitting the text of the reports drafted by FIT investigators, and the Use of Force Review Board's recommendation of additional training for an officer would be more prejudicial than probative. The opinions of FIT investigators have little probative value, but would be very prejudicial. The investigator's opinions and recommendations are deliberations that presage the final determination that use of force was justified. Moreover, Rule 407 precludes the admission of the opinions and observations of FIT investigators because it would discourage the District from taking post remedial measures.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

---

PHILLIP LATTIMORE, III
Chief, General Litigation Section III

---

STEVEN J. ANDERSON
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax) (202) 727-3625
E-mail: Steve.anderson@dc.gov