## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| NIGEL AUSTIN, | ) |
| | ) |
| | ) |
| Plaintiff, | ) Case No. 05-2219(JDB) |
| | ) |
| v. | ) |
| | ) |
| THE DISTRICT OF COLUMBIA, et al. | ) |
| | ) |
| Defendants. | ) |

_____)

### JOINT JURY INSTRUCTIONS

THE PARTIES, through undersigned counsel respectfully submits the attached joint jury instructions.

THE PARTIES' special instructions are attached hereto as Exhibits A, B and C.

Respectfully submitted,

By:     *Peter C. Grenier /s/* _____
Peter C. Grenier (D.C. Bar No. 418570)
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C.  20036
(202) 828-4100
(202) 828-4130 (fax)
*Counsel for Plaintiff*

*Patrick G. Senftle  /s/* _____
Patrick G. Senftle, Esquire
James Pressler, Esquire
PRESSLER & SENFTLE, P.C.
927 15th Street, N.W.
Twelfth Floor
Washington, D.C. 20005
*Counsel for Defendant*
*Officer Don Thomas*

_Steve J. Anderson /s/_____
Philip Lattimore III, Esquire
Chief, General Litigation Sec. III
Steven J. Anderson, Esquire
Assistant General Counsel
441 4th Street, N.W.
6th Floor North
Washington, DC 20001
_Counsel for Defendant District of Columbia_

Joint Instruction _____

Function of the Court

The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

*Source:* Instruction 1-1, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Function of the Jury</u>

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

*Source:* Instruction 1-2, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Juror's Duty to Deliberate</u>

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

*Source:* Instruction 1-4, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Attitude and Conduct of Jurors</u>

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict which you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

*Source:* Instruction 1-5, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint  Instruction _____

<u>Instructions to be Considered as a Whole</u>

You must treat and consider all of these instructions as a whole.  You must not single out any particular instruction or sentence while ignoring others.  You must give each instruction equal importance and consider each one equally with all other instructions.

*Source:*  Instruction 1-6, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Court's Commenting on the Evidence</u>

The law permits me to comment to you about the evidence in this case. My comments are only my opinions about the facts, and you are not bound by my opinions. If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment. Remember, you are the sole and exclusive judges of all questions of fact in this case.


*Source:*  Instruction 1-7, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Court's Questions to Witnesses</u>

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

*Source:*  Instruction 1-8, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction ____

## Jury Not to Take Cue From Judge

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

*Source:*  Instruction 1-9, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Rulings on Objections</u>

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered.  Similarly, when I told you to disregard a particular answer -- when I ordered it stricken -- you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations.  Those interruptions concerned legal matters, while your job is to decide the facts.  You should not be influenced by the any lawyer's objections, no matter how I ruled upon them.

*Source:* Instruction 1-10, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction ___

<u>Evidence in the Case – Judicial Notice</u>

Another type of evidence includes facts of which I take judicial notice. I may take
judicial notice of public acts, places, facts and events which I regard as matters of
common knowledge. When I take judicial notice of a particular fact, you may regard that
fact as included in the evidence and proven.

*Source:* Instruction 2-2, *Standardized Civil Jury Instructions for the District of Columbia*
(2006 Rev. Ed.)

Joint Instruction ____

<u>Inferences</u>

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make.

*Source:* Instruction 2-3, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Statements of Counsel</u>

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

*Source:* Instruction 2-5, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Jury Recollection Controls</u>

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory

*Source:* Instruction 2-6, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction ____

Burden of Proof

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of his claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced, on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant.

In this case, the defendant has asserted affirmative defenses and counterclaims that he must prove by a preponderance of the evidence. When I discuss each of these defenses and counterclaims, I will instruct you on the defendant's burden of proof.

*Source:* Instruction 2-8, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

## Evidence Produced by Adversary

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it.  A party is entitled to benefit from all evidence that favors him, her or it, whether he, she or it produced it or his, her or its adversary produced it.

*Source:* Instruction 2-9, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

*Source:* Instruction 2-10, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Jury to Determine Credibility of Witnesses</u>

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

*Source:* Instruction 3-1, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

## Number of Witnesses

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side.  You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief.  You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

 If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

*Source:* Instruction 3-2, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Expert Opinion</u>

You have heard testimony from persons identified as experts. These witnesses are considered experts because their training, skill, experience or education has given them scientific, technical or other specialized knowledge that might assist the jury in understanding the evidence or in determining a fact in issue. Expert witnesses may state an opinion about any matter within their expertise and provide the reasons for the opinion.

Expert testimony should be judged just as any other evidence. You may accept it or reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, the expert's credibility and all the other evidence in the case.

In this case there has been a conflict in the testimony of expert witnesses. As reasonable and intelligent people using your own good judgment, you must resolve that conflict and determine which, if any, of the expert opinions you will accept as accurate. You should consider and weigh the credibility and qualifications of the experts who have testified, the logic of the reasons given in support of their opinions, and other evidence in the case that favors or opposes a given opinion.

*Source:* Instruction 3-3, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Depositions as Evidence</u>

During the trial of this case, certain testimony has been read to you or presented by videotape. You should give to this testimony the same consideration as to its weight and credibility, as you give to the testimony of witnesses who testified here in court. You must not discount any testimony merely because it was read to you or presented on videotape.

*Source:* Instruction 3-5, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

## Impeachment by Prior Inconsistent Statement

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with [his][her] testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony [he][she] gave in court.

If the witness made the prior inconsistent statement [under oath subject to the penalty of perjury][at a deposition], then you may also treat that prior statement as evidence in this case--that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness [was not under oath subject to the penalty of perjury] [was not at a deposition] when [he][she] made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

*Source:* Instruction 3-8, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Employer and Employee Sued</u>

In this case, the plaintiff has sued both the employee and the employer. You are instructed that the employee, like anyone else, is personally responsible for their own wrongful, intentional or negligent acts or failures to act.

*Source:* Instruction 6-5, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

Damages – Jury to Award

If you find for the plaintiff, then you must award the plaintiff a sum of money which will fairly and reasonably compensate him for all the damage which he experienced which was proximately caused by the defendant.

*Source:* Instruction 12-1, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

Burden of Proof – Speculative Damages

The burden of proof is upon the plaintiff to establish all elements of his damages by a preponderance of the evidence. The plaintiff must prove his damages with reasonable certainty. You may only award the plaintiff damages for past, present or future detriment, harm, injury, and/or expenses that are not speculative. Speculative damages are those that might be possible but are remote or based on guesswork.

The plaintiff does not have to prove his exact damages, however. You may award the plaintiff damages that are based on a just and reasonable estimate derived from relevant evidence. Similarly, the plaintiff does not need to show that there is an absolute certainty that the injury or loss will continue into the future. You may award damages to compensate the plaintiff for injury and losses that probably will continue.

*Source:* Instruction 12-2, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Joint Instruction _____

<u>Damage Verdict – Multiple Defendants</u>

If you find that the plaintiff is entitled to receive damages from more than one defendant, then you must award such damages in a single amount against all defendants whom you find to be liable.

Source: Instruction 12-5, Standardized Civil Jury Instructions for the District of Columbia (2006 Rev. Ed.)