**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| **NIGEL AUSTIN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 05-2219 (JDB)** |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al*. ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## <u>PLAINTIFF'S SPECIAL JURY INSTUCTIONS</u>

Plaintiff Nigel Austin, through undersigned counsel respectfully submits the

attached pattern and special jury instructions.

Respectfully submitted,

NIGEL AUSTIN

By:    *Peter C. Grenier /s/*  
       Peter C. Grenier (D.C. Bar No. 418570)  
       Bode & Grenier, L.L.P.  
       1150 Connecticut Avenue, N.W.  
       Ninth Floor  
       Washington, D.C.  20036  
       (202) 828-4100  
       (202) 828-4130 (fax)  
       *Counsel for Plaintiff*

Plaintiff's Instruction _____

<u>Jury Attentiveness</u>

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

*Source:* Instruction 71-1, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

<u>Conduct of Counsel</u>

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

*Source:* Instruction 71-6, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

<u>Race, Religion, National Origin, Sex or Age</u>

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

*Source:* Instruction 71-9, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

## Burden of Proof – Clear and Convincing Evidence

Plaintiff is seeking punitive damages in this action, and, as we will more fully discuss in a little while, Plaintiff must prove these damages by "clear and convincing evidence."

What does "clear and convincing evidence" mean? Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

*Source:* Instruction 73-3, *Modern Federal Jury Instructions* (2006) (modified slightly to include reference to punitive damages)

Plaintiff's Instruction _____

### What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose-such as for the purpose of assessing a witness' credibility-you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

*Source:* Instruction 74-1, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

<u>Right to See Exhibits and Hear Testimony; Communication With Court</u>

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony-in fact any communication with the court-should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

*Source:* Instruction 78-1, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

<u>Stipulation of Fact</u>

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

*Source:* Instruction 74-4, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

<u>Interrogatories</u>

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

One cautionary word on this subject: while you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the answers against any other party, nor may you consider the answers as evidence against the party who posed the interrogatory questions. You may only consider the interrogatory answer as evidence against the party who gave the answer.

*Source:* Instruction 74-13, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

## Uncalled Witness Not Equally Available

You have heard evidence about a witness who has not been called to testify. Counsel for defendants has argued that this witness could have given material testimony in this case, and that the (defendants/plaintiff) was in the best position to produce this witness.

If you find that this witness could have been called as a witness by the defendant, and that defendant was in the best position to produce him, and that this witness would have given important new testimony, then you are permitted, but not required, to infer that the testimony of this witness would have been unfavorable to the defendant.

In deciding whether to draw this inference, you should consider whether this witness' testimony would merely have repeated other testimony and evidence already before you. You may also consider whether the defendant had a reason for not calling this witness which was explained to your satisfaction.

Any inference you decide to draw should be based on all of the facts and circumstances in this case.

*Source:* Instruction 75-3, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

<u>Inference From Party's Assertion of Privilege Against Self-Incrimination</u>

You have heard the defendant decline to answer (certain) questions on the grounds of his or her Fifth Amendment privilege against self-incrimination.

The Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he or she believes that the answers may tend to incriminate them. However, in civil cases, you are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to the defendant.

Any inference you may draw should be based upon all of the facts and circumstances in this case as you may find them.

*Source:* Instruction 75-5, *Modern Federal Jury Instructions* (2006) (modified slightly to include reference to defendant's assertion of Fifth Amendment)

Plaintiff's Instruction _____

## Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

*Source:* Instruction 76-2, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

## Discrepancies in Testimony

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

*Source:* Instruction 76-4, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

## Impeachment by Felony Conviction

You have heard the testimony of a witness who was previously convicted of a crime punishable by more than one year in jail (*or* involving dishonesty or false statement). This prior conviction was put into evidence only for you to consider in evaluating the witness' credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given.

*Source:* Instruction 76-6, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

## Conflicting Expert Testimony

 You have heard testimony of two witnesses who have been called by both sides to give their opinion about whether Defendants breached their standard of care owed to Plaintiff while he was a pre-trial detainee at the Central Cell Block and in the custody of the MPD. (*If applicable*:  You also heard testimony of two witnesses who have been called by both sides to give their opinion about the cause of Plaintiff's injuries and any resulting permanency.)

The witnesses who testified in this case did so in order to assist you in reaching a decision on the issue of whether defendants breached their standard of care owed to Plaintiff, ([*if applicable*] and whether Defendant Thomas' actions were the cause of Plaintiff's injuries, and the permanency of any such injuries).

