**DEFENDANT DISTRICT OF COLUMBIA'S PROPOSED SPECIAL JURY INSTRUCTIONS:**

**Defendant District of Columbia's requested instruction no. 1 - impeding or interfering with a police officer is prohibited.**

A citizen may not impede or interfere with the law enforcement activities of a police officer. DC Code 22-505(a)

**Defendant District of Columbia's Requested instruction no. 2 - impeding a police officer.**

You are instructed that the law in the District of Columbia is that "Whoever without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with any officer... while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than 5 years or both.  DC Code Section 22-505(a)

**Defendant District of Columbia's Requested instruction no. 3 - Officers need not use the least amount of force**

Plaintiff in this case claims that Ofc. Thomas used excessive force when he struck him and fractured his jaw.  You are instructed that police Officers need not use the least amount of force available.  Raterh,  "[T]he appropriate inquiry is whether the officers acted reasonably, not whether they had less intrusive alternatives available....

Requiring officers to find and choose the least intrusive alternative would require them to exercise superhuman judgment.  In the heat of battle with lives potentially in the balance, an officer [need not make that choice.]

Imposing such a requirement would inevitably induce tentativeness by officers, and thus deter police from protecting the public and themselves....

Officers thus need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act within that range of conduct we identify as reasonable."

Scott v. Henrich, 39 F.3rd 912, 915 (9th Cir., 1994)

Additional Authority:   "Police officers, however, are not required to use the least intrusive degree of force possible."  Forrester v. City of San Diego, 25 F.3d 804, 807 (9th Cir. 1994).

### Defendant District of Columbia's Requested instruction no. 4, significant of MPD General Orders

MPD General Orders have been admitted into evidence or have been referred to during the trial in this matter.  You are instructed that the MPD general orders are not the law nor are they binding regulations for the District or its police officers.  Therefore, proof that MPD general orders have been violated does not, by itself, establish that plaintiff's rights have been violated or that plaintiff is entitled to recover damages from the District of its officers. Rather, the MPD general orders are internal guidelines that the police department has issued to assist officers in the administration of their duties.  In some cases, the standards the District sets for its officers in its general orders may be higher than what it is legally required.  If you find that the District's general orders were violated, you may consider this as evidence of unreasonable conduct, or a breach of a national standard of care, but this alone does not prove laiblity.  Elsewhere, I have instructed you on what the plaintiff must prove to recover compensation from defendants.

Authority: Abney v. District of Columbia, 580 A. 2d 1036, 1041 (D.C. 1990)

### Defendant District of Columbia's Requested instruction no. 5-  Equality of Litigants

You must consider and decide this case as an action between persons of equal standing in the community and of equal worth.  A municipal corporation, such as the District of Columbia, has the same right to a fair trial at your hands as a private individual has.  The law is no respecter of persons. All persons, including municipal corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

### Defendant District of Columbia's Requested Jury  Instruction no. 6 -  No income taxes need be paid

You are instructed that any monetary award granted to plaintiff is not subject to income taxation.  Therefore, in the event you decide to make an award to plaintiff you should not include any amount to compensate plaintiff for taxes.

Psychiatric Institute v. Allen, 509 A.2d 619 (D.C. 1986)
Norfolk & Western Railroad v. Liepelt, 444 U.S. 490 (1980).

### Special Jury Instruction no. 7- Do not consider attorney fees and costs

Should you find for the plaintiff and award damages in this case, you are instructed that such damages may not include any amount for attorney fees or for court costs.  Any award of fees and costs is entirely separate from the issues to be decided by you.  The court, at a later time, will determine the proper amount of fees and costs, if any.

<u>In Re. E.Q.B.</u> 617 A.2d 199, 201, n. 2 (D.C. App. 1992)
<u>District of Columbia v. Jerry M.</u> 580 A.2d 1270, 1273 (D.C. App. 1990)
Civil Rule 54, Civil Rule 54-I
<u>Garner v. D.C.</u>, Case No. 94-732, (6/2/95) (King, J.).

