Defendant Thomas Special Instruction No. _____

## CONSTITUTIONAL TORT

In determining whether the Defendant Thomas committed a constitutional tort under Section 1983 you must bear in mind that not any harm rises to the level of a constitutional violation. The Constitution does not impose liability whenever someone cloaked with state authority causes harm. Simple negligence is not sufficient to support a Section 1983 claim. Rather the conduct must be egregious.

In the pretrial detainee setting, a law enforcement official's deliberate indifference to providing medical assistance, which causes sufficiently serious harm to a detainee, can rise to the level of egregious conduct necessary to support a Section 1983 claim.

*County of Sacrarmento v. Lewis*, 523 U.S. 833 (1997); *Bell v. Wolfish*, 441 U.S. 520 (1979).

Defendant Thomas Special Instruction No. _____

## DELIBERATE INDIFFERENCE

In determining whether the Defendant Thomas acted with deliberate indifference in providing medical assistance to the Plaintiff you must first determine whether Officer Thomas had a duty to render assistance to the Plaintiff. If Officer Thomas had a duty to render aid, you must then determine if he acted with deliberate indifference.

The test to determine whether Officer Thomas acted with deliberate indifference has an objective and subjective component. The objective component is satisfied if you determine that alleged delay in treatment was sufficiently serious to have a significant detrimental effect on Plaintiff's condition or caused serious harm. The subjective component is satisfied if you determine that Officer Thomas had a sufficiently culpable state of mind and knowingly took no action.

*Farmer v. Brennan*, 511 U.S. 825 (1994).

Defendant Thomas Special Instruction No. _____

## DEFENSE OF SELF

  A person is not responsible for battery if he was defending himself so long as he used only such force as was reasonably necessary to protect himself from actual attack or threat of imminent harm. Threat of imminent harm does not mean that one must wait until the other person makes the first move.

  *Saba v. Darling*, 72 Md. App. 487, 531 A.2d 696 (1987), *aff'd*, 320 Md. 45, 575 A.2d 1240 (1990).

Defendant Thomas Special Instruction No. _____

## INCOME TAX

You are instructed that any monetary award granted to plaintiff is not subject to income taxation.

*Psychiatric Institute v. Allen*, 509 A.2d 619 (D.C. 1986).

*Norfolk & Western Railroad v. Liepelt*, 444 U.S. 490 (1980).

Defendant Thomas Special Instruction No. _____

## NO DUTY TO RETREAT

If a police officer had reasonable grounds to believe that he was in imminent danger of serious bodily harm, the officer was not required to retreat or to consider whether he could safely retreat. He was entitled to stand his ground and use such force as was reasonably necessary to protect himself or others.

*U.S. v. Peterson*, 157 U.S.App.D.C. 219, 483 F. 2d 1222 (1973).

Defendant Thomas Special Instruction No. _____

## OFFICERS NEED NOT USE THE LEAST AMOUNT OF FORCE

Officers need not use the least intrusive alternative.

"[T]he appropriate inquiry is whether the officers acted reasonably, not whether they had less intrusive alternatives available to them.

Requiring officers to find and choose the least intrusive alternative would require them to exercise superhuman judgment. In the heat of battle with lives potentially in the balance, an officer need not make that choice.

Imposing such a requirement would inevitably induce tentativeness by officers, and thus deter police from protecting the public and themselves.

*Scott v. Henrich*, 39 F.3rd 912, 915 (9th Cir., 1994).