## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

———————————————————
)
**NIGEL AUSTIN** )
)
        **Plaintiff,** )
) **Case No.  05-2219 (JDB)**
        **v.** )
)
**DISTRICT OF COLUMBIA,** *et al*. )
)
        **Defendants.** )
———————————————————)

### JOINT PRETRIAL STATEMENT

THE PARTIES, through counsel, pursuant to LCvR 16.5(b) and this Court's Scheduling Order herein, and submits their Joint Pretrial Statement.

**1 (a)        Plaintiff's Statement of the Case:**

This is an action that arises out of the battery of Mr. Austin by Defendant Officer Don Thomas ("Officer Thomas") while Mr. Austin was a pre-trial detainee at the Central Cell Block, and in the custody of the Metropolitan Police Department ("MPD") on August 25, 2005.  Mr. Austin has brought this action against Officer Thomas and the District of Columbia (the "District") on intentional torts, civil rights, and negligence grounds.

On August 25, 2005, Mr. Austin was arrested pursuant to a warrant arising out of an altercation between him and his neighbor that had occurred four days prior.  After Mr. Austin was arrested, he was transported to the Seventh District Police Station where he was processed.  Shortly thereafter, Mr. Austin was transferred to the Central Cell Block where, as he had been told, he would be brought in front of a judge, arraigned, and then released later that same day.

On August 25, 2005, Officer Thomas was assigned to the 1:00 p.m. to 9:30 p.m. tour of duty at the Central Cell Block. Shortly after arriving for his tour of duty, Officer Thomas retrieved Mr. Austin from his jail cell for the purposes of placing an identification armband on him. Officer Thomas brought Mr. Austin to the processing room at the Central Cell Block, and instructed Mr. Austin to wait in the attorney-prisoner interview room.

At some point, Mr. Austin learned that he would not be going to court and would have to spend the night in jail. Mr. Austin became upset and demanded, using expletives, to be taken back to his jail cell. Officer Thomas then approached Mr. Austin and asked him to repeat himself, and in response to Mr. Austin's repeated demand, struck Mr. Austin in the face with a closed fist (the "Incident"). Following this, Mr. Austin was handcuffed and placed in at least one jail cell, where he lay bleeding for several hours before he was ultimately transported to the hospital. At the hospital, Mr. Austin was diagnosed as sustaining a broken jaw.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that the claims filed by Mr. Austin pursuant to 42 U.S.C. § 1983 and the U.S. Constitution involve a "federal question." In addition, this Court has subject matter jurisdiction over Mr. Austin's § 1983 claim pursuant to 28 U.S.C. § 1343. This Court has supplemental jurisdiction over Mr. Austin's state law claims pursuant to 28 U.S.C. § 1367.

### 1 (b)        Defendants' Statement of the Case:

On August 25, 2005, Plaintiff Nigel Austin was arrested for assault with a deadly weapon. He was taken to the Metropolitan Police Department's Fifth Precinct for processing. Later, he was transferred to the Metropolitan Police Department's Central

Cell Block at the MPD headquarters located at 300 Indiana Ave., NW, Washington, D.C. pending arraignment before a District of Columbia Superior Court judge.  While at the Central Cell Block, the Defendant Officer Thomas removed Plaintiff from his cell to place an identification arm band on his wrist.  While the Plaintiff was out of his cell, an incident arose between the Officer Thomas and Plaintiff.   Plaintiff claims that Officer Thomas struck him for no reason.  Officer Thomas claims he struck plaintiff in self-defense after the plaintiff took a swing at him.   Plaintiff was transported to Greater Southeast Community Hospital and was treated for a fractured jaw.

Plaintiff also claims that the Defendants took an unreasonable amount of time to transport him to the hospital.  The Defendant District of Columbia contends that a secure transport, necessary for a combative prisoner, was promptly summoned, but unexpected delays were encountered.  Officer Thomas contends that he notified his Acting supervisor Sergeant Hawkins that the Plaintiff had requested medical transport and that Sgt. Hawkins was responsible for arranging for plaintiff to be taken to a hospital.   At all relevant times surrounding the alleged occurrence, Officer Thomas was acting within the scope of his employment with the District of Columbia.

2.        **Statement of Claims:**

Plaintiff brings six claims, against Defendants Officer Don Thomas and the District of Columbia: (i) Battery (Count I); (ii) Intentional Infliction of Emotional Distress (Count II); Civil Rights (Counts III, IV, and V)(against Officer Thomas only); and Negligence (Count VI).  Plaintiff claims that Defendant District is vicariousy liable for the actions of its employee, Defendant Thomas, who was, acting within the scope of his employment as a police officer with the Metropolitan Police Department at the time

of the Incident.  Plaintiff further claims that at all relevant times Defendant Thomas acted under the color of the laws of the District of Columbia.

