UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
**NIGEL AUSTIN,**                                         )
                                                          )
                                                          )
          **Plaintiff,**                                  )  **Case No. 05-2219(JDB)**
                                                          )
          **v.**                                          )
                                                          )
**THE DISTRICT OF COLUMBIA, et al.**                      )
                                                          )
          **Defendants.**                                 )
_____)

**Plaintiff's (1) Motion for Leave to File a Supplemental Motion**
***In Limine* and (2) Supplemental Motion *In Limine***

  Plaintiff, through undersigned counsel, hereby submits his Motion for Leave to file a Supplemental Motion *In Limine* and Supplemental Motion *In Limine*, as follows:

  1. On June 19, 2007, over one month after the parties had submitted their respective Motions *In Limine*, Plaintiff was arrested and charged with Unlawful Possession With Intent to Distribute a Controlled Substance, in violation of D.C. Code Ann. § 904.01(a)(1). Plaintiff now seeks leave to file a Supplemental Motion *In Limine* to exclude any testimony, evidence or argument relating to Plaintiff's June 19, 2007 arrest and/or criminal charges.

  2. Defendants District of Columbia ("District") and Officer Don Thomas ("Thomas") should be precluded from offering any evidence, either directly or indirectly, regarding Plaintiff's June 19, 2007 arrest and/or criminal charges.

  Pursuant to LCvR 7(m), Plaintiff hereby certifies that he conferred with the Defendants in good-faith seeking to obtain the requested relief which consent was denied.

In support hereof, the Court's attention is respectfully directed to the attached Memorandum of Points and Authorities.

Respectfully submitted,

___*Peter C. Grenier /s/*_____
Peter C. Grenier (D.C. Bar No. 418570)
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036
(202) 828-4100
(202) 828-4130 (fax)
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of June, 2007, a true and accurate copy of the foregoing Plaintiff's Motion for Leave to File a Supplemental Motion *In Limine* and Supplemental Motion *In Limine,* Memorandum and proposed Order was served by mail and via Electronic Case Filing to:

Steven J. Anderson, Esquire
Assistant General Counsel
441 4th Street, N.W.
6th Floor North
Washington, DC 20001
*Attorney for Defendant*
*District of Columbia*


Patrick Senftle, Esquire
PRESSLER & SENFTLE, P.C.
927 15th Street, N.W.
Twelfth Floor
Washington, D.C. 20005
*Counsel for Defendant*
*Officer Don Thomas*

_____*Peter C. Grenier /s/*_____
Peter C. Grenier

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIGEL AUSTIN, | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) Case No. 05-2219(JDB) <br> ) |
| v. | ) <br> ) |
| THE DISTRICT OF COLUMBIA, et al. | ) <br> ) |
| Defendants. | ) <br> ) |

**Plaintiff's Memorandum of Points and Authorities in Support of His (1) Motion for Leave to File a Supplemental Motion *In Limine* and (2) Supplemental Motion *In Limine***

Plaintiff respectfully requests that this Court grant his Motion for Leave to File a Supplemental Motion *In Limine*, and his Supplemental Motion *In Limine*, excluding certain evidence from the trial of this matter (the "Motion").

As set forth more fully below, the Court should grant Plaintiff's Motion because:

(1) The Court has power to modify its schedule for the submission of motions for good cause shown, and should do so in this instance because the Incident which is the subject of Plaintiff's Supplemental Motion *In Limine* did not occur until June 19, 2007, over one month *after* the Court's deadline for filing Motions *In Limine*.

(2) Evidence of Plaintiff's June 19, 2007 arrest and subsequent criminal charges are irrelevant and unfairly prejudicial to Plaintiff.

I.     <u>Leave to File Supplemental Motion *In Limine*</u>

Pursuant to the Court's February 8, 2007 Order, all Motions *In Limine* were to be filed by May 15, 2005. *See* Exhibit A. Plaintiff now seeks leave to file a Supplemental Motion *In*

3

*Limine* after the May 15, 2005 deadline.  The Court has the power to modify its own schedule for good cause shown, and Plaintiff respectfully submits that he has demonstrated such good cause. *See* Fed. R. Civ. P. 16(b); *see also Hussain v. Nicholson*, 435 F.3d 359, 363 (D.C. Cir. 2006). Counsel for Plaintiff learned very recently that Plaintiff was arrested and charged with Unlawful Possession With Intent to Distribute a Controlled Substance on June 19, 2007.  This arrest occurred over one month after the Court's May 15, 2007 deadline for the filing of Motions *In Limine*.  While Plaintiff's Motion *In Limine* seeks to exclude all evidence of Plaintiff's criminal history, it obviously does not address the June 19, 2007 arrest, and Plaintiff now seeks leave to file a supplemental Motion *In Limine* to address Plaintiff's recent arrest and criminal charges.

