UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NIGEL AUSTIN,<br><br>                    Plaintiff,<br><br>            v.<br><br>DISTRICT OF COLUMBIA, *et al.*<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)    Case No. 05-2219 (JDB)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT DISTRICT OF COLUMBIA'S OBJECTIONS TO CERTAIN JOINT JURY INSTRUCTIONS, CERTAIN OF PLAINTIFF'S REQUESTED JURY INSTRUCTIONS, CERTAIN OF PLAINTIFF'S EXHIBITS AND TO DESIGNATED PARTS OF DET. COLE'S 30(b)(6) DEPOSITION**

Pursuant to LCvR.16.5 defendant District of Columbia submits its objections to plaintiff's exhibits, Jointly Requested *Voir Dire*, Joint Jury Instructions and Plaintiff's Requested Special Instructions:

**Joint Jury Instructions**

26.     Have any of you, your spouse, members of your immediate family, or close friends ever been the victim of a crime?

*The District does not feel this inquiry is relevant.*

*Same objection regarding question 27.*

31. Question 31 seeks the jury's opinion on whether officers should be sued.  In this case, an officer has already been sued so the question is irrelevant.  The question more to the point is if the jury can be fair if a police officer is a defendant and this question is included among the jointly requested *voir dire* questions.  *See e.g.* question 28.

33.     Do any of you have any personal reservations, or reluctance or concerns – or any religious, moral or philosophical reasons or beliefs – with awarding money damages for a

personal injury, such that it would make it difficult for you to award a substantial verdict in this case?

*The District objects to the words following "personal injury" and would end the question there.*

## **Plaintiff's Proposed Voir Dire**

1. The whole question is duplicative.  In the joint voir dire the jury will be asked about known of the incident alleged.  In other joint *voir dire* questions it has been asked about law enforcement bias. *Viz.*  28, 31.

2. This question duplicates the inquire in joint voi dire questions 28 and 31.

3. This question is not relevant.

4.  This question is not relevant.

5.  The question is vague in its reference to "preconceived notions" and seeks information which is obvious – of course lawsuit impact taxes and insurance.  It does not seek information which is helpful in finding a fair jury.

6. The question involves a detailed discussion of the law which is not necessary to finding a fair jury.  Else where the jury is asked if they think they will be able to follow the Court's instruction on the law, and it is not necessary or appropriate to seek this information coupled with a partial discussion of the law.

7.  Same objection as number 6.

8.  The question seeks the jury to commit to the proposition, just because a person "claims to have been injured by the misconduct of the government" he should receive compensation.  This implies a duty which does not exist.

9.  In Question 28 and 31 of the joint *voir dire* the jury to agree that police officers be treated like other witnesses and defendants.  This question is duplicative as it is yet another formulation of the same question.

10.  The question about the litigation crisis is yet another formulation of the jointly requested question about tort reform.  It is duplicative and seeks to have the jury to commit to the proposition that no verdict can be too high.

11. This question is irrelevant to any issue raised in this case.

12. This is not a criminal case and no issue about criminal laiblity will be before the jury.  This question is not relevant and will serve to confuse the jury.

13. The jury has already been asked if about basis for or against the District, and has been informed as to who the defendants are. This question is redundant. See eg. Jointly requested question no. 32.

14. The jointly requested jury instruction seek bias for or against police officers as witnesses. This question is redundant. See e.g. jointly requested *vior dire* question no. 28

## Objections to Plaintiff's Exhibits

1. Photographs of Plaintiff (8/30/2005).
   *Objection: There are eight photographs. The District objects to their authenticity and relevance. It's not clear that pictures of the tennis shoes show anything disputed. In addition, they are duplicative.*
2. Photographs of Plaintiff taken by Force Investigation Team

   *Objection: There are three pictures of plaintiff in bed. The District objects based on relevance and authenticity. It's clear what these pictures prove. There is one picture of an undershirt, and three more pictures of a white tee shirt. The District does not concede that these are authentic, or relevant. There is a black and white picture of something, but it is impossible to make out what it is. Objection based on relevance and authenticity. Same objections for the last picture of a white tee shirt. The time stamped date on the pictures suggest that they were taken several days after the incident alleged in this case.*

