IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIGEL AUSTIN             :
                         :
    Plaintiff,           :
                         :
v.                       :    CASE No. 1:05-CV-02219 (JDB)
                         :
THE DISTRICT OF COLUMBIA, et al. :
                         :
    Defendants.          :

### DEFENDANT DON THOMAS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF JULY 3, 2007 DENYING DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT DISCLOSURE AND GRANTING PLAINTIFF'S MOTION TO STRIKE ADDENDUM EXPERT REPORT

Defendant Don Thomas, through counsel, hereby moves for reconsideration of the Court's Order of July 3, 2007 denying Defendant's request to supplement the expert disclosure of Paul Mazzei and granting Plaintiff's motion to strike Mr. Mazzei's addendum report. The Defendant moves for reconsideration in view of the recent decision of *Mudrow v. Re-Direct,Inc.*, 2007 U.S. App. Lexis 15814 (D.C. Cir. 2007) [1] and on the basis that any late disclosure was harmless. *Fed Civ. Pro. Rule* 37 (c)(1).

I.

### DEFENDANT THOMAS SHOULD BE ALLOWED TO SUPPLEMENT EXPERT DISCLOSURE TO ADD UNCOMPLEX AND LIMITED OPINION BECAUSE ANY UNTIMELINESS ASSOCIATED WITH THE DEFENDANT'S DISCLOURE WAS HARMLESS AS PLAINTIFF HAD THE OPPORTUNITY TO DEPOSE MR. MAZZEI ON HIS BASIC OPINION

The purpose of Rule 26(a)(2) is to eliminate "unfair surprise to the opposing party." *Mudrow v. Re-Direct, Inc.*, 2007 U.S. App. Lexis 15814 at 6 (quoting *Sylla-Savdon v. Uniroyal*

---

[1] The United States Court of Appeals for the District of Columbia decided the *Mudrow* case on July 3, 2007.

1

*Goodrich Tire Co.,* 47 F. 3rd 277, 284 (8th Cir 1995)). Moreover, a failure to disclose information under Rule 26(a)(2) shall be excused if "harmless". *Fed. Civ. Pro. Rule* 37(c)(1). A failure to disclose will be harmless if a party has had an adequate opportunity to question the expert in deposition with respect to information not previously disclosed. *See Mudrow v. Re-Direct, Inc.,* 2007 U.S. App Lexis 15814 (July 3, 2007); *Coles v. Perry,* 217 F.R.D. (D.D.C. 2003).

In *Mudrow,* the Court allowed an expert in a Section 1983 case to testify as to the Defendant's pattern of "deliberate indifference" notwithstanding that Plaintiff's expert in his Rule 26(a)(2) disclosure "never gave any such opinion testimony; in fact, he never used the term 'deliberate indifference' at all." *Mudrow,* 2007 U.S. App. Lexis 15814 at 6. The Court allowed the testimony, in part, because the Defendant's counsel had "an adequate opportunity to question" the Plaintiff's expert on the issue in deposition which rendered the Rule 26(a)(2) violation harmless.

In *Minebea Co. LTD v. Papst,* 231 F.R.D. 3 (D.D.C. 2005), the Court also noted that "information, issues, opinions raised in deposition" were not precluded notwithstanding whether such information, issues, and opinions may have not been covered in a Rule 26(a)(2) expert

report, stating:

> Although the majority of Mr. Gardner's supplemental report will be stricken, it is important to draw a distinction between information contained in the supplemental report, and information, issues, or opinions raised during Mr. Gardner's deposition, which may or may not have been covered in Mr. Gardner's original report. *Nothing in this Opinion prevents Minebea from raising in its direct examination of Mr. Gardner any evidence, issues or opinions raised by counsel during Mr. Gardner's deposition, or raised in reaction to issues presented by Mr. Dubinsky or Mr. Malackowski regardless of whether such evidence, issues or opinions were presented in Mr. Gardner's original report.* Minebea Co. LTD v. Papst, 231 F.R.D. at 8. (emphasis provided).

