1

1           UNITED STATES DISTRICT COURT

2         FOR THE DISTRICT OF COLUMBIA

3   - - - - - - - - - - - - - - - - - X   COPY

4   NIGEL AUSTIN,               :

5             Plaintiff,     :  Case No.

6   v.                    :  1:05-CV-02219(JDB)

7   THE DISTRICT OF COLUMBIA,   :

8   et al.,              :

9             Defendants.    :

10

11  - - - - - - - - - - - - - - - - - X

12

13         Deposition of PAUL M. MAZZEI

14            Washington, D.C.

15       Tuesday, February 6, 2007

16           10:10 a.m.

17

18  Job No.:  1-96506

19  Pages 1 through 140

20  Reported by:  Cynthia R. Simmons, RMR, CRR

21

22


L.A.D.
REPORTING &
DIGITAL VIDEOGRAPHY

1100 Connecticut Avenue, NW • Suite 850, Washington, D.C. 20036
Tel: 202.861.3410 • 800.292.4789 • Fax: 202.861.3425
Web: ladreporting.com • E-mail: lisa@ladreporting.com
Additional Offices: Rockville, MD • Baltimore, MD • Greenbelt, MD • McLean, VA

78

1   for words, okay.  And in relationship to the head

2   being struck, that, in that situation I believe that

3   he was striking in the direction of Mr. Austin to

4   avoid any further attempt by him possibly, whether it

5   occurred to him or not, he wouldn't have known that

6   at the time.  And that if the strike came in contact

7   with the head, that that would have been reasonable

8   under those circumstances.  Done.

9         Q    Okay.

10             MR. MEHIGAN:  Peter, I need one minute.

11             MR. GRENIER:  Okay.

12             (Off the record.)

13   BY MR GRENIER:

14        Q    Mr. Mazzei, I don't really want to get

15   into the areas of issues relating to medical

16   attention because I'm going to strenuously object to

17   you giving any opinions in this case on those issues.

18   However, since it appears that you're being asked to

19   do so, and reserving my right to seek to strike that,

20   I feel that I need to ask you some questions about

21   that.  Can you tell me, when were you asked to

22   formulate an opinion as far as whether or not Officer

DEPOSITION OF PAUL MAZZEI
CONDUCTED ON TUESDAY, FEBRUARY 6, 2007

79

1    Thomas complied with the standard of care regarding

2    medical attention?

3         A    It wasn't quite put that way.  I'm trying

4    to remember exactly, I think it was more in line with

5    simply being prepared for the deposition in a broad

6    focus.  I may have misspoke earlier.  I was never

7    specifically asked by Mr. Mehigan to render an

8    opinion on the medical.  I'm not qualified to render

9    an opinion on medical treatment per se.

10            But as it was part of, the way I perceived

11   it is it was part of the material given and, as

12   policy and procedure would go, that, you know, if I

13   was comfortable in that, or whatever the case may be,

14   simply to, you know, to, you know, just to look at

15   all those aspects.

16        Q    And again subject to my strenuous

17   objection to you providing such opinions, can you

18   tell me what is the totality of your opinions

19   regarding medical attention insofar as Officer Thomas

20   was concerned?

21        A    I don't have any specific to, from the

22   medical perspective other than the fact that he

DEPOSITION OF PAUL M. MAZZEI
CONDUCTED ON TUESDAY, FEBRUARY 6, 2007

80

1    qualified his responsibility when he, in fact,

2    notified and actually when, in fact, officer or

3    Acting Sergeant Hawkins was on the scene of the

4    incident with Mr. Austin.

5         Q    Was Officer Thomas required to render

6    first aid to Mr. Austin?

7         A    Can you define first aid for me more

8    specifically?

9              MR. MEHIGAN:    Where's your definition?

10   BY MR GRENIER:

11        Q    I'm glad you asked.    It's the provision of

12   medical services to someone before formal medical

13   attention arrives.

14        A    I believe the way I read the general order

15   that talks, I believe it's 901.07, that if a

16   supervisor, and if I remember supervisor is bolded,

17   but once a supervisor is on the scene of a combatant

18   or violent or resisting individual or prisoner or

19   detainee, whatever the case may be, that they take

20   full control of that scene.    So, you know, once

21   Acting Sergeant Hawkins got on the scene of that

22   particular situation, especially being in the

81

1   contained environment, that it would have been his

2   responsibility to either direct, delegate or initiate

3   whatever first aid would have been necessary.

4        Q    Okay.  So yes or no, should Officer Thomas

5   have rendered first aid himself to Mr. Austin?

6        A    Not necessarily.

7        Q    Well, when you say not necessarily, I

8   don't understand that.

9        A    In this particular situation, no, sir.

10       Q    Should Officer Thomas have preserved the

11  scene of the injury as a crime scene?

12       A    I don't believe so.  I think that, you

13  know, crime scene, if we were to call every incident

14  that occurs on a regular basis a crime scene to the

15  degree that we would see on CSI or calling out a

16  crime scene technician and stopping all fundamental

17  free flow of a particular area, then I would, I would

18  say, no, no, not in that situation.

19       It's my understanding these types of

20  things, you know, occur, maybe not to this degree,

21  but to one degree or another, you know, quite often

22  in a situation like this.  And basically nobody would