# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NIGEL AUSTIN                                     :
                                                 :
      Plaintiff,                          :
                                                 :
   v.                                         :     CASE No. 1:05-CV-02219 (JDB)
                                                 :
THE DISTRICT OF COLUMBIA, et al.                 :
                                                 :
      Defendants.                         :

## DEFENDANT THOMAS' MOTION TO BIFURCATE DAMAGES

    Defendant Officer Don Thomas (Thomas), through counsel, moves this Court for an Order to bifurcate compensatory and punitive damages at the jury trial, allowing Defendant Thomas the opportunity to introduce evidence of his financial means only after a finding of liability and compensatory damages against Defendant Thomas.  Defendant Thomas seeks this Order to prevent the jury from making an improper inference and to promote judicial efficiency, as set forth more fully below.

    Punitive damages are designed to punish and not to bankrupt the defendant, and should be apportioned according to the defendant's ability to pay.  *See Faison v, Nationwide Mortgage Corp.*, 268 U.S. App. D.C. 1, 37-39, 839 F.2d 680, 692 (D.C. Cir. 1987) *(citing Remeikis v. Boss & Phelps, Inc.*, 419 A.2d 986, 992 (D.C. App. 1980). The majority rule regarding punitive damages is "that a defendant who seeks to forestall an award of punitive damages based on his financial condition must present evidence that such an award would be inappropriate for that reason." *Caldwell v. District of Columbia*, 201 F. Supp.2d 27, 36 (D.D.C. 2001) *(citing Hutchinson v. Stuckey*, 293 U.S. App. D.C. 224, 952 F.2d 1418, 1422 n.4 (D.C. Cir 1992)).   To that extent, Defendant Thomas intends to present evidence regarding his salary, earning history,

possessions, debts, and other relevant financial data pertaining to his net worth, in order establish

the inappropriateness of a punitive damage award.  However, the introduction of such evidence

will be unduly prejudicial and confuse the jury by raising the inference that Defendant Thomas is

pleading financial hardship because he is otherwise culpable for the Plaintiff's alleged damages.

Direct evidence of Defendant Thomas' net worth during trial is premature and will take an

unnecessary amount of time.   Defendant Thomas respectfully submits that the Court should

allow Defendant Thomas to submit direct evidence of his net worth after a finding of liability and

award of compensatory damages is entered against Defendant Thomas.

     Wherefore, for the foregoing reasons, the Defendant Officer Don Thomas requests the

Court to grant his motion to bifurcate compensatory and punitive damages.


          Respectfully submitted,


          /s/ Patrick G. Senftle
          Patrick G. Senftle #412191
          James W. Pressler, Jr. #221051

          PRESSLER & SENFTLE, P.C.
          Three McPherson Square
          927 15th Street, N.W.
          12th Floor
          Washington, D.C. 20005
          (202) 822-8384

          *Attorneys for Defendant Thomas*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the Defendant Thomas' Motion to Bifurcate Damages and proposed Order was electronically served this 13th day of July, 2007 on Peter C. Grenier, Esq., 1150 Connecticut Avenue, N.W., Ninth Floor, Washington, D.C. 20036 and Steven J. Anderson, Esq., 441 Fourth Street, N.W., Suite 600S, Washington, D.C. 20001.

      /s/ Patrick G. Senftle
      Patrick G. Senftle

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NIGEL AUSTIN                                    :
                                                :
            Plaintiff,                          :
                                                :
    v.                                          :          CASE No. 1:05-CV-02219 (JDB)
                                                :
THE DISTRICT OF COLUMBIA, et al.                :
                                                :
            Defendants.                         :

### ORDER

Upon consideration of the Defendant Thomas' Motion to Bifurcate Damages, it is this ___

____ day of _____, 2007

**ORDERED**, that the motion is hereby **GRANTED;** and

**FURTHER ORDERED,** that the presentation of the Plaintiff's claims for compensatory

and punitive damages will be bifurcated at trial.


                                        _____
                                        John D. Bates
                                        United States District Judge

copies to:

Patrick G. Senftle, Esq.
James W. Pressler, Jr., Esq.
Three McPherson Square
927 15th Street, N.W.
12th Floor
Washington, D.C. 20005

Peter C. Grenier, Esq.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036

Steven J. Anderson, Esq.
441 Fourth Street, N.W,
Suite 600S
Washington, D.C. 20001