UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____
                                           )
**NIGEL AUSTIN,**                          )
                                           )
                                           )
       **Plaintiff,**              ) Case No. 05-2219(JDB)
                                           )
       **v.**                       )
                                           )
**THE DISTRICT OF COLUMBIA, et al.**       )
                                           )
       **Defendants.**              )
_____)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT OFFICER
DON THOMAS' MOTION FOR RECONSIDERATION**

       Plaintiff Nigel Austin, by and through his counsel, Bode & Grenier, LLP, hereby opposes Defendant Officer Don Thomas' ("Thomas'") Motion for Reconsideration of the Court's July 3, 2007 Order Denying Defendant's Motion for Leave to Supplement Expert Disclosure and Granting Plaintiff's Motion to Strike Addendum Expert Report (the "Motion").

**SUMMARY OF ARGUMENTS**

       As set forth more fully herein, this Court should deny the Motion for the following reasons:

       1.     Defendant Thomas fails to introduce any new factual or legal arguments, and merely reiterates the identical arguments contained in his Motion to Supplement his Expert Disclosures. Instead, Defendant Thomas' only basis for reconsideration is a recently decided case which is completely distinguishable, irrelevant, and misrepresented to the Court.

**ARGUMENT**

1. **Defendant Thomas Fails to Offer Any Intervening Change of Controlling Law, New Evidence, or Need to Correct a Clear Error to Prevent or Correct a Manifest Injustice In Support of His Motion.**

A motion for reconsideration should be granted only if the court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Alpena Dialysis Servs. v. Leavitt*, 2006 U.S. Dist. LEXIS 83059, *4 (D.D.C. November 15, 2006); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). In other words, the moving party must show "new facts or clear errors of law which compel the court to change its prior position." *See Nat'l Ctr. for Mfg. Sciences v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000); *Scorah v. District of Columbia*, 2004 U.S. Dist. LEXIS 27806, *5 (D.D.C. December 17, 2004); *Assassination Archives & Research Ctr. v. CIA*, 48 F. Supp. 2d 1, 13 (D.D.C. 1999); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Further, a motion for reconsideration will not be granted if a party is simply attempting to renew factual or legal arguments that it has already asserted in its original motions, and that have already been rejected by the court. *See Scorah*, 2004 U.S. Dist. LEXIS 27806 at *5; *Indep. Petro. Assoc. of Am. v. Babbit*, 178 F.R.D. 323, 324 (D.D.C. 1998); *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995); *Assassination Archives and Research Ctr. v. United States Dep't of Justice*, 828 F. Supp. 100, 101-2 (D.D.C. 1993).

Defendant Thomas has failed to put forth any new evidence or otherwise demonstrate a clear error of law in this Court's original decision. Instead, Defendant Thomas reiterates the *exact same arguments* that he had set forth in his original Motion

for Leave to Supplement Expert Disclosures ("Motion to Supplement"), and argued to this Court at the July 2, 2007 hearing on this matter. In support of his Motion, Defendant Thomas now solely relies on a recent and wholly distinguishable United States Court of Appeals for the District of Columbia decision, *Mudrow v. Re-Direct, Inc.*, 2007 U.S. App. LEXIS 15814 (D.C. Cir. July 3, 2007). Defendant Thomas has therefore failed to demonstrate the necessary criteria to warrant a reconsideration of his Motion to Supplement, and his Motion should be denied.

The *Mudrow* court did not change the law regarding Rule 26(a)(2) expert disclosure requirements, and relies on the identical rules relied on by this Court in its denial of Defendant Thomas' Motion to Supplement. The *Mudrow* court arrived at a different result than this Court solely because the facts in *Mudrow* are completely different than those in the instant matter.

In *Mudrow*, which involved a transitional living facility's liability for the death of a resident, the court allowed the plaintiff's expert to testify that certain deficiencies in employee training and accountability that he observed in the plaintiff's action were also present in two previous murders of residents at the defendant-facility. *See Mudrow*, 2007 U.S. App. LEXIS 15814 at *14. Defendant-facility objected to this testimony on the basis that the plaintiff's Rule 26(a)(2) expert disclosure never indicated that the plaintiff's expert would be testifying about the defendant's "pattern of deliberate indifference." *See Id*. The trial court overruled the objection and allowed the testimony in, which was affirmed on appeal.

The *Mudrow* case is completely distinguishable from Plaintiff's action. As an initial matter, Defendant Thomas <u>completely</u> misrepresents *Mudrow* with his egregious

3

use of out-of-context quotations from the court. Defendant Thomas states that "the Court allowed an expert to testify as to the Defendant's pattern of 'deliberate indifference' nothwithstanding that Plaintiff's expert in his Rule 26(a)(2) disclosure 'never gave any such opinion testimony; in fact, he never even used the term 'deliberate indifference' at all" (citation omitted). Def. Mot. to Recon. at 2. Defendant Thomas represents to the Court that in *Mudrow*, the court allowed expert testimony on subjects which were not addressed in plaintiff's expert disclosures. <u>This is completely false and utterly misrepresents what the court actually determined</u>.