The testimony of these witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts and their testimony relates to a question of fact - that is, whether defendants breached their standard of care owed to Plaintiff, ([*if applicable*] and whether Defendant Thomas' actions were the cause of Plaintiff's injuries, and the permanency of any such injuries); so, it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness' motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence. You should not permit a witness' opinion testimony to be a substitute for your own reason, judgment and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

*Source:* Instruction 76-10, *Modern Federal Jury Instructions* (2006) (modified: inclusion of specific disputed issues, as recommended by the model rule).

Plaintiff's Instruction _____

<u>Multiple Claims – Multiple Defendants</u>

I have two more cautionary instructions before I define the types of damages you may award, if you find that the plaintiff has proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim-he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each claim that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are two defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of ongoing damages. If you decide that two or more (both) of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

*Source:* Instruction 77-2, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's rights. If you find that the defendants are liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendants' conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole - that is, to compensate him or her for the damage suffered.  Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

*Source:* Instruction 77-3, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

Punitive Damages

In addition to compensatory damages, the plaintiff also seeks an award of punitive damages against the defendants.  Punitive damages are damages above and beyond the amount of compensatory damages you may award.  Punitive damages are awarded to punish the defendant for his or her conduct and to serve as an example to prevent others from acting in a similar way.

For plaintiff's punitive damages claims against the individual defendants, you may award punitive damages only if the plaintiff has proved with clear and convincing evidence:

(1) that the defendant acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the plaintiff;

AND

(2) that the defendant's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the plaintiff.

You may conclude that the defendant acted with a state of mind justifying punitive damages based on direct evidence or based on circumstantial evidence from the facts of the case.

*Source:* Instruction 16-1, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Plaintiff's Instruction _____

**Non-Pattern Instruction**

<u>Punitive Damages</u>

With respect to the individual defendant, punitive damages are also available if you find that the defendant's conduct is motivated by ill will or when the conduct demonstrates a reckless or callous attitude towards federally protected rights.

*Sources: Dougherty v. Barry, 604 F.Supp. 1424, 1442 (D.D.C. 1985), citing Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); Clark v. Beville, 730 F.2d 739 (11th Cir. 1984).*

Plaintiff's Instruction _____

<u>Consideration of Evidence – [Municipal] Party's Agents and Employees</u>

One party in this case, the District of Columbia, is a municipality. A municipality can act only through individuals as its agents or employees.  With respect to those claims of Plaintiff's that do not assert deprivations of constitutional rights, the following applies: if any agent or employee of a municipality acts or makes statements while acting within the scope of his or her authority as an agent, or within the scope of his or her duties as an employee, then under the law those acts and statements are of the municipality.

*Source:* Instruction 4-5, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.) (Modified to reflect "municipality" instead of "corporation," and to exempt constitutional claims)

Plaintiff's Instruction _____

## Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

*Source:* Instruction 78-5, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

<u>Return of Verdict</u>

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

*Source:* Instruction 78-6, *Modern Federal Jury Instructions* (2006)

Plaintiff's Instruction _____

## The Section 1983 Statute

Plaintiff claims that Defendant Thomas deprived Plaintiff of his right to safety, bodily integrity, and personal security, and his right to necessary medical care which are guaranteed to him under the Fifth Amendment of the United States Constitution.

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (*or* other entities) who have been deprived of their constitutional (*or* statutory) rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Source:* Instruction 87-65, *Modern Federal Jury Instructions* (2006) (modified to include prefatory phrase).

Plaintiff's Instruction _____

## Purpose of the Statute

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

*Source:* Instruction 87-66, *Modern Federal Jury Instructions* (2006).

Plaintiff's Instruction _____

## Elements of a Section 1983 Claim

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

*Source:* Instruction 87-68, *Modern Federal Jury Instructions* (2006).

Plaintiff's Instruction _____

## Action Under Color of Law Defined

The first element of the plaintiff's claim is that the defendant acted under color of state law, or in this case, municipal law. The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state. The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state or municipal law, and that the defendant's action was made possible by virtue of state or municipal law.

*Source:* Instruction 87-69, *Modern Federal Jury Instructions* (2006) (modified to include reference to municipal law)

Plaintiff's Instruction _____

Second Element – Deprivation of a Right

Deliberate Indifference

Plaintiff alleges that Defendant Thomas was deliberately indifferent to serious medical needs while Plaintiff was a pre-trial detainee in violation of Plaintiff's Fifth Amendment substantive due process rights. The plaintiff must demonstrate by a preponderance of the evidence that the defendant knew of and disregarded an excessive risk to the plaintiff's health and safety - in other words, the defendant must have both been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he also must have drawn such an inference. Mere negligence is not enough, nor is it enough that a reasonable person would have known, or that the defendant should have known, of the serious medical needs.