**Defendant District of Columbia's Requested Instruction no. 8 - You should put yourself in the place of the defendant police officer**

Officers "must be able to act quickly and instinctively... and should not be hindered by the threat of civil liability for attempting to perform their duties... if they could have believed [that their conduct was lawful, they are immune from liability, and officers need] to be given reasonable maneuvering room." D.C. v. Evans, 644 A.2d 1008, 1016 (D.C. 1994). Officers "must make crucial, life-saving decisions quickly." Id. at 1017. In deciding if Ofc. Thomas acted reasonably in this case, you should put yourself into the position of the officer.

4

### Defendant District of Columbia's Requested Instruction no. 8 You must put yourself in the shoes of the officer

You "must consider the evidence from the perspective of the arresting officer, not of the plaintiff." D.C. v. Murphy, 631 A.2d 34, 36-37 (D.C. 1993).

You must evaluate the actions of the police officer in light of the "information he possessed" at the time. Wardlaw v. Pickett, 303 U.S.App.D.C. 130, 1 F.3d 1297, 1304 (1993).

### Defendant District of Columbia's Requested Instruction no. 9 Do not use 20-20 hindsight

You must look at the event from the point of view of the police officer "on the scene, rather than with the 20/20 vision of hindsight.... The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments- in circumstances that are tense, uncertain, and rapidly evolving- about the amount of force that is necessary in a particular situation." Graham v. Connor, 109 S.Ct. 1865, 1872 (1989)

You should bear in mind that police officers "must make their decisions in haste, under pressure, and frequently without the luxury of a second chance." Hudson v. McMillian, 112 S.Ct. 995, 998 (1992)

### Defendant District of Columbia's Requested Instruction no. 10 No duty to retreat

If a police officer had reasonable grounds to believe that he or another person was in imminent danger of serious bodily harm, the officer is was not required to retreat or to consider whether he could safely retreat. He was entitled to stand his ground and use such force as was reasonably necessary to protect himself or others.

U.S. v. Peterson, 157 U.S.App.D.C. 219, 483 F. 2d 1222 (1973)

### Defendant District of Columbia's Requested Instruction no. 11 Nominal damages

If you find that the plaintiff is entitled to a verdict in accordance with these instructions, but do not find that the plaintiff has sustained actual damages, then you may return a verdict for the plaintiff in some nominal sum such as one dollar on account of actual damages.

**Defendant District of Columbia's Requested Instruction no. 12**
**Theory of the Case**

In this case, plaintiff claims that Ofc. Thomas committed an assault and violated plaintiff's constitutional rights under the 4th Admendment when he struck Mr. Austin and fractured his jaw. An officer who intentionally uses unreasonable force may violate the 4th Amendment's because such conduct may be considered an unreasonable seizure. The District contends that Ofc. Thomas acted in self-defense after plaintiff tried to punch officer Thomas in the face.

If you find that Ofc. Thomas acted reasonably and in self-defense when he struck plaintiff, then your verdict on plaintiff's assault claim and constitutional claim alleging an unreasonable seizure in violation of the 4th Admendment should be for the defendants.

Plaintiff also claims that it was unreasonable for the District's officers to place him in a cell while he was handcuffed. The District police officers contend that it was reasonable to place plaintiff into a cell while handcuffed to avoid the possibility of harm to plaintiff and to the central cell block police officers if it were necessary to restrain plaintiff and he resisted. If you find that the District's officers acted reasonably in this respect, then you should not make an award to plaintiff on this basis.

Plaintiff also claims that the District's officers took too long to obtain medical care for the plaintiff after he was struck by Ofc. Thomas. The District contends that its officers acted reasonably and in good faith by immediately requesting a police escort to take plaintiff to the hospital. The District contends that given plaintiff's status as a felony suspect and his alleged assault on a police officer, plaintiff could not be sent to the hospital without a police escort.

The District also contends that plaintiff did not appear to have a life threatening medical condition after he was struck because he was conscious and was cussing at police department personnel. Rather, it appeared to the officers in the cell block that plaintiff had suffered a minor injury, *ie.* busted lip. The District also contends that its police officers acted reasonably by requesting a transport a second time, when one unexpectedly did not arrive within a reasonable amount of time after it was requested. If you find that the District's officers where reasonably in their attempts to obtain medical care for the plaintiff, then your verdict should be for the District.

Finally, the District contends that plaintiff did not suffer any medical injury due to the delay in obtaining medical care. If you find this is correct, then you should not include any amount in your award for such an injury.