Plaintiff claims that Defendant Thomas intentionally battered Plaintiff when Defendant Thomas struck Plaintiff in the left side of his face with his closed fist on August 25, 2005.  Plaintiff further claims that Defendant District is liable for Defendant Thomas' actions because Defendant Thomas' acts occurred within his course of duty and scope of employment with Defendant District.

Plaintiff further claims that Defendant Thomas intentionally inflicted emotional distress against Plaintiff by both striking him in the jaw, and then placing Plaintiff in a jail cell for an extended period of time and without medical treatment, despite the fact that Plaintiff was bleeding and requesting medical attention.  Plaintiff further claims that Defendant District is liable for Defendant Thomas' actions because Defendant Thomas' acts occurred within his course of duty and scope of employment with Defendant District.

Plaintiff further claims that Defendant Thomas violated Plaintiff's civil rights by (1) violating Plaintiff's constitutional rights to safety, bodily integrity, and personal security by unjustifiably battering Plaintiff; (2) intentionally delaying emergency medical care to Plaintiff, despite Plaintiff's requests for medical care, and Defendant Thomas' knowledge that Plaintiff was bleeding; and (3) by conspiring to delay emergency medical care despite Plaintiff's request for medical attention, and Defendant Thomas' knowledge that Plaintiff was bleeding.

Plaintiff further claims that Defendants Thomas and the District were negligent and breached their duty of care to Plaintiff while he was in their custody by, *inter alia*: failing to obtain immediate medical treatment for Plaintiff.  Plaintiff further claims that

Defendant District is liable for Defendant Thomas' actions because Defendant Thomas'

acts occurred within his course of duty and scope of employment with Defendant District.

3. **Statement of Defenses**

Defendants contend that their actions were reasonable and legally justified and

that plaintiff's common law and constitutional claims should fail as a matter of law.

Defendants enumerate their defenses as follows:

1.    Defendants contend that the Defendant Thomas acted in self-defense and

within the applicable standard of care for use of force.

2.    Defendants contend that the Defendant Thomas' actions were not

outrageous as to be beyond all possible bounds of decency and that he did not otherwise

intentionally inflict emotional harm on Plaintiff.

3.    Defendant Thomas contends that he is entitled to qualified immunity.

4.    Defendant Thomas contends that he did not commit a constitutional tort or

otherwise commit actions that were egregious, conscience shocking, or done with

conscious indifference to plaintiff's constitutional rights.

5.    Defendant Thomas reserves the right to contest whether the alleged

deprivation of medical care was sufficiently serious and whether the alleged delay had a

detrimental effect.

6.     Medical care for plaintiff was obtained in a reasonable amount of time

given that plaintiff did not appear to have a life threatening injury; that the Plaintiff  could

not be medically transported, under the circumstance, without  police escort, and that

transport officers already at the hospital could not respond sooner due to circumstances

beyond the Defendants' control.

7.    Plaintiff was placed in a holding cell handcuffed for his own protection and for the protection of the officers in the central cell block.  If the handcuffs were removed, plaintiff or the officers could have been injured if it became necessary to restrain plaintiff again.

8.    Defendant Thomas reserves the right to rely on the intra-corporate conspiracy doctrine.

9.    Defendants deny the nature and extent of Plaintiff's alleged injuries and demand strict proof thereof.

10.    Plaintiff has not suffered a permanent injury.

11.    Plaintiff is not entitled to punitive damages

12.    Plaintiff is not entitled to legal fees

4.  **Schedule of Witnesses**:

Plaintiff:

Subject to any unforeseen scheduling or availability issues, Plaintiff presently intends to call the following witnesses:

1.    **Nigel Austin**, 1341 Howard Road, SE, Washington, D.C. 20020, 301-659-4599 (1-2 hour direct):  Mr. Austin is the Plaintiff, and is expected to testify regarding, among other issues:  the events surrounding the Incident; his physical, mental and emotional condition before, during and after the Incident; his Incident-related treatment; the expenses for such treatment; and his past and present pain and disabilities.

2.    **Barbara Boyd**, 10735 Indian Head Highway, Fort Washington, MD 20744, 301-292-1142 (1 hour direct):  Ms. Boyd is Plaintiff's mother, and is expected to testify, among other issues, regarding Mr. Austin's physical, mental and emotional condition before and after the Incident; Mr. Austin's Incident-related treatment; and her interaction with the MPD immediately after the Incident.  Ms. Boyd is also expected to testify as to the authenticity of pictures and video taken of Mr. Austin following the Incident.  Ms. Boyd is expected to testify that pictures and video taken of Mr. Austin are true and accurate depictions of his physical condition immediately following the Incident.