As a result, Plaintiff respectfully requests that the Court grant his Motion and allow Plaintiff to submit a Supplemental Motion *In Limine*.

    II.    <u>Supplemental Motion *In Limine*</u>

As related above, Plaintiff was arrested on June 19, 2007 and charged with Unlawful Possession With Intent to Distribute a Controlled Substance ("Unlawful Possession Arrest"), a misdemeanor, after he allegedly sold marijuana to an undercover police officer.  Plaintiff denies these allegations.  To date, Plaintiff remains incarcerated at the District of Columbia Jail.

Admission of evidence pertaining to Plaintiff's June 19, 2007 arrest is irrelevant, inadmissible and will unfairly prejudice Plaintiff.  The Unlawful Possession Arrest is irrelevant because whether Plaintiff allegedly sold marijuana to an undercover police officer has absolutely no bearing on the facts underlying his present civil action (which is premised on events that occurred almost two years ago).  Similarly, the Unlawful Possession Arrest is completely irrelevant to any damages Plaintiff allegedly sustained as a result of the incident underlying his civil action.  Clearly, evidence of Plaintiff's recent arrest will not make "any fact which is of

4

consequence to the determination of the action more probable or less probable." *See* Fed. R. Evid. 401.

Plaintiff has not been convicted of any crime stemming from his June 19, 2007 arrest, and it is exceedingly unlikely that any conviction will result by the July 23, 2007 trial in the civil matter. As there is no conviction, any evidence of the Unlawful Possession Arrest is not admissible under Fed. R. Evid. 609(a). *See Id*. Further, because Plaintiff has only been charged with a misdemeanor offense, it is highly likely that this evidence would be admissible even if he was convicted because "illegal drug use or transactions, without more, do not show untruthfulness." *See United States v. Millings,* 535 F.2d 121, 123 (D.C. Cir. 1976) (holding that a previous conviction for possession of narcotics was not indicative of untruthfulness or deceit); *United States v. Lewis*, 626 F.2d 940, 946 (D.C. Cir. 1980), *overruled on different grounds by* 702 F.2d 1049 (D.C. Cir. 1983) (noting that selling heroin is not a crime of dishonesty or false statement); *Crimm v. Missouri Pacific Railroad Co.*, 750 F.2d 703, 708 (8th Cir. 1984); *United States v. Hasting*, 577 F.2d 38, 41 (8th Cir. 1978) (stating "we are satisfied that a conviction on a narcotics charge is not a crime which involves dishonesty or false statement within the meaning of Rule 609(a)(2)"); *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (holding that a prior conviction for importation of cocaine, without any specific facts pertaining to any dishonest acts, was inadmissible); *see also* Fed. R. Evid. 609(a)(2) (limiting the admission of non-felony crimes to those which require an act of dishonesty or false statement by the witness).

Similarly, Plaintiff's Unlawful Possession Arrest would not be admissible under Fed. R. Evid. 608(b), "Specific Acts of Conduct," for same reasons as set forth above – mere drug possession and drug sales alone are *not* crimes which involve dishonesty or false statements. *See Millings,* 535 F.2d at 123; *Lewis*, 626 F.2d at 946; *Crimm*, 750 F.2d at 708 *Hasting*, 577 F.2d at

41; *Hayes*, 553 F.2d at 827; *see also* Fed. R. Evid 608(b) (limiting admission of prior acts of conduct to those which are probative of truthfulness or untruthfulness).

In addition, introduction of evidence pertaining Plaintiff's Unlawful Possession Arrest pursuant to Fed. R Evid. 608(b) will be highly prejudicial to Plaintiff. Indeed, because evidence of prior bad acts is often highly prejudicial, they should only be admitted when they are "clearly probative of credibility." *See Tri-State Hospital Supply, Inc. v. United States*, 471 F. Supp 170 (D.D.C. 2007); Hemphill *v. WMATA*, 982 F.2d 572, 574 (D.C. Cir. 1993); *Woodward & Lothrop v. Hillary*, 598 A.2d 1142, 1150 (D.C. 1991). Plaintiff's Unlawful Possession Arrest is not highly probative of credibility, and, as a result, any evidence pertaining to it should be excluded.

Plaintiff additionally incorporates by references all arguments set forth in his May 15, 2007 Motion *In Limine* and his June 18, 2007 Reply to Defendants' Opposition to Plaintiff's Motion *In Limine*.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that his Motion Seeking Leave to File a Supplemental Motion *In Limine* and his Supplemental Motion *In Limine* be granted. A Proposed Order is attached hereto.

           Respectfully submitted,

           ___*Peter C. Grenier/s/*_____
           Peter C. Grenier (D.C. Bar No. 418570)
           Bode & Grenier, L.L.P.
           1150 Connecticut Avenue, N.W.
           Ninth Floor
           Washington, D.C.  20036
           (202) 828-4100
           (202) 828-4130 (fax)
           *Counsel for Plaintiff*