3. Photographs of Central Cell Block (2/5/07)
   *No objection.*

4. Records of Greater Southeast Community Hospital (8/25/05 – 8/30/05)

   *No Objection to page 5 of Exhibit 4.*
   *The District objects to the medical records unless plaintiff is going to call the author so that he can be cross-examined. The end of the chart seems to include a May 11, 2005, hospital visit which is not relevant. Unless the doctor is going to testify to the contents of the records, the District objects to their admission.*

5. Bills of Greater Southeast Community Hospital (12/6/05)

   *Objection*: *The District objects to these bills unless plaintiff has evidence that they are reasonable and related to the injury alleged in this matter. Moreover, it appears that these bills were paid by DC Medicaid in which case plaintiff is not entitled to recover for them a second time. Unless the doctor is going to testify to the contents of the records, the District objects to their admission.*

6.  Record of Sibley Memorial Hospital (8/30/05)

    *Objection: The District objects to these medical bills as the services reflected were not medically reasonable nor required. Hours after plaintiff was discharged from the hospital he generated these bills because he "wanted a second opinion." Unless the doctor is going to testify to the contents of the records, the District objects to their admission.*

7.  Bill of Sibley Memorial Hospital (12/8/05)

    *Objection: The District objects to these medical bills as the services reflected were not medically reasonable nor required.*

8.  Records of Capital Dental (8/25/05 – 1020/05)

9.  Bills of Capital Dental

10. Video of Plaintiff (9/1/05, 9/2/05, 9/3/05, 9/6/05, 10/10/05)
    *Objection: The District objects to playing the several hours of video tapes identified.*

11. Defendant District of Columbia's Answer (5/25/05)

    *Objection: The answer is not evidence, nor is it clear what plaintiff seeks to prove by its admission. Plaintiff's failure to designate specific parts of the answer which makes if difficult for the District to formulate its objections.*

12. Defendant Officer Don Thomas' Answer (5/25/05)

*Objection: The answer is not evidence, nor is it clear what plaintiff seeks to prove by its admission. Plaintiff's failure to designate specific parts of the answer which makes if difficult for the District to formulate its objections.*

13. Defendant District of Columbia's Response To Plaintiff's First Set of Interrogatories (9/15/06)

*Objection: Plaintiff's failure to designate specific responses makes if difficult for the District to formulate its objections. All of the responses are not relevant; many include hearsay and speak of matters more prejudicial and probative.*

14. Defendant Officer Don Thomas' Objections to Plaintiff's First Set of Interrogatories (9/15/06)

*Objection: These objections are not evidence of anything in dispute.*
15. Defendant Officer Don Thomas' Supplemental Answers to Plaintiff's First Set of Interrogatories (2/7/07)

*Objection: Plaintiff's failure to designate specific responses makes if difficult for the District to formulate its objections. All of the responses are not relevant, many include hearsay and speak of matters more prejudicial and probative.*

16. Defendant District of Columbia's responses to Plaintiff's Amended Request for Admissions (2/13/07)

*Objection: Plaintiff's failure to designate specific responses makes if difficult for the District to formulate its objections. All of the responses are not relevant, many include hearsay and speak of matters more prejudicial and probative.*

17. Preliminary Report Regarding the Use of Force (Fist) by Officer Don Thomas and Use of Force (Hand Controls) by Officer George Hawkins of the Central Cell Block, FIT Case X-O-05-180, CS-05-1553

*Objection, the report is hearsay, and is protected by the deliberative privilege.*

18. Final Report Regarding the Use of Force (Fist) by Officer Don Thomas and Use of Force (Hand Controls) by Officer George Hawkins of the Central Cell Block, FIT Case X-O-05-180, CS-05-1553

*Objection, the report is hearsay and is protected by the deliberative privilege. In particular, the section "discrepancies and clarifications," includes the investigators opinions and observations not necessarily accepted by the District. It is more prejudicial than probative.*

19. Metropolitan Police Department, Internal Affairs Division, Complaint Summary Sheet (9/12/05, DC 0002-0003)

*No Objection.*

20. Investigative File Report (10/16/06, DC00013)

*Objection: The document is protected by the deliberative privilege. It is hearsay and includes the opinions of the author which have not been adopted by the District.*
21. Investigative File Report (6/13/06, DC 00014)