The Court in *Coles* also arrived at a similar conclusion stating:

> I hasten to add that I am assuming plaintiff took Dr. Butler's deposition and Plaintiff's counsel did not inquire about how his 1998 report would have been affected by the functional capacity evaluation. If I am wrong and Plaintiff so inquired, then the purposes of Fed. R. Civ. P. 26(a)(2)(B) have been satisfied and I will reconsider this decision. *Coles*, 217 F.R.D. at 6.

In this case, any late 26(a)(2) disclosure would be particularly harmless. Mr. Mazzei's additional opinion was simple: Thomas had fulfilled his duty of care by notifying his supervisor who took over the medical management of the Plaintiff.[2] Mr. Mazzei further offered MPD General Order 901.07, which had already been readily exchanged and commented upon by the

---

[2] Mr. Mazzei will only be testifying as to Defendant Thomas' standard of care with respect to seeking or rendering medical assistance. He will not be providing an opinion as to what care was medically necessary. As to the former, Mr. Mazzei is well qualified based on his 32 years of law enforcement experience to render such opinion. (See Exhibit 2, Mazzei Curriculum Vitae). Plaintiff explored Mr. Mazzei's qualifications in deposition and is free to challenge the tendering of Mr. Mazzei as a qualified expert at trial.

3

parties, as support for his opinion (Exhibit 1, Mazzei Deposition p. 79-81). The Plaintiff, therefore, could readily determine the extent of Mr. Mazzei's opinion, and did inquire of Mr. Mazzei as to "the totality of [his] opinions regarding medical attention insofar as Officer Thomas was concerned." (Exhibit 1, Mr. Mazzei's Deposition, p. 79).

Plaintiff was also hardly surprised at Mr. Mazzei's deposition. Only a week before, the Plaintiff had deposed James Wilson, the Defendant District of Columbia's expert, and extensively questioned Mr. Wilson on his opinion as to Officer Thomas' duty with respect to providing medical assistance. (Exhibit 3, Wilson Deposition, pp. 31-32, 35-37 and 76-79). The matter, therefore, was already well known between the parties and did not come "out of left field". The Plaintiff particularly should not have been surprised that Mr. Mazzei would opine, in refuting one of Plaintiff's theories of liability, that Officer Thomas fulfill his duty to provide medical assistance upon notifying his supervisor.

Under the principles set forth in *Mudrow*, *Minebea,* and *Coles*, Mr. Mazzei's supplemental opinion should be allowed because the opinion was not complex, involved an issue already well known between the parties, and was adequately explored by Plaintiff's counsel at Mr. Mazzei's deposition removing any harm caused by any late Rule 26(a)(2) discolsure. [3]

WHEREFORE, for the forgoing reasons, Defendant Thomas requests the Court to grant his Motion for Reconsideration of the Court's Order of July 3, 2007. [4]

---

[3] In his prior Opposition, Plaintiff points to no prejudice or any area of additional inquiry which Plaintiff's counsel would have pursued concerning Mr. Mazzei's basic opinion.

[4] The fact that Defendant Thomas provided Mr. Mazzei's supplemental addendum later in June 2007 is of no moment. The addendum only tracks Mr. Mazzei's deposition testimony of early February 2007.

Respectfully submitted,

/s/ Patrick G. Senftle
Patrick G. Senftle #412191
James W. Pressler, Jr. #221051

PRESSLER & SENFTLE, P.C.
Three McPherson Square
927 15th Street, N.W.
12th Floor
Washington, D.C. 20005
(202) 822-8384
(202) 331-7587 (fax)

ATTORNEYS FOR DEFENDANT THOMAS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Defendant Thomas' Motion for Reconsideration of Court's Order of July 3, 2007 and proposed Order was electronically served this 10th day of July, 2007, to Peter C. Grenier, Esq., 1150 Connecticut Avenue, N.W., Ninth Floor, Washington, D.C. 20036 and Steven J. Anderson, Esq., 441 Fourth Street, N.W., Suite 600S, Washington, D.C. 20001.

/s/ Patrick G. Senftle
Patrick G. Senftle