> The full passage containing the quotations used by Defendant Thomas is as follows:
>
> > Second, [Defendant] asserts that the district court erred in permitting the plaintiff's juvenile justice expert, Paul Demuro, "to testify to a pattern of deliberate indifference" on the part of [Defendant] because Demuro "did not render an opinion" on that point in the expert report the plaintiff filed pursuant to *Federal Rule of Civil Procedure 26*. Appellant's Br. 11. <u>But Demuro never gave any such opinion testimony; in fact he never used the term "deliberate indifference" at all. Because [Defendant] does not cite any transcript pages to support its argument, the best we can guess is that it is referring to Demuro's descriptive (and somewhat ambiguous) testimony that, in [Defendant's] transitional living program, he "saw the same kinds of issues, both with lack of staff training [and] lack of accountability," that surrounded the murders of youths in [Defendant's] independent living program.</u>

*Id*. at *14 (emphasis added). When the quote used by Defendant Thomas is taken in the <u>correct</u> context, it is clear that the *Mudrow* court is stating that when plaintiff's expert's *testified at trial* he never offered an opinion on deliberate indifference or even used the term "deliberate indifference." The court is not stating that the plaintiff's expert disclosures failed to offer any opinions on pattern of deliberate indifference. As a result, *Mudrow* has no bearing in this action because it does not address the central issue at

hand: namely, Defendant Thomas' failure to adequately and timely disclose his expert's opinions in his Rule 26(a)(2) disclosures.

Further, Defendant Thomas disingenuously asserts that the *Mudrow* court permitted the plaintiff's expert to testify to matters not contained in his expert disclosure because the defendant's counsel had an adequate opportunity to question the plaintiff's expert on the contested issue at the expert's deposition. Def. Mot. to Recon at 2. In the very next paragraph, Defendant Thomas seeks to distance himself from this broad assertion stating that the *Mudrow* Court, "in part," allowed the expert testimony because the defendants were able to depose the plaintiff's expert on the issue. *Id*. However, the additional reasons underlying the *Mudrow* court's decision both serve as the primary basis for the court's decision, and further distinguish this case from Plaintiff's action.

In *Mudrow*, the court determined that there *was not* a Rule 26(a)(2) violation because the plaintiff's expert testimony was "largely an elaboration of DeMuro's [the plaintiff's expert] written report." *Id*. at *14. Specifically, DeMuro had indicated in his expert report that he had reviewed fatality reports regarding the two previously murdered youths. *Id*. Thus, the plaintiff's expert disclosures had put defendants on notice that DeMuro had at least reviewed and taken into consideration the previous murders at defendant's facility. Further, at his deposition, DeMuro discussed his testimony in an earlier case which involved one of the earlier deaths. *Id*. In contrast, Defendant Thomas' expert disclosures (and report) make <u>no</u> mention that his expert would render <u>any</u> opinion on Defendant Thomas' duty to provide medical care or aid. Further, Plaintiff has never been able to adequately depose Defendant Thomas' expert, Paul Mazzei, regarding his opinion as to Defendant Thomas' duty to provide medical treatment or aid to Plaintiff

5

because Mr. Mazzei explicitly testified at his deposition that he had never been asked to render an opinion on medical treatment. The facts of *Mudrow* and this matter are so different that any attempted analogy between the two is meaningless.

The remaining cases (*Mineabea Co. LTD v. Papst*, 231 F.R.D. 3 (D.D.C. 2005) and *Coles v. Perry*, 217 F.R.D 1 (D.D.C. 2005)) cited by Defendant Thomas are of equally no avail and merely serve to reiterate the exact same arguments which Defendant Thomas has now presented in both oral and written form - and which were rejected by this Court – namely, that allowing Defendant Thomas to supplement his expert opinions will be harmless to Plaintiff.[1] The Court has already considered these arguments and deemed them deficient. Defendant Thomas offers nothing new, and is not alleging that this Court has misapplied the law in rendering its decision. Defendant Thomas is essentially requesting that this Court find that it was mistaken when it denied his Motion to Supplement, while failing to provide any legal justification for such a finding. This is not the function of a motion to reconsider, and this Court should deny Defendant Thomas' Motion.

    **2.    Defendant Thomas' Motion to Supplement His Expert Disclosures Should be Denied.**

For the sake of brevity, Plaintiff incorporates by reference all arguments contained in his May 15, 2007 Opposition to Defendant Thomas' Motion to Supplement his Expert Disclosures.

---

[1] It is unclear why Defendant Thomas has included these case as his Motion seeks reconsideration based on the recent *Mudrow v. Re-Direct, et al.*, decision. Notably, these remaining cases were all decided well before this Court's July 3, 2007 decision.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Nigel Austin requests that the Court deny Defendant Thomas' Motion for Reconsideration.  A proposed Order is attached hereto.

                                      Respectfully submitted,

                                      BODE & GRENIER, LLP


                                    _____/s/_____
                                      Peter C. Grenier, #418570
                                      1150 Connecticut Ave., N.W.
                                      Ninth Floor
                                      Washington, D.C. 20036
                                      (202) 862-4311
                                      *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July 2007, I served a true and accurate copy of the foregoing Plaintiff's Opposition to Defendant Officer Don Thomas' Motion for Reconsideration, including all exhibits and attachments, by electronic case filing and U.S. Mail, postage-prepaid upon:

>Philip Lattimore III, Esquire
>Chief, General Litigation Sec. III
>Steven J. Anderson, Esquire
>Assistant General Counsel
>441 4th Street, N.W.
>6th Floor North
>Washington, DC 20001
>*Attorney for Defendant District of Columbia*


>Patrick Senftle, Esquire
>PRESSLER & SENFTLE, P.C.
>927 15th Street, N.W.
>Twelfth Floor
>Washington, D.C. 20005
>*Counsel for Defendant*
>*Officer Don Thomas*

          *Peter C. Grenier /s/*
          Peter C. Grenier