*Sources:* Instruction 87-74D, *Modern Federal Jury Instructions* (2006) (modified to omit reference to inapplicable Eighth Amendment language and substituting with Fifth Amendment); *O.K. v. Bush*, 344 F. Supp. 2d 44, 61 (D.D.C. 2004) (holding that the standard of care for a pre-trial detainee who has not yet been convicted . . . is governed by the Due Process Clause of the Fifth and Fourteenth Amendments rather than by the Eighth Amendment); *Ciy of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1988)(establishing right of pre-trial detainees to adequate medical treatment); *Fraternal Order of Police Dep't of Corrections Labor Comm v. Williams*, 375 F.3d 1141, 1146 (D.C. Cir. 2004)(explaining that deliberate indifference satisfies the "shocks the conscious" test in circumstances where the State has a heightened obligation towards the individual, such as where the State takes a person into custody and holds him against his will)

Plaintiff's Instruction _____

## Non-Pattern Instruction

<u>Delay in Providing Medical Treatment</u>

Any delay by Defendant Thomas in providing medical treatment to Plaintiff can constitute deliberate indifference.

*Sources:  Farrow v. West*, 320 F.3d 1235, 1246 (11th Cir. 2003)(explaining that even when medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying medical treatment, even for a period of hours); *Harris v. Coweta County*, 21 F.3d 388, 394 (11th Cir. 1994)(holding that a few hours delay in receiving medical care can constitute deliberate indifference); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1998).

Plaintiff's Instruction _____

## Non-Pattern Instruction

<u>Conspiracy to Deny or Delay Medical Care</u>

Plaintiff has alleged that Defendant Thomas conspired to delay or deny medical care to Plaintiff.  To establish a civil conspiracy under § 1983, Plaintiff must present evidence that Defendant Thomas acted jointly in concert with another actor, and that some overt act was done in furtherance of the conspiracy which resulted in Plaintiff's deprivation of a constitutional right.  Plaintiff need not provide direct evidence of the conspiracy, but must provide specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective, and this evidence must reasonably lead to the inference that the actors positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.

*Source: Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996); *Pangburn v. Culbertson*, 200 F.3d 65, 72(2d Cir. 1999) ("To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."); *Austin v. D.C.*, 2007 U.S. Dist. LEXIS 34793, *38 (D.D.C. 2007).

Plaintiff's Instruction _____

## Non-Pattern Instruction

<u>Violation of Plaintiff's Right to Safety, Bodily Integrity and Personal Security</u>

Plaintiff alleges that Defendant Thomas violated his Fifth Amendment due process rights when Defendant Thomas struck Plaintiff while Plaintiff was a pre-trial detainee.  In order to find for Plaintiff on this claim, Plaintiff must demonstrate by a preponderance of the evidence, that Defendant Thomas performed the act alleged which result in substantial harm to Plaintiff, and, that, in performing the acts alleged, Defendant Thomas acted in a manner that is shocking to the conscience.

*Sources:* *Phillips v. District of Columbia*, 455 F.3d 397, 403 (D.C. Cir. 2006); *John v. Norris*, 737 F.3d 1148, 1151 (D.C. Cir. 1984); *Butera v. District of Columbia*, 235 F.3d 637 (D.C. Cir. 2001)

Plaintiff's Instruction _____

## Proximate Cause – Generally

The third element which plaintiff must prove is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' act or omission. If an injury was a direct result or a reasonably probable consequence of a defendants' act or omission, it was proximately caused by such act or omission. In other words, if a defendants' act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

Proximate cause as I have explained is not limited to Plaintiff's civil rights claims, but is equally applicable to each and every claim made by Plaintiff.

*Sources:* Instruction 87-79, *Modern Federal Jury Instructions* (2006) (modified to extend applicability of proximate cause to each of Plaintiff's claims)

Plaintiff's Instruction _____

<u>Elements of a Negligence Cause of Action</u>

The plaintiff alleges that the defendants were negligent and are liable for plaintiff's damages. The plaintiff must prove that the defendant was negligent and that such negligence proximately caused the plaintiff's injuries and damages. The plaintiff must prove both negligence and damages by a preponderance of the evidence. If the plaintiff makes this proof, then your verdict must be for the plaintiff. If the plaintiff does not make this proof, then your verdict must be for the defendants.

*Source:* Instruction 5-1, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Plaintiff's Instruction _____

Negligence Defined

Negligence is the failure to exercise ordinary care. To exercise ordinary care means to use the same caution, attention or skill that a reasonable person would use under similar circumstances. It is negligent to do something that a person using ordinary care would not do. It is also negligent to fail to do something that a person using ordinary care would do.