3.      * **James E. Bradley, Jr. (police procedures expert)**, P.O. Box 74, Simpsonville, MD  21150, 301-490-9082 (1-2 hour direct):  Mr. Bradley is an expert and will testify in accordance with the facts and opinions set forth in his Report and Plaintiff's Rule 26(a)(2) Disclosures.  Mr. Bradley is also expected to testify regarding the duties Defendants owed to Plaintiff while he was a pre-trial detainee at the Central Cell Block, specifically the duty to refrain from excessive force, and to provide immediate medical treatment to Mr. Austin.

4.      **\* Steven A. Guttenberg, D.D.S., M.D. (maxillofacial surgeon**), 2021 K Street, N.W. Suite 200, Washington, D.C. 20006, 202-466-3323 (15– 30 minute direct): Dr. Guttenberg is an expert and will testify in accordance with the facts and opinions set forth in his Report and Plaintiff's Rule 26(a)(2) Disclosures, relating to the cause and nature of Plaintiff's post-Incident injuries, as well as treatment necessitated thereby.

5.      **Dwayne Dunne**, 717 Atlantic Avenue. S.E., Washington, D.C. (30 minute – 1 hour direct):  Mr. Dunne was a witness to the Incident, and is expected to testify regarding the facts and circumstances surrounding the Incident.

6.      **Officer Don Thomas (adverse witness)**, 300 Indiana Avenue, N.W., Washington, D.C. 20001 (1 -2 hour direct):  Officer Don Thomas is a named Defendant, and is expected to testify regarding, among other issues:  the sequence of events both prior and subsequent to the Incident.

7.      **Officer Rhonda Crowder (adverse witness)**, 300 Indiana Avenue, N.W., Washington, D.C. 20001 (1 hour direct):  Officer Rhonda Crowder is expected to testify regarding, among other issues:  the sequence of events both prior and subsequent to the Incident.

8.      **Officer George Hawkins, II (adverse witness)**, 300 Indiana Avenue, N.W., Washington, D.C. 20001 (1 hour direct):  Officer George Hawkins is expected to testify regarding, among other issues:  the sequence of events both prior and subsequent to the Incident.

9.      **Lynn Lewis (adverse witness),** 300 Indiana Avenue, N.W., Washington, D.C. 20001 (1 hour direct):  Mr. Lewis is expected to testify regarding, among other issues:  the sequence of events both prior and subsequent to the Incident.

10.      **Detective Christopher Coles (adverse witness)**, 801 Shepherd St., NW Washington, DC 20011-5822 (2 hour direct):  Detective Coles is the Force Investigation Team investigator charged with investigating the Incident, and is expected to testify, among other issues: the investigation, findings and conclusions as a result of the Force Investigation Team investigation of the Incident.

11.     **Officer Heath Bowman**, 2455 Alabama Ave., SE, Washington, DC 20020 (45 minute direct):  Officer Bowman is expected to testify regarding circumstances surrounding the transportation of Plaintiff from the Central Cell Block to Greater Southeast Community Hospital.

12.     **Officer Andrew Richardson**, 2455 Alabama Ave., SE, Washington, DC 20020 (45 minute direct):  Officer Bowman is expected to testify regarding circumstances surrounding the transportation of Plaintiff from the Central Cell Block to Greater Southeast Community Hospital.

13.     **Custodian of Records, Greater Southeast Community Hospital**, 1310 Southern Avenue, SE, Washington D.C. 20032 (15 minute direct):  The custodian of records is expected to testify as to the authenticity of Plaintiff's medical records and bills from Greater Southeast Community Hospital.

14.     **Custodian of Records, Sibley Memorial Hospital**, 5255 Loughboro Rd. NW, Washington D.C. 20016 (15 minute direct):  The custodian of records is expected to testify as to the authenticity of Plaintiff's medical records and bills from Sibley Memorial Hospital.

15.     **Custodian of Records, Capital Dental,** 1900 Massachusetts Avenue, SE, Washington, D.C. 20003 (15 minute direct):  The custodian of records is expected to testify as to the authenticity of Plaintiff's medical records and bills from Capital Dental.

16.     Any witnesses called by Defendants.

Defendants:

1. **Officers Don Thomas,** 300 Indiana Avenue, N.W., Washington, D.C. 20001: Officer Thomas is expected to testify as to the facts and circumstances of the occurrence, including that he acted in self-defense and that he fulfilled his duties to provide medical care to the plaintiff.    It is expected that Officer Thomas' testimony will take 1½ hrs.

2. **Officer Rhonda Crowder,** 300 Indiana Avenue, N.W., Washington, D.C. 20001:  Officer Crowder  is expected to testify as to the facts and circumstances she observed prior to and after the alleged occurrence.  It is expected that Officer. Crowder's testimony will take 45 minutes.