*Objection: The document is protected by the deliberative privilege. It is hearsay and includes the opinions of the author which have not been adopted by the District. It is not relevant.*

**22.** Investigative File Report, Interview with Mr. Austin (8/28/05, DC00016 - 7)

*Objection, the document is hearsay.*

23. Officer Don Thomas' Statement to FIT (8/30/05, DC00018 – 24)

*Objection: The document is hearsay.*

24. Officer Andrew Keith Richardson's Statement to FIT (1/25/06, DC 00025)
*Objection: The document is hearsay.*

25. Officer Heath E. Bowman's Statement to FIT (1/25/06, DC00026)
*Objection: The document is hearsay.*

26. Transcription of Recorded Statement of Officer Rhonda Crowder (12/11/06)

*Objection: The District has not read the transcript. In addition, if its admitted for the truth of the matter being accreted it is hearsay.*

27. Cassette Recording of Interview with Lynn Lewis (8/28/05)
*Objection: The District has not heard the transcript. In addition, if its admitted for the truth of the matter being accreted it is hearsay.*

28. Cassette Recording of Interview with Officer George Hawkins, II (8/28/05)
*Objection: The District has not heard the transcript. In addition, if its admitted for the truth of the matter being accreted it is hearsay.*

29. FIT On-Scene Assessment Form (DC 00070)
*No objection.*
30. PD-313, Arrestee's Injury/Illness Report (8/25/05)

*No objection.*
31. Metropolitan Police Department Daily Vehicle Inspection and Activity Report (8/25/05, DC 00089 - 90)
*Objection: Relevance.*
32. Arrestee Lock-Up Sheet (8/25/05, DC 00094)
*Objection: Relevance*

33. Use of Force Review Board Memorandum Regarding Issues to be Addressed by FIT Investigator (12/21/06)

*Objection: Relevance, the document is protected by the deliberative privilege. It is part of the District's post remedial measures.*

34. Use of Force Review Board Memorandum to Officer Don Thomas (1/9/07)

*Objection: Relevance, it is part of the District's post remedial measures.*

35. Use of Force Review Board Memorandum to Officer George Hawkins (1/9/07)

*Objection: Relevance, it is part of the District's post remedial measures.*

36. MPD General Order 901.07, Use of Force

*No objection.*

37. MPD General Order 901.08, Use of Force Investigations

*Objection: Relevance, any investigation occurred after the incident alleged. Moreover, the plaintiff is not alleging negligent supervision or training.*

38. MPD General Order 502.07, Medical Treatment and Hospitalization for Prisoners

*No objection.*

39. MPD General Order 502.01, Transportation of Prisoners

*Objection: Relevance.*

40. FIT Organizational Plan and Operations Manual, pages 16-8 (12/1/01)

*Objection: This is an internal FIT Document and is not relevant to any issue in this case.*

41. "Spectrum of Force" Training Bulletin (9/2/98)

*Objection: Relevance.*

42. Use of Force Incident Report of Officer Rhonda Crowder (9/1/05)

*Objection: hearsay.*

43. Use of Force Incident Report of Officer George Hawkins II

*Objection: hearsay.*

44. Use of Force Incident Report of Officer Don Thomas (8/30/05)

*Objection: hearsay.*

45. Lessons in Force (2005 – 2006)

*Objection: This document is very lengthy and includes many subjects no related to issues in this case. Plaintiff has not designated any part of the document and admitting the whole document would lead to jury confusion.*

46. Handout Laws of Arrest, Search, and Seizure, pages 30-1 (10/99)

*Objection: This is a discussion of the law which is the duty of the Court. Admitting this document would encourage the jury to apply law outside the instructions it is given. It is more prejudicial and probative.*

47. D.C. Code Ann. § 5-121.05 (2007), Compromise of Felony; Withholding of Information; Receiving Compensation from Person Arrested or Liable to Arrest; Permitting Escape

*Objection: This is not evidence. Rather, it is a statement of the law which should be covered in jury instructions, if at all.*

48. D.C. Code Ann. 5-115.03 (2007), Neglect to Make for Offense Committed in Presence

*Objection: This is not evidence. Rather, it is a statement of the law which should be covered in jury instructions, if at all.*