*Source:* Instruction 5-2, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Plaintiff's Instruction _____

Concurring Causes

There may be more than one proximate cause of an injury. That is, several factors or circumstances, or the negligent acts or omissions of two or more persons, may work at the same time, either independently or together, to cause an injury. Each of the contributing acts or omissions is regarded in law as a proximate cause. This is true regardless of whether one of the participating acts or omissions contributed more than another to causing the injury. Each person whose negligent act or omission is a proximate cause of an injury is liable for the resulting injury.

It is no defense that some other person who is not a defendant in this lawsuit participated in causing the injury, even if it should appear to you that the negligence of the other person was greater than the negligence of the defendant.

*Source:* Instruction 5-13, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Plaintiff's Instruction _____

<u>Vicarious Liability – Basis</u>

An employer is responsible for the wrongful acts [or failures to act] of an employee if they were committed in furtherance of the business of the employer.

District of Columbia admits that at the time of the Incident Defendant Officer Don Thomas was acting within the scope of his employment and in furtherance of the business of the District of Columbia Metropolitan Police Department.

If the employee is acting "in furtherance of the business of the employer," then the employer is still responsible for the employee's wrongful acts. The employer is responsible for the wrongful acts even if the employee is disobeying the employer's orders, and even if the act is itself a crime.

On the other hand, the law does not consider an employee's act or failure to act to be "in furtherance of the business of the employer" if the employee does the act solely for the employee's own purposes.

To hold the employer responsible for the employee's intentional wrongful conduct, however, you must find both of the following two things to be true:

First, the employee's conduct was of the same general nature as that conduct which the employer has authorized, or that it was incidental to authorized conduct.

Second, the employee's use of force was foreseeable or expectable by the employer

*Source:* Instruction 6-2, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)(Modified to include Defendant District of Columbia's admission that Defendant Thomas was acting within the scope of his employment at the time of the incident); *Defendant D.C.'s Responses To Plaintiff's First Request For Admissions (RFA 3)*

Plaintiff's Instruction _____

Battery – Defined

A battery occurs when one person intentionally touches or uses force on another person in a harmful, offensive, or insulting way. The term "touching" includes direct contact. "Touching" also refers to putting an object into motion that directly contacts another person or that contacts something connected with that person.

The defendant cannot be liable for battery if the plaintiff consented to be touched.

If you find that the defendant has committed an unlawful battery on the plaintiff, then your verdict must be for the plaintiff.

*Source:* Instruction 19-3, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Plaintiff's Instruction _____

<u>Excessive Force in Doing a Lawful Act</u>

There are some circumstances in which threatening or actually using force, even deadly force, is necessary to carry out a lawful act. However, a person may threaten to use or actually use force only in the amount reasonably necessary to carry out the lawful act.

If you find, considering the circumstances as they appeared to the defendant, that the defendant used or threatened to use more force than was reasonably necessary to do the otherwise lawful act, then your verdict must be for the plaintiff.

*Source:* Instruction 19-5, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Plaintiff's Instruction _____

## Non-Pattern Instruction

<u>Intentional Infliction of Emotional Distress – Elements</u>

In order to find in favor of plaintiff on the claim of Intentional Infliction of Emotional Distress, you must find that:

1.    Defendants' conduct was extreme and outrageous;
2.    Defendants' conduct was intentional or reckless; and
3.    Defendants' conduct caused severe emotional distress.

*District of Columbia v. Thompson*, 570 A.2d 277, 289 (D.C. 1990).

Plaintiff's Instruction _____

## Non-Pattern Instruction

With respect to plaintiff's claims for battery and intentional infliction of emotional distress, as a matter of law if you find in favor of the plaintiff against Defendant Thomas, you must also necessarily find in favor of the plaintiff against the District of Columbia. As I have previously instructed you, an employer is liable for the wrongful acts and omissions of its employees if at the time of the wrongful acts and omissions the employee was acting within the scope of his employment. This is so even where the employee injures a third person while disobeying his employer's orders.

*Sources:  District of Columbia v. Davis, 386 A.2d 1195, 1202 ((D.C. 1978); citing Meyers v. National Detective Agency, Inc., 281 A.2d 435 (D.C. 1971) [citation omitted].*

Plaintiff's Instruction _____

## Non-Pattern Instruction

Defendant Thomas had a duty to arrest Plaintiff if Plaintiff had attempted to strike Defendant Thomas.

*Sources:*  *D.C. Code Ann. §5-115.03* (2007), Neglect to make for offense committed in presence (stating that a member of the police force shall be guilty a misdemeanor if he neglects to make an arrest for an offense against the laws of the United States); *D.C. Code Ann. §5-121.05* (2007), Compromise of a felony; withholding information; receiving compensation from person arrested or liable to arrest; permitting escape