3. **Lynn Lewis,** 300 Indiana Avenue, N.W., Washington, D.C. 20001:  Ms. Lewis is expected to testify as to the facts and circumstances he observed prior to and after the alleged occurrence.  It is expected that Mr. Lewis' testimony will take 45 minutes.

4. **Officer George Hawkins,** 300 Indiana Avenue, N.W., Washington, D.C. 20001:  Officer Hawkins was the acting official in the Central Cell Block on the day of the alleged incident.   He is expected to testify as to the facts and circumstances of the occurrence, including steps he took to fulfill to provide medical care to the plaintiff.    It

is expected that Officer Hawkins' testimony will take 1 hr.

5. **Officers Heath Bowman,** 2455 Alabama Ave., SE, Washington, DC 20020 **and Andrew Richardson,** 2455 Alabama Ave., SE, Washington, DC 20020: Officers Bowman and Richardson transported plaintiff to the hospital and will testify about the surrounding circumstances, including the physical appearance of Plaintiff, involved with the transport of the Plaintiff  It is expected that their testimony will take 30 minutes each.

6. **Jerry  Wilson**\*, 924 Riverview Terrace, St. Michaels, MD 21663:  Mr. Wilson is an expert in police procedures and administration. He is expected to testify *inter alia*, that Ofc. Thomas' use of force did not violate the applicable standard of care. He will comment upon and refute the testimony of plaintiff's police expert.  It is expected his testimony will take 45 minutes.

7. **Paul M. Mazzei**\*, 12408 Kayak Drive, #103, Upper Marlboro, MD 20772:  Mr. Mazzei is an expert in the area of law enforcement practice and procedure including police use of force and  administration of medical care. He is expected to testify that Officer Thomas did not violate the applicable standard of care.  It is expected his testimony will take 11/2 hrs.

8. **Jeffrey Posnick, M.D.**\*:  Dr. Posnick is an expert in the area of oral surgery.  Dr. Posnick will testify about the Plaintiff's alleged injuries and the the treatment he received.  He is expected to testify that Plaintiff did not sustained a permanent injury.  It is expected that Dr. Posnick's testimony will be approximately 1 hour.  Defendants anticipate that they will present Dr. Posnick's testimony by videotape deposition.

9. **Eldrick Creamer,** 300 Indiana Avenue, N.W., Washington, D.C. 20001: Mr. Creamer will testify as to MPD policies relating to use of force.  It is expected his testimony will take 30 minutes.

10. **Michael Boyd,** 300 Indiana Avenue, N.W., Washington, D.C. 20001: Mr. Boyd will testify as to the MPD policies relating to MPD policies and general orders with respect to the providing of medical treatment or care to individual in custody including pretrial detainees.  It is expected his testimony will take 30 minutes.

11. **Linwood McClain,** 1341 Howard Road, S.E., Washington, D.C. 20020: Defendants reserve the right to call Linwood McClain who will testify as to the facts and circumstances surrounding the altercation between Plaintiff and Mr. McLain which led to Plaintiff's arrest and detainment at the Central Cell Block.  It is expected his testimony will take 20 minutes.

12. **Kenneth Brown**, 1341 Howard Road, S.E., Washington, D.C. 20020: Officer Thomas reserves the right to call Kenneth Brown as a witness.  Mr. Brown is expected to testify as to facts and circumstances surrounding the occurrence.  It is expected his testimony will take 20 minutes.

13.    Plaintiff's treating healthcare providers at Greater Southeast Community Hospital, including Gilbert Daniel, M.D.  Dr. Daniel's (or other treating provider) will testify as to the history provided by Plaintiff as well as Plaintiff's lab and diagnostic findings.  It is expected that the provider's testimony will take about 20 minutes.

14.    Custodian of Records, Greater Southeast Community Hospital: Custodian is expected to testify as to the authenticity of medical records and to lay a business record foundation.  It is expected that the provider's testimony will take about 15 minutes.

15.    If necessary the custodian of records for exhibits identified by defendants.

16.    Any witness listed by plaintiff.

5.  **Exhibit List**:

Plaintiff:

Plaintiff expects to offer into evidence or, in the case of discovery responses, to read into evidence, at trial the following exhibits:

1.    Photographs of Plaintiff (8/30/2005).
2.    Photographs of Plaintiff taken by Force Investigation Team
3.    Photographs of Central Cell Block (2/5/07)
4.    Records of Greater Southeast Community Hospital (8/25/05 – 8/30/05)
5.    Bills of Greater Southeast Community Hospital (12/6/05)
6.    Record of Sibley Memorial Hospital (8/30/05)
7.    Bill of Sibley Memorial Hospital (12/8/05)
8.    Records of Capital Dental (8/25/05 – 1020/05)
9.    Bills of Capital Dental
10.   Video of Plaintiff (9/1/05, 9/2/05, 9/3/05, 9/6/05, 10/10/05)
11.   Defendant District of Columbia's Answer (5/25/05)
12.   Defendant Officer Don Thomas' Answer (5/25/05)
13.   Defendant District of Columbia's Response To Plaintiff's First Set of Interrogatories (9/15/06)
14.   Defendant Officer Don Thomas' Objections to Plaintiff's First Set of Interrogatories (9/15/06)
15.   Defendant Officer Don Thomas' Supplemental Answers to Plaintiff's First Set of Interrogatories (2/7/07)
16.   Defendant District of Columbia's responses to Plaintiff's Amended Request for Admissions (2/13/07)
17.   Preliminary Report Regarding the Use of Force (Fist) by Officer Don Thomas and Use of Force (Hand Controls) by Officer George Hawkins of the Central Cell Block, FIT Case X-O-05-180, CS-05-1553

18. Final Report Regarding the Use of Force (Fist) by Officer Don Thomas and Use of Force (Hand Controls) by Officer George Hawkins of the Central Cell Block, FIT Case X-O-05-180, CS-05-1553

19. Metropolitan Police Department, Internal Affairs Division, Complaint Summary Sheet (9/12/05, DC 0002-0003)

20. Investigative File Report (10/16/06, DC00013)

21. Investigative File Report (6/13/06, DC 00014)

22. Investigative File Report, Interview with Mr. Austin (8/28/05, DC00016 - 7)

23. Officer Don Thomas' Statement to FIT (8/30/05, DC00018 – 24)

24. Officer Andrew Keith Richardson's Statement to FIT (1/25/06, DC 00025)

25. Officer Heath E. Bowman's Statement to FIT (1/25/06, DC00026)

26. Transcription of Recorded Statement of Officer Rhonda Crowder (12/11/06)

27. Cassette Recording of Interview with Lynn Lewis (8/28/05)

28. Cassette Recording of Interview with Officer George Hawkins, II (8/28/05)

29. FIT On-Scene Assessment Form (DC 00070)

30. PD-313, Arrestee's Injury/Illness Report (8/25/05)

31. Metropolitan Police Department Daily Vehicle Inspection and Activity Report (8/25/05, DC 00089 - 90)

32. Arrestee Lock-Up Sheet (8/25/05, DC 00094)

33. Use of Force Review Board Memorandum Regarding Issues to be Addressed by FIT Investigator (12/21/06)

34. Use of Force Review Board Memorandum to Officer Don Thomas (1/9/07)

35. Use of Force Review Board Memorandum to Officer George Hawkins (1/9/07)

36. MPD General Order 901.07, Use of Force

37. MPD General Order 901.08, Use of Force Investigations

38. MPD General Order 502.07, Medical Treatment and Hospitalization for Prisoners

39. MPD General Order 502.01, Transportation of Prisoners

40. FIT Organizational Plan and Operations Manual, pages 16-8 (12/1/01)

41. "Spectrum of Force" Training Bulletin (9/2/98)

42. Use of Force Incident Report of Officer Rhonda Crowder (9/1/05)

43. Use of Force Incident Report of Officer George Hawkins II

44. Use of Force Incident Report of Officer Don Thomas (8/30/05)

45. Lessons in Force (2005 – 2006)

46. Handout Laws of Arrest, Search, and Seizure, pages 30-1 (10/99)

47. D.C. Code Ann. § 5-121.05 (2007), Compromise of Felony; Withholding of Information; Receiving Compensation from Person Arrested or Liable to Arrest; Permitting Escape

48. D.C. Code Ann. 5-115.03 (2007), Neglect to Make for Offense Committed in Presence

49. Report of James E. Bradley, Jr. (8/30/2006)

50.    CV of James E. Bradley, Jr.
51.    Report of Dr. Steven Guttenburg  (8/28/2006)
52.    CV of Dr. Steven Guttenburg
53.    Greater Southeast Community Hospital Attestation Sheet – Redacted
        (9/1/05
54.    Greater Southeast Community Hospital Pathology Laboratory Final
        Report – Redacted (8/26/05, 8/27/05)

DEFENDANT DISTRICT OF COLUMBIA'S OBJECTIONS TO PLAINTIFF'S
EXHBITS:

- Defendant District of Columbia objects to plaintiff's exhibits generally.
  Specifically, numbers 47 and 49 are hearsay and duplicate the experts'
  expected testimony.
- If plaintiff's experts are going to testify to their qualifications, number 50
  and 48 are duplicative and are hearsay.
- The District objects to exhibits number 45 and 46 because these are
  matters of law and not evidence.  If appropriate, the jury should be
  instructed on this law.
- The District objects to 44 as it is irrelevant, hearsay and is likely to
  confuse the jury.  The District has not seen this exhibits and reserves the
  right to make additional objections after it is disclosed.
- The District objects to exhibits 40, 41, and 42 as they are hearsay.
- The District does not object to exhibit 36, 37, 39, providing these are the
  general orders that were in affect at the time of the incident.
- The District objects to exhibit 38, it is irrelevant.
- The District objections to exhibits 34, 35 as they are irrelevant and likely
  to lead to jury confusion.
- The District does not object to exhibits 32 and 33
- The District objects to exhibit 31.
- The District does not object to exhibit 29, 30.
- The District does not object to exhibit 28.
- The District has not seen exhibit 27 and reserves the right to object.
- The District objects to exhibit 26 because it is hearsay and based on
  authenticity.
- The District objects to exhibits 22, 23, 24 and 25 as they are hearsay.
- The District objects to exhibits 20, 21 for the reasons set forth in its
  motion *in liminie*
- The District objects to exhibit 19 because it has not scene this document.
- The District does not object to exhibits 17 and 18.
- The District objects to admitting the District's responses to plaintiff's
  request for admissions exhibit 16.  At best, plaintiff should be allowed to
  read relevant responses to the jury. However, plaintiff's failure to
  designate specific responses does not allow the District an adequate
  opportunity to respond.  Many of the responses are irrelevant, immaterial

and will only serve to confuse the jury.

- Regarding exhibits 15, 14, 13,  the District incorporates its object to exhibit 16, above.  Plaintiff's failure to designate specific responses makes if difficult for the District to formulate its objections.
- The District objects to 11 and 12 except for allegations in the complaint it has admitted.  The remaining parts of the answers are not evidence and are irrelevant.
- The District objects to exhibit 10 unless a foundation is laid.  If plaintiff is requesting that lengthy videotapes be played for the jury, the District objects that this would be more prejudicial than probative, and that it would be duplicative.
- The District objects unless a foundation is laid for exhibit 1-9.  Plaintiff's hospital records include hearsay material and should be redacted to exclude self-serving hearsay material.
- Defendant Objections to Exh. 53 because it has not been disclosed to the District.
- The District objects to plaintiff's exhibits 54, the radiology report unless plaintiff is going to call its author so that he may be cross-examined as to the opinions contained therein.

Plaintiff may, if the need arises, offer in evidence at trial the following Exhibits:

1. Personnel file for Defendant Officer Don Thomas
2. To the extent not listed above, exhibits listed by Defendants except those to which an objection is lodged
3. All pleadings and filings in this case, including all exhibits thereto
4. To the extent not listed above, all exhibits used in depositions in this case
5. To the extent not listed above, all documents, things, and other evidence designated or produced in discovery by Defendants
6. To the extent not listed above, all documents, things, and other evidence designated or produced to Defendants
7. Any treatises or other authoritative literature relied upon by any of Plaintiff's experts
8. Demonstrative exhibits developed by Plaintiff or Plaintiff's experts, and which would assist during trial
9. Any evidence or exhibits created at trial

Plaintiff reserves the right to offer into evidence at trial additional exhibits for impeachment/rebuttal purposes, as well as any exhibits not heretofore identified or discovered.

Defendants:

1. Arrestee Data Sheet (8/25/05)

2.      Daily Vehicle Inspection and Activity Report (5/25/05)
3.      Photographs of the Central Cell Block
4.      Certified Copy of Attempted Aggravated Assault Conviction
5.      MPD Supp. Report (8/22/05)
6.      MPD Incident-Based Event Report  (8/21/05)
7.      Arrest Prosecution Report (8/25/05) PD 163
8.      Arrestee Injury/Illness Report, PD. 313 (8/25/05)
9.      Based on the Court's ruling regarding outstanding motions *in Limine* defendants reserve the right to introduce Jan. 9, 2007, Memorandum to Hawkins, and Thomas finding their use of force to be "justified."
10.     Greater Southeast Community Hospital Report of History and Physical Examination (8/26/05)
11.     Greater Southeast Community Hospital Pathology Laboratory Final Report (8/26/05, 8/27/05)
12.     Applicable MPD General Orders including 901.07.
13.     Curriculum Vitae, Paul M. Mazzei
14.     Curriculum Vitae, Jerry Wilson
15.     Curriculum Vitae, Jeffrey Posnick
16.     Greater Southeast Hospital Triage record and intake record.