49. Report of James E. Bradley, Jr. (8/30/2006)

*Objection: This is hearsay and duplicates the expert's testimony.*

50. CV of James E. Bradley, Jr.
*Objection: This is hearsay and duplicates the expert's testimony.*

51. Report of Dr. Steven Guttenburg (8/28/2006)
*Objection: This is hearsay and duplicates the expert's testimony.*

52. CV of Dr. Steven Guttenburg
*Objection: This is hearsay and duplicates the expert's testimony.*

53. Greater Southeast Community Hospital Attestation Sheet – Redacted (9/1/05)
*Objection: Relevance.*
54. Greater Southeast Community Hospital Pathology Laboratory Final Report – Redacted (8/26/05, 8/27/05)

*Objection: This is hearsay relevance.*

## **Objections to Designated transcripts section of Detective Cole**

January 24, 2007 deposition of Det. Cole

1. Page 28, line 7-12   not relevant
2. Page 47, line 1-4  not relevant, more prejudicial than probative, no foundation (would FIT reopen investigation after a witness gives a deposition, no showing FIT provide copies of deposition)
3. Page 61, 16-22 not relevant, how he would characterize Crowder's statement, call for an opinion, not evidence
4. Page 67, l. 1-7, relevance, calls for testimony on a subject on which the witness was not designated to testify.  He asking how deposition will affect future conduct of FIT investigation in this case, not identified to testify about this subject.
5. Page 82, l. 14-22; Page 83, l. 1-6.  In this text, Det. Cole is testifying personally that he did not talk to witnesses as apart of the investigation.   This is because he assumed the investigation after it was largely completed.  This excerpt is misleading and does not reflect the District's investigation which is what Det. Cole was designated to testify about under FRCP 30(b)(6).
6. Page 89, l. 1-2, this is an incomplete answer taken out of context.  Plaintiff was not interviewed because he refused to cooperate in the investigation.  The part selected make the opposite appear.  Defendant requests that up to line 18 be included.
7. Page 90, l. 14-22 calls for the witness to make a credibility determination which is improper evidence.
8.  Page 91, l.-6  same has above.
9.  Page 104, lines 17-22, the plaintiff is asking to witness to testify personally as a FIT investigator, not as a 30(b)(6) witness for the District.
10. Page 105, lines 1-22 the text is only the colloquia between counsel and has no evidentiary value.
11. Page 106, lines 1-22, the text is only the colloquia between counsel and has no evidentiary value.
12.  Page 107, lines 1-22, the text is only the colloquia between counsel and has no evidentiary value.
13.  Page 108, lines 1-22, the text is only the colloquia between counsel and has no evidentiary value.
14. Page 109, lines 1-22, the text is only the colloquia between counsel and has no evidentiary value.
15.  Page 110, lines 1-6, the text is only an objection and has not evidentiary value.
16.  Page 124, lines 1-24, the text is taken out of context.  The answer is confusing because the question is framed in the negative.   Reading the additional explanation the witness gives is necessary to properly understand the witnesses answer.  However, the Court has precluded reference to the U.S. Attorney investigation.
17. Page 126, l. 7-18.  The witness is giving a personal opinion and is not speaking to the District's official position.  This is outside his designation as a 30(b)(6) witness.  The witness' personal opinion does not bind the District and is irrelevant and is hearsay.
18.  Page 135, l. 10-22.  The text plaintiff selected is incomplete.  It should include explanation that follow ending at page 136, l. 16.

19. Page 143, l. lines 10-22; page 144, lines 1-22;  The text from the FIT report that the witness reads concerns matters other than "use of force."  FIT's authority is limited to the use of force.  The reference to medical care is the investigator's opinion that non-force related general orders were violated.  However, it should not bind the District as there has been no determination that the MPD General order regarding medical care was violated.

20. Page 232, l. 11-14.  This text calls for the witnesses personal opinion on the credibility of witnesses and is not appropriate for this reason.

21. Page 285, l. 1-9.  The text includes the assertion by plaintiff's attorney that there is a conflict in the evidence.  The witness denies this.  There is therefore, no evidentiary value in the text plaintiff has identified.

22. Page 287, l. 12-16.  The text plaintiff has identified does not make any scene because it has been taken out of context.  It is therefore, not probative or relevant.