Defendants may, if the need arises, offer in evidence at trial the following Exhibits:

1.      To the extent not listed above, all documents, things, and other evidence designated or produced in discovery by Plaintiff
2.      Any treatises or other authoritative literature relied upon by any expert
3.      Demonstrative exhibits developed by any expert
4.      Any evidence or exhibits created at trial
5.      Defendants reserve the right to use exhibits identified by Plaintiff subject to Defendants' objections.


Defendants reserve the right to offer into evidence at trial additional exhibits for impeachment/rebuttal purposes, as well as any exhibits not heretofore identified or discovered.

DISTRICT OF COLUMBIA'S OBJECTIONS TO PLAINTIFF'S EXHIBITS NUMBERED 1-5.

a.      The District has not seen the exhibit 1, Ofc. Thomas' personnel file, but reserves the right to object after it is disclosed.  Generally, it would not appear to be relevant.
b.      Plaintiff's reference to "all pleadings" in item 3  is overly board and does not allow the District to form its position on admissibility.
c.      Plaintiff's reference to all exhibits used in depositions in item 4 is likewise overly board and vague.
d.      Likewise, plaintiff's possible exhibit designations in items 5, 6, 7, 8 and 9 are so vague and indefinite as to not allow the District to

respond.

6. **Deposition Testimony**:

Plaintiff:

Plaintiff reserves the right to enter into evidence deposition testimony pursuant to Fed. R. Civ. P. 32(a)(3) Plaintiff also reserves the right to enter into evidence deposition testimony for impeachment purposes pursuant to Fed. R. Civ. P. 32(a)(1). At this time, Plaintiff hereby designates the following depositions excerpts:

### Deposition of Detective Christopher Coles
### January 24, 2007

| PAGE | LINE | | PAGE | LINE | | PAGE | LINE |
|------|------|---|------|------|---|------|------|
| 20 | 15-17 | | 89 | 1-2 | | 188 | 5-13 |
| 28 | 7-12 | | 90 | 14-22 | | 220 | 6-9 |
| 32 | 15-22 | | 91 | 1-6 | | 232 | 11-14 |
| 33 | 1-10 | | 93 | 20-22 | | 260 | 15-21 |
| 33 | 21-22 | | 94 | 1-9 | | 261 | 2-3 |
| 34 | 1-6 | | 94 | 17-22 | | 264 | 5-10 |
| 35 | 3-10 | | 95 | 1-12 | | 265 | 5-16 |
| 35 | 16-21 | | 104 | 17-22 | | 266 | 4-14 |
| 46 | 16-22 | | 105 | 1-22 | | 284 | 20-22 |
| 47 | 1-4 | | 106 | 1-22 | | 285 | 1-9 |
| 52 | 17-22 | | 107 | 1-22 | | 286 | 1-6 |
| 53 | 1 | | 108 | 1-22 | | 287 | 12-16 |
| 53 | 12-21 | | 109 | 1-22 | | 291 | 1-6 |
| 57 | 10-18 | | 110 | 1-6 | | 387 | 9-18 |
| 61 | 16-22 | | 118 | 2-10 | | 9 | 6-20 |
| 62 | 1-2 | | 123 | 17-22 | | | |
| 62 | 7-10 | | 124 | 1-18 | | | |
| 63 | 20-22 | | 126 | 7-18 | | | |
| 66 | 11-22 | | 130 | 14-22 | | | |
| 67 | 1-7 | | 131 | 1-6 | | | |
| 68 | 5-11 | | 135 | 10-22 | | | |
| 69 | 4-22 | | 143 | 10-22 | | | |
| 70 | 1-6 | | 144 | 1-22 | | | |
| 71 | 9-22 | | 145 | 1-2 | | | |
| 72 | 10-22 | | 145 | 11-16 | | | |
| 73 | 1-21 | | 151 | 4-16 | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75 | 17-22 | | 168 | 22 | | | |
| 76 | 1-19 | | 169 | 1-11 | | | |
| 82 | 14-22 | | 170 | 17-19 | | | |
| 83 | 1-6 | | 173 | 8-12 | | | |
| 88 | 6-17 | | 178 | 2-13 | | | |
| 88 | 22 | | 179 | 3-6 | | | |
| | | | | | | | |
| | | | | | | | |