23. Page 291, 1-6.  The text is taken out of context and is misleading.  Cole assumed the investigation when it was nearly complaint.  He did not personally talk to Ofc. Crowder, but the prior investigator did.  The testimony he gives here is his own personal actions, but is not as a 30(b)(6) witness for the District.

## **Objections to Plaintiff's Special Jury Instruction**

Delay in Providing Medical Treatment

Any delay by Defendant Thomas in providing medical treatment to Plaintiff can constitute deliberate indifference.

*Sources:  Farrow v. West*, 320 F.3d 1235, 1246 (11th Cir. 2003)(explaining that even when medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying medical treatment, even for a period of hours); *Harris v. Coweta County*, 21 F.3d 388, 394 (11th Cir. 1994)(holding that a few hours delay in receiving medical care can constitute deliberate indifference); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1998).

*The District objects to this instruction, it implies strict laiblity.  A violation of the plaintiff's Constitution rights would occur only if Ofc. Thomas was "deliberate indifference" to plaintiff's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The instruction isincomplete in that it does not link the delay to a serious medical need.   To meet this standard, plaintiff must prove that Mr. Austin's need for medical care was obvious and that Ofc. Thomas knew of and disregarded an excessive risk to Mr. Austin health or safety; the defendant must both be aware of facts from*

*which the inference could be drawn that a substantial risk of serious harm exits, <u>and he must also draw the inference</u>  Farmer v. Brennan, 114 S. Ct. 1970 (1994).  Mere negligence alone does not establish a violation of the constitution as this instruction suggests.*

Conspiracy to Deny or Delay Medical Care

*(Objection: The District would add to this instruction that plaintiff must first provide that his constitutional rights were violated.)*

Plaintiff has alleged that Defendant Thomas conspired to delay or deny medical care to Plaintiff.  To establish a civil conspiracy under § 1983, Plaintiff must present evidence that Defendant Thomas acted jointly in concert with another actor, and that some overt act was done in furtherance of the conspiracy which resulted in Plaintiff's deprivation of a constitutional right.  Plaintiff need not provide direct evidence of the conspiracy, but must provide specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective, and this evidence must reasonably lead to the inference that the actors positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.

Source: *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996); *Pangburn v. Culbertson*, 200 F.3d 65, 72(2d Cir. 1999) ("To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."); *Austin v. D.C.*, 2007 U.S. Dist. LEXIS 34793, *38 (D.D.C. 2007).

**Non-Pattern Instruction**

Violation of Plaintiff's Right to Safety, Bodily Integrity and Personal Security

*(Objection: The District would add plaintiff claims that Ofc. Thomas committed "an unreasonable seizure" in violation of the 4th Amendment when he struck Mr. Austin.  If you find that Ofc. Thomas acted reasonably in response to a threat he perceived, then he did not violate plaintiff's constitutional rights.)*

Plaintiff alleges that Defendant Thomas violated his Fifth Amendment due process rights when Defendant Thomas struck Plaintiff while Plaintiff was a pre-trial detainee.  In order to find for Plaintiff on this claim, Plaintiff must demonstrate by a preponderance of the evidence, that Defendant Thomas performed the act alleged which result in substantial harm to Plaintiff, and, that, in performing the acts alleged, Defendant Thomas acted in a manner that is shocking to the conscience.

    Sources:  *Phillips v. District of Columbia*, 455 F.3d 397, 403 (D.C. Cir. 2006); *John v. Norris*, 737 F.3d 1148, 1151 (D.C. Cir. 1984); *Butera v. District of Columbia*, 235 F.3d 637 (D.C. Cir. 2001)


Plaintiff's Instruction _____

Proximate Cause – Generally

The third element which plaintiff must prove is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' act or omission. If an injury was a direct result or a reasonably probable consequence of a defendants' act or omission, it was proximately caused by such act or omission. In other words, if a defendants' act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

Proximate cause as I have explained is not limited to Plaintiff's civil rights claims, but is

equally applicable to each and every claim made by Plaintiff.