## Deposition of Officer Michael Boyd
### February 6, 2007

| PAGE | LINE | | PAGE | LINE | | PAGE | LINE |
|---|---|---|---|---|---|---|---|
| 6 | 11-16 | | 51 | 1-20 | | | |
| 9 | 2-9 | | 52 | 6-7 | | | |
| 11 | 11-21 | | 52 | 12-14 | | | |
| 12 | 3-9 | | 53 | 17-22 | | | |
| 12 | 13-22 | | 54 | 1-11 | | | |
| 13 | 1-7 | | 55 | 4-11 | | | |
| 15 | 4-22 | | 56 | 14-16 | | | |
| 16 | 1-2 | | 56 | 19-22 | | | |
| 24 | 1-21 | | 57 | 1-4 | | | |
| 25 | 16-21 | | 57 | 10-11 | | | |
| 26 | 4-13 | | 64 | 10-22 | | | |
| 27 | 2-18 | | 65 | 1-11 | | | |
| 29 | 6-14 | | 65 | 14-22 | | | |
| 36 | 17-22 | | 66 | 1-2 | | | |
| 37 | 3-7 | | 67 | 6-9 | | | |
| 37 | 9-12 | | 67 | 15-22 | | | |
| 37 | 17-18 | | 68 | 1-3 | | | |
| 39 | 12-16 | | 68 | 7-11 | | | |
| 39 | 19-21 | | 68 | 17-20 | | | |
| 40 | 16-22 | | 70 | 22 | | | |
| 41 | 1 | | 71 | 1-10 | | | |
| 41 | 7-14 | | 72 | 4-5 | | | |
| 44 | 8-13 | | 72 | 13-22 | | | |
| 44 | 18-22 | | 75 | 2-17 | | | |
| 45 | 1-19 | | | | | | |
| 47 | 5-14 | | | | | | |

| 48 | 15-22 | | | | | |
|---|---|---|---|---|---|---|
| 49 | 1-11 | | | | | |
| 49 | 13 | | | | | |
| 49 | 17-20 | | | | | |
| 50 | 10-12 | | | | | |
| 50 | 17-22 | | | | | |

**Deposition of Officer Eldrick Creamer**
**February 6, 2007**

| PAGE | LINE | | PAGE | LINE | | PAGE | LINE |
|---|---|---|---|---|---|---|---|
| 8 | 14-18 | | | | | | |
| 8 | 21-22 | | | | | | |
| 15 | 20-22 | | | | | | |
| 16 | 1-9 | | | | | | |
| 21 | 18-22 | | | | | | |
| 22 | 1-8 | | | | | | |
| 22 | 12-14 | | | | | | |
| 35 | 1-7 | | | | | | |
| 41 | 20-22 | | | | | | |
| 42 | 1-7 | | | | | | |

Defendants:
    Austin Deposition:

        p.  8, line15 -    p. 9, line10
        p.  11, line10 -  p. 12, line16
        p.  38, line 3 – p. 40, line10
        p.  47, line 2-11
        p.  59, line 19 – p. 60, line 2
        p.  72, line 8 – 22
        p. 124, line 20 – p.125, line4
        p, 151, line 11 – p.152, line 18


    7.    **Itemization of Damages**

        Mr. Austin seeks the following categories of compensatory damages: (1)  past

medical expenses and related needs; (2) and  pain and suffering, mental anguish,

inconvenience, disfigurement, disability, and impairments. More specifically, Plaintiff's

compensatory damages are as follows:

**Past Medical Treatment (detailed below)**          **$ 25,248.07**

**Total Special Damages To Date**                    **$ 25,248.07**

        **Past Medical Treatment**

| PROVIDER | EXPENSES |
|---|---|
| Greater Southeast Community Hospital | $ 19,868.92 |
| Dr. Renee McCoy, DDS | $ 4,370.00 |
| Sibley Memorial Hospital | $ 1,009.15 |
| **Total:** | **$ 25,248.07** |

      Plaintiff also seeks punitive damages in the amount of **$10,000,000** from

Defendant Officer Thomas.

8.      **Other Relief Sought**:

Plaintiff:

      In addition to a judgment for a sum of money, Plaintiff seeks attorneys' fees on

the civil rights claims, plus appropriate pre- and post-judgment interest, taxable costs, and

whatever further and other relief this Court deems proper.

Defendants:

      Defendants seek dismissal of all claims, taxable costs, and such further relief this

Court deems proper.

        Respectfully submitted,

        By:      *Peter C. Grenier /s/*             
                    Peter C. Grenier (D.C. Bar No. 418570)
                    Bode & Grenier, L.L.P.

1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C.  20036
(202) 828-4100
(202) 828-4130 (fax)
*Counsel for Plaintiff*

*Patrick G. Senftle  /s/*_____
Patrick G. Senftle, Esquire
James Pressler, Esquire
PRESSLER & SENFTLE, P.C.
927 15th Street, N.W.
Twelfth Floor
Washington, D.C. 20005
*Counsel for Defendant*
*Officer Don Thomas*

*Steve J. Anderson /s/*_____
Philip Lattimore III, Esquire
Chief, General Litigation Sec. III
Steven J. Anderson, Esquire
Assistant General Counsel
441 4th Street, N.W.
6th Floor North
Washington, DC 20001
(202) 724-6607
*Counsel for Defendant District of Columbia*

Dated: June 27, 2007