*Sources:* Instruction 87-79, *Modern Federal Jury Instructions* (2006) (modified to extend applicability of proximate cause to each of Plaintiff's claims)

*__Objection: Proximate cause is a negligence concept that is not applicable to plaintiff's constitutional claim or assault and battery claim. To establish a constitutional violation, plaintiff most prove that more that that the violation was reasonably probable. Plaintiff must prove that the defendant either intended to violate plaintiff's rights, or was deliberately indifferent. This instruction will confuse the jury and is legally incorrect.__*

Negligence Defined

*__(The District requests the following modification:__*
*__Plaintiff in this case claims that defendants were negligent in their failure to obtain medical care for him sooner  The Court has already rejected plaintiff's negligent assault claim and mere negligence does not establish a constitutional violation.)__*

Negligence is the failure to exercise ordinary care. To exercise ordinary care means to use the same caution, attention or skill that a reasonable person would use under similar circumstances. It is negligent to do something that a person using ordinary care would not do. It is also negligent to fail to do something that a person using ordinary care would do.

*Source:* Instruction 5-2, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

Establishing Employee-Employer Relationship

*__(The District will stipulate that Ofc. Thomas was acting within the scope of his employment. Therefore, this instruction is not required.)__*

To decide whether Defendant Thomas was an employee of an employer, you must decide whether Defendant District of Columbia had the right to control Defendant Thomas' conduct. The term "control" refers to the employer's right to direct the person in the more essential aspects of the job. In this sense, the term "control" does not mean the ability to direct every single action of the person.

You may find that Defendant District of Columbia had this right to control if you find that Defendant District of Columbia retained the right
(1) to give orders to Defendant Thomas,

(2) to control the performance of Defendant Thomas' work, and

(3) to control the way that Defendant Thomas performed the work.

*Source:* Instruction 6-1, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.) (modified to include names of employer/employee pursuant to

instruction's suggestion)

Excessive Force in Doing a Lawful Act

*(Defendant DC requests the following modification: "Plaintiff claims that Ofc. Thomas used excessive force when he struck Mr. Austin. In deciding this claim:"  It also request that the jury be instructed that a police officer like any other person may use force when acting in self defense. This would be a good place to incorporate the self defense instruction-- Blue Book instruction no. 19-6.)*

There are some circumstances in which threatening or actually using force, even deadly force, is necessary to carry out a lawful act. However, a person may threaten to use or actually use force only in the amount reasonably necessary to carry out the lawful act.

If you find, considering the circumstances as they appeared to the defendant, that the defendant used or threatened to use more force than was reasonably necessary to do the otherwise lawful act, then your verdict must be for the plaintiff.

*Source:* Instruction 19-5, *Standardized Civil Jury Instructions for the District of Columbia* (2006 Rev. Ed.)

### Non-Pattern Instruction

Intentional Infliction of Emotional Distress – Elements

In order to find in favor of plaintiff on the claim of Intentional Infliction of Emotional Distress, you must find that:

1. Defendants' conduct was extreme and outrageous;
2. Defendants' conduct was intentional or reckless; and
3. Defendants' conduct caused severe emotional distress.

*District of Columbia v. Thompson*, 570 A.2d 277, 289 (D.C. 1990).

*(The District would add the following language:*
*If you find that an assault and battery upon plaintiff also amounted to IIED this does not mean that plaintiff is entitled to separate compensation for each tort. Rather, if plaintiff is entitled to compensation under two separate theories for the same injury, then you should award plaintiff a single amount that fairly compensates him for the injury he has proven.)*

### Non-Pattern Instruction

Defendant Thomas had a duty to arrest Plaintiff if Plaintiff had attempted to strike Defendant Thomas.

*Sources:  D.C. Code Ann. §5-115.03* (2007), Neglect to make for offense committed in presence (stating that a member of the police force shall be guilty a misdemeanor if he neglects to make an arrest for an offense against the laws of the United States); *D.C. Code Ann. §5-121.05* (2007), Compromise of a felony; withholding information; receiving compensation from person arrested or liable to arrest; permitting escape

**(The District objects to this instruction because the plaintiff's assault on Ofc. Thomas was not necessarily a felony, Cf. "Compromise of a felony." and because plaintiff was already under arrest when the incident occurred. )**

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____
        PHILLIP  LATTIMORE, III
        Chief, General Litigation Section III

        _____
        STEVEN J. ANDERSON
        Assistant Attorney General
        Suite 600S
        441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-6607
        (202) 727-3625 (fax) (202) 727-3625
        E-mail:  Steve.anderson